**VERONICA A.F. NEBB**
City Attorney, SBN 140001
**BY:    KATELYN M. KNIGHT**
Assistant City Attorney, SBN 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687
Email: katelyn.knight@cityofvallejo.net

Attorneys for Defendants CITY OF VALLEJO and SHANE BOWER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RYAN MCMAHON, an individual,<br>            Plaintiff,<br><br>     vs.<br><br>JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO; and DOES 1 through 10, inclusive,<br>            Defendants. | Case No. 2:23-cv-01972-KJM-JDP<br><br>**DEFENDANTs CITY OF VALLEJO AND SHANE BOWER'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   January 26, 2023<br>Time:  10:00 a.m.<br>Courtroom:    3, 15th Floor<br>Judge: Hon. Kimberly J. Mueller |

   **NOTICE IS HEREBY GIVEN**, that on January 26, 2023, at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 3 of the above-entitled Court, located at 501 I Street, Sacramento, California, Defendants City of Vallejo and Shane Bower will and hereby do move to dismiss all causes of action of the Complaint against them for failure to state a claim upon which relief can be granted.  This motion is made pursuant to Fed. R. Civ. Proc 12(b)(6) on the grounds that Plaintiff has failed to allege facts constituting a cause of action against the above Defendants.

   This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice, all pleadings and papers

on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

**CERTIFICATION OF MEET AND CONFER EXHAUSTION:** Defense counsel sent a meet and confer letter to Plaintiff's counsel outlining each of the deficiencies in the Complaint. Plaintiff and defense counsel subsequently participated in a zoom conference to discuss these issues. Counsel filed a stipulation to extend the responsive pleading deadline to November 13, 2023 pursuant to Local Rule 144. Following that extension of time, the parties exchanged further e-mails and defense counsel sent relevant documents to Plaintiff's counsel for consideration.

As meet and confer efforts are ongoing, the parties submitted a stipulation and proposed order to the Court on November 7th to continue the responsive pleading deadline. As the requested extension has not been granted, Defendants have filed the instant responsive pleading. The parties will continue meeting and conferring.

DATED: November 13, 2023                                Respectfully submitted,

/s/ Katelyn M. Knight
KATELYN M. KNIGHT
Assistant City Attorney
Attorney for Defendants CITY OF VALLEJO and SHANE BOWER

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### INTRODUCTION AND BACKGROUND

This case arises from the alleged unlawful disclosure of Plaintiff McMahon's personnel information by former City of Vallejo employee John Whitney. Plaintiff alleges that John Whitney may have provided his confidential personnel records to the Vallejo Sun on or about January 17, 2023. (Compl., ¶¶ 13-14.) This was more than three years after Whitney's termination from the Vallejo Police Department. (RJN, Ex. A, ¶ 1.) He alleges that the information included training documents that should have been purged from his personnel file in 2018. (Compl., ¶ 16.) Plaintiff also alleges that information regarding him placing a cross on his firearm was placed on the internet, but does not allege what the information was, when it was shared, or by whom. (Compl., ¶ 19.)

With respect to the City of Vallejo, the most concrete allegation is that the City disclosed Plaintiff McMahon's personnel records were provided to Patrick Buelna of Pointer & Buelna, LP on June 23, 2023 with Plaintiff's knowledge, consent, or a court order. (Compl., ¶¶ 15, 37-38.) Patrick Buelna is counsel representing the Plaintiff's in McCoy et al. v. City of Vallejo, et al., Eastern District Case No. 2:19-cv-00191-JAM-CKD. (RJN, ¶ 2.) Ryan McMahon is a Defendant in that action. (RJN, ¶ 3.) The records at issue were provided in discovery—one of the matters counsel is meeting and conferring about. Plaintiff also alleges vaguely that the City of Vallejo failed to adequately secure his personnel records or notify McMahon of John Whitney's "data breach". (Compl., ¶ 17, 20, 43.)

As to Lieutenant Shane Bower, Plaintiff alleges only that he oversaw Internal Affairs and failed to adequately secure Plaintiff's personnel information. (Compl., ¶ 20, 56.)

Plaintiff asserts causes of action against the City of Vallejo and Lieutenant Bower for violation of his First and Fourteenth Amendment rights under the U.S. Constitution, invasion of privacy under the California Constitution, Government Code §§ 815.6 and 815.4, negligence per se, public disclosure of private facts, and violation of Business & Professions Code § 17200. The parties have met and conferred and filed a stipulation for extension of the responsive

1  pleading deadline pursuant to Local Rule 144.  As meet and confer efforts are ongoing, the
2  parties submitted a stipulation and proposed order to the Court on November 7th to continue the
3  responsive pleading deadline, however the requested extension has not been granted.

## II.

## ARGUMENT

**A.  Legal Standard**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil of Procedure, a defendant may move for dismissal of one or more causes of action in the complaint if the allegations fail to state a claim on which relief can be granted.  A defense based on failure to state a claim must be raised in the first responsive pleading and argued by motion to avoid waiver.  Fed. R. Civ. Proc. 12(b).

To survive a motion to dismiss, the Complaint must contain factual allegations supporting each cause of action that are plausible on their face and sufficient to raise Plaintiffs' right to relief above a speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra* at 678.  Dismissal is proper when the complaint fails to allege sufficient facts to support a cognizable legal theory.  *See Shroyer v. New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (9th Cir. 2010).

**B.  The Facts Alleged Do Not State Any Cause of Action Against Shane Bower**

Defendant Shane Bower is entitled to dismissal of all causes of action against him.  The Complaint alleges only that Bower oversaw Internal Affairs and failed to secure McMahon's information.  (Compl., ¶¶ 20, 56.)  It does not allege that Lt. Bower did or failed to do any specific act.  Further, the Complaint does not allege any facts that would support individual liability against Lt. Bower.

An employee's personnel records are maintained by the employer.  Because the Complaint does not allege any conduct by Shane Bower or facts that would support a duty of care taken on his individual capacity, he should be dismissed from action.

C. **The Complaint Fails to Allege Facts Supporting a Cognizable Claim Against the City of Vallejo**

As an initial matter, Plaintiff's allegations that the City of Vallejo failed to adequately protect his personnel information is too vague to support a cause of action. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-554 (2007).

Similarly, Plaintiff's allegation that the City failed to notify him of a "data breach" fails because he does not allege an actual data breach occurs. The Complaint cites California Civil Code § 1798.29(b), which requires any agency that maintains computerized data including personnel information to notify the owner of the information of any breach of the security of the data where it is believed to have been acquired by an unauthorized person. Here, Plaintiff alleges that a former employee of the City, who had access to the personnel information when he worked for the City, may have provided the information to a news organization years after he was terminated. This alleged conduct does not constitute a data breach for which the City is required to provide notice.

Plaintiff's allegation that personnel records were provided to Patrick Buelna, counsel in an active federal case in which Ryan McMahon is a defendant, cannot support a cause of action against the City. The City is required to provide any records in its possession in response to written discovery requests, and need not provide notice[1] or obtain consent prior to doing so. While a *Pitchess* motion would be required to obtain peace officer personnel records in litigation filed in State Court, it is well established that California Penal Code §§ 832.7 and 1043 do not create a litigation privilege or procedure binding in Federal Court. *See Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (ED CA 1997).

Even if Plaintiff had adequately plead liability against the City based on disclosure of his personnel information by former employee John Whitney after his employment ended, that would not support causes of action for violation of Plaintiff's First and Fourteenth Amendment rights, Government Code §§ 815.4 or 815.6, or Business & Professions Code § 17200.

---

[1] Although as a Defendant in the McCoy case represented by his own counsel, Ryan McMahon had notice of the discovery requests and responses issued.

### i. The Facts Alleged do Not Support a Civil Rights Claim

Plaintiff's second and third causes of action against the moving defendants purport to assert a claim based on violation of the First and Fourteenth Amendments to the U.S. Constitution, however disclosure of personnel information is not germane to the rights guaranteed by either.

Under the First Amendment, a citizen has the right to be free from governmental action taken to retaliate against the citizen's exercise of First Amendment rights or to deter the citizen from exercising those rights in the future. *Sloman v. Tadlock*, 21 F.3d 1462, 1469-70 (9th Cir. 1994). The First Amendment generally protects freedom of expression, assembly, religion, and the right to petition the government for redress of grievances. Plaintiff's allegations in this case do not implicate an infringement in any of those areas.

Similarly, none of Plaintiff's allegation implicate an infringement of rights granted by the Fourteenth Amendment. The Fourteenth Amendment affords protection for the privileges and immunities of citizens, due process of law, and equal protection of law. While there have been cases finding a zone of privacy protected by a combination of constitutional amendments, there is no case law finding a constitutionally protect right to privacy in peace officer personnel records under the Fourteenth Amendment.

### ii. The Facts Alleged do Not Support Causes of Action Under Government Code §§ 815.4, 815.6 or Negligence Per Se

Government Code § 815.4 provides that a public entity may be liable for conduct of an independent contractor, however Plaintiff does not allege that this case arises from conduct of an independent contractor. Government Code § 815.6 provides liability for violation of a mandatory duty, and negligence per se provides a cause of action for a statutory violation imposing a duty of care, however it is established that Penal Code § 832.7(a) does not impose a duty of care upon a public entity that would support such a case of action. *See Rosales v. City of Los Angeles*, 82. Cal. App. 4th 419 (2000).

### iii. The Facts Alleged do Not Support an Unfair Competition Law Claim

California's Unfair Competition Law broadly prohibits any unlawful, unfair or fraudulent business act or practice and allows a private individual who has lost money or property as a

consequence of an unlawful business practice to file suit.  Cal. Bus. & Prof. Code §§ 17200, 17204.  Section 17200 is not an all-purpose substitute for a tort or contract action, however.  The code provides an equitable means through which both public prosecutors and private individuals can bring suit to prevent unfair business practices and restore money or property to victims of these practices.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal 4th 1134 (2003).

The Complaint fails to state a cause of action under the Section 17200 against the City or Bower because Section 17200 does not apply to government entities.  *See Trinkle v. Cal. State Lottery*, 71 Cal. App. 4th 1198, 1202 (1999).  Even if Section 17200 could apply, the Complaint does not plead an unlawful act and it does not plead a business practice, rather than an isolated incident of negligence.

### III.
### CONCLUSION

For the reasons discussed herein, Defendants City of Vallejo and Shane Bower respectfully requests that the Court dismiss the causes of action against them.

DATED:  November 13, 2023                     Respectfully submitted,

                                              */s/ Katelyn M. Knight*
                                              KATELYN M. KNIGHT
                                              Assistant City Attorney
                                              Attorney for Defendants CITY OF VALLEJO
                                              and SHANE BOWER