Lenore L. Albert, Esq. SBN 210876
Email: lenalbert@InteractiveCounsel.com
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Attorney for Plaintiff, Ryan McMahon

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>JOHN WHITNEY, CITY OF VALLEJO;<br>and DOES 1 through 10, inclusive,<br>      Defendants. | CASE NO. 23-cv-01972-KJM-JDP<br><br>Assigned to the Hon. Kimberly J. Mueller<br>Crtm. 3 – 15th Flr<br>Complaint filed: 09-13-2023<br><br>**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: 01-26-2024<br>Time: 10:00AM<br>Courtroom: 3 – 15th Flr |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE** that Plaintiff Ryan McMahon will move this court for leave to file his proposed first amended complaint in this action and defer or find

i

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

moot the defendants' pending motions to dismiss and SLAPP motion set for this same day, January 26, 2024.

The motion will be made in the above-captioned matter on January 26, 2024 or as soon thereafter as the matter may be heard before the honorable Kimberly Mueller sitting in Courtroom 3 of the United States District Court for the Eastern District of California located at 501 I Street, Sacramento, California 95814.

The motion is based on Fed. R. Civ. Proc. R. 15 which liberally allows amendment to pleadings.

Meet and confer efforts. The parties have met and conferred on the motions to dismiss and amending the pleadings. Defendant Shane Bower was dismissed per stipulation.

This motion is based on the notice, motion, memorandum of points and authorities, declaration of Lenore Albert, Esq. and all papers and pleadings in this case that the Court may entertain at the hearing.

Dated:  December 27, 2023        Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ LENORE ALBERT
LENORE L. ALBERT, ESQ.
Attorney for Plaintiff, Ryan McMahon

ii

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*       Case No. 23-cv-01972-KJM-JDP

# TABLE OF AUTHORITIES

I.   Procedural Facts...............................................................................1

II.  Material Facts ...............................................................................2

III. Law        ...................................................................................7

IV.  Argument ....................................................................................8

    A. The Court Can Allow Plaintiff to Amend when a SLAPP is Pending..8

    B. Reasons to Allow Plaintiff to Amend and Supplement his Claims

      against Defendant John Whitney.............................................9

      1.Plaintiff has Abandoned Several Claims in the Original

        Complaint.....................................................................9

    C. Good Cause Exists to Grant Leave to File the Proposed First

      Amended Complaint.............................................................11

      1.Defamation (1) ................................................................11

      2.False Light (2) ................................................................12

      3.IIED (3) .........................................................................13

      4.NIED (4).........................................................................13

      5.Civil Rights Violation (5) ................................................14

      6.Civil Rights Violation (6) ................................................14

      7.Civil Rights Violation (7) ................................................15

      8.Civil Rights Violation (8) ................................................15

      9.Invasion of Privacy (9).....................................................18

        i.   Element 1 – Legally Protected Privacy Interest .............18

        ii.  Element 2 – Reasonable Expectation of Privacy............19

iii

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT**

*McMahon v Whitney, et al*        Case No. 23-cv-01972-KJM-JDP

iii.  Element 3 – Serious Invasion of Privacy ........................20

10. Govt Code §815.4 Liability – Negligence (10) ............................20

i.  Element 1 – Duty .................................................................20

ii.  Element 2 – Breach..............................................................21

iii.  Element 3 – Causation .......................................................21

iv.  Element 4 – Damages .........................................................22

11. Public Disclosure of Private Facts (11)........................................22

12. Bus & Prof Code §17200 (12) .....................................................22

D. There is No Prejudice to the Other Side..............................................24

E. The Conduct is Not Privileged ...........................................................24

V. Conclusion ...................................................................................................25

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*        Case No. 23-cv-01972-KJM-JDP

1

2

## TABLE OF AUTHORITIES

**Cases**

*Argentieri v. Zuckerberg* (2017) 8 Cal.App.5th 768, 780–787 ........................ 25

*Becerra v. Superior Court* (2020) 44 Cal.App.5th 897, 914-916 .................................. 20

*Berkeley Police Assn. v. City of Berkeley* (2008) 167 Cal.App.4th 385, 404-05 ............. 16

*Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.* (C.D. Cal. 2006) 448 F.
  Supp. 2d 1172, 1180 ........................................................................................ 9

*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1076 .................................. 14

*Copley Press v. Sup. Court* (2006) 39 Cal.4th 1272, 1286 ........................ 15, 21

*Coyle v. Historic Mission Inn Corp.* (2018) 24 Cal.App.5th 627, 643 ........................... 22

*Cruz v. City of Anaheim* (C.D. Cal., Nov. 10, 2011, No. CV10-03997 MMM (JEMx))
  [pp. 2-3] ................................................................................................ 17

*Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ............. 8

*Fagan v. Superior Court* (2003) 111 Cal.App.4th 607, 614 ............................................. 16

*Fitzgerald v. City of Fresno* (E.D. Cal., Apr. 21, 2022, 1:21-CV-01409-AWI-SAB).... 14,
  15, 18, 25

*Garrett v. Hine* (E.D. Cal., June 7, 2022, 1:21-cv-00845-DAD-BAK) [pp. 8-9] ........ 8

*Hill v National Collegiate Athletic Assn.* (1994) 7 Cal4th 1, 35-37 ............................... 18

*Hilton v. Hallmark Cards* (9th Cir. 2009) 599 F.3d 894 ........................................... 9

*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051 ........................................ 13

*Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240. ........................................ 11, 12

*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917 ................................ 21

*Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1203 ........................................ 25

*McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1034 ................................... 20

*Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 928. .............................. 14

*Moreno v. Hanford Sentinel, Inc.* (2009) 172 Cal.App.4th 1125, 1129–1130 ................ 22

v

## PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

*San Diegans for Open Government v. Har Construction, Inc.* (2015) 240 Cal.App.4th 611, 625 .................................................................................................... 23

*San Diego Police Officers Assn. v. City of San Diego Civil Service Com.* (2002) 104 Cal.App.4th 275, 287 ................................................................................ 21

*Schmitt v. SN Servicing Corp.* (N.D. Cal., Nov. 12, 2021, 21-cv-03355-WHO) ............. 21

*SDV/ACCI, Inc. v. AT&T Corp.,* 522 F.3d 955, 961 (9th Cir. 2008) .............................. 17

*Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) ..................................... 8

*Taulbee v. EJ Distribution Corp.* (2019) 35 Cal.App.5th 590, 596 ................................ 22

*Tourgeman v. Nelson & Kennard* ZS(2014) 222 Cal.App.4th 1447 ................................ 23

*United States ex rel Newsham v. Lockheed Missiles Space Co.*, 190 F.3d 963 (1999)...... 9

*Verizon Delaware v. Covad Communications* (9th Cir. 2004) 377 F.3d 1081, 1091 ........ 9

## Statutes

Bus & Prof Code §17200 ..................................................................... iv, 1, 9, 11, 23, 24

CCP § 425.17 ........................................................................................................ 23

Civ Code § 47 ....................................................................................................... 24

Civ Code § 47(a) ................................................................................................... 24

Civ. Code, § 47(b) ................................................................................................. 25

Civ Code § 47(c) ................................................................................................... 25

Civ Code § 1714(a) ............................................................................................... 21

Govt Code 815.4 ............................................................................................ 1, 9, 10

Govt Code § 7923.600 .......................................................................................... 21

Govt Code § 7923.610 .......................................................................................... 21

Govt Code § 11549.3 ............................................................................................ 20

Penal Code §832.7 .......................................................................... 3, 16, 18, 19, 21

## Rules

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

Fed. R. Civ. P. 8a ........................................................................................ 19, 22

Fed. R. Civ. P. 15 ........................................................................................... 7, 8

**Constitutional Provisions**

Cal Const Art 1 Sect 1 ........................................................................................ 19

First Amend US Const. ................................................................................. passim

Fourteenth Amend US Const ...................................................................... passim

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

## MEMORANDUM OF POINTS & AUTHORITIES
## I. PROCEDURAL FACTS

On September 13, 2023 plaintiff filed this action.

After plaintiff filed this action defendant John Whitney continued to tell others that plaintiff had two bent tips on his badge which was false.

While the parties were meeting and conferring on amending the pleadings, on , November 16, 2023 defendant City of Vallejo filed a motion to dismiss the complaint. On December 6, 2023 defendant John Whitney filed a motion to dismiss the complaint. On December 16, 2023 defendant John Whitney belatedly filed a SLAPP motion.

John Whitney's belated SLAPP motion was directed at the first cause of action (violation of civil rights), fourth cause of action (invasion of privacy), sixth cause of action (Govt Code 815.4 liability), seventh cause of action (negligence per se), and ninth cause of action, (bus & Prof Code §17200). Plaintiff is seeking leave to file a first amended complaint ("FAC") that contains twelve causes of action against Defendant John Whitney and the City of Vallejo.

1. Defamation
2. False Light
3. IIED
4. NIED
5. Violation of Civil Rights
6. Violation of Civil Rights
7. Violation of Civil Rights
8. Violation of Civil Rights
9. Invasion of Privacy
10. Govt Code §815.6 Liability
11. Public Disclosure of Private Facts
12. Bus & Prof Code § 17200 Violation

The first four causes of action for Defamation, False Light, IIED and NIED are alleged against John Whitney for telling others that plaintiff's badge had two bent tips when he knew or should have known that was false in 2023.

**1**

## PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

*McMahon v Whitney, et al*        Case No. 23-cv-01972-KJM-JDP

The complaint also alleges that all defendants, including John Whitney, violated plaintiff's privacy rights and publicly disclosed private facts to others in the ninth and twelfth cause of action.

The fifth through eighth causes of action for violation of civil rights are alleged against the City of Vallejo and Doe Defendant. Moreover, the tenth cause of action alleges that the City was negligent in failing to properly secure plaintiff's personnel files from being taken and put on the internet. Since these causes of action are not about John Whitney they are irrelevant to plaintiff's amendment to his original complaint based on Whitney's SLAPP motion.

The parties stipulated to dismiss defendant Shane Bower without prejudice.

Plaintiff now moves this court for leave to file the amended and supplemental pleading (First Amended Complaint) and defer ruling on the SLAPP motion or motions to dismiss thereon.

## II.     MATERIAL FACTS

Defendant John Whitney is a very cunning con man who was able to extract $1 million in taxpayer dollars from the City of Vallejo by spinning a wild conspiracy in the press leading people in the community to believe that while he was Captain of the Vallejo police department an elaborate gang of officers operated within the department (under his leadership) celebrating officer involved shootings of black men by bending their badges for each shooting. His con was against the City because it is hard to extract money as a purported "whistleblower" when you are one of the people in charge.

But, in order to perpetrate this fraud, he publicly fingered plaintiff Ryan McMahon in the media in purported support of his department wide conspiracy on December 24, 2020. The press ate it up.

Plaintiff was later able to obtain employment as a police officer with the Broadmoor police department until January 17, 2023, when portions of Mr. McMahon's

**2**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

confidential personnel files from the Vallejo Police Department appeared in the Vallejo Sun on the internet where anyone with an internet connection could access them.

Much of the information was not based on investigations in the Taco Bell shooting but it was interwoven with an article on that shooting.

California Penal Code §832.7 bar disclosure of information in an officer's personnel record absent certain exceptions that do not apply to this lawsuit.

California state law has created a duty to keep those portions of the files confidential until there has been a court order. That duty would fall on the city of Vallejo.

The penal code section has been interpreted broadly to include barring dissemination of this information, including investigations, outside of court proceedings, too.

Defendant John Whitney was a custodian of records and also in charge of ethical practices of police officers at the department during at least a portion of the time that plaintiff was also employed at the Vallejo police department.

However, no one has admitted or has been held accountable for handing over this confidential information to the media.

Although, plaintiff was not the first officer  on the scene, he was not the first officer to shoot, and he wasn't even the most senior officer at the scene, John Whitney filed a purported "whistle blower complaint" and singled out plaintiff by name to the press in December 2020 as the problem at the police force. John Whitney thrust plaintiff's name into the limelight.

Some of Whitney's statements such as that plaintiff's badge had "two tips" bent for two shootings as if it was a sign he was a vigilante or some part of a gang following a movie script were not true.

**3**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

Plaintiff was involved in two officer involved shootings. But, the statements by Whitney that were released to the media and others were false and unprivileged because plaintiff's badge did not have two tips bent on it making the innuendo that it was meant to signify people plaintiff allegedly shot was false; that plaintiff was some type of racist was false; and that plaintiff was some type of vigilante related to the movie to Boondock Gang was false. Defendant John Whitney's statements were for his own personal gain.

As plaintiff's former superior, John Whitney's words came with authority for others to believe him.

His statements pointing the finger at plaintiff, who wasn't in charge of anything and who did not have two tips bent on his badge continued through September 2023, both before and after plaintiff filed his lawsuit. Defendant John Whitney made these statements which were either rebroadcast orally or in writing. They were made by him or his representatives and spread widely, even reaching the Los Angeles Times.

Plaintiff is not seeking to hold John Whitney liable for his statements beyond the statute of limitations (e.g. his statement made on December 24, 2020 for defamation), but John Whitney continues to make these statements as recently as September 2023. Plaintiff seeks legal redress for those statements Whitney continues to make within the statute of limitations that are false or are true but portray plaintiff in a false light.

Plaintiff was terminated from the City of Vallejo and as a separate proceeding has arbitrated his claim with the City. No determination on the arbitration proceeding has been issued and plaintiff does not seek damages here for that termination. However, the City was under a mandatory duty to keep the information and investigations of the plaintiff confidential that were contained in the Vallejo police department.

On January 17, 2023 the Vallejo Sun posted or referred to confidential information from plaintiff's personnel file at the Vallejo police department that was not publicly released in any prior lawsuit. Plaintiff alleges that portions published by the

**4**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

Vallejo Sun were taken out of context and put Plaintiff in a false light. The article referenced confidential information from plaintiff's personnel file approximately seven different times.

> Despite the May 2018 counseling memo, McMahon's performance continued to slip as the department flagged five more incidents…He was placed on a 90-day performance improvement plan (PIP) in October 2018.

> While responding to a report of restraining order violation…

> …according to the PIP report.

> …was flagged for…according to the records.

> …McMahon was the subject of a counseling memorandum…

> ….according to internal Vallejo Police Department records obtained by the Vallejo Sun.

> …Ryan McMahon…was flagged for poor performance in connection with seven different incidents in 2018 alone, resulting in him being placed on a performance improvement plan, according to the records.

> …McMahon was admonished….

> …He also failed to…according to the improvement plan.

> …McMahon was the subject of a counseling memorandum…

> ….according to the memorandum written by Ramrakha.

> The counseling memo also flagged…

> ….according to Ramrakha, the district attorney's office was left "with no option but to release (the suspect) on his charges" because of McMahon's error.

> Ramrakha instructed McMahon to…

> Ramrakha further directed McMahon to…

> …He was placed on a 90-day performance improvement plan (PIP) in October 2018.

> While responding to a report of restraining order violation…

> The employee raised concerns about McMahon's failure in an email…

> The employee wrote that…

**5**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

Then-Capt. Joseph Iacono responded to the email, directing then-Lt. Fabio Rodriguez to address the incident.

…McMahon responded to a report…

McMahon conducted the interview…. the report states.

… "without conducting [a] further and more thorough investigation and documenting the incident by generating a police report," according to the PIP.

…according to the PIP.

…the PIP reads.

Finally, in October 2018 while conducting a drunken driving investigation, McMahon was accused of writing a substandard report…

"After the investigation…" the report reads.

The performance improvement plan was in place for 90 days…

During the PIP, McMahon was to be evaluated every two weeks…

https://www.vallejosun.com/vallejo-officer-fired-after-two-fatal-shootings-had-history-of-subpar-police-work-records-show/

(FAC ¶12)

As a result of that public internet posting, Plaintiff had to leave his position at the Broadmoor police department based on the unrelenting pressure and publicity.

Plaintiff filed a Tort Claim with the City, requesting an investigation to make this stop and find out who took it from the police department and leaked it to the press on January 23, 2023.

In aid of his claim an investigator from the City asked plaintiff to email part of his personnel file that had been previously purged within policy guidelines - yet landed in part in the Vallejo Sun's story. Plaintiff cooperated and on or about March 1, 2023 emailed that portion of his personnel record that he had kept to the investigator.

Although plaintiff cooperated with the City, they did not reveal or discover definitively who the leak was. Plaintiff amended his tort claim to include tort damages.

**6**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

Then he discovered on June 23, 2023 that the City recklessly turned the purged document he emailed to the City on March 1, 2021 as part of his tort claim investigation over to McCoy's family lawyer – a lawyer who had been previously sanctioned for turning over confidential information in a prior proceeding to the press.

Plaintiff amended his claim a third time to include this incident as well. Matters became complicated by John Whitney's counsel who insisted certain evidence existed, yet was privileged from the review of plaintiff's counsel. John Whitney's counsel previously represented plaintiff and plaintiff has not consented to and has objected to Whitney's counsel representing Whitney in this action, elongating the process as well.

Plaintiff's counsel was in the midst of discussing possible amendment of the pleadings when Defendant John Whitney filed a Special Motion to Strike (SLAPP) motion. As such, Plaintiff now seeks leave to amend to file the First Amended Complaint, a copy of which is attached to the declaration filed concurrently herewith.

### III.   LAW

Fed. R. Civ. P. 15 allows a party the ability to seek leave to amend the pleading. Leave to amend a pleading "shall be freely given when justice so requires." Id. R. 15(a).

The Rule also allows a party to supplement their pleadings with an event or occurrence that happened after the date the pleading was filed.

> **(d)** SUPPLEMENTAL PLEADINGS. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15

**7**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

"Given the liberal standards mandated by Rule 15, the **non**moving party bears the burden of demonstrating why leave to amend should **not** be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) (emphasis added).

In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend. *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV.   ARGUMENT

### A. The Court Can Allow Plaintiff to Amend when a SLAPP is Pending

Defendant John Whitney has filed a SLAPP motion. However, the court can allow a plaintiff to amend under FRCP 15 even if the defendant has filed a SLAPP motion.

As an initial matter, Ninth Circuit precedent does allow for plaintiffs to amend their complaint in response to an anti-SLAPP motion to strike. *See Verizon Delaware, Inc. v. Covad Commc'ns Co.*, <u>377 F.3d 1081, 1091</u> (9th Cir. 2004) ("[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with <u>Fed.R.Civ.P. 15(a)</u>'s policy favoring liberal amendment."); *see also id.* ("If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants.") Accordingly, plaintiffs here will be granted leave to amend to the extent they seek to withdraw their state law causes of action that are the subject of defendants' anti-SLAPP motion.

*Garrett v. Hine* (E.D. Cal., June 7, 2022, 1:21-cv-00845-DAD-BAK) [pp. 8-9]

*Garrett* demonstrates that the Eastern District allows amendment under FRCP 15 even if the defendant has filed a SLAPP motion. "[T]he purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint. If the offending claims

**8**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*        Case No. 23-cv-01972-KJM-JDP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." *Verizon Delaware v. Covad Communications* (9th Cir. 2004) 377 F.3d 1081, 1091.

John Whitney's SLAPP motion was directed at the first cause of action (violation of civil rights), fourth cause of action (invasion of privacy), sixth cause of action (Govt Code 815.4 liability), seventh cause of action (negligence per se), and ninth cause of action, (Bus & Prof Code §17200).

**B. Reasons to Allow Plaintiff Amend and Supplement his Claims against Defendant John Whitney**

**1. Plaintiff Has Abandoned Several Claims in the Original Complaint**

Defendant requested this Court SLAPP out the (1) first cause of action alleging defendant John Whitney violated plaintiff's constitutional rights; (2) the sixth cause of action for government tort liability under Cal Gov Code §815.4; and (3) the seventh cause of action for negligence.

Federal courts apply the SLAPP to "state claims." The first cause of action was a "federal claim" of violation of plaintiff's constitutional rights, as such the SLAPP statute did not apply. "Although the anti-SLAPP statute does apply to state law claims brought in federal court, *United States ex rel Newsham v. Lockheed Missiles Space Co.*, 190 F.3d 963, 973 (1999), it does not apply to federal question claims in federal court because such application would frustrate substantive federal rights." *Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.* (C.D. Cal. 2006) 448 F. Supp. 2d 1172, 1180. (See also, *Hilton v. Hallmark Cards* (9th Cir. 2009) 599 F.3d 894).

Nevertheless, plaintiff has abandoned the First cause of action alleging Whitney violated plaintiff's constitutional rights in the First Amended Complaint. Thus, the court should grant plaintiff leave to file the first amended complaint.

Plaintiff has also abandoned his claim against Defendant John Whitney as to the sixth cause of action alleging liability under Govt Code § 815.4 in the original complaint.

As such, this should not stand in the way of granting plaintiff's motion for leave to file the first amended complaint.

Third, Defendant John Whitney's SLAPP motion also attacked the seventh cause of action for negligence per se in the original complaint. Plaintiff abandoned his claim against Defendant John Whitney as to the seventh cause of action alleging negligence per se under Govt Code § 815.4 in the original complaint. As such, this should not stand in the way of granting plaintiff's motion for leave to file the first amended complaint.

## 2. The Amended Pleading Corrects any Perceived Defects in the Remaining Causes of Action

The first cause of action alleging civil rights violation was abandoned against John Whitney as discussed above. (Compl. ¶45-53).

The second cause of action pled in the original complaint against the dismissed defendant Shane Bower has been abandoned. (Compl. ¶54-63).

The third cause of action for civil rights violation against the City has been pled with more particularity in the seventh and eighth cause of action of the First Amended complaint by alleging a violation of plaintiff's liberty interest in the seventh cause of action and a violation of plaintiff's privacy interest in the eighth cause of action. (FAC ¶ 100-105; 106-113; Comp. ¶64-71).

The fourth cause of action for invasion of privacy has been amended. (Compl. ¶72-81; FAC ¶114-123).

Plaintiff kept the fifth cause of action for tort liability under Cal Govt Code §815.6 and added more facts to support negligence. (Compl. ¶82-95). It is now the tenth cause of action in the first amended complaint.(FAC ¶124-140).

The sixth and seventh causes of action were abandoned as discussed above.

The eighth cause of action for public disclosure of private information has been amended. (Compl. ¶116-126). It is now plead with more facts in the eleventh cause of action. (FAC ¶141-150).

**10**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

The ninth cause of action for Unfair competition under Cal Bus & Prof Code §17200 has been amended. (Compl. ¶127-138). It is now plead with more facts in the twelfth cause of action. (FAC ¶151-159).

### C. Good Cause Exists to Grant Leave to File the Proposed First Amended Complaint

#### 1. Defamation (1)

Plaintiff has amended the pleading to include supplemental events wherein on September 13 and 14 2023 defendant John Whitney directly or indirectly through his authorized representatives defamed plaintiff in 2023 by stating that plaintiff had two bent tips on his badge.

Tort law of defamation allows a cause of action for defamation for each time a false statement is published within the statute of limitations. "The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage… The defamatory statement must specifically refer to, or be ' "of [or] concerning," ' the plaintiff." *Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1259.

The First Amended Complaint alleges that John Whitney defamed plaintiff in 2023 by asserting a false fact that plaintiff's badge had two tips that were bent. "Defendant John Whitney knew the statement(s) were false or had serious doubts about the truth of the statements because plaintiff's badge did not have two bent tips on it." The listener or reader understood it was about plaintiff because on December 24, 2020 John Whitney told others that Ryan McMahon's badge had two bent tips on it. Others who heard the statements in 2023 "reasonably understood that the statement(s) were about plaintiff Ryan McMahon" Acts and events that occurred beyond the statute of limitations were alleged for intent and punitive damages. For example, plaintiff alleged "Whitney's conduct was despicable, malicious oppressive or fraudulent because: (1) Whitney's

**11**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*        Case No. 23-cv-01972-KJM-JDP

initial claim filed with the City did not include the "badge bending;" and/or (2) he singled plaintiff out with accusations made to internal affairs in 2019; and/or (3) from 2020 through 2023 John Whitney name dropped plaintiff to the press to the exclusion of the other officers allegedly involved; and/or (4) John Whitney portrayed Ryan McMahon to others in this fashion for his own personal gain an advantage in disregard of plaintiff Ryan McMahon's rights."

The proposed First Amended Complaint alleges the specific dates of the false statements, who said them, where they were published, and if they were oral or in writing.

As recently as September 19, 2023, Defendant John Whitney has made one or more statements to multiple people other than plaintiff, orally and in writing, that he discovered plaintiff Ryan McMahon's badge had "two points" bent creating innuendo that those points were bent to show he was a racist, a vigilante, tied to the Boondock Gang in two officer-involved shootings were the suspects were both black and had died.

These statements hurt plaintiff in his trade or occupation, and he was damaged. As such, plaintiff requests that this court grant leave to file the proposed amended complaint.

## 2. False Light (2)

Additionally, and/or alternatively, plaintiff alleged Defendant John Whitney placed plaintiff in a false light. " 'False light is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1264.

The difference between defamation and false light is that false light must be objectionable to a reasonable person. This was alleged. Although it is true he was

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

involved in two officer involved shootings, his badge was not bent at two points, it had one bent point. As such, to the extent that Whitney's statements were true, they placed plaintiff in a false light.

### 3.   IIED (3)

Plaintiff has amended his complaint to allege that John Whitney intentionally or recklessly caused him severe emotional distress. (FAC ¶62-71).

"A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.' " *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051.

Here, plaintiff adequately alleged each element of this cause of action. He alleged "John Whitney thrust Ryan McMahon into the press as the target of a badge bending scheme John Whitney used to base his wrongful termination lawsuit on although John Whitney knew he never interviewed Ryan McMahon about badge bending and Ryan McMahon's did not have two points bent on it to signify he had been in two officer involved shootings that resulted in the death of the suspect." (FAC ¶63). He also alleged that the Doe Defendant(s) who leaked his private information to the press also supported IIED. (FAC ¶64.)  Such conduct is extreme and outrageous because it is beyond behavior tolerated by a normal society.

The court should allow amendment.

### 4.   NIED (4)

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*        Case No. 23-cv-01972-KJM-JDP

Alternative to the third cause of action, plaintiff has alleged that John Whitney's actions amounted to negligence. In para 72-78 plaintiff alleged Whitney owed plaintiff a duty of reasonable care, defendant breached that standard of care causing harm to plaintiff and that defendant Whitney was a substantial factor in causing that harm.

The doctrine of "negligent infliction of emotional distress" is not a separate tort or cause of action. It simply allows certain persons to recover damages for emotional distress only on a negligence cause of action even though they were not otherwise injured or harmed. (See, *Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 928.)

A "direct victim" case is one in which the plaintiff's claim of emotional distress is based on the violation of a duty that the defendant owes directly to the plaintiff. The California Supreme Court has allowed plaintiffs to recover damages as "direct victims" when the negligent breach of a duty arises out of a preexisting relationship. *Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1076. The FAC adequately alleges that Defendant John Whitney was the captain of the Vallejo Police Department and custodian of records. As plaintiff's superior a relationship existed wherein Whitney owed plaintiff a duty based on that relationship. (FAC ¶72-78).

### 5.   Civil Rights Violation (5)

Plaintiff has a liberty interest that was violated under these facts. This type of constitutional interest was discussed in *Fitzgerald v. City of Fresno* (E.D. Cal., Apr. 21, 2022, 1:21-CV-01409-AWI-SAB) [pp. 16] where the plaintiff alleged "that as part of his termination, Plaintiff was stigmatized as a racist without due process, thereby foreclosing his liberty to continue in his occupation as a police office."

Here, the First Amended Complaint alleges that "Defendant Doe 1 violated plaintiff's Fourteenth Amendment right to liberty by supporting or failing to correct the record when John Whitney told media members that Ryan McMahon had two tips bent on his badge to signify he shot two different black men while on duty as more

**14**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

particularly alleged above. The essence was that Ryan McMahon was a racist and mimicking a movie call the Boondock Gang with vigilante policing thereby foreclosing his ability to continue as a police officer in his profession." (FAC ¶84).

### 6.   Civil Rights Violation (6)

Plaintiff also has a privacy interest that was violated under these facts. This type of constitutional interest was discussed in *Copley Press v. Sup. Court* (2006) 39 Cal.4th 1272, 1286.

Plaintiff has adequately alleged that privacy interest was violated by a Doe Defendant to be discovered to his injury. This cause of action should be allowed. (FAC ¶91-99).

### 7.   Civil Rights Violation (7)

The fifth cause of action alleged Doe Defendant violated plaintiff's liberty interest. In the seventh cause of action, plaintiff alleges that the City of Vallejo violated plaintiff's liberty interest. As stated above, this type of constitutional interest was discussed in *Fitzgerald v. City of Fresno* (E.D. Cal., Apr. 21, 2022, 1:21-CV-01409-AWI-SAB) [pp. 16] where the plaintiff alleged "that as part of his termination, Plaintiff was stigmatized as a racist without due process, thereby foreclosing his liberty to continue in his occupation as a police office."

Here, the First Amended Complaint alleges that:

Defendant City of Vallejo violated plaintiff's rights under the First Amendment, Fourth Amendment and Fourteenth Amendment because e confidential information located in plaintiff's personnel record was taken from his file and landed on the internet and in the hands of the media without his knowledge or consent. He lost his liberty interest because it was used in conjunction with statements made by John Whitney, Doe 1 and others to portrayed plaintiff as a racist; a vigilante police officer or in some type of gang thus losing his ability to work as a police officer. Even his religion was used against him. The defendant never corrected the record or false light when plaintiff was falsely portrayed to the media.

(FAC ¶101).

**15**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

### 8.   Civil Rights Violation (8)

The City had a mandatory duty to keep confidential information in the plaintiff's personnel records safe from disclosure. Although there is such a mandatory duty of the City, plaintiff's rights are restricted by law. As recognized in *Fagan v. Superior Court* (2003) 111 Cal.App.4th 607, 614, torts are only barred *within* a proceeding eg Pitchess hearings.

The FAC alleged:

Defendant City of Vallejo's training program was inadequate to train and/or supervise its officers and employees on how to adequately safeguard confidential information.

That Defendant City of Vallejo knew because of a pattern of similar violations, or it should have been obvious to it when Defendant John Whitney admitted he took a memory stick with confidential files on it out of the office, and confidential, purged files kept arising in the media that the inadequate training program was likely to result in a deprivation of the right to privacy.

Additionally, although the PIP file plaintiff sent defendant City of Vallejo on March 1, 2023 was no longer part of his personnel record because it had been purged, the defendant turned it over to opposing counsel anyway in violation of plaintiff's constitutional rights and state law (Information Practices Act and Penal Code §832.7).

(FAC 107-109).

Both records and findings from investigations are "protected from disclosure under section 832.7, subdivision (a), both as "records maintained by any state or local agency pursuant to Section 832.5" and as 'personnel records.'" *Berkeley Police Assn. v. City of Berkeley* (2008) 167 Cal.App.4th 385, 404-05.

The public policy reasons for keeping the information confidential was recently listed in a federal district court decision. "Public disclosure of Confidential information concerning complaints of misconduct and disciplinary actions to the general public would be contrary to the public interest because: (a) it would …impair [the] investigative

**16**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

processes; (b) future… investigations would be hindered because…[it] would discourage future witness participation; (c) the Officers' privacy interest in their confidential personnel records would be injured… which is confidential under California law; (d) some of the factual information contained.. is inextricably intertwined with privileged advisory opinions; (e) it is essential to meaningful, ongoing self-examination of… policies and procedures; (f) public disclosure will make it far less likely that policy and procedure deficiencies will be detected, remedied and in some cases changed; and (g) Public disclosure would result in a negative impact on witnesses… and a decrease in candor during Internal Affairs investigations." *Cruz v. City of Anaheim* (C.D. Cal., Nov. 10, 2011, No. CV10-03997 MMM (JEMx)) [pp. 2-3]

Courts have historically understood the harm that disclosure of an officer's personal information "would be invasive of their rights to privacy[] and might subject the Officers to potential harassment or danger from individuals who harbor ill will towards any of the Officers or police officers in general. Personal information about individual police officers is generally not available to the public for this reason." *Cruz v. City of Anaheim* (C.D. Cal., Nov. 10, 2011, No. CV10-03997 MMM (JEMx)) [pp. 2-3]

"The defendant bears the burden of proving that the alleged defamatory statement was made on a privileged occasion." *SDV/ACCI, Inc. v. AT&T Corp.,* 522 F.3d 955, 961 (9th Cir. 2008).

A public official cannot be said to be properly discharging his duties when he violates a statute by publishing confidential material, either."A public official cannot be said to be properly discharging his duties when he violates a statute by publishing confidential material. *Kilgore,* 30 Cal.3d at 793. Since Civil Code section 47(a) relates to privileged publications, unlawful publications are not privileged. *Id.* " *Fitzgerald v. City of Fresno* (E.D. Cal., Apr. 21, 2022, 1:21-CV-01409-AWI-SAB) [pp. 9-10].

**17**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*        Case No. 23-cv-01972-KJM-JDP

California Penal Code §832.7 "does not merely restrict disclosure in criminal and civil proceedings; it creates a generally applicable condition of confidentiality and recognizes an exception for "discovery pursuant to" certain portions of the Evidence Code. *L.A. Deputy Sheriffs,* <u>8 Cal. 5th at 44</u>. <u>Section 832.7(a)</u> applies to (1) "personnel records of peace officers and custodial officers" including but not limited to records relating to "[e]mployee ... discipline"; (2) "records maintained by any state or local agency pursuant to Section 832.5, " which "requires '[e]ach department or agency in [California] that employs peace officers [to] establish a procedure to investigate complaints by members of the public against the personnel of these departments or agencies'"; and (3) "information obtained from" the prior two types of records. *Id.* at 44-45." *Fitzgerald v. City of Fresno* (E.D. Cal., Apr. 21, 2022, 1:21-CV-01409-AWI-SAB) [pp. 9-10].

### 9.   Invasion of Privacy (9)

The plaintiff has sued alleging that his right to informational privacy was violated. To state a valid cause of action that the plaintiff's Constitutional right to information privacy was violated, three elements must be alleged: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) a serious invasion of the privacy interest. *Hill v National Collegiate Athletic Assn.* (1994) 7 Cal4th 1, 35-37.

Defendant Whitney argues that this cause of action should be struck under the SLAPP statute. Plaintiff seeks injunctive relief. Defendant's request to dismiss or SLAPP injunctive relief is frivolous. The injunctive relief cannot be stricken by a FRCP 12(b)(6) motion. There is no reason to take out the request for injunctive relief.

Each of the three elements to support a cause of action for Invasion of Privacy under the California Constitution Article 1, section 1 was adequately alleged under FRCP 8a as follows:

### a.   <u>Element 1 - Legally Protected Privacy Interest</u>

**18**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

Plaintiff alleged he had a legally protected privacy interest. [FAC ¶115 ]. A legally protected privacy interest includes "confidential" or "sensitive" information. Plaintiff alleged the information was confidential or sensitive information contained in his personnel file at the Vallejo police department. [FAC ¶115-116] Plaintiffs alleged this confidential and sensitive information was released onto the internet. [FAC ¶22, 31, 118]

John Whitney, as former Captain of the Vallejo police department knew that investigations were confidential matters he should not have discussed such while name dropping plaintiff to the press and others, whether true, false, or slanted in a false light.

The California Legislature has declared this information confidential and codified it in Cal. Penal Code §832.7.

> the personnel records of peace officers and custodial officers and records maintained by a state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.

Cal. Penal Code §832.7.

All information in the plaintiff's personnel file is confidential including any investigations related thereto. Cal Const Art 1 Sect 1 finds all residents of California have a right to privacy under the Constitution.

As such, plaintiffs' allegations that they "had a legally protected privacy interest is plausible and meets the first element for invasion of privacy.

### b. Element 2 – Reasonable Expectation of Privacy

As stated above, the second element is the reasonable expectation of privacy. The FAC sufficiently allege a reasonable expectation of privacy.  [FAC ¶117]. The expectation was reasonable because the law required this information remain confidential. In 2018 the penal code was amended to allow records relating to an officer involved shooting resulting in death or great bodily injury; sexual assault; or where an

**19**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

oversight committee found the officer was dishonest such as falsifying, or concealing of evidence' (§ 832.7, subd. (b)(1)(C))." *Becerra v. Superior Court* (2020) 44 Cal.App.5th 897, 914-916.

Here, the confidential records did not fall into any of these exceptions, such as reports about calls for restraining orders, domestic violence or training documents. As such, plaintiff had a reasonable expectation of privacy.

### c. <u>Element 3 – Serious Invasion of Privacy</u>

Plaintiff alleged that the invasion of privacy was serious. (FAC ¶119-120).

The third element is a mixed question of fact and law not appropriate for a dismissal under 12(b)(6). *McDonald v. Aps* (N.D. Cal. 2019) 385 F. Supp. 3d 1022, 1034

By alleging the invasion was serious, the third element was met for pleading purposes because those records were confidential and/or the public access to the confidential records would be highly offensive to an objective reasonable person." [ FAC ¶114-123]

Cal. Govt Code § 11549.3 lists various aspects any state agency must undertake in controlling, maintaining, and tracking personal information it collects. This includes creating policies and procedures. This section of the Government Code would not exist if the personal information ("PI") was not confidential and sensitive in nature.

Consequently, the Court should allow plaintiff leave to file the first amended complaint including the cause of action of Invasion of Privacy.

### 10.   Govt Code §815.4 Liability – Negligence (10)

The first amended complaint alleges that the City of Vallejo was negligent.

The elements to plead Negligence are duty, breach, causation, and damages. (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917). Courts in this circuit have generally applied this principle. (See,  *Schmitt v. SN Servicing Corp.* (N.D. Cal., Nov. 12, 2021, 21-cv-03355-WHO) [pp. 11]

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

The first element to allege a claim of negligence is duty. Civil Code section 1714(a) imparts a duty upon all people to use due care.

As a public agency the City of Vallejo owed plaintiff a duty to care to keep the confidential information in his personnel file secure and to speak out when he was mischaracterized as having two tips of his badge bent as more fully discussed above.

Finally, the duty to maintain proper security measures to ensure the information remained confidential is mandatory under Penal Code § 832.7.  That section's "protection would be wholly illusory unless [we read] that statute . . . to establish confidentiality status for [the specified] records" beyond criminal and civil proceedings." *Copley Press v. Sup. Court* (2006) 39 Cal.4th 1272, 1286

> …832.7 provides that peace officer personnel records, as defined in <u>section 832.8</u>, are confidential. Thus, employing agencies may not freely disclose these records at public disciplinary appeal hearings if the affected officer asserts an objection. This conclusion requires that we reverse the judgment sustaining the demurrer. The allegations of Associations' complaint — that Public Entities routinely disclose confidential peace officer personnel records despite the objection of the peace officer — state a valid basis for declaratory relief under <u>section 832.7</u>.

 *San Diego Police Officers Assn. v. City of San Diego Civil Service Com.* (2002) 104 Cal.App.4th 275, 287

Cal Govt Code § 7923.600 makes clear that the City did not have a duty to release plaintiff's personnel file to another, including any training documents (See Cal Govt Code § 7923.610).

1. **Element 2 – Breach**

The second element of negligence is breach. "Breach is the failure to meet the standard of care." (*Coyle v. Historic Mission Inn Corp.* (2018) 24 Cal.App.5th 627, 643.) Plaintiff sufficiently alleged Defendant breached the duty of care.

2. **Element 3 – Causation**

**21**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

The third element of negligence is causation. "The element of causation requires there to be a connection between the defendant's breach and the plaintiff's injury." (*Coyle*, *supra*, 24 Cal.App.5th at p. 645.) Plaintiff sufficiently alleged causation.

### 3. Element 4 – Damages

The fourth element of negligence is damages. Plaintiff alleged he lost his job at Broadmoor police department, reputation damages and emotional distress.

Consequently, this Court should find that the cause of action for negligence has been sufficiently pled under FRCP 8a.

The elements to plead Negligence per se are the same as negligence except instead of a general duty or special relationship, a duty is implied from a law and if broken, breach is established. *Taulbee v. EJ Distribution Corp.* (2019) 35 Cal.App.5th 590, 596, internal citations omitted.

### 11.    Public Disclosure of Private Facts (11)

The first amended complaint alleges that John Whitney and the City of Vallejo committed the tort of invasion of privacy by publicly disclosing private facts, also. "The elements of this tort are ' "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." ' The absence of any one of these elements is a complete bar to liability." (*Moreno v. Hanford Sentinel, Inc.* (2009) 172 Cal.App.4th 1125, 1129–1130, internal citations omitted.).

The confidential information that was disclosed was not part of the investigation into the Foster or McCoy (Taco Bell) shooting. To the extent true facts were sprinkled into the false conspiracy theory, those true facts were not newsworthy Since they were not newsworthy, the confidential information was not of legitimate public concern.

Each element was alleged in para 116-126 of the FAC.

### 12.    Bus & Prof Code § 17200 (12)

22

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP

The first amended complaint alleges that John Whitney has committed an act of unfair competition and as a result injunctive relief should issue under Cal Bus & Prof Code § 17200. (12thCause of action). Plaintiff seeks injunctive relief.

Like the constitutional claims for invasion of privacy, Defendant's request to dismiss or SLAPP injunctive relief is frivolous. The injunctive relief cannot be stricken by a FRCP 12(b)(6) motion. There is no reason to take out the request for injunctive relief.

As a preliminary matter, no government agency is alleged to have violated §17200.

The SLAPP statute does not apply to most Bus & Prof Code §17200 violations because this is an equitable cause of action falling either under the public interest prong of CCP §425.17 or it concerns commercial speech. See CCP §425.17.

Plaintiff is seeking injunctive relief against Whitney because no other government agency has stepped in. This cause of action is in the public interest, as 17200 claims are so designated and thus excepted from the SLAPP statute under CCP § 425.17. See, *Tourgeman v. Nelson & Kennard* ZS(2014) 222 Cal.App.4th 1447.

The "court must rely on complaint allegations in determining applicability of public interest exception" *San Diegans for Open Government v. Har Construction, Inc.* (2015) 240 Cal.App.4th 611, 625.

Here, California law makes it unlawful to take confidential personnel records and give it to others and make it public without a court order because it harms the system and public by dissuading investigations and corrections in law enforcement affairs. As such, it is in the public interest.

Additionally, it is in the public interest to stop conspiracies which inject fear into the community about its police department by making up a story that a vigilante group of

**23**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

police officers who bends the tips of their badges to signify an officer involved shooting existed in Vallejo.

This is the only cause of action that will give plaintiff injunctive relief against Whitney or other Doe Defendants.

The Court should allow plaintiff to have leave to continue to plead a violation of Bus & Prof Code §17200 against John Whitney.

**D. There Is No Prejudice to the Other Side**

Finally, there is no prejudice to the other side in allowing this amendment. Defendants knew plaintiff was amending the complaint.  The defendants have always known of the convoluted nature of the relationship between plaintiff, the defendants and two high profile officer involved shootings.

**E.  The Conduct is Not Privileged**

Defendant John Whitney purported that his conduct was "privileged." However, no privilege attaches to leaking confidential information from a personnel file or investigation of a peace officer. Illegal conduct does not enjoy Civ Code §47 privilege. Under similar circumstances where personal information of an officer was published on Twitter, this district refused to dismiss the cause of action based on privilege under Cal Civ Code §47(a).

It also appears that Dyer violated this statute by releasing his findings that Plaintiff committed "egregious violations of department policy" obtained from this "ongoing internal investigation." *See Towner,* 63 Cal.App. 5th at 772 (finding defendants' public disclosure of plaintiff's confidential personal records violated section 832.7 and was illegal); *see also Neary,* 185 Cal.App.3d at 1144-45 (finding that absolute privilege under section 47(a) was not available in part because defendants disclosed a confidential report that should not have been disclosed pursuant to defendants' company policy).

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*          Case No. 23-cv-01972-KJM-JDP

*Fitzgerald v. City of Fresno* (E.D. Cal., Apr. 21, 2022, 1:21-CV-01409-AWI-SAB) [pp. 10-11]

Under the common-interest privilege of Civil Code section 47(c), the defendant bears the initial burden of showing facts to bring the communication within the privilege. The plaintiff then must prove that the statement was made with malice. (*Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1203.). If some other privilege is at issue, an additional element or instruction targeting that privilege will be required. (See, e.g., Civ. Code, § 47(b); *Argentieri v. Zuckerberg* (2017) 8 Cal.App.5th 768, 780–787.) It does not bar the claim for defamation.

As such, the Court should not hesitate to grant leave to amend based on a purported privilege.

## V.    CONCLUSION

For the reasons stated herein, plaintiff respectfully requests that the Court allow the plaintiff to file the proposed First Amended Complaint, a true and correct copy of which is attached to the Declaration filed concurrently herewith.

Dated:  December 27, 2023          Respectfully Submitted,
                                   LAW OFFICES OF LENORE ALBERT
                                   /s/ LENORE ALBERT_____
                                   LENORE L. ALBERT, ESQ.
                                   Attorney for Plaintiff, Ryan McMahon

**25**

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*          Case No. 23-cv-01972-KJM-JDP

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S. Coast Hwy #3960, Laguna Beach, CA 92651. On December 27, 2023, I served a copy of the following document(s) described as:

**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

On the interested parties in this action as follows:
**For Defendant John Whitney:**
Alison Berry Wilkinson
alison@berrywilkinson.com
Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903
Telephone:  415.259.6638
Facsimile:  877.259.3762

**For Defendant City of Vallejo and Shane Bower:**
Katelyn M. Knight
Assistant City Attorney
City of Vallejo | City Attorney's Office
555 Santa Clara Street
Vallejo, CA 94590
707.648.4388 | katelyn.knight@cityofvallejo.net

**[x] BY E-SERVE and EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: December 27, 2023

 /s/Lenore Albert
Lenore Albert

**26**
**PLAINTIFF'S COUNTER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP