Lenore L. Albert, Esq. SBN 210876
Email: lenalbert@InteractiveCounsel.com
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Attorney for Plaintiff, Ryan McMahon

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>JOHN WHITNEY, CITY OF VALLEJO;<br>and DOES 1 through 10, inclusive,<br>      Defendants. | CASE NO. 23-cv-01972-KJM-JDP<br><br>Assigned to the Hon. Kimberly J. Mueller<br>Crtm. 3 – 15th Flr<br>Complaint filed: 09-13-2023<br><br>**DECLARATION OF LENORE<br>ALBERT, ESQ.**<br><br>Hearing Date: 01-26-2024<br>Time: 10:00AM<br>Courtroom: 3 – 15th Flr |

**1**

**DECLARATION OF LENORE ALBERT, ESQ.**

*McMahon v Whitney, et al*  23-cv-01972-KJM-JDP

## DECLARATION OF LENORE ALBERT

I, Lenore Albert, am the attorney for the plaintiff in the above captioned action, am admitted to practice before the U.S. District Court for the Eastern District of California and if called as a witness could testify of my own personal knowledge as follows:

1.     I was working with opposing counsel to amend the pleadings when opposing counsel filed the SLAPP motion and motion to dismiss.

2.     I was waiting for opposing counsel to obtain a protective order or at least an okay to read a deposition of Whitney opposing counsel told me to obtain and then objected to my reading to support my client's claims.

3.     Nevertheless, attached hereto and fully incorporated herein as **Exhibit 1** is a true and correct proposed First Amended Complaint.

      a.   It needs some fine tuning. I have been traveling back and forth between Michigan and California which has taken away some of my time. In September to early October I was hospitalized. Thus, I have had limited time to pull it all together. I would like to be able to file a more polished version.

I declare under penalty of perjury of the federal laws that the foregoing is true and correct to the best of my knowledge. Executed this day in Coldwater, Michigan.

Dated:  December 27, 2023

/s/ Lenore Albert_____
Lenore Albert, attorney for plaintiff Ryan McMahon

**2**
**DECLARATION OF LENORE ALBERT, ESQ.**
*McMahon v Whitney, et al*      23-cv-01972-KJM-JDP

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S. Coast Hwy #3960, Laguna Beach, CA 92651. On December 27, 2023, I served a copy of the following document(s) described as:

**DECLARATION OF LENORE ALBERT, ESQ.**

On the interested parties in this action as follows:
**For Defendant John Whitney:**
Alison Berry Wilkinson
alison@berrywilkinson.com
Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903
Telephone:  415.259.6638
Facsimile:  877.259.3762

**For Defendant City of Vallejo and Shane Bower:**
Katelyn M. Knight
Assistant City Attorney
City of Vallejo | City Attorney's Office
555 Santa Clara Street
Vallejo, CA 94590
707.648.4388 | katelyn.knight@cityofvallejo.net

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: December 27, 2023

  /s/Lenore Albert
Lenore Albert

**3**
**DECLARATION OF LENORE ALBERT, ESQ.**

*McMahon v Whitney, et al*       23-cv-01972-KJM-JDP

EX 1

Lenore L. Albert, Esq. SBN 210876
Email: lenalbert@InteractiveCounsel.com
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Attorney for Plaintiff, Ryan McMahon

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>               Plaintiff,<br><br>vs.<br><br>JOHN WHITNEY, CITY OF VALLEJO; and DOES 1 through 10, inclusive,<br>               Defendants. | CASE NO. 23-cv-01972-KJM-JDP<br><br>Assigned to the Hon. Kimberly J. Mueller<br>Crtm. 3 – 15th Flr<br>Complaint filed: 09-13-2023<br><br>**FIRST AMENDED COMPLAINT**<br>  1. Defamation<br>  2. False Light<br>  3. IIED<br>  4. NIED<br>  5. Violation of Civil Rights<br>  6. Violation of Civil Rights<br>  7. Violation of Civil Rights<br>  8. Violation of Civil Rights<br>  9. Invasion of Privacy<br>  10. Govt Code §815.6 Liability<br>  11. Public Disclosure of Private Facts<br>  12. Bus & Prof Code § 17200 Violation<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Ryan McMahon amends his Complaint as of right and brings this action against Defendant John Whitney, City of Vallejo, and Does 1 through 10, and each of them so captioned, (collectively the "Defendants") and alleges the following on information and belief, except as to those allegations which pertain to the Plaintiff and are within his personal knowledge:

## Jurisdiction

1.     This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) wherein plaintiff is seeking injunctive relief and damages for civil rights violation being pursued in this U.S. District Court under 42 U.S.C. §1983.

## Parties

2.     Plaintiff, Ryan McMahon, ("plaintiff" or "McMahon") at all times mentioned herein relevant to this complaint is employed in and is a resident of Solano County, California. He was hired to work at the Vallejo police department in or about 2017.

3.     Defendant, John Whitney, ("defendant" or "Whitney") is a resident of California. Plaintiff is informed and believes his employment as Captain of the police department for the City of Vallejo was terminated in August 2019.

4.     Defendant, City of Vallejo, ("defendant" or "The City") at all times mentioned herein relevant to this complaint is a local government agency located in this district that employed plaintiff at the Vallejo police department.

5.     Plaintiff does not know the true names and capacities of the Defendants DOES 1 through 10, inclusive, and, as such, names said Defendants by such fictitious names. Plaintiff will amend the complaint to state the true name and capacity of the DOE Defendant(s) when such information is ascertained.

6.     Plaintiff is informed and believes, and alleges thereon, that each Defendant is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's' damages were proximately caused by the Defendants at all times mentioned in this complaint.

## Facts

7.     Plaintiff, Ryan McMahon was formerly employed by Defendant City of Vallejo as a police officer of the Vallejo police department. He never consented to have the confidential information from his employee personnel record disclosed to third parties or to be posted by the media onto the internet.

8.     For purposes of this lawsuit, the City of Vallejo collected several confidential files and placed it in plaintiff's personnel record while he was employed as a police officer.

9.     A personnel record includes a department file, bureau file, training file, internal affairs file, and medical file.

10.     Sergeants can write up a training document on an officer. The training document gets scanned into the system to put in the officer's personnel records until the officer's next annual performance review. The personnel records are kept in a locked file cabinet system by internal affairs. If in a year the officer has performed as trained, then the training document sometimes referred to as a "PIP" file is purged from the officer's file. Plaintiff is informed and believes and alleges thereon that the City of Vallejo employed Shane Bower to be in charge of who will purge the documents from the personnel records.

11.     For purposes of this lawsuit, plaintiff's personnel record included a 30-page personal history report that detailed his personal medical, financial and familial history. It also had several training memos and one performance improvement plan document ("PIP").

12.     On or about January 17, 2023 some of plaintiff's confidential information contained in his personnel records at the Vallejo police department that had been previously purged was publicly posted on the internet where anyone with access to the internet could have read and downloaded it from the Vallejo Sun's website. References to the confidential information could be found in the following paragraphs within the article:

> Despite the May 2018 counseling memo, McMahon's performance continued to slip as the department flagged five more incidents, including

**3**

First Amended Complaint

*McMahon v Whitney, et al*      23-cv-01972-KJM-JDP

three in August 2018, in which he failed to do his duty adequately. He was placed on a 90-day performance improvement plan (PIP) in October 2018.

While responding to a report of restraining order violation, McMahon was caught giving incorrect information to a victim, telling her that she didn't need to make a police report regarding future restraining order violations "but that they should only document it with a VPD incident number."

Protocol dictates a new police report be taken for every restraining order violation, according to the PIP report.

 was flagged for poor performance in connection with seven different incidents in 2018 alone, resulting in him being placed on a performance improvement plan, according to the records.

…

Three months later, McMahon was the subject of a counseling memorandum regarding two May 2018 incidents in which McMahon used "a lack of good judgment" for leaving his post as a traffic control unit to join in a separate police chase.

…

A former Vallejo police officer involved in two fatal shootings had his decision-making abilities questioned after his actions caused a fellow officer to be hurt during a May 2018 pursuit, according to internal Vallejo Police Department records obtained by the Vallejo Sun.

…

Ryan McMahon — who shot and killed Ronell Foster in February 2018 and was one of six officers who shot and killed Willie McCoy a year later — was flagged for poor performance in connection with seven different incidents in 2018 alone, resulting in him being placed on a performance improvement plan, according to the records.

…

McMahon was admonished for interviewing suspects without first issuing their Miranda Rights

…

He also failed to complete several investigations, including after he was ordered to follow-up on a domestic violence incident in which a victim reported that she had been sexually assaulted, and failed to collect physical evidence from several crimes, according to the improvement plan.

**4**
First Amended Complaint
*McMahon v Whitney, et al*       23-cv-01972-KJM-JDP

…

Three months later, McMahon was the subject of a counseling memorandum regarding two May 2018 incidents in which McMahon used "a lack of good judgment" for leaving his post as a traffic control unit to join in a separate police chase.

As a traffic control unit, McMahon's role was to slow, stop and redirect traffic "in order to protect emergency personnel, occupants of involved vehicles, and witnesses," following a collision.

Without telling anyone, McMahon left his post to join in a vehicle pursuit on the other side of town, a decision that was almost fatal as it caused the officer investigating the collision to "sprint to safety so as to avoid being hit" when a vehicle sped into the investigation scene, according to the memorandum written by Ramrakha.

That officer sustained a back injury "due to the exertion" and went on leave.

The counseling memo also flagged McMahon for using "overly suggestive" language to a witness, jeopardizing a shooting investigation six days after his error with the traffic incident. McMahon told the witness prior to a suspect lineup that "we caught all the guys involved in the shooting," and that the department seized "lots of guns." Policy dictates that an officer should instruct a witness "that the perpetrator may or may not be among those presented," and that the witness is not under any obligation to make an identification.

The witness identified the suspect as being involved in the shooting but, according to Ramrakha, the district attorney's office was left "with no option but to release (the suspect) on his charges" because of McMahon's error. Ramrakha said that forensics were being worked on to tie the suspect to the crime.

Ramrakha instructed McMahon to "practice greater awareness of his role when assuming a traffic control position," while also weighing the necessity of joining in an incident — such as a police pursuit — that "is neither close to his location nor practical to assist with."

Ramrakha further directed McMahon to "breathe deeply" prior to making a decision when he heard a priority call.

…

McMahon's performance continued to slip as the department flagged five more incidents, including three in August 2018, in which he failed to do his

duty adequately. He was placed on a 90-day performance improvement plan (PIP) in October 2018.

…

While responding to a report of restraining order violation, McMahon was caught giving incorrect information to a victim, telling her that she didn't need to make a police report regarding future restraining order violations "but that they should only document it with a VPD incident number."

…

The employee raised concerns about McMahon's failure in an email she sent to a police corporal, who then forwarded the email titled "Misinformation given by ofc" to several command-level staff.

…

The employee wrote that weeks after the interaction with McMahon, the victim called to report a new violation and repeated the information McMahon gave her to a dispatcher. When the dispatcher told the woman that an officer was required to respond, the victim "chose not to document the violation," the email reads.

Then-Capt. Joseph Iacono responded to the email, directing then-Lt. Fabio Rodriguez to address the incident.

…

"Fabio, sounds like he [is] not taking these crime reports…against GO's [general orders]," Iacono wrote. "Please have it addressed."

Less than two hours after he gave incorrect information to the restraining order victim, McMahon responded to a report of stolen property by conducting "an extensive interview of the suspects outside of [their] Miranda [rights] and while the suspects were detained in handcuffs."

McMahon conducted the interview in front of the victim and "the victim's very young child while the suspects were seated in a [nearby restaurant] that was open to the public at the time of the incident," the report states. The officer was further dinged for writing a substandard report that was ordered rewritten.

The next day, McMahon responded to a report of a stalking case in which the victim awoke to find the stalker in her bed. The victim struggled with the suspect, and when McMahon arrived on scene he took no action during his investigation, even when shown a chair the suspect used to climb through a window to gain entry into the residence. McMahon checked the

area and eventually cleared the call with a "general services rendered" disposition "without conducting [a] further and more thorough investigation and documenting the incident by generating a police report," according to the PIP.

Later, another officer responded and arrested the suspect, and charged the individual "with numerous felonies including stalking, and burglary," according to the PIP.

A month later, McMahon responded to a domestic incident when the victim told him that she had been forced to orally copulate the suspect and that the suspect had ejaculated on her shirt, leaving DNA evidence.

…

"You wrote a police report detailing the event but did not request any type of prosecution or follow-up based on that the victim had told you that they did not wish to level charges against the suspect," the PIP reads.

…

Finally, in October 2018 while conducting a drunken driving investigation, McMahon was accused of writing a substandard report, "lacking in certain details" and for again not properly reading a suspect their rights. McMahon was accused of detaining the suspect and bringing him to the police station for questioning, all without reading the suspect his Miranda rights.

"After the investigation, you stated that the suspect was now under arrest, even after having brought him to the police station," the report reads.

The performance improvement plan was in place for 90 days, starting on October 19, 2018, ending on Jan. 18, 2019, three weeks before McMahon and five other Vallejo officers killed McCoy outside a Vallejo Taco Bell.

During the PIP, McMahon was to be evaluated every two weeks, while also being provided with pertinent police department documents, including the department's general orders, the California Criminal Investigations manual, California penal and vehicle codes, and the Vallejo Police Department's report writing manual.

…

https://www.vallejosun.com/vallejo-officer-fired-after-two-fatal-shootings-had-history-of-subpar-police-work-records-show/

13.     As a result of that public internet posting, plaintiff Ryan McMahon filed a tort

claim with the City of Vallejo and requested the City of Vallejo investigate who had kept

**7**

First Amended Complaint

*McMahon v Whitney, et al*     23-cv-01972-KJM-JDP

the contents of his personnel records that had been previously destroyed on or about January 23, 2023.

14.    In response to plaintiff's claim, the City of Vallejo represented the PIP report had been purged from his personnel record and hired an investigator to figure out who had a copy of this purged document and provided it to the Vallejo Sun.

15.    The investigator contacted plaintiff and asked him to send the investigator a copy of the confidential record since it was not in the file at the police department.

16.    On or about March 1, 2023, plaintiff Ryan McMahon emailed the confidential record to the investigator under the assumption that this would be used solely for the investigation and remain confidential.

17.    When the City of Vallejo could not confirm that Defendant John Whitney or any other person such as Doe 1 through Doe 10 was the individual to give the purged document to the Vallejo Sun, plaintiff amended his claim requesting damages on April 26, 2023.

18.    On June 23, 2023 defendant was presented with the PIP he sent to the investigator by opposing counsel Patrick Buelna of Pointer & Buelna, LP.

19.    Patrick Buelna represented that the City of Vallejo gave him that document in or about April 2023 based on a personnel record request.

20.    Plaintiff amended his tort claim again based on the June 23, 2023 release.

21.    His claims were denied so he sued.

22.    Another former police officer of the Vallejo police department (defendant John Whitney) thrust plaintiff Ryan McMahon into the limelight as part of his own lawsuit against the police department on or about December 24, 2020.

23.    On December 24, 2020, Defendant John Whitney told others when interviewed by ABC news that plaintiff Ryan McMahon had "two points" on his badge that "had been bent" and it was done because he "had been in two officer-involved shootings." The interview was publicly posted on the internet where anyone with internet access could view it.

24.     On September 13, 2023 Defendant John Whitney's representative Jayme Walker repeated John Whitney's statement in an interview with ABC New by stating "To have officers commemorating their shootings with this ritual where they bend their badges, it just, it creates a stain on the department. It creates the perception that they're celebrating it, even if that's not what they were doing."

25.     On September 14, 2023 the Vallejo Sun repeated John Whitney's statement by reporting "Shortly after that shooting, Officer Ryan McMahon was placed on leave for an alteration to his gun. When he turned in his badge, then-Sgt. Drew Ramsay noticed it had two bent tips and brought it to Bidou's office while Whitney was present and said, "Hey, he bent his badge for the two shootings he was in," according to Whitney. Prior to the McCoy shooting, McMahon <u>shot and killed Ronell Foster in 2018.</u>"" The Vallejo Sun article was posted on the internet so anyone with internet access could read it on the webpage.

26.     On September 19, 2023 the statement was republished again when the Los Angeles Times ran a story which provided in part ""Whitney told The Times that he first became aware of badge bending within the department in late 2014 or early 2015 from another officer. He then learned about it a second time in February 2019 when an officer was placed on administrative leave and had to turn in his badge. When Whitney asked him why two edges were bent, the officer said it represented the two people he had killed in the line of duty." The Los Angeles Times article was posted on the internet so anyone with internet access could read it on the webpage.

27.     Because plaintiff Ryan McMahon's name was the only name associated with having two points of his badge bent as originally reported by John Whitney, it can be inferred with innuendo that the later statements by John Whitney and his representatives or agents referred to plaintiff Ryan McMahon.

28.     Although it was true that Ryan McMahon was involved in two fatal shootings while employed by the City of Vallejo, it was false that his badge had two bent points and defendant John Whitney knew that it was false.

29.     Plaintiff is informed and believes and alleges thereon that while Defendant John Whitney was employed by the Vallejo police department, he was the custodian of records and also in charge of ethical and policy issues.

30.     Additionally, Defendant John Whitney either knew the statement about the badge bending on two points was false, or he was reckless in making the statement, or had no reason to believe the statement was true because Plaintiff never had a conversation with John Whitney about his badge being ben.

31.     Defendant John Whitney was previously investigated for taking confidential information from the Vallejo police department and leaking it to others.

32.     Plaintiff Ryen McMahon was harmed by the public posting of his confidential information from his personnel record on the internet on January 17, 2023, including but not limited to having to leave his employment at the Broadmoor police department. He continues to be harmed because no one has been able to reassure him that his personal history was not taken and distributed as well putting himself and his family in continuous danger.

33.     Defendant City of Vallejo and Does 1 through 10 were a substantial factor in causing that harm because Defendant(s) failed to adequately secure confidential, sensitive or private information in McMahon's personnel records which was then disclosed to third parties, including it being posted on the internet by a local news organization. Defendant also failed to speak out and correct the record when the information told to the public was either false or portrayed in a false light.

34.     Plaintiff Ryan McMahon was also harmed by the public posting about the "badge bending" when Defendant John Whitney told others that plaintiff had two points bent on his badge inferring he was celebrating the death of others in two highly publicized officer involved shootings, including but not limited suffering humiliation, reputational harm in his professional capacity, embarrassment, harassment, and strife.

35.     Plaintiff is informed and believes and alleges thereon that he was being used by the Defendants for their own personal gain. Defendant John Whitney used Ryan

McMahon to propel his own lawsuit against the City of Vallejo. Defendant City of Vallejo used Ryan McMahon to be their scapegoat in the shooting of one Mr. McCoy on February 9, 2019 that turned into a high-profile case because plaintiff Ryan McMahon was the only officer investigated and terminated for that incident.

36.    Although Ryan McMahon was the last officer on the scene on February 9, 2019; not the first or last officer to shoot; and was cleared by two organizations of any wrongdoing, he has been vilified in the press based on the death of Mr. McCoy that occurred at Taco Bell on February 9, 2019.

37.    But for giving this confidential information to the Vallejo Sun about plaintiff Ryan McMahon, the Vallejo Sun could not have drafted these stories in a distorted fashion.

38.    Although plaintiff was cleared of any wrongdoing during the shooting, the effect on the reader of the Sun's articles about plaintiff which contained this confidential personnel record or portions thereof caused others to despise plaintiff and fill with hatred and ridicule.

39.    Upon receiving death threats, he relocated his family and gained employment elsewhere.

40.    In or about 2022, plaintiff found a new job working for the Broadmoor police department.

41.    He had been working at the Broadmoor police department for approximately six months without incident until on or about January 17, 2023 when the Sun posted a news article online with confidential, sensitive, and/or personal information from plaintiff's confidential personnel records located at the City of Vallejo police department.

42.    Plaintiff is informed and believes and alleges thereon the defendants and each of them knew that this information if made public, and if given to the Sun, could be used to cause other to despise, hate and ridicule plaintiff, putting his family and himself in potential physical harm.

43.    Plaintiff is informed and believes, and alleges thereon, that each Defendants Doe 1 through Doe 10 directed, materially assisted, aided and abetted Defendant John Whitney,

or Defendant John Whitney and the Doe Defendants were in an employer/employee or principle/agent relationship where John Whitney permitted, consented, directed, adopted, ratified, approved, conspired, or acted in concert with the acts of Defendants Doe 1 through Doe 10 making Defendant John Whitney jointly and severally liable for the conduct of Defendants Doe 1 through 10.

44.    Plaintiff is informed and believes, and alleges thereon, that Defendant City of Vallejo directed, materially assisted, aided and abetted, adopted, ratified, approved, conspired, or acted in concert with Defendant Doe 1 through Doe 10 through an employer/employee or principle/agent relationship.

45.    Plaintiff is informed and believes, and alleges thereon, that each Doe Defendant 1 through 10 was the employee, agent, authorized representative of Defendant City of Vallejo, acting within the scope of their employment or agency, making the City of Vallejo jointly and severally liable for the act(s) of Defendants Doe 1 through 10.

**<u>FIRST CAUSE OF ACTION</u>**

**Defamation**
**(Against Defendant John Whitney)**

46. Plaintiff incorporates paragraphs 1 through 45 above in this pleading and paragraphs 161 through 171 below as though fully set forth herein.

47. As recently as September 19, 2023, Defendant John Whitney has made one or more statements to multiple people other than plaintiff, orally and in writing, that he discovered plaintiff Ryan McMahon's badge had "two points" bent creating innuendo that those points were bent to show he was a racist, a vigilante, tied to the Boondock Gang in two officer-involved shootings where the suspects were both black and had died as follows:

    a.    On September 13, 2023 Defendant John Whitney's authorized representative, Jayme Walker, republished John Whitney's statement made on December 24, 2020 on ABC News by stating "To have officers commemorating their shootings with this ritual where they bend their

**12**
First Amended Complaint
*McMahon v Whitney, et al*     23-cv-01972-KJM-JDP

badges, it just, it creates a stain on the department. It creates the perception that they're celebrating it, even if that's not what they were doing." The ABC newscast was posted on the internet along with a written transcript so anyone with internet access could view it, listening orally or read it on the webpage.

b. On September 14, 2023, the Vallejo Sun, who interviewed Defendant John Whitney previously, also repeated Whitney's statement in an article it published on the internet that provided ""Shortly after that shooting, Officer Ryan McMahon was placed on leave for an alteration to his gun. When he turned in his badge, then-Sgt. Drew Ramsay noticed it had two bent tips and brought it to Bidou's office while Whitney was present and said, "Hey, he bent his badge for the two shootings he was in," according to Whitney. Prior to the McCoy shooting, McMahon shot and killed Ronell Foster in 2018."" The Vallejo Sun article was - and still is - posted on the internet so anyone with internet access can read it on the webpage.

c. On September 19, 2023 the statement was republished again when the Los Angeles Times ran a story which provided in part ""Whitney told The Times that he first became aware of badge bending within the department in late 2014 or early 2015 from another officer. He then learned about it a second time in February 2019 when an officer was placed on administrative leave and had to turn in his badge. When Whitney asked him why two edges were bent, the officer said it represented the two people he had killed in the line of duty." The Los Angeles Times article was also posted on the internet so anyone with internet access could read it on the webpage.

d. Plaintiff is informed and believes and alleges thereon that these statements about Ryan McMahon were republished to third parties again and again by Defendant John Whitney within the past year.

**13**
First Amended Complaint
*McMahon v Whitney, et al*     23-cv-01972-KJM-JDP

48. The statements by Whitney that were released to the media and others were false and unprivileged because plaintiff's badge did not have two tips bent on it making the innuendo that it was meant to signify people plaintiff allegedly shot was false; that plaintiff was some type of racist was false; and that plaintiff was some type of vigilante related to the movie to Boondock Gang was false. Plaintiff is informed and believes and alleges thereon Defendant John Whitney's statements were for his own personal gain.

49. Defendant John Whitney knew the statement(s) were false or had serious doubts about the truth of the statements because plaintiff's badge did not have two bent tips on it.

50. The people who heard or read John Whitney's statements reasonably understood that the statement(s) were about plaintiff Ryan McMahon because on December 24, 2020 John Whitney identified Ryan McMahon by name as the officer involved. The later stories where his name was not identified could be easily understood to mean plaintiff because he was the officer Whitney identified previously.

    a. On December 24, 2020 ABC News interviewed Defendant John Whitney who stated that the following fact was true - referring to Ryan McMahon's badge: "we discovered was the two points on the badge had been bent and the sergeant went back and talked to officer McMahon and was told that the bends were as a result of another officer bending them and it was done because he had been in two officer-involved shootings." The ABC newscast was and continues to be posted on the internet along with a written transcript so anyone with internet access could view it, listening orally or read it on the webpage.

51. Due to the facts and circumstances known to the listener(s) and/or reader(s) of the statement(s), it tended to injure plaintiff Ryan McMahon in his occupation; and/or exposed him to hatred, contempt, ridicule, or shame; and/or discouraged others from

associating or dealing with him because he made plaintiff appear to be a vigilante killer which he is not.

52. As a direct and proximate result, Plaintiff Ryan McMahon suffered harm to his property, profession, job loss as a police officer or otherwise in his occupation, including money spent as a result of the statement(s).

53. Plaintiff was mortified, shamed, and his reputation was damaged in the community.

54. Plaintiff is informed and believes and alleges thereon that Whitney's conduct was despicable, malicious oppressive or fraudulent because: (1) Whitney's initial claim filed with the City did not include the "badge bending;" and/or (2) he singled plaintiff out with accusations made to internal affairs in 2019; and/or (3) from 2020 through 2023 John Whitney name dropped plaintiff to the press to the exclusion of the other officers allegedly involved; and/or (4) John Whitney portrayed Ryan McMahon to others in this fashion for his own personal gain an advantage in disregard of plaintiff Ryan McMahon's rights.

55. Defendant John Whitney's despicable, malicious, oppressive, or fraudulent conduct (directly or indirectly by and through his representative or agent) entitling plaintiff to punitive damages.

## SECOND CAUSE OF ACTION
### False Light
### (Plaintiff Against Defendant John Whitney)

56. Pleading in the alternative to the first cause of action, plaintiff incorporates paragraphs 1 through 55 above and paragraphs 161 through 171 below in this pleading as though fully set forth herein.

57. Defendant John Whitney publicly disclosed information or material that showed Plaintiff Ryan McMahon in a false light as alleged in the first cause of action above.

58. The false light created by the disclosure would be highly offensive to a reasonable person in Plaintiff Ryan McMahon's position.

59. Defendant John Whitney knew the disclosure would create a false impression about Plaintiff Ryan McMahon or acted with reckless disregard for the truth; or Defendant John Whitney was negligent in determining the truth of the information or a false impression would be created by its disclosure.

60. As a direct and proximate result of Defendant John Whitney's conduct, Plaintiff Ryan McMahon was harmed as further alleged in the first cause of action.

61. Plaintiff Ryan McMahon sustained harm to his property, profession, or occupation including money spent as a result of the statement(s) as further alleged in the first cause of action.

62. Plaintiff is entitled to actual damages, general damages and punitive damages as further alleged in the first cause of action.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### (Plaintiff Against Defendants John Whitney, Doe 1 and Doe 2)

63. Plaintiff incorporates paragraphs 1 through 62 above and paragraphs 161 through 171 below in this pleading as though fully set forth herein.

64. Defendant John Whitney thrust Ryan McMahon into the press as the target of a badge bending scheme John Whitney used to base his wrongful termination lawsuit on although John Whitney knew he never interviewed Ryan McMahon about badge bending and Ryan McMahon's did not have two points bent on it to signify he had been in two officer involved shootings that resulted in the death of the suspect.

65. Defendants Doe 1 and Doe 2 leaked plaintiff's confidential information to the press and misrepresented the nature and character of that confidential information it leaked.

66. Defendant John Whitney, Doe 1 and Doe 2's conduct was extreme and outrageous, outside the bounds of a civilized society, as alleged above.

67. Defendant John Whitney abused his position of authority or a relationship as the former Captain of the Vallejo police department that gave him real or apparent power to affect Ryan McMahon's interests.

68. Defendants John Whitney, Doe 1 and Doe 2 knew their conduct would likely cause plaintiff mental distress.

69. Defendants John Whitney, Doe 1 and Doe 2 either: (1) intended to cause Plaintiff Ryan McMahon emotional distress; or (2) acted with reckless disregard of the probability that Plaintiff Ryan McMahon would suffer severe emotional distress while present - upon Plaintiff Ryan McMahon hearing/reading how Defendant John Whitney was basically portraying him as some sort of vigilante cop to others as a basis of his lawsuit against the police department and seeing his confidential information from his file on the internet knowing his file also contained a 30-page personal history with intimate details of his family, medical and financial affairs in it.

70. Although he was not the first officer to arrive on the scene of the McCoy shooting that took place on or about February 9, 2019 and he was not the first or last officer to discharge his firearm that evening, his name was the name used in the press along with the PIP and memos that were completely unrelated to the McCoy investigation.

71. As a result his family received threats from people in the community and feared that whomever had the confidential memos and PIP also had his 30-page personal history and may use it against him or his family.

72. As a direct and proximate result, Plaintiff Ryan McMahon suffered severe emotional distress including but not limited to suffering, headaches, high blood pressure, back aches, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame as more fully alleged above so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.

## FOURTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Plaintiff Against Defendant John Whitney, Doe 1 and Doe 2)

73. Alternatively, if defendant John Whitney, Doe 1 and/or Doe 2 did not intentionally or recklessly cause plaintiff severe emotional distress, his conduct was negligent.

74. Plaintiff incorporates paragraphs 1 through 72 above in this pleading as though fully set forth herein.

**17**
First Amended Complaint
*McMahon v Whitney, et al*      23-cv-01972-KJM-JDP

75. Plaintiff Ryan McMahon claims that Defendant Doe 1, Doe 2, and/or John Whitney's conduct caused him to suffer serious emotional distress.

76. Defendant Doe 1, Doe 2, and John Whitney owed plaintiff Ryan McMahon a general duty as a reasonable person to use reasonable care in not causing harm to plaintiff.

77. Defendant Doe 1, Doe 2, and John Whitney breached his or her general standard of care toward plaintiff.

78. Defendant Doe 1, Doe 2, and John Whitney were negligent in taking information from the police department and making the statements he made to others about Ryan McMahon as alleged above.

79. As a direct and proximate cause of Defendant Doe 1, Doe 2 and John Whitney's breach, Plaintiff Ryan McMahon suffered serious emotional distress, including but not limited to suffering, headaches, high blood pressure, back aches, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

### FIFTH CAUSE OF ACTION
### Violation of Constitutional Rights
### (Plaintiff Against Defendants Doe 1, and Doe-2)

80. Plaintiff incorporates paragraphs 1 through 79 above and paragraphs 161 through 171 below in this pleading as though fully set forth herein.

81. Defendant John Whitney acted in concert with Defendant Doe 1 and Doe 2 in violating plaintiff's rights.

82. Discovery and investigation are ongoing and when plaintiff learns the true identity of the persons named as Doe 1 and Doe 2 plaintiff will amend his complaint to allege their true names.

83. Until then, Plaintiff is informed and believes and alleges thereon that Defendant Doe 1 and Doe 2 violated plaintiff's constitutional rights under the First Amendment, Fourth Amendment, and Fourteenth Amendment.

84. Defendants Doe 1 and Doe 2 were acting under the color of law when they intentionally or with complete indifference (1) extricated confidential information from Ryan McMahon's personnel records; and/or (2) took the confidential

**18**
First Amended Complaint
*McMahon v Whitney, et al*      23-cv-01972-KJM-JDP

information from Ryan McMahon's personnel records and leaked it to the Vallejo Sun; and/or explained the information contained in various internal investigations or plaintiff's personnel record in a manner that placed plaintiff Ryan McMahon in a false light.

85. Defendant Doe 1 violated plaintiff's Fourteenth Amendment right to liberty by supporting or failing to correct the record when John Whitney told media members that Ryan McMahon had two tips bent on his badge to signify he shot two different black men while on duty as more particularly alleged above. The essence was that Ryan McMahon was a racist and mimicking a movie call the Boondock Gang with vigilante policing thereby foreclosing his ability to continue as a police officer in his profession.

86. Defendants' conduct was in violation of Cal Civ Code § 1798.1, and/or Cal. Penal Code §832.7, and/or clearly established policy of the Vallejo police department including but not limited to, Policy 322, 324, 804, 805 and 1014.

87. Defendants Doe 1 and Doe 2 were acting or purporting to act in the performance of his official duties when doing or failing to do the things alleged in this cause of action.

88. As a direct and proximate result, the plaintiff was harmed to wit: he lost his employment with the Broadmoor police department, his reputation, and suffered severe emotional distress.

89. Defendant Doe 1 and Doe 2 were a substantial factor in causing plaintiff's harm.

90. As a result of the harm caused by the Defendants, and each of them, Plaintiff is entitled to damages, costs, reasonable attorney fees, and expert witness fees, if any.

91. Defendants' conduct was malicious, fraudulent or despicable in willful disregard of plaintiff's rights, entitling plaintiff to punitive damages as alleged in the exemplary damages section below.

### SIXTH CAUSE OF ACTION
**Violation of Constitutional Rights**
**(Plaintiff Against Defendant Doe 3 and Doe 4)**

**19**

First Amended Complaint

*McMahon v Whitney, et al*      23-cv-01972-KJM-JDP

92. Plaintiff incorporates paragraphs 1 through 91 above and paragraphs 161 through 171 below in this pleading as though fully set forth herein.

93. Plaintiff is informed and believes and alleges thereon that Defendants Doe 3 and Doe 4 violated plaintiff's right to privacy under the First Amendment, Fourth Amendment and Fourteenth Amendment when he failed to properly supervise and/or otherwise ensure that plaintiff's personnel records were adequately secured at the City of Vallejo police department.

94. Defendants' conduct was in violation of Cal Civ Code § 1798.1, and/or Cal. Penal Code §832.7, and/or clearly established policy of the Vallejo police department including but not limited to, Policy 322, 324, 804, 805 and 1014, a true and correct copy of which are attached to this pleading as Exhibit 1.

95. Defendant Doe 3 and/or Doe 4 was acting or purporting to act in the performance of his official duties when he supervised and/or otherwise secured the personnel records at the police department.

96. Defendant Doe 3 and/or Doe 4 acted intentionally or with indifference and their conduct violated plaintiff's constitutional right to privacy.

97. As a direct and proximate result, the plaintiff was harmed to wit: he lost his employment with the Broadmoor police department, his reputation, and suffered severe emotional distress.

98. Defendants Doe 3 and Doe 4 were a substantial factor in causing that harm.

99. As a result of the harm caused by the Defendants, and each of them, Plaintiff is entitled to damages, costs, reasonable attorney fees, and expert witness fees, if any.

100. Defendants' conduct was malicious, fraudulent or despicable entitling plaintiff to punitive damages as alleged in the exemplary damages section below.

## SEVENTH CAUSE OF ACTION
### Violation of Constitutional Rights
### (Plaintiff Against Defendant City of Vallejo)

101. Plaintiff incorporates paragraphs 1 through 100 above in this pleading as though fully set forth herein.

102.   Plaintiff is informed and believes and alleges thereon that Defendant City of Vallejo violated plaintiff's rights under the First Amendment, Fourth Amendment and Fourteenth Amendment because confidential information located in plaintiff's personnel record was taken from his file and landed on the internet and in the hands of the media without his knowledge or consent. He lost his liberty interest because it was used in conjunction with statements made by John Whitney, Doe 1 and others to portrayed plaintiff as a racist; a vigilante police officer or in some type of gang thus losing his ability to work as a police officer. Even his religion was used against him. The defendant never corrected the record or false light when plaintiff was falsely portrayed to the media.

103.   The City of Vallejo police department had a custom or policy of allowing other employees at the police department to take home confidential information on a memory stick to work on outside of the office resulted in the turnover of plaintiff's personnel records that contained confidential directly and proximately caused harm to plaintiff Ryan McMahon.

104.   Doe 1, Doe 2, Doe 3, and/or Doe 4 was an officer or employee of the Defendant City of Vallejo.

105.   Doe 1, Doe 2, Doe 3, and/or Doe 4 took confidential information from plaintiff's personnel record out of the office on a memory stick as a result of this custom or policy.

106.   Doe 1, Doe 2, Doe 3, and/or Doe 4 extricated confidential information that was collected and originally placed in plaintiff's personnel record, and/or gave the confidential information to the media, and/or failed to properly supervise or train those employed to secure the confidential information at the police department in violation of plaintiff's right to privacy under the Fourteenth Amendment and his right to freedom of religion under the First Amendment.

## EIGHTH CAUSE OF ACTION
### Violation of Constitutional Rights
### (Plaintiff Against Defendant City of Vallejo)

**21**

First Amended Complaint

*McMahon v Whitney, et al*       23-cv-01972-KJM-JDP

107.   Plaintiff incorporates paragraphs 1 through 106 above in this pleading as though fully set forth herein.

108.   Defendant City of Vallejo's training program was inadequate to train and/or supervise its officers and employees on how to adequately safeguard confidential information.

109.   That Defendant City of Vallejo knew because of a pattern of similar violations, or it should have been obvious to it when Defendant John Whitney admitted he took a memory stick with confidential files on it out of the office, and confidential, purged files kept arising in the media that the inadequate training program was likely to result in a deprivation of the right to privacy.

110.   Additionally, although the PIP file plaintiff sent defendant City of Vallejo on March 1, 2023 was no longer part of his personnel record because it had been purged, the defendant turned it over to opposing counsel anyway in violation of plaintiff's constitutional rights and state law (Information Practices Act and Penal Code §832.7).

111.   Doe 1, Doe 2, Doe 3, and/or Doe 4 violated plaintiff's rights based on the City of Vallejo's inadequate training.

112.   Failure to provide adequate training was a direct and proximate cause of the deprivation of plaintiff's constitutional rights.

113.   As a direct and proximate result of defendant City of Vallejo's inadequate training and/or supervision, the plaintiff was harmed to wit: he lost his employment with the Broadmoor police department, his reputation, and suffered severe emotional distress.

114.   As a result of the harm caused by the Defendants, and each of them, Plaintiff is entitled to damages, costs, reasonable attorney fees, and expert witness fees, if any.

### NINTH CAUSE OF ACTION
**Invasion of Privacy – Cal Constitution Art 1 § 1**
**(Plaintiff Against All Defendants)**

115.   Plaintiff incorporates herein by reference paragraphs 1 through 114 above in this pleading as though fully set forth herein.

116.   Plaintiff had a legally protected privacy interest in having the confidential information in his personnel records kept out of the press and off of the internet for others to read.

117.   Additionally, the defendant gave plaintiff's personnel records to an outside attorney that plaintiff emailed to the defendant City of Vallejo's investigator to support his tort claim not cause further damage his right to privacy – it was done without plaintiff's knowledge, consent, or a court order.

118.   Plaintiff had a reasonable expectation of privacy that the contents of his personnel records that were posted on the internet would remain confidential unless or until he gave consent or a court order was issued that allowed the information to be released to the media, press or other third parties.

119.   The public posting of plaintiff's confidential information on the internet - that at one point was contained in plaintiff's personnel record – or handed over to outside third parties such as to attorney Patrick Buelna without plaintiff's consent was an unjustified and serious invasion of privacy.

120.   The conduct of Defendants, City of Vallejo, John Whitney, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Doe 6, Doe 7, Doe 8, Doe 9 and Doe 10, jointly and severally, constituted a serious invasion of privacy causing injury to the Plaintiff because Defendants either: (1) failed to adequately secure the confidential information in order to prevent others from accessing plaintiff's personnel records or taking them beyond their authorized use; or (2) gained unauthorized access or exceed the authorized access to and use of the confidential file; or (3) gave it to the media like the Vallejo Sun which allowed it to be posted on the internet where anyone with internet access could find it.

121.   The information disclosed to others would be highly offensive to an objectively reasonable person because it was confidential and was not relevant to the McCoy shooting.

122.   Plaintiff is informed and believes that Defendants still have not adequately secured the information or destroyed it leaving plaintiff at further risk warranting injunctive relief.

123.   As such, Plaintiff suffered job loss, impairment of his reputation, and standing in the community wherein he is entitled to damages and injunctive relief against all Defendants.

124.   Plaintiff is also entitled to costs and reasonable attorney fees.

**TENTH CAUSE OF ACTION**
**Govt Code §815.6 Liability – Negligence of Public Entity**
**(Plaintiff against Defendant City of Vallejo)**

125.   Plaintiff incorporates herein by reference paragraphs 1 through 124 above in this pleading as though fully set forth herein.

126.   Some confidential information contained in plaintiff's personnel records at the City of Vallejo police department were posted on the internet as more fully alleged above.

127.   Defendant City of Vallejo was under a general duty to use reasonable care and under a mandatory duty to (1) keep plaintiff's personnel record confidential absent a statute, court order, or consent under Cal. Penal Code §§ 832.7, 832.5, 832.8; and/or (2) adequately secure confidential information it collected from plaintiff Ryan McMahon; and/or (3) employ standard retention and destruction policies of said files; and/or (4) give notice to its former and current employees upon discovering confidential information was extricated by a current or former employee or third party; and/or (5) follow their own policies consistent with policy number 322, 324, 804, 805, and 1014.

128.   The enactment of these statutes, rules and policies were designed to protect against the type of harm (privacy harm) suffered by the plaintiff.

129.   It was foreseeable that plaintiff would be harmed if the City of Vallejo failed to use reasonable care in ensuring confidential personnel records were securely stored.

130. It was reasonably certain that the plaintiff would suffer a privacy injury if those confidential personnel records were made public.

131. Defendant failed to keep plaintiff's personnel records confidential absent a court order, statute or plaintiff's consent as further alleged above.

132. Defendant's conduct is closely connected to the injuries the plaintiff suffered.

133. Defendant bears some moral blame for failing to protect the confidential information it collected and confidential employee performance reviews it instituted on plaintiff.

134. It is foreseeable that the plaintiff's personnel records would reach the internet when there was no adequate security measure in place.

135. The Defendant breached one more of the duties alleged above which was a proximate cause of plaintiff's harm.

136. As a result of the breach, Plaintiff suffered a privacy injury by having the information held by the City of Vallejo posted on the internet, resulting in loss of employment, shame, humiliation, threats, fear, anxiety and emotional distress.

137. Plaintiff will continue to suffer harm in the future on the grounds he will now be burdened with ensuring that the information does not reappear on the internet.

138. As a direct and proximate cause, Defendant City of Vallejo was a substantial factor in causing the harm suffered by the plaintiff including but not limited to loss of employment, lost time and emotional distress.

139. Plaintiff must now take his time and effort out of his everyday life by closely reviewing and monitoring public internet spaces, newspapers and blogs and the like to ensure that the information does not spread further and/or reignite incitement of hatred that could be a threat to him or his family.

140. Plaintiff also must be ever vigilant against retaliatory actions against him, and his reputation has been seriously harmed.

141.   The harm caused by the defendant resulted in general damage to the plaintiff including loss of his employment at the Broadmoor police department in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION
### Public Disclosure of Private Facts
### (Plaintiff against All Defendants)

142.   Plaintiff incorporates herein by reference paragraphs 1 through 141 above and exemplary damages section below in paragraphs 161 through 171 in this pleading as though fully set forth herein.

143.   On January 17, 2023, there was a public disclosure of confidential information contained in the plaintiff's personnel record which was a private fact on the Vallejo Sun's website where it was freely accessible to anyone who had access to the internet.

144.   Defendants John Whitney, City of Vallejo, Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Doe 6, Doe 7, Doe 8, Doe 9, Doe 10, and each of them, were a substantial factor in causing the information to be publicized on the internet.

145.   A reasonable person in plaintiff's position would consider the publicity highly offensive and objectionable.

146.   Defendants John Whitney, City of Vallejo and Defendants pled as Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Doe 6, Doe 7, Doe 8, Doe 9, Doe 10, and each of them either knew, or acted with reckless disregard of the fact, that a reasonable person in plaintiff's position would consider the publication of this information to be highly offensive (e.g. by allowing this information to be given to a third party where the Sun could use it in a story and post it on the internet.).

147.   The private information was "confidential" and was not of legitimate public concern because the confidential memos and PIP document did not contain any information related to the February 9, 2019 shooting which was the subject of the article.

148.   As a proximate and direct result, Plaintiff suffered a privacy injury and will continue to suffer harm in the future on the grounds that he will forever be the target

of harassment and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

149.   Plaintiff must now take time and effort to mitigate the actual and potential impact of the data breach out of his everyday life by closely reviewing and monitoring stories and other content on the internet to ensure the safety of his family and himself.

150.   Defendants John Whitney, City of Vallejo and DOES 1-10's conduct, jointly and severally, was a substantial factor in causing plaintiff's harm.

151.   Defendant John Whitney and DOES 1-10's conduct was malicious, fraudulent, or so vile and contemptible in disregard of plaintiff's rights to entitle him to punitive damages against all non-governmental defendants.

**TWEFTH CAUSE OF ACTION**
**Violation of Bus & Prof Code §17200**
**(Against Defendants John Whitney and Doe 1 through Doe 10)**

152.   Plaintiff incorporates paragraphs 1 through 151 above in this pleading as though fully set forth herein.

153.   California's Unfair Competition Law (UCL) defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice. California *Business & Professions Code §*17200, *et seq.*

154.   Defendant John Whitney, Doe 1, Doe 2, Doe 3, Doe 4, and Doe 5 through Doe 10, and each of them, violated plaintiff's federal constitutional rights under the First Amendment (freedom of religion) and Fourteenth Amendment (right to privacy), Cal. Penal Code § 832.7, City of Vallejo police department policies No. 322, 324, 804, 805, and 1014, and as such, violated the California's Business & Professions Code § 17200 as an unlawful business practice under California Business & Professions Code § 17200.

155.   As more fully described above, Defendant John Whitney and Doe 1 through Doe 10's acts and practices are immoral and/or contrary to the policy reasons supporting due process rights for attorneys who have been admitted to federal court, constituting an unfair business act or practice even if they are not unlawful.

156.   As more fully described above, Defendant John Whitney and Doe 1 through Doe 10's acts and practices are likely to deceive and/or mislead the public, constituting a fraudulent business act or practice.

157.   As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices, plaintiff lost his property (his confidential records) or money such as employment loss.

158.   Plaintiff has suffered and will continue to suffer reputational harm and time loss such as those described by this plaintiff unless enjoined from future conduct.

159.   There is no adequate remedy at law warranting injunctive relief and/or restitution with regard to recovering his confidential files or stopping the dissemination of them without legal process.

160.   Plaintiff also demands attorney fees under the private attorney general statute CCP §1021.5 because such injunction will secure an important right affecting the public interest.

## EXEMPLARY DAMAGES

161.   Defendants John Whitney, Doe 1, Doe 2, Doe 3, Doe 4, and Doe 5's conduct is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

162.   Defendants John Whitney knew that plaintiff Ryan McMahon was not even interviewed or investigated in the badge bending controversy, yet he mentioned Ryan McMahon as a participant to the media and others consistently, directly or indirectly through his agents and representatives from December 24, 2020 through the present September 19, 2023 when this complaint was filed constituting malice, oppression or fraud.

163.   Defendant John Whitney knew that plaintiff Ryan McMahon's badge did not have two points bent on it yet intentionally misrepresented that fact on the news on December 24, 2020 and continued to do so through the present constituting malice, oppression or fraud.

164.   Either Defendant John Whitney or Defendant Doe 1, Doe 2, Doe 3, Doe 4, or Doe 5 leaked plaintiff's confidential information contained in his personnel records to the press on January 17, 2023 which was despicable and subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's privacy rights so as to justify an award of exemplary and punitive damages.

165.   Plaintiff is informed and believes and alleges thereon that defendant John Whitney's conduct was despicable, malicious, oppressive or fraudulent because: (1) Whitney's initial claim filed with the City did not include the "badge bending;" and/or (2) he singled plaintiff out with accusations made to internal affairs in 2019; and/or (3) from 2020 through 2023 John Whitney name dropped plaintiff to the press to the exclusion of the other officers allegedly involved; and/or (4) John Whitney portrayed Ryan McMahon to others in this fashion for his own personal gain an advantage in disregard of plaintiff Ryan McMahon's rights.

166.   Either Defendant John Whitney or Defendant Doe 1, Doe 2, Doe 3, Doe 4, or Doe 5 took plaintiff's confidential information contained in his personnel records without authorization for his or her own use which was despicable and subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's privacy rights so as to justify an award of exemplary and punitive damages.

167.   Either Defendant John Whitney or Defendant Doe 1, Doe 2, Doe 3, Doe 4, or Doe 5 made it appear that plaintiff was part of some type of gang or group within the Vallejo police department that was vigilante like or defendant(s) exploited plaintiff's religious beliefs to gain a settlement or look like a whistleblower when investigated for suspicion of taking files or leaking information which was despicable and subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's privacy rights so as to justify an award of exemplary and punitive damages.

168.   Defendant John Whitney or Defendant Doe 1, Doe 2, Doe 3, Doe 4, or Doe 5 knew that plaintiff Ryan McMahon was not the first or last officer to discharge their weapon on February 9, 2019, yet Defendant only mentioned Ryan McMahon and the

confidential information in his personnel record to the press and others in relation to that shooting to make it appear that Ryan McMahon was the officer responsible for the death of Mr. McCoy although Ryan McMahon was cleared of all wrongdoing, making the defendant(s) conduct, vile, despicable, malicious, fraudulent, and/or oppressive.

169. Defendant John Whitney and the Doe Defendants intentionally misrepresented or concealed a material fact as specifically alleged above entitling plaintiff to punitive damages.

170. The aforementioned conduct of Defendants John Whitney and Doe 1 through Doe 10 was despicable and subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's privacy rights so as to justify an award of exemplary and punitive damages.

171. The conduct constituting malice, oppression, or fraud by Defendant Doe 1, Doe 2, Doe 3, Doe 4, or Doe 5 who was in an agency relationship with defendant John Whitney was authorized by defendant John Whitney or John Whitney knew of the conduct and adopted, ratified, and approved of it.

### **PRAYER FOR RELIEF**

**First, Second and Third Causes of Action**

1. Actual Damages;
2. General Damages;
3. Punitive Damages;
4. Costs;
5. Attorney fees; and
6. Any further relief the court would deem appropriate and just.

**Fourth Causes of Action**

1. Actual Damages;
2. General Damages;

3.  Costs; and

4.  Any further relief the court would deem appropriate and just.

**Fifth and Sixth Causes of Action**

1.  Actual Damages;

2.  General Damages;

3.  Punitive Damages;

4.  Costs including Expert Witness fees;

5.  Attorney fees; and

6.  Any further relief the court would deem appropriate and just.

**Seventh and Eighth Causes of Action**

7.  Actual Damages;

8.  General Damages;

9.  Costs including Expert Witness fees;

10. Attorney fees; and

11. Any further relief the court would deem appropriate and just.

**Ninth and Tenth Causes of Action**

1.  Damages;

2.  Injunctive relief;

3.  Costs;

4.  Attorney fees; and

5.  Any further relief the court would deem appropriate and just.

**Eleventh Cause of Action**

12. Actual Damages;

13. General Damages;

14. Punitive Damages against non-governmental defendants;

15. Costs; and

16. Any further relief the court would deem appropriate and just.

**Twelfth Cause of Action**

1. Restitution;

2. Injunctive Relief;

3. Costs;

4. Attorney fees under another statute; and

5. Any further relief the court would deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all legal claims.

Dated: December 27, 2023

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ LENORE ALBERT
LENORE L. ALBERT, ESQ.
Attorney for Plaintiff, Ryan McMahon

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S. Coast Hwy #3960, Laguna Beach, CA 92651. On December 7, 2023, I served a copy of the following document(s) described as:

**FIRST AMENDED COMPLAINT**

On the interested parties in this action as follows:
**<u>For Defendant John Whitney:</u>**
Alison Berry Wilkinson
alison@berrywilkinson.com
Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903
Telephone:  415.259.6638
Facsimile:  877.259.3762

**<u>For Defendant City of Vallejo and Shane Bower:</u>**
Katelyn M. Knight
Assistant City Attorney
City of Vallejo | City Attorney's Office
555 Santa Clara Street
Vallejo, CA 94590
707.648.4388 | katelyn.knight@cityofvallejo.net

**[x] BY E-SERVE and EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.
**[] BY MAIL–** I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Santa Ana, California, to the aforementioned addressee(s).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: December 27, 2023

_/s/Lenore Albert_____
Lenore Albert

**33**
First Amended Complaint
*McMahon v Whitney, et al*        23-cv-01972-KJM-JDP