Lenore L. Albert, Esq. SBN 210876
Email: lenalbert@InteractiveCounsel.com
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Attorney for Plaintiff, Ryan McMahon

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>JOHN WHITNEY, CITY OF VALLEJO; and DOES 1 through 10, inclusive,<br>　　　　　　　　　Defendants. | CASE NO. 23-cv-01972-KJM-JDP<br><br>Assigned to the Hon. Kimberly J. Mueller<br>Crtm. 3 – 15th Flr<br>Complaint filed: 09-13-2023<br><br>**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: 02-16-2024<br>Time: 10:00AM<br>Courtroom: 3 – 15th Flr |

**TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:**

**COMES NOW PLAINTIFF,** Ryan McMahon, and hereby moves this Court for an order disqualifying Alison Berry Wilkinson and her law firm from representing the Defendant John Whitney due to a conflict of interest.

The motion will be made in the above-captioned matter on February 16, 2024 or as soon thereafter as the matter may be heard before the This motion will be brought before the Honorable Kimberly Mueller sitting in Courtroom 3 of the United States

1
**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**
*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

District Court for the Eastern District of California located at 501 I Street, Sacramento, California 95814.

Grounds for this motion are based on Local Rules of the Eastern District, California Rules of Professional Conduct Rules, 1.6, 1.7(e), 1.9, and common law.

Meeting of Counsel: Counsel for plaintiff initiated communications with Alison Berry Wilkinson prior to her appearance in this matter after Mr. Whitney was served on October 17, 2023. Just before the holidays in December 2023 defense counsel filed a motion to dismiss and SLAPP motion to strike. When defense counsel returned from vacation, plaintiff's counsel reiterated plaintiff's intention to make this motion again on January 4, 2024. As such plaintiff's counsel made a good faith attempt to meet and confer before seeking relief with the Court.

This motion is based on the notice, motion, memorandum of points and authorities, declaration of Ryan McMahon, declaration of Lenore Albert, Esq. and all papers and pleadings in this case that the Court may entertain at the hearing.

Dated:  January 5, 2024 
                Respectfully Submitted,
                LAW OFFICES OF LENORE ALBERT
                /s/ LENORE ALBERT_____
                LENORE L. ALBERT, ESQ.
                Attorney for Plaintiff, Ryan McMahon

# MEMORANDUM OF POINTS & AUTHORITIES
## I. PROCEDURAL FACTS

On September 13, 2023 plaintiff filed this action. (Doc. No. 1).

On October 17, 2023 Defendant John Whitney accepted service of summons. (Doc. No. 8).

Alison Berry Wilkinson emailed plaintiff's counsel informing her that she was representing Mr. Whitney on or about September 18, 2023. She wrote super aggressive emails insisting that plaintiff's counsel was trying to communicate with Mr. Whitney knowing he was represented by counsel. In fact, he was being served the summons and complaint. There is nothing unethical about hiring a process server to serve Mr. Whitney the summons and complaint. On the other hand, Ms. Berry Wilkinson had actually spoken to plaintiff directly after this lawsuit was filed in September 2023 by calling him. (Decl of McMahon)

On or about October 13, 2023 plaintiff's counsel learned that Ms. Berry-Wilkinson had previously represented her client and informed Ms. Wilkinson if she appeared as counsel of record plaintiff intended on filing a motion to disqualify her from the case on the grounds she had previously represented the plaintiff.

On October 16, 2023 Ms. Berry-Wilkinson asserted she would file a SLAPP motion. It was like pouring gasoline on a fire for no good reason. (See email string attached to Decl. of Albert).

A stipulation to continue a responsive pleading from Mr. Whitney was filed on November 14, 2023. (Doc. No. 13).

On December 6, 2023 defendant John Whitney filed a motion to dismiss the complaint with attorney Alison Berry Wilkinson representing him. On December 16, 2023 defendant John Whitney belatedly filed a SLAPP motion. (Doc. No. 15 & 20).

On January 4, 2024 plaintiff's counsel informed Ms. Wilkinson that plaintiff still intended on filing the motion to disqualify.

No motion has been heard yet in this case – all motions are currently set for February 16, 2024.

## II.  MATERIAL FACTS

Plaintiff, Ryan McMahon was employed by the Vallejo police department when Defendant John Whitney was investigated for taking confidential information and leaking it to the media. John Whitney turned around and sued the Vallejo police department asserting he was a 'whistleblower' although he was one of the people in charge as Captain.

He fingered plaintiff, a police officer under him, in a badge bending conspiracy and the news interview of Mr. Whitney aired on December 24, 2020.

He spun a wild conspiracy in the press leading people in the community to believe that while he was Captain of the Vallejo police department an elaborate gang of officers operated within the department (under his leadership) celebrating officer involved shootings of black men by bending their badges for each shooting. He named plaintiff Ryan McMahon asserting that his badge had two bent tips – which was false.

At that time, Ryan McMahon had several conversations with attorney Alison Berry-Wilkinson about the Vallejo police department investigation and his name being slung through the mud in the press.

Some of Whitney's statements such as that plaintiff's badge had "two tips" bent for two shootings as if it was a sign he was a vigilante or some part of a gang following a movie script were not true.

Plaintiff was involved in two officer involved shootings. But, the statements by Whitney that were released to the media and others were false and unprivileged because plaintiff's badge did not have two tips bent on it making the innuendo that it was meant to signify people plaintiff allegedly shot was false; that plaintiff was some type of racist was false; and that plaintiff was some type of vigilante related to the movie to Boondock Gang was false. Defendant John Whitney's statements were for his own personal gain.

4
**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**
*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

As plaintiff's former superior, John Whitney's words came with authority for others to believe him.

Plaintiff is not seeking to hold John Whitney liable for his statements beyond the statute of limitations (e.g. his statement made on December 24, 2020 for defamation), but John Whitney continues to make these statements as recently as September 2023. Plaintiff seeks legal redress for those statements Whitney continues to make within the statute of limitations that are false or are true but portray plaintiff in a false light.

Plaintiff believes that Defendant John Whitney is the person who has been leaking confidential information from plaintiff's file that John Whitney had access to prior to his firing. However, he does not have the evidence to prove it so he sought leave to amend his complaint to make the defendant a Doe Defendant in this regard.

### III.   LAW

Rule 1.9 of the Cal. Rules of Prof. Conduct dictates that attorneys must avoid representation of adverse interests and cannot accept employment adverse to a former client where the attorney has obtained from the prior representation confidential information material to the present employment. *Farris v. Fireman's Fund Ins. Co.,* 119 Cal. App. 4th 671, 687 (2004).

"[D]isqualification of both the individual attorney and his or her firm is required where the attorney has been privy to confidences of a litigant while acting as a neutral mediator." *Cho v. Superior Court* , 39 Cal. App. 4th 113, 125 (1995).

Courts utilize the "substantial relationship" test to determine whether disqualification is necessary when "two cases involve different parties and/or different incidents." *In re Cnty. of Los Angeles* , 223 F.3d at 994 ; *Khani v. Ford Motor Co.* , 215 Cal. App. 4th 916, 920 (2013).

"A substantial relationship exists where 'the attorney had a direct professional relationship with the former client in which the attorney personally provided legal advice

and services on a legal issue that is closely related to the legal issue in the present representation.' " *Khani*, 215 Cal. App. 4th at 920 (2013).

"The issue of disqualification `ultimately involves a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." *Huston v. Imperial Credit Commercial Mortg. Inv. Corp.* (C.D. Cal. 2001) 179 F. Supp. 2d 1157, 1166-67 (citations omitted).

"Once the attorney is found to be disqualified, both the attorney and the attorney's firm are disqualified from suing the former client." *Trone v. Smith* (9th Cir. 1980) 621 F.2d 994, 999.

## IV.  LEGAL ARGUMENT

### A. Plaintiff has Standing To Bring the Motion

Plaintiff has standing to make this motion because he was Ms. Berry-Wilkinson's former client. (Decl. of McMahon).

A former client may seek to disqualify a former attorney from representing an adverse party by showing that the former attorney possesses confidential information adverse to the former client. *In re Marriage of Zimmerman*, 16 Cal. App. 4th 556, 563 (1993), as modified on denial of reh'g, (July 12, 1993).

### B. Plaintiff is Concerned his Prior Confidences Will Not Be Preserved By Opposing Counsel

As plaintiff has detailed in his accompanying declaration, Ms. Berry-Wilkinson has represented him as a police officer on multiple occasions in the past and has gained privileged information about him as a result. (Decl. McMahon).

The concern for client confidences, like the attorney's duty to preserve those confidences, continues after the attorney's services end. *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.,* 20 Cal. 4th 1135, 1147 (1999).

The classical example of attorney disqualification occurs when the law firm used to represent the opposing party or was privy to privileged information.

When presented with this information, Ms. Wilkinson responded that although she represented Mr. McMahon in the past, she was not his attorney during the dispute with the Vallejo police department.

The rules of conflict of interest and duty of loyalty are not strictly defined in such a narrow fashion as Ms. Berry-Wilkinson contends. "Courts may disqualify an attorney when it has been satisfactorily established that the attorney has acquired an unfair advantage that undermines the integrity of the judicial process and will have a continuing effect on the proceedings before the court." *See, Huston v. Imperial Credit Commer. Mortg. Inv. Corp.*, 179 F.Supp.2d 1157, 1168 (C.D. Cal. 2001).

Mr. McMahon has declared that he spoke to Ms. Berry-Wilkinson and gained advice from her while working at the Vallejo police department and thereafter when his name was being drug through the mud with the media regarding the investigation and termination. At no time did he understand those communications to be other than confidential communications protected under the attorney client privilege. (Decl. McMahon).

A former client's expectation of confidentiality must be preserved in a successive representation situation to "ensure the right of every person to freely and fully confer and confide in one having knowledge of the law, and skilled in its practice, in order that the former may have adequate advice and a proper defense; the attorney must maintain those confidences inviolate and preserve them at every peril to himself or herself." West's Ann. Cal. Bus. & Prof. Code § 6068(e); Prof. Conduct Rule 1.7. *Sharp v. Next Entertainment*, Inc., 163 Cal. App. 4th 410 (2008).

"A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.' " (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1145 (1999).

Ms. Berry-Wilkinson asserts she is not conflicted out. However, the plaintiff has sworn under penalty of perjury in his declaration that she did obtain confidential information he now fears she will use against him. (Decl. of R. McMahon).

It's plaintiff's position that neither side can dispute Ms. Berry-Wilkinson and plaintiff did have conversations while and after he was working at the Vallejo police department, warranting disqualification.

Mr. McMahon has declared specifically, without waiving any attorney client privilege that Ms. Berry-Wilkinson had conversations with the plaintiff about the Vallejo police department and the later media publications.

The former client need not establish that the attorney actually possesses confidential information for it is the possibility of the breach of confidence, not the fact of an actual breach, that triggers disqualification. *In re Marriage of Zimmerman*, 16 Cal. App. 4th 556, 563 (1993), as modified on denial of reh'g, (July 12, 1993).

A possibility of the breach of confidence exists here.

### C. Substantial Relationship of Matters Exist

During the meet and confer process, Ms. Berry-Wilkinson contended that her representation of Mr. McMahon dealt with investigations while he was an officer at police departments other than the Vallejo police department and as such, there was no substantial relationship barring her from representing Mr. Whitney now.

Ms. Berry-Wilkinson is correct that she did represent Mr. McMahon while he was a police officer working for other police departments.

However, the rule is broader than Ms. Berry-Wilkinson reads it. "The relevant test for disqualification is whether the former representation is "substantially related" to the current representation." *Trone v. Smith* (9th Cir. 1980) 621 F.2d 994, 998

> Both the lawyer and the client should expect that the lawyer will use every skill, expend every energy, and tap every legitimate resource in the exercise of independent professional judgment… That professional commitment is not furthered, but endangered, if the possibility exists that the lawyer will change sides later…From this standpoint it matters not whether confidences

were in fact imparted to the lawyer by the client. The substantial relationship between the two representations is itself sufficient to disqualify.

*Trone v. Smith* (9th Cir. 1980) 621 F.2d 994, 998-99

Cal. Rules of Prof Cond. Rule 1.9 applies to successive representation. Rule 1.9 looks to the definition of what a matter is under Rule 1.7(e). Rule 1.7(e) provides that: "For purposes of this rule, "matter" includes any judicial or other proceeding, application, request for a ruling or other determination, contract, transaction, claim, controversy, investigation, charge, accusation, arrest, or other deliberation, decision, or action that is focused on the interests of specific persons,* or a discrete and identifiable class of persons.*"

Under Rule 1.9 which incorporates Rule 1.7(e), the court should also count the act of Mr. McMahon having continued conversations with Ms. Berry-Wilkinson (and the giving Mr. McMahon advice) about the media and ongoing investigation at the Vallejo police department, as a "matter" under Rule 1.9 subject matter test.

This case concerns how Mr. McMahon's reputation was drug through the mud in the media and his privacy was invaded and as such Ms. Berry-Wilkinson cannot represent the adverse party in this case. (See, Compl. And proposed First Amended Complaint).[1]

In evaluating alleged conflicts to determine whether disqualification is warranted, where an attorney successively represents one client following the prior representation of another client, the court's concern is to enforce the duty of confidentiality owed to the former client. Prof. Conduct Rule1.7. *Gong v. RFG Oil, Inc.*, 166 Cal. App. 4th 209 (2008), review denied, (Nov. 12, 2008).

---

[1] In fact, when going over some of the papers she filed in connection with the SLAPP motion, it appears she may have been a percipient witness.

9
**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**
*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

Because the matter that Mr. McMahon confided in with Ms. Wilkinson from 2019 through 2022 concerned the same subject matter in this litigation, Ms. Wilkinson should be conflicted out of this case.

**D. No Known Prejudice to Defendant**

There is no known prejudice in disqualifying Alison Berry-Wilkinson and her law firm from representing any defendant in this case. No motion has been heard yet in this case – all motions are currently set for February 16, 2024. However, there is prejudice to plaintiff in not disqualifying Ms. Berry-Wilkinson from this case because the plaintiff does not feel that his confidence in his communications with her will be kept secret. (Decl. McMahon).

> Disqualification does not depend upon proof of the abuse of confidential information. Because of the sensitivity of client confidence and the profession's institutional need to avoid even the appearance of a breach of confidence, disqualification is required when lawyers change sides in factually related cases. The district court applied too permissive a standard, and thus erred in failing to remove counsel.

*Trone v. Smith* (9th Cir. 1980) 621 F.2d 994, 1001.

Regardless, whether Ms. Berry-Wilkinson keeps those confidences or not, it is the "profession's institutional need to avoid even the appearance of a breach of confidence" at issue here. *Trone v. Smith* (9th Cir. 1980) 621 F.2d 994, 1001. As such, the motion should be granted.

### V.    CONCLUSION

Wherefore, Plaintiff Ryan McMahon respectively requests the grace of this Court to use its discretion and disqualify attorney Alison Berry-Wilkinson and her law firm from representing the Defendant, John Whitney in this matter.

Dated:  January 5, 2024            Respectfully Submitted,
                                   LAW OFFICES OF LENORE ALBERT
                                   /s/ LENORE ALBERT_____
                                   LENORE L. ALBERT, ESQ.
                                   Attorney for Plaintiff, Ryan McMahon

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S. Coast Hwy #3960, Laguna Beach, CA 92651. On January 5, 2024, I served a copy of the following document(s) described as:

**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**

On the interested parties in this action as follows:

**For Defendant John Whitney:**
Alison Berry Wilkinson
alison@berrywilkinson.com
Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903
Telephone: 415.259.6638
Facsimile: 877.259.3762

**For Defendant City of Vallejo and Shane Bower:**
Katelyn M. Knight
Assistant City Attorney
City of Vallejo | City Attorney's Office
555 Santa Clara Street
Vallejo, CA 94590
707.648.4388 | katelyn.knight@cityofvallejo.net

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: January 5, 2024

                                                   /s/Lenore Albert
                                                   Lenore Albert