Lenore L. Albert, Esq. SBN 210876
Email: lenalbert@InteractiveCounsel.com
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Attorney for Plaintiff, Ryan McMahon

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>                  Plaintiff,<br>vs.<br><br>JOHN WHITNEY, CITY OF VALLEJO; and DOES 1 through 10, inclusive,<br>                  Defendants. | CASE NO. 20-cv-01972-KJM-JDP<br><br>Assigned to the Hon. Kimberly J. Mueller<br>Crtm. 3 – 15th Flr<br>Complaint filed: 09-13-2023<br><br>**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**<br><br>Hearing Date: 02-16-2024<br>Time: 10:00AM<br>Courtroom: 3 – 15th Flr |

1
**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF
MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**

*McMahon v Whitney, et al*      23-cv-01972-KJM-JDP

**DECLARATION OF RYAN MCMAHON**

I, Ryan McMahon, am the plaintiff in the above captioned action and if called as a witness could testify of my own personal knowledge as follows:

1. I am a former client of attorney Alison Berry Wilkinson.

2. As a police officer, whenever there is an investigation the Police Officers Association ("POA") will hire an attorney to represent the police officer.

3. That is how I know Alison Berry Wilkinson.

4. She was hired to represent me in my duties as a police officer on multiple occasions.

5. As my attorney I confided in many private things with her.

6. Even after those particular investigations ended, Alison Berry Wilkinson and I had kept in touch and she would ask me from time to time how things were going and I would tell her.

7. This has been ongoing for nearly the past 10 years or so since she represented me while I was working for the San Pablo police department since June 12, 2012.

8. I have even previously confided issues I had with the Vallejo Police Department with attorney Alison Berry Wilkinson.

9. I thought those communications with attorney Alison Berry Wilkinson were privileged.

10. As a former client of attorney Alison Berry Wilkinson, I sought and received representation for several internal affairs investigations, including those with the Sausalito police department and Central Marin police department. Additionally, I directly communicated with Alison Berry Wilkinson and had my attorney, Justin Buffington, contact her on my behalf regarding ongoing cases with the Vallejo police department.

11. In December 2022, I had Vice President Mike Davis speak with Alison Berry Wilkinson on my behalf because she had formally represented me on four separate matters in the past and has since that time given me legal advice.

12. I had at least three phone calls to or from Alison Berry Wilkinson in between December 2019 through February 2020 regarding the Vallejo police department. I directly spoke to her about John Whitney signing a declaration for an ongoing investigation on a few occasions. At this time, I disclosed nonpublic and confidential information about my ongoing internal Affairs investigations with Vallejo police department with Alison Berry Wilkinson based on my past relationship with Alison. She never advised me that our communications were not covered by the attorney client privilege, and I do not waive that privilege now.

13. My attorney Justin Buffington who was representing me in the Vallejo internal investigation cases also contacted Alison Berry Wilkinson on my behalf.

14. I was shocked when she decided to represent John Whitney in this case against me.

15. In every case I had Allison Berry Wilkinson as representation, we met and spoke about my family, work, how things were in life, and then the internal investigation matter at hand.

16. My entire career except in Vallejo police department, Allison Berry Wilkinson represented me and followed my career.

17. When I was at the Broadmoor Police department, Mike Davis, a good friend, contacted Allison Berry Wilkinson on my behalf. He talked to her about the media coverage surrounding my termination at Vallejo police department and how it was adversely affecting my employment at the Broadmoor. Allison Berry Wilkinson provided advice for me to follow as she again was on retainer from the POA. She mentioned how sorry she was for me.

18. I would expect everything we talked about the Vallejo police department stayed confidential, attorney-client privilege. However, I know human nature and when talking with people I found when there was once a friendship or long-term professional

3

**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**

*McMahon v Whitney, et al*       23-cv-01972-KJM-JDP

relationship that turns adversarial the losing party often tens to use information they learned in said relationship against the other.

19. We have a solid case against John Whitney and the City of Vallejo.

20. If Allison Berry Wilkinson being who I have come to know her, hates losing and I believe she would not hesitate to pull out all the stops, meaning using information she gained from me about the Vallejo Police Department and issues I had with the press.

21. She cannot be loyal to me and loyal to defending John Whitney.

22. I think there is a conflict of interest with her representing John Whitney in this matter or anyone else we are going after.

23. Alison Berry Wilkinson, has represented me several times in various internal affairs investigations throughout the years. Although she has been fair to me in those matters, I believe she should not represent John Whitney in our lawsuit, as she has a very intricate knowledge of my past experiences, and even general conversations on how I think, which she may be able to use to her advantage when defending John Whitney.

24. I further believe that Alison Berry Wilkinson should not represent John Whitney because we have had confidential conversations about (1) how I felt that I got screwed from Vallejo or (2) how I was being drug through the mud and how truly sorry she was.

25. Those issues are present in this lawsuit because John Whitney is one of the major factors of me being terminated contrary to anything she might say in papers to the Court.

26. John Whitney was in a position to help me, but was unwilling to do so unless I helped him speak on a subject I knew little about.

27. Someone from the police department leaked confidential information and nonpublic photos of me to the media.

28. I strongly believe it was John Whitney based on his lawsuit and investigations into his past transgressions of selling information to the media about private matters and then lying about it. I can't prove it, but I'm sure there was a conversation between John Whitney and Allison Berry Wilkinson if this was a good idea or some kind of game plan.

4

**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**

*McMahon v Whitney, et al*        23-cv-01972-KJM-JDP

29. Allison Berry Wilkinson knows I'm a good cop and person yet she chooses to defend John Whitney and condones his untruthful rhetoric defaming me and my name.

30. Though Allison Berry Wilkinson's tone is sincere, I feel she is playing both sides of the field as John Whitney had a news interview with Kron 4 on Christmas Eve 2020, and he specifically named me in a badge bending allegation where he stated I celebrated the killings of suspects at police BBQ's, bent several tips of my badge and he painted me as a terrible person. He outright lied when I had the least amount of involvement in something that was not as he stated.

31. To put the cherry on the Christmas Eve broadcast, I later learned Allison Berry Wilkinson was his attorney at the time of the story. Had she had my best interest at heart I think she should have told John Whitney not to use me or my name directly and verify the facts of his case before going public.

32. I don't see the duty of loyalty being upheld here for me when she was my attorney.

33. She never told me that she was representing John Whitney at that time and she did not say she was representing an adversary to me when she gave advice on what I should do when my name was being drug through the mud.

34. Everything John Whitney represents is very hurtful to me as he used me as a scapegoat.

35. Alison Berry Wilkinson and I recently had a conversation when I was trying to find out what John Whitney's working hours were by calling the Pablo police department.

36. Someone at the Pablo police department must have called Allison Berry Wilkinson and told them I had called about John Whitney's hours because Alison Berry Wilkinson called me asking why I was asking about John Whitney's work hours.

37. When she called me, this lawsuit was already filed and we had a brief conversation on how she believed I was screwed over and inquired as to why I was asking about John

5

**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**

*McMahon v Whitney, et al*     23-cv-01972-KJM-JDP

Whitney, and if I was going to congratulate him on his win with Vallejo. We talked for a few minutes and we ended our conversation.

38. I later found out that she emailed attorney Justin Buffington advising him of our conversation, but stated she abruptly ended our conversation when she found out that I was represented by an attorney which she believed to be him, which is not true.

39. Allison Berry Wilkinson used our past business relationship in an attempt to obtain information as to why I was trying to contact John Whitney and tried playing both sides which is downright dirty in my opinion.

40. She never told me she was representing John Whitney and there may be a conflict of interest if I spoke to her. She never told me what we spoke about would not be confidential or that she had a conflict of interest.

41. I truly believe just based on my past incidents of using Allison Berry Wilkinson that she would use the information she obtained from me in confidence against me.

42. John Whitney's lied at the cost of my good name, and now Allison Berry Wilkinson is there to represent him, knowing the basis of his lawsuits and naming me were false.

43. Finally, John Whitney was the first person to put my name and/or confidential information out there to the public. It was not out there before.

44. I do not consent to Alison Berry Wilkinson representing any party against me in this case or any other case.

45. I have not signed any waiver of conflict of interest with Alison Berry Wilkinson either.

46. If the Court needs to know the specifics about those internal investigations and confidences I provided to Alison Berry Wilkinson in camera (for the Court's ears only), I am willing and able to answer any questions this Court may have.

I declare under penalty of perjury of the federal laws that the foregoing is true and correct to the best of my knowledge. Executed this day in Solano, California.

**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**

*McMahon v Whitney, et al*     23-cv-01972-KJM-JDP

Dated:  January 5, 2024        /s/ Ryan McMahon
                                Ryan McMahon

**7**
**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF**
**MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**

*McMahon v Whitney, et al*     23-cv-01972-KJM-JDP

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S. Coast Hwy #3960, Laguna Beach, CA 92651. On January 5, 2024, I served a copy of the following document(s) described as:

**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**

On the interested parties in this action as follows:

**For Defendant John Whitney:**
Alison Berry Wilkinson
alison@berrywilkinson.com
Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903
Telephone:  415.259.6638
Facsimile:  877.259.3762

**For Defendant City of Vallejo and Shane Bower:**
Katelyn M. Knight
Assistant City Attorney
City of Vallejo | City Attorney's Office
555 Santa Clara Street
Vallejo, CA 94590
707.648.4388 | katelyn.knight@cityofvallejo.net

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: January 5, 2024

           /s/Lenore Albert_____
           Lenore Albert

8

**DECLARATION OF PLAINTIFF RYAN MCMAHON IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY ALISON BERRY WILKINSON**

*McMahon v Whitney, et al*   23-cv-01972-KJM-JDP