Re: Correspondence Concerning the matter of McMahon v. Whitney, et al. - Disqualification Issue

From: Alison Berry Wilkinson (alison@berrywilkinson.com)

To: lenalbert@interactivecounsel.com

Cc: katelyn.knight@cityofvallejo.net

Date: Monday, October 16, 2023 at 08:15 PM PDT

Thank you.  I will look forward to hearing your thoughts after your research and evaluation is complete.

In the meantime, can you send confirmation of service to me?  It remains my understanding personal service has not occurred.  If service was made in a substitute manner, it would be helpful to have confirmation to ensure a timely response.

And, please feel free to call me Alison.  I am comfortable with such an informal reference.

Best regards,

Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone:  415.259.6638
Facsimile:  877.259.3762

> On Oct 16, 2023, at 4:21 PM, lenore albert <lenalbert@interactivecounsel.com> wrote:
>
> Dear Counsel,
>
> I will research the issues listed in your letter. I do note that John Whitney was served according to my process servers.
>
> Sincerely,
>
> Lenore Albert, Esq.
> **Law Offices of Lenore Albert**
> 1968 S. Coast Hwy #3960
> Laguna Beach, CA 92651
> Phone: 424-365-0741
> https://InteractiveCounsel.com
>
> *Consumer trial lawyer serving Michigan and California residents*
>
> Also, President & CEO
> **Simply Lenore LLC** *(patent pending ICan ID(tm) technology)*
> **Mined Media Org.**
> **Project Geeks**
> **MasterMined(tm) Tech.**
> **InteractiveCounsel**
> **FactChecks(tm)**
>
>
> Cal Bus & Prof Code 6001.1
> "Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."
>
> "People who live in glass houses shouldn't throw stones."
>
> If you believe this statement, you are in my tribe.
>
> THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED.
>
> IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE, PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY.

THANK YOU.

On Monday, October 16, 2023 at 12:18:21 PM PDT, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:

Dear Ms. Albert,
Attached please find correspondence on the disqualification issue.  After you have had a chance to review it, please let me know if you still contend I should be disqualified, or that I am in violation of Rule 1.9 by not withdrawing, or whether you wish to meet and confer further to provide additional information for my consideration.

Finally, I have not heard back from you concerning whether this is a joint request for disqualification with Ms. Knight, or if it is being made just by your office.  As a result, I am including Ms. Knight on my reply in the event it is a joint request.

With regards,
Alison
Alison Berry Wilkinson
alison@berrywilkinson.com

Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone:  415.259.6638
Facsimile:  877.259.3762

On Oct 14, 2023, at 8:19 AM, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:

Dear Ms. Albert,
I am in agreement that Rule 1.9 governs, and appreciate your clarifying email.   I will correspond in more detail on this issue during the business week.

In the meantime, rest assured: your client's confidences have been, and will continue to be, strictly maintained by this office as required by the State Bar Rules.  Other than the required disclosure that Ryan McMahon is a former client that I represented prior to his joining the Vallejo Police Department, Mr. Whitney has no other details.  Nor does he have access to any of that confidential information.

On another note, I would appreciate you clarifying why Ms. Katelyn Knight is carbon-copied on this correspondence.  Is this a joint request that I withdraw, or are you simply keeping her informed due to the fact she represents the City of Vallejo?

Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone:  415.259.6638
Facsimile:  877.259.3762

On Oct 13, 2023, at 8:55 PM, lenore albert <lenalbert@interactivecounsel.com> wrote:

Ms. Wilkinson,

My apologies.. it is Rule 1.9 that applies here.

Rule 1.9 Duties to Former Clients (Rule Approved by the Supreme Court, Effective November 1, 2018) (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person* in the same or a substantially related matter in which that person's* interests are materially adverse to the interests of the former client unless the former client gives informed written consent.* (b) A lawyer shall not knowingly* represent a person* in the same or a substantially related matter in which a firm* with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person;* and (2) about whom the lawyer had acquired information protected by Business and Professions Code section 6068, subdivision (e) and rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed written consent.* (c) **A lawyer who has formerly represented a client in a matter or whose present or former firm* has formerly represented a client in a matter shall not thereafter: (1) use information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client to the disadvantage of the former client except as these rules or the State Bar Act would permit with respect to a current client, or when the information has become generally known;* or (2) reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client except as these rules or the State Bar Act permit with respect to a current client.**

The comments state:

[1] After termination of a lawyer-client relationship, the lawyer owes two duties to a former client. The lawyer may not (i) do anything that will injuriously affect the former client in any matter in which

the lawyer represented the former client, or (ii) **at any time use against the former client knowledge or information acquired by virtue of the previous relationship.** (See Oasis West Realty, LLC v. Goldman (2011) 51 Cal.4th 811 [124 Cal.Rptr.3d 256]; Wutchumna Water Co. v. Bailey (1932) 216 Cal. 564 [15 P.2d 505].) For example, (i) a lawyer could not properly seek to rescind on behalf of a new client a contract drafted on behalf of the former client and (ii) a lawyer who has prosecuted an accused person* could not represent the accused in a subsequent civil action against the government concerning the same matter. (See also Bus. & Prof. Code, § 6131; 18 U.S.C. § 207(a).) **These duties exist to preserve a client's trust in the lawyer and to encourage the client's candor in communications with the lawyer.**

[2] For what constitutes a "matter" for purposes of this rule, see rule 1.7(e). [3] Two matters are "the same or substantially related" for purposes of this rule if they involve a substantial* **risk of a violation of one of the two duties to a former client described above in Comment [1**]. For example, this will occur: (i) if the matters involve the same transaction or legal dispute or other work performed by the lawyer for the former client; or (ii) if the lawyer normally would have obtained information in the prior representation that is protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6, and the lawyer would be expected to use or disclose that information in the subsequent representation because it is material to the subsequent representation.

[5] The fact that information can be discovered in a public record does not, by itself, render that information generally known* under paragraph (c). (See, e.g., In the Matter of Johnson (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 179.) [6] With regard to the effectiveness of an advance consent, see rule 1.7, Comment [9]. With regard to imputation of conflicts to lawyers in a firm* with which a lawyer is or was formerly associated, see rule 1.10. Current and former government lawyers must comply with this rule to the extent required by rule 1.11.

Bus & Prof Code 6068(e) provides:

(e) (1) To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client.

> (2) Notwithstanding paragraph (1), an attorney may, but is not required to, reveal confidential information relating to the representation of a client to the extent that the attorney reasonably believes the disclosure is necessary to prevent a criminal act that the attorney reasonably believes is likely to result in death of, or substantial bodily harm to, an individual.

Finally, Rule 1.6 provides:

(a) A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent,* or the disclosure is permitted by paragraph (b) of this rule.

The comment states:

[1] Paragraph (a) relates to a lawyer's obligations under Business and Professions Code section 6068, subdivision (e)(1), which provides it is a duty of a lawyer: "To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." A lawyer's duty to preserve the confidentiality of client information involves public policies of paramount importance. (In Re Jordan (1974) 12 Cal.3d 575, 580 [116 Cal.Rptr. 371].) Preserving the confidentiality of client information contributes to the trust that is the hallmark of the lawyer-client relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or detrimental subjects. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based upon experience, lawyers know* that almost all clients follow the advice given, and the law is upheld. Paragraph (a) thus recognizes a fundamental principle in the lawyer-client relationship, that, in the absence of the client's informed consent,* a lawyer must not reveal information protected by Business and Professions Code section 6068, subdivision (e)(1). (See, e.g., Commercial Standard Title Co. v. Superior Court (1979) 92 Cal.App.3d 934, 945 [155 Cal.Rptr.393].) Lawyer-client confidentiality encompasses the lawyer-client privilege, the work-product doctrine and ethical standards of confidentiality [2] The principle of lawyer-client confidentiality applies to information a lawyer acquires by virtue of the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the lawyer-client privilege, matters protected by the work product doctrine, and matters protected under ethical standards of confidentiality, all as established in law, rule and policy. (See In the Matter of Johnson (Rev. Dept. 2000) 4 Cal. State Bar Ct. Rptr. 179; Goldstein v. Lees (1975) 46 Cal.App.3d 614, 621 [120 Cal.Rptr. 253].) The lawyer-client privilege and work-product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or be otherwise compelled to produce evidence concerning a client. A lawyer's ethical duty of confidentiality is not so limited in its scope of protection for the lawyer-client relationship of trust

and prevents a lawyer from revealing the client's information even when not subjected to such compulsion. Thus, a lawyer may not reveal such information except with the informed consent* of the client or as authorized or required by the State Bar Act, these rules, or other law.

Now, an internal investigation is a "matter" under the rules. You represented the plaintiff and now you are going to represent the defendant. Although the matters are not the same transaction or occurrence, the information you obtained confidentially from the plaintiff in the former representation was confidential and remains confidential. Yet it is something I see your client using as he has tried to drag my client's reputation through the mud for his own personal advantage.

Do you see the conflict? How is the plaintiff supposed to feel about every confidence he gave you?

Sincerely,

Lenore Albert, Esq.
**Law Offices of Lenore Albert**
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Phone: 424-365-0741
https://InteractiveCounsel.com

*Consumer trial lawyer serving Michigan and California residents*

Also, President & CEO
**Simply Lenore LLC** *(patent pending ICan ID(tm) technology)*
**Mined Media Org.**
**Project Geeks**
**MasterMined(tm) Tech.**
**InteractiveCounsel**
**FactChecks(tm)**


Cal Bus & Prof Code 6001.1
"Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."

"People who live in glass houses shouldn't throw stones."

If you believe this statement, you are in my tribe.

THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE
INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT
PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON
INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION.
ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF
THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED.

IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE,
PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER
IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE
ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY.

THANK YOU.

On Friday, October 13, 2023 at 04:34:08 PM PDT, lenore albert <lenalbert@interactivecounsel.com> wrote:


Dear Ms. Wilkinson,

I understand that you represented my client, Ryan McMahon, in several prior matters. I have confirmed that you were also paid for the past representation of Ryan McMahon. Current representation of Mr. Whitney in this litigation wherein Ryan McMahon has sued John Whitney would be a  conflict of interest as outlined in Rule 1.7 which provides:


(a) A lawyer shall not, without informed written consent* from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter. (b) A lawyer shall not, without informed written consent* from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person,* or by the lawyer's own interests. (c) Even when a significant risk requiring a lawyer to comply with paragraph (b) is not present, a lawyer shall not represent a client without written* disclosure of the relationship to the client and compliance with paragraph (d) where: (1) the lawyer has, or knows* that another lawyer in the lawyer's firm* has, a legal, business, financial, professional, or personal relationship with or responsibility to a party or witness in the same matter; or (2) the lawyer knows* or reasonably

should know* that another party's lawyer is a spouse, parent, child, or sibling of the lawyer, lives with the lawyer, is a client of the lawyer or another lawyer in the lawyer's firm,* or has an intimate personal relationship with the lawyer. (d) Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and: (1) the lawyer reasonably believes* that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; and (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal. (e) For purposes of this rule, "matter" includes any judicial or other proceeding, application, request for a ruling or other determination, contract, transaction, claim, controversy, investigation, charge, accusation, arrest, or other deliberation, decision, or action that is focused on the interests of specific persons,* or a discrete and identifiable class of persons.*

Please let me know if you wish to challenge your ability to represent Mr. Whitney. Mr. Ryan does not consent and I am informed you have not obtained his written consent to represent Mr. Whitney in this case.


Sincerely,

Lenore Albert, Esq.
**Law Offices of Lenore Albert**
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Phone: 424-365-0741
https://InteractiveCounsel.com

*Consumer trial lawyer serving Michigan and California residents*

Also, President & CEO
**Simply Lenore LLC** *(patent pending ICan ID(tm) technology)*
**Mined Media Org.**
**Project Geeks**
**MasterMined(tm) Tech.**
**InteractiveCounsel**
**FactChecks(tm)**


Cal Bus & Prof Code 6001.1
"Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."

"People who live in glass houses shouldn't throw stones."

If you believe this statement, you are in my tribe.

THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE
INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT
PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON
INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION.
ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF
THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED.

IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE,
PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER
IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE
ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY.

THANK YOU.

On Sunday, October 8, 2023 at 04:56:10 AM PDT, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:

Dear Ms. Alb
I am in receipt of your email below.  To be honest, the accusations and suppositions are so far-fetched and baseless that I was initially speechless.   Nothing you said is true or valid.  My actions have been, and continue to be, both professional and legitimate.

With regard to the CPRA request, as I previously advised (see my email of October 6, 2023 sent at 11:10 a.m.), I requested a copy of Mr. McMahon's claim using a lawful method (the CPRA) because (1) you were in the hospital and I did not want to trouble you for a copy while you were unwell, and (2) because I could not tell from the complaint filed whether there had been compliance with the Government Tort Claims Act.

As to issue of service, I have not asked my client to avoid personal service.  Nor has he avoided personal service.  As I indicated previously (see my email of September 28, 2023 sent at 6:04 p.m.), my client was out of town and receiving camera notifications about people who came to his door.  Several looked like process servers.  I requested you coordinate service through my office.  Thereafter, (at 8:43 p.m. on September 28, 2023) advised you were welcome to send me a waiver of service pursuant to FRCP 4(d).

As to evidence preservation, I understand the obligations that apply, and am in compliance. Please do the same.

Finally, since you are obviously back at work, I would be grateful if you confirm that you have, as previously agreed, sealed the proof of service you filed that contains my client's home address.

With regards,
Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry Wilkinson Law Group
165 North Redwood Drive, Ste. 206
San Rafael, CA 94903

Telephone: 415.259.6638
Facsimile: 877.259.3762

On Oct 6, 2023, at 10:29 AM, lenore albert <lenalbert@interactivecounsel.com> wrote:

Are your actions showing you are a Doe Defendant in this case? Are you a co-conspirator? A leaker of confidential information? Have you misused your office? You have misquoted the law and asked your client to act unlawfully in avoiding personal service. Is your aggression based on hiding that you have been one of the people personally taking confidential information and leaking it to the press and now want to cover your tracks with a CPRA?

Save my client some time here and just tell me now so I don't have to seek judicial intervention.

I had a case once when working for the government and showed how the "attorney" representing the "client" who pulled off a dump and pump scheme was also a co-conspirator. So this show is not something new to me. Two co-defendants died in that case once the attorney was sussed out. One died of a heart attack on Catalina Island and the other fell off a cliff in Laguna Hills. Co-defendants don't have trouble covering their tracks, but I won't let you or anyone else cover these tracks here.

Please do NOT delete any email communications, any hard drives, sticks, cellphone voice mails, text messages or history with your client or the Vallejo Sun or any other counsel in any related matter which I previously gave notice of (and direct your client Whitney to preserve the same).

Sincerely,

Lenore Albert, Esq.
**Law Offices of Lenore Albert**
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Phone: 424-365-0741
https://InteractiveCounsel.com

*Consumer trial lawyer serving Michigan and California residents*

Also, President & CEO
**Simply Lenore LLC** *(patent pending ICan ID(tm) technology)*
**Mined Media Org.**
**Project Geeks**
**MasterMined(tm) Tech.**
**InteractiveCounsel**
**FactChecks(tm)**

Cal Bus & Prof Code 6001.1
"Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."

"People who live in glass houses shouldn't throw stones."

If you believe this statement, you are in my tribe.

THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED.

IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE, PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE

ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY.

THANK YOU.

On Monday, October 2, 2023 at 01:11:31 AM PDT, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:

Dear Ms. Albert,
We obviously have very different views of what the rules require.  As you are clearly unwell, I believe it would be more appropriate to continue this discussion after you have recovered.  Please concentrate on getting better and contact me when you are released and available to address these issues.

As to service, as indicated previously, John Whitney is my client, and you are welcome to send me a waiver of service to complete pursuant to FRCP 4(d).  I am authorized to accept that on his behalf.  To be clear, there will be no objection to the service if you effect it this way instead of by personal service. By doing this, we are meeting Mr. Whitney's duty to avoid the costs of service.  As noted in the Rutter Guide:

> The federal "waiver of service" rule is designed to encourage defendants to waive service of summons, to eliminate the costs of effecting service and "to foster cooperation among adversaries and counsel." [Committee Notes to 1993 Amendments to FRCP 4, 146 FRD 401, 572]
>
> E. Waiver of Service, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 5-E

Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone:  415.259.6638
Facsimile:  877.259.3762

> On Sep 28, 2023, at 6:27 PM, lenore albert <lenalbert@interactivecounsel.com> wrote:
>
> Dear council are you saying that you represent him in this new matter you have not made an appearance in representing him I am still in the hospital I've been in the hospital for a week The rules are clear he is not represented with counsel until you actually give notice that he's represented by counsel The rules are still clear that he must be personally served are you saying that you will accept service upon his behalf I don't think that you understand the rules when it comes to proof of service or what it means to be appearing as counsel just because your counsel on one case does not automatically make you counsel on all cases and if you are you're supposed to give me immediate notice and you failed to do so this is not the way to start a professional relationship I hope you can readjust your expectations thank you
> Finally understand I'm doing this talk to text from my hospital bed which I've been in all week I'm very very sick and I am unavailable generally.
> Lenore Albert
>
> Sent from Yahoo Mail on Android
>
> > On Thu, Sep 28, 2023 at 9:56 AM, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:
> >
> > Thank you, Ms. Albert for your perspective.
> >
> > However, because this is happening at your direction, you are contacting my client indirectly despite knowing he is represented.  That makes it improper under the State Bar Rules.  The reason: Personal service is not the exclusive method available for service of process.  Both the Federal Rules of Civil Procedure and the California Code of Civil Procedure authorize alternate methods that can (and generally are) used where the person to be served is known to be represented by counsel.  Please use one of those methods. You are also welcome to send me a waiver of service to complete.
> >
> > Please also promptly seal the proof of service in federal court.  While I understand you are unwell, it appears that you are able to work, and so I am hopeful you will complete that within the statutory time period required by California law.
> >
> > Alison
> >
> > Alison Berry Wilkinson
> > alison@berrywilkinson.com
> >
> > Sent from my iPad
> >
> > > On Sep 28, 2023, at 9:37 AM, lenore albert <lenalbert@interactivecounsel.com> wrote:
> > >
> > > Counsel,
> > > A process server is serving a complaint and summons at his home as required by Code. There is nothing improper about that
> > >
> > > Sent from Yahoo Mail on Android

A -7

On Thu, Sep 28, 2023 at 9:34 AM, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:

> Good morning,
> Thank you for your message. I am sorry to hear you are unwell, and wish you a speedy recovery.
>
> From our perspective, it does look like your office has contacted my client directly once (by sending mail to his home) and has made multiple indirect efforts.
>
> First there was the telephone call by your client to my client. I am advised the call taker reported he wanted to know my client's work schedule so process could be served. I appreciated you asking him not to make such calls.
>
> Now, although my client is out of town, his cameras show what appears to be multiple people coming to his house. If those are process servers working as your agents, please tell them to stop, and instead coordinate service through my office.
>
> Thank you.  I do wish for you good health, and to get well soon!
>
> With regards,
>
> Alison
> Alison Berry Wilkinson
> Sent from my iPad
>
>> On Sep 27, 2023, at 6:09 AM, lenore albert <lenalbert@interactivecounsel.com> wrote:
>>
>> I'm in the hospital now. I haven't tried communicating with your client I will move to seal the proof of service when I get out. Not sure when. Been here since last weekend.
>> Lenore Albert
>>
>> Sent from Yahoo Mail on Android
>>
>> On Tue, Sep 26, 2023 at 3:06 PM, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:
>>
>>> Dear Ms. Albert,
>>> Attached please find self-explanatory correspondence that serves two purposes:  (1) to request that you cease communicating, both directly and indirectly, with my client John Whitney, and (2) to make a formal, written demand pursuant to California Government Code section 7928.215 that, within 48-hours, you ensure the removal of my client's home address from public display on the internet.
>>>
>>> I thank you in advance for your cooperation, courtesy, and prompt attention to this important matter.  If direct discussion would be helpful, please do not hesitate to reach out to me by telephone (415.259.6638) or email (alison@berrywilkinson.com).
>>>
>>> With regards,
>>> Alison
>>>
>>> Alison Berry Wilkinson
>>> alison@berrywilkinson.com
>>>
>>> Berry | Wilkinson | Law Group
>>> 165 North Redwood Drive, Ste 206
>>> San Rafael, CA 94903
>>>
>>> Telephone:  415.259.6638
>>> Facsimile:  877.259.3762
>>>
>>>> On Sep 18, 2023, at 7:13 PM, lenore albert <lenalbert@interactivecounsel.com> wrote:
>>>>
>>>> Ms. Wilkinson,
>>>>
>>>> Thank you for your email. I have asked my client to refrain from making those calls in the future.
>>>>
>>>> Sincerely,
>>>>
>>>> Lenore Albert, Esq.
>>>> **Law Offices of Lenore Albert**
>>>> 1968 S. Coast Hwy #3960
>>>> Laguna Beach, CA 92651
>>>> Phone: 424-365-0741
>>>> https://InteractiveCounsel.com
>>>>
>>>> *Consumer trial lawyer serving Michigan and California residents*
>>>>
>>>> Also, President & CEO
>>>> **Simply Lenore LLC** *(patent pending ICan ID(tm) technology)*
>>>> **Mined Media Org.**

**Project Geeks**
**MasterMined(tm) Tech.**
**InteractiveCounsel**
**FactChecks(tm)**

Cal Bus & Prof Code 6001.1
"Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."

"People who live in glass houses shouldn't throw stones."

If you believe this statement, you are in my tribe.

THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE
INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT
PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON
INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION.
ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF
THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED.

IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE,
PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER
IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE
ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY.

THANK YOU.

On Monday, September 18, 2023 at 07:00:49 PM PDT, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:

Dear Ms. Albert,
I learned today that you may represent former Vallejo Police Officer Ryan McMahon. Based on that information, I am forwarding the attached email chain to you.
Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone:  415.259.6638
Facsimile:  877.259.3762

Begin forwarded message:

**From:** Justin Buffington <jbuffington@rlslawyers.com>
**Subject: Re: Ryan McMahon**
**Date:** September 15, 2023 at 11:13:50 AM PDT
**To:** Alison Berry Wilkinson <alison@berrywilkinson.com>

Hi Allison,

We don't rep him anymore due to a conflict ther developed involving another VPOA member. I don't know who represents him.

Justin E. Buffington
Attorney at Law
**Rains Lucia Stern**
**St. Phalle & Silver, PC**
2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA 94523
Ph. (925) 609-1699
Fax (925) 609-1690
www.rslawyers.com

*******************************************************************
NOTICE: This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To," "Cc" and "Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal.  Sender reserves and asserts all rights to confidentiality, including all privileges that may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy, forward, or rely on the email and its attachments in any way. NO DUTIES ARE ASSUMED, INTENDED, OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of

the confidentiality and privileges applicable to this email and any attachments are expressly reserved.
*******************************************************************

On Sep 15, 2023, at 11:02 AM, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:

Hi Justin,

I am not sure if you are still representing Ryan McMahon, but he called the El Cerrito Police Department looking for my client, John Whitney.  I returned the call on Whitney's behalf, uncertain whether he was just offering congratulations for the recent settlement, or for some other reason.  He indicated his attorney wanted him to find out when Whitney was working so a subpoena for his upcoming arbitration could be served.

However, the connection on the call was scratchy, and when I asked who his attorney was, I could not understand what he said except that it was someone out of Southern California.   I thought perhaps it might be an RLS attorney from one of the other offices.

Upon learning he was calling about a matter on which he was represented, I ended the call.  I thought I should let you know.

Just FYI,
Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone:  415.259.6638
Facsimile:  877.259.3762

A -10