Alison Berry Wilkinson (SBN 135890)
Berry | Wilkinson | Law Group
165 North Redwood Drive, Suite 206
San Rafael, California
Telephone:   (415) 259.6638
Facsimile:   (877) 259.3762
Email: alison@berrywilkinson.com

Attorneys for Defendant
JOHN WHITNEY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO, and DOES 1-10, inclusive<br><br>　　　　　　Defendants. | Case No. 2:23-cv-01972-KJM-JDP<br><br>DECLARATION OF JOHN WHITNEY IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY<br><br>Date:　　　　February 16, 2024<br>Time:　　　　10:00 a.m.<br>Courtroom:　3, 15th Floor<br>Judge:　　　Hon. Kimberly J. Mueller |

I, John Whitney, declare as follows:

　　　　1.　　　I am a defendant in the above-entitled action filed by Ryan McMahon.

　　　　2.　　　I make this declaration based on my own personal knowledge and, if called to testify, could and would testify competently to the matters contained herein.

　　　　3.　　　This declaration is submitted in response to the Motion to Disqualify submitted by Plaintiff Ryan McMahon.

　　　　4.　　　In 2019, I retained attorney Alison Berry Wilkinson to represent me in connection with the termination of my employment from the City of Vallejo.  Ms. Wilkinson provided me advice and guidance concerning my options for challenging that termination, as well as related to my status as a whistleblower.

1

5. Ms. Wilkinson filed a claim on my behalf against the CITY OF VALLEJO in or around February 2020.

6. Ms. Wilkinson assisted in developing the facts and evidence supporting my whistleblower lawsuit, which was filed by her in or around December 2020.  That lawsuit alleged my termination from the CITY OF VALLEJO was due to my having reported suspected misconduct by members of the Vallejo Police Department and having advocated for internal investigations as well as accountability.  A true and correct copy of that lawsuit is attached to the Declaration of Alison Berry Wilkinson, filed herewith, as Exhibit Y.

7. The opening paragraph of my whistleblower lawsuit read:

> The City of Vallejo and the Vallejo Police Department retaliated against Captain John P. Whitney for speaking truth to power.  When Captain Whitney protested and reported unlawful, unethical, and corrupt behavior, his efforts to professionalize the Vallejo Police Department were spurned, and he was punished for his whistleblowing activities.  Rather than reward Captain Whitney's efforts to ensure professional policing for the betterment of the community, an excuse to terminate Captain Whitney was crafted and the City unilaterally refused to permit him to use the mandated review processes that would have revealed it was a sham.

8. Some of my whistleblowing activities related to actions taken by Plaintiff during his employment, including, but not limited to, Plaintiff having inscribed the phrase "Veritas Aequitas" on his firearm in violation of departmental policy, as well as his having bent his badge consistent with a prohibited tradition signifying having discharged his firearm in the course of his duties. Specifically, paragraphs 27-28 of my whistleblower lawsuit read:

> 27. [I]n or around February 2019, Captain Whitney discovered that the phrase *Veritas Aequitas* had been embedded on an officer's firearm end-plate. Captain Whitney reported that discovery up the chain of command and advocated that an internal investigation be conducted.
>
> 28. The officer who had the end-plate inscription as later placed on administrative leave and was required to surrender his badge.  The badge that was turned in had two corners bent, which the officer explained signified the two people he had killed in the line of duty while serving as a Vallejo police officer.  Captain Whitney insisted the Chief conduct an internal investigation into whether members of the

2

DECL OF JOHN WHITNEY ISO DEFENDANT WHITNEY'S SPECIAL MOTION TO STRIKE
*McMahon v. Whitney*, Case No. 2:23-cv-01972-KJM-JDP

Vallejo Police Department were engaged in the unauthorized practice of badge bending.  Chief Bidou refused.

Exhibit Y at ¶¶27-28.

9. Ms. Wilkinson continued to actively represent me as primary counsel until July 2022 when, at her suggestion, I substituted Jayme Walker of Gwilliam Ivary Chiosso Cavalli & Brewer as my primary counsel.  Ms. Walker was representing me in September 2023 when the CITY OF VALLEJO settled my whistleblower case for $900,000.00.

10. Although Ms. Walker was primary counsel beginning in July 2022, Ms. Wilkinson remained involved in the case.  She also continued providing me legal advice, guidance, and assistance in that matter as well as others.

11. I have been represented continuously by Ms. Wilkinson since 2019.  In the last three years, Ms. Wilkinson has represented me in a variety of situations.

12. My legal journey, in which Ms. Wilkinson has played an integral role, has been long and complicated.  The issues raised in the lawsuit filed against me by Ryan McMahon have been the subject of numerous investigations, lawsuits, and deposition.  It is a complex web that I believe would be difficult for a new attorney to absorb.

13. On July 28, 2020, the news publication Open Vallejo posted an article entitled: "Vallejo police bend badges to mark fatal shootings."  A true and correct copy of that article is attached to Ms. Wilkinson's declaration as **Exhibit H.**  That article can also be found at the following link: https://openvallejo.org/2020/07/28/vallejo-police-bend-badge-tips-to-mark-fatal-shootings/

14. Hours before the article published, Open Vallejo contacted me for an interview.  It was clear to me that I was among the last people interviewed for the article, and that Open Vallejo had obtained information about the badge bending practice, as well as Ryan McMahon's involvement in it, from other sources.

15. I am informed that in August 2020, Ryan McMahon's counsel accused me of leaking confidential information to the media about badge bending as well as his other performance related issues. Open Vallejo had that information from other sources before it contacted me. I am informed and believe that Ryan McMahon's counsel apologized for having accused me of leaking that information.

3

DECL OF JOHN WHITNEY ISO DEFENDANT WHITNEY'S SPECIAL MOTION TO STRIKE
*McMahon v. Whitney, Case No. 2:23-cv-01972-KJM-JDP*

16. Until the filing of this action, I believed that Ryan McMahon and I were aligned, not adverse, since we had both been mistreated by the CITY OF VALLEJO.

17. Indeed, when the Vallejo Police Department place Ryan McMahon on a Performance Improvement Plan ("PIP") in 2018, I described him as "a great employee" who had simply been "missing his marks on certain tasks."

18. When I learned that Ryan McMahon's badge was bent apparently to signify his involvement in two officer-involved shootings, I believed that to be a reflection on a larger problem at the Vallejo Police Department, not a problem with Ryan McMahon, specifically. At the time I personally held the opinion that Ryan McMahon was a good person who fell in with the wrong crowd and was likely pressured into having his badge bent.

19. I have never been employed by the "Pablo" Police Department.

20. In September 2023, I was on medical leave from my position as a police officer with the El Cerrito Police Department.

21. On or around September 14, 2023, I was advised by a colleague at the El Cerrito Police Department that Ryan McMahon had telephoned looking for me. That colleague took his name and phone number to pass on. I passed it on to my counsel to handle.

22. Several days later, I learned of the lawsuit filed against me by Ryan McMahon. Since the filing of that lawsuit, Ms. Wilkinson has done extensive work, at great expense, on the allegations made by him against me, including the filing of an anti-SLAPP motion.

23. That work was made possible within the time limits required by law only due to Ms. Wilkinson having a deep understanding of what has transpired over the last four (4) years.

24. Substituting a new attorney at this juncture would cause me extreme prejudice. I doubt a new attorney could adequately understand the complexity of events and nuances associated with this case. I also believe it would also significantly delay resolution of the issues, as I would first have to locate qualified counsel, and then that new attorney would need time to get up to speed, which could take a substantial amount of time given the complex history I have with the CITY OF VALLEJO.

25. This would cause me undue harm both financially and personally. With the settlement of my whistleblower lawsuit, I thought I could finally put the trauma of my experiences at the CITY OF

4

DECL OF JOHN WHITNEY ISO DEFENDANT WHITNEY'S SPECIAL MOTION TO STRIKE
*McMahon v. Whitney*, Case No. 2:23-cv-01972-KJM-JDP

VALLEJO behind me. The filing of the lawsuit by Ryan McMahon has prolonged the pain and suffering me and my family have suffered.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14 day of January 2024, in SACRAMENTO COUNTY, California.

_____
JOHN WHITNEY

5

DECL OF JOHN WHITNEY ISO DEFENDANT WHITNEY'S SPECIAL MOTION TO STRIKE
McMahon v. Whitney, Case No. 2:23-cv-01972-KJM-JDP