# EXHIBIT D

# Berry | Wilkinson | Law Group

*Alison Berry Wilkinson*
*alison@berrywilkinson.com*

October 16, 2023

*Via Electronic Mail [lenalbert@interactivecounsel.com] and U.S. Priority Mail*

Lenore Albert
Law Offices of Lenore Albert
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651

> Re:  **Response to Your Concerns Regarding My Representation of Defendant John Whitney in McMahon v. Whitney, et al, Given that Plaintiff is a Former Client**

Dear Ms. Albert:

I write in response to the two emails you sent me late in the day on Friday, October 13, 2023.  The first email, sent at 4:34 p.m., contended I was precluded from representing Defendant John Whitney under California Rule of Professional Conduct (hereafter "Rule") 1.7.  You stated:

> I understand that you represented my client, Ryan McMahon, in several prior matters.  I have confirmed that you were also paid for the past representation of Ryan McMahon.  Current representation of Mr. Whitney in this litigation wherein Ryan McMahon has sued John Whitney would be a conflict of interest as outlined in Rule 1.7.

You then proceeded to extensively quote from Rule 1.7, and ended the email by stating:

> Please let me know if you wish to challenge your ability to represent Mr. Whitney.  Mr. Ryan (sic) does not consent and I am informed you have not obtained his written consent to represent Mr. Whitney in this case.

Rule 1.7 is inapplicable to the present situation, as it governs conflicts of interest between *current* clients, and Mr. McMahon is a *former* client that I have not represented for over eight (8) years.  Consequently, the requirements of informed written consent pursuant to Rule 1.7 are inapplicable to my representation of Defendant John Whitney.

It appears that you later realized Rule 1.7 does not apply, because you sent a further email at 8:55 p.m., which stated: "My apologies … it is Rule 1.9 that applies here," and then proceeded to quote extensively from that Rule.

I agree it is Rule 1.9 that applies to this situation, as it governs my responsibilities to former clients, including Mr. McMahon.

Lenore Albert, Esq.
Re: Response to Your Concerns Regarding My Representation of Defendant John Whitney
in McMahon v. Whitney, et al, Given that Plaintiff is a Former Client
October 16, 2023
Page 2 of 7

Let me start by first confirming that I represented Ryan McMahon in several matters between 2012 and 2015, *before* he was hired by the Vallejo Police Department and while he was employed at the Sausalito and Central Marin Police Departments. It is also true that I was paid for those services, and that he qualifies as a former client.

Rule 1.9, which is applicable to former clients, permits adverse representation so long as it does not involve "the same or a substantially related matter." I am somewhat hampered in explaining why these matters are not "substantially related," because you did not provide authorization from Mr. McMahon permitting me to share the specifics of those prior representations with you. But even without that, it is obvious from what is pleaded in the Complaint that the prior representation is not related to the current litigation.

Nothing pleaded in the Complaint suggests that Mr. McMahon's personnel records from any prior agencies is related in any material way to the claims made in his lawsuit. Mr. McMahon does not contend confidential information from his employment with his prior agencies was ever possessed, let alone released, by Mr. Whitney, or any of the other defendants. Rather, it exclusively contends that the confidentiality of his records from *Vallejo* was breached by multiple individuals.

Indeed, the Complaint (which has not yet been served despite my offer to facilitate a waiver of service pursuant to Rule 4(d)), alleges as to Mr. Whitney only actions that occurred in connection with Mr. McMahon's employment at the City of Vallejo, including, but not limited to:

> "John Whitney … at all times mentioned herein relevant to this complaint was employed at the police department as Captain for the City of Vallejo until approximately August 2019." (¶4)

> "Defendant City of Vallejo knew or should have known it had a problem with keeping confidential files confidential because Captain Whitney was terminated from the police department in or about 2018 or 2019 after he was caught taking confidential information from personnel records from the personnel department."[1] (¶11)

---

[1] This allegation is false. Mr. Whitney was not terminated for taking confidential information from personnel records. This was confirmed for you by the City of Vallejo in its recent meet and confer correspondence. Further, a basic pre-litigation investigation would have located Mr. Whitney's termination letter, which was publicly released by the City of Vallejo as part of its response to Public Records Request No. 21-22. Although later removed after the propriety of that release was raised with the City, the document nevertheless remains publicly accessible by a simple Google search for "John Whitney termination letter." (See, https://www.documentcloud.org/documents/21098485-vallejo-police-john-whitney-notice-of-termination) As you can see, Mr. Whitney was *not* terminated for releasing confidential information. This is a fact that was in the constructive possession of your client before the lawsuit was filed, as counsel representing Mr. McMahon was present during a deposition on January 24, 2023 where Mr. Whitney testified about the details of his termination.

Lenore Albert, Esq.
Re: Response to Your Concerns Regarding My Representation of Defendant John Whitney
   in McMahon v. Whitney, et al, Given that Plaintiff is a Former Client
October 16, 2023
Page 3 of 7

"Plaintiff learned he may have been a victim of the breach by John Whitney on or about January 17, 2023 when he read the Sun article online and saw that it contained confidential information from his personnel records that should have been previously purged."[2]

"Plaintiff McMahon was [] injured by John Whitney for disclosing confidential, sensitive or private information in McMahon's personnel records to third parties, including it being posted on the internet." [3] (¶20(b).)

"Plaintiff is informed and believes and alleges thereon that former Capt. John Whitney later admitted he took personnel records from the City of Vallejo Police Department and kept them on a memory device."[4] (¶35.)

"…John Whitney['s] … wrongful act of failing to properly secure confidential, sensitive and personal information contained in plaintiff's personnel records that he was told had been destroyed caused McMahon to lose his employment at the Broadmoor police department, further harmed his professional reputation, and put his family at further risk of harm."[5] (¶43)

"Plaintiff is informed and believes … that Defendant John Whitney … violated plaintiff's right to privacy under the First Amendment and Fourteenth Amendment when he obtained plaintiff's personnel records at the City of Vallejo police

---

[2] The complaint does not allege that Mr. Whitney was responsible for failing to purge the materials. Rather, it alleges that failure was by Defendant Shane Bower. Further, there is no reference in the Sun article to any confidential information related to Mr. McMahon's prior employment at the Sausalito and Central Marin Police Departments or extended to any matter for which I provided representation. Rather, the article discusses performance issues occurring in 2018 while Mr. McMahon worked at the Vallejo Police Department. Thus, there is no substantial relationship between the pending lawsuit and the matters for which I previously provided representation.

[3] The only posting on the internet referenced in the Complaint is the January 17, 2023 article by the Vallejo Sun, which does not reveal any information about Mr. McMahon's confidential personnel records at his prior agencies, only records related to his employment with the City of Vallejo. As noted in ¶¶30-31 of the Complaint, the confidential records about which Mr. McMahon complains related to his 2018 evaluation while at the City of Vallejo that he alleges should have been destroyed in 2019.

[4] This statement is false. That was not the testimony provided by Mr. Whitney. Mr. McMahon knows, or should have known, that characterization is false as his defense counsel was present during his testimony about the memory device and is aware of what was actually said. Further, that testimony was provided under the auspices of a federal protective order, of which Mr. McMahon is now in breach. These concerns will be raised in separate correspondence.

[5] This paragraph does not contend that any information from the prior representations played a role in his termination from the Broadmoor Police Department, just information from his Vallejo records.

department, downloaded it onto his memory stick, and took it out of the office which included plaintiff's religious beliefs."[6] (¶46)

"Defendant John Whitney … was acting or purporting to act in the performance of his official duties when he entered the office and downloaded plaintiff's personnel records." (¶48)

"Defendant John Whitney … acted intentionally or without indifference and [his] conduct violated plaintiff's right to freedom of religion and right to privacy." (¶49)

"[T]he defendant gave plaintiff's personnel records to an outside attorney without plaintiff's knowledge, consent, or a court order in violation of state law."[7] (¶74)

"Plaintiff had a reasonable expectation of privacy that the contents of his personnel records that were posted on the internet[8] would remain confidential unless or until a *Pitchess* motion took place …" (¶75)

"The public posting of plaintiff's personnel records on the internet or distribution to outside third parties such as to Plaintiff Patrick Bulena was an unjustified and serious invasion of privacy." (¶76)

"… John Whitney took personnel records out of the department." (¶84(d))

"Defendant John Whitney was hired by the City of Vallejo to be the Capt. Of Police at the police department while plaintiff was employed there and was under the duty to refrain from taking confidential personnel records home with him on his memory stick." (¶99)

None of the allegations contained in the Complaint filed on or around September 13, 2023 suggest any connection between the representation I provided more than eight (8) years ago, and the publication by the Vallejo Sun of an article in January 2023. The closest Plaintiff comes to such an allegation in ¶18, where he states: "Plaintiff had worked as an officer for seven years prior to obtaining a position in Vallejo without incident." Absent authorization from Mr. McMahon, the most I can say is that the statement made in ¶18 is consistent with what I learned

---

[6] There is no allegation that this memory stick contained records from Mr. McMahon's prior employment that were the subject of the representation I provided. Additionally, the framing of this accusation is misleading. Your client is in constructive possession of the true facts about the memory stick because his counsel was present during the deposition in which Mr. Whitney detailed what was on the memory stick and when it was made.

[7] This is also a false statement. Mr. Whitney provided information about Mr. McMahon's past performance during a deposition conducted pursuant to a lawfully issued federal subpoena. That deposition occurred in the presence of counsel for Mr. McMahon, who did not object.

[8] Again, the complaint centers around the posting of Mr. McMahon's confidential records from the City of Vallejo, not records from his prior agencies. As no mention was made in the Vallejo Sun article about any performance issues at his prior law enforcement agencies, the claims made in this matter are not substantially related to those prior representations.

Lenore Albert, Esq.
Re:  Response to Your Concerns Regarding My Representation of Defendant John Whitney
in McMahon v. Whitney, et al, Given that Plaintiff is a Former Client
October 16, 2023
Page 5 of 7

during my prior representation. Thus, confidential information in my possession is not material to the pending litigation because it is not needed to impeach or refute that characterization.

The rules regarding when an attorney is disqualified from representing a current client that is adverse to a former client are well-established. In *Flatt v. Superior Court* (1994) 9 Cal. 4th 275, the California Supreme Court stated:

> [W]here a former client seeks to have a previous attorney disqualified from serving as counsel to a successive client in litigation adverse to the interests of the first client, the governing test requires that the client demonstrate a "*substantial relationship*" between the subjects of the antecedent and current representations.
>
> The "substantial relationship" test mediates between the two interests that are in tension in such a context – the freedom of the subsequent client to counsel of choice, on the one hand, and the interest of the former client in ensuring the permanent confidentiality of matters disclosed to the attorney in the course of the prior representation, on the other.

(*Id.* at 283 [emphasis in original].)

That standard parallels the language of Rule 1.9, which does not create an absolute prohibition on representing interests adverse to a former client, but simply a restriction that applies when the representation is in "the same or a substantially related" matter. According to the Comments to Rule 1.9, two matters are "the same or substantially related" for purposes of this rule if they involve "a substantial risk of a violation of the prohibition on an attorney using or revealing information acquired by virtue of the representation of the former client to the disadvantage of the former client."

In *Jenssen v. Hartford* (2003) 111 Cal. App. 4th 698, the court used a "pragmatic" definition of the words "substantial relationship," and focused upon the nature of former representation, and whether confidential information *material* to the current dispute would normally have been imparted.

Here, it is undisputed I personally provided direct representation to Mr. McMahon in several matters that arose during the period of 2012-2015 that pre-dated his employment with the City of Vallejo. Therefore, as noted in *Jenssen,* the question turns to the relationship between those prior cases and the current dispute:

> [W]here the lawyer was personally involved in providing legal advice and services to the former client – then it must be presumed that confidential information has passed to the attorney …. As a result, disqualification will depend upon the strength of the similarities between the legal problem involved in the former

Lenore Albert, Esq.
Re:   Response to Your Concerns Regarding My Representation of Defendant John Whitney
      in McMahon v. Whitney, et al, Given that Plaintiff is a Former Client
October 16, 2023
Page 6 of 7

representation and the legal problem involved in the current representation.

As discussed above, there are no substantial similarities that would warrant disqualification, withdrawal, or a violation of Rule 1.9.

The Ninth Circuit uses a similar test. An attorney will be disqualified from representing a client where the present representation bears a substantial relationship to the attorney's former representation. (*Trone v. Smith*, 621 F. 2d 994, 998 (9th Cir. 1980). Substantiality is present if the factual contexts of the two representations are similar or related. (*Id.*) The relationship between the prior representation and the current "is measured by the allegations in the complaint and by the nature of the evidence that would be helpful in establishing those allegations." (*Trone, supra*, 621 F. 2d at 998.)

The United States District Court for the Eastern District of California, where the present case is currently venued, recently defined the substantial relationship test, as follows:

> Representations are " 'substantially related' when the evidence ... supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." *Id.* at 887–88; *see also* Cal. Rules of Pro. Conduct r. 1.9 cmt. 3. "[T]his materiality requirement is not satisfied by mere relevance." *Victaulic Co. v. Am. Home Assurance Co.*, 295 Cal. Rptr. 3d 738, 759 (Cal. Ct. App. 2022). "The presumption that former counsel possesses confidential information is triggered only if there is a substantial risk that confidential information would be used in the current representation, which occurs where it is 'reasonable to conclude' that the information 'would *materially* advance the [present] client's position.' " *Id.* (alteration in original) (citation omitted). Information from the first representation "must be found to be directly at issue in, or have some critical importance to, the second representation." *Farris v. Fireman's Fund Ins. Co.*, 14 Cal. Rptr. 3d 618, 623 (Cal. Ct. App. 2006).

*Polsky v. MCAP Holdings, LLC* (C.D. Cal., July 27, 2023, No. SACV2300225CJCADSX) 2023 WL 5503114, at *4

There is no connection between the allegations detailed in the Complaint and the prior representation I provided to Mr. McMahon. Indeed, an examination of the files related to the prior cases I handled for Mr. McMahon reveals no similarities to the present litigation.

Lenore Albert, Esq.
Re: Response to Your Concerns Regarding My Representation of Defendant John Whitney
in McMahon v. Whitney, et al, Given that Plaintiff is a Former Client
October 16, 2023
Page 7 of 7

Based upon the case law, the allegations of the Complaint, and the current posture of this matter, I see no reason that I should be disqualified or withdraw, or that continued representation would violate Rule 1.9. There is nothing from that prior representation that is material to the issues at hand. Nor are there any similarities to the pending litigation. Consequently, there is nothing that I could, or would, use or disclose in the pending matter.

In your email sent at 8:55 p.m. on Friday, October 13th, you acknowledged that the matters for which I previously provided representation" are not the same transaction or occurrence" as the current litigation. The information I previously received is, and remains, confidential. It has not been shared by me with anyone, including you, Mr. Whitney, or the City of Vallejo. I take seriously the obligation to maintain inviolate client confidences as well as the materials that are within my files. Absent a signed written authorization from Mr. McMahon, the materials will remain confidential and undisclosed.

The only basis you stated for my disqualification is that the confidential information within my exclusive custody and control "is something I see your client using as he has tried to drag my client's reputation through the mud for his own personal advantage." Here we differ for two reasons.

First, I disagree with your characterization of Mr. Whitney's propensity for "dragging" Mr. McMahon "through the mud for his own personal advantage." Rather, he went out of his way to be *helpful* to Mr. McMahon in his time of need. Mr. McMahon, through his former counsel Justin Buffington, requested Mr. Whitney support the writ challenging his termination from the City of Vallejo. Mr. Whitney readily agreed, and provided a supporting declaration to demonstrate that the City of Vallejo had acted improperly.

Second, for Mr. Whitney to use the information, it would require I provide it. I know and follow my ethical responsibilities carefully, and faithfully adhere to the requirements imposed. I know that it is my duty is to maintain the strictest of secrecy related to the information imparted to, and acquired by, me in connection with the prior cases I handled. I have, and will continue, to operate with the most scrupulous good faith. Nothing in what has occurred at any time during my representation of either Mr. Whitney or Mr. McMahon suggests otherwise.

While I do not see any basis for disqualification or withdrawal, I do recognize there may be information about which I am currently unaware. If there are connections that are not apparent on the face of the lawsuit, I encourage you to provide it so that I can be given the opportunity to reconsider and/or adjust my analysis.

Please do let me know whether, after reviewing this correspondence, you still contend that I should be disqualified from representing Defendant John Whitney, or if you would like to meet and confer further on this topic.

Very truly yours,

Berry | Wilkinson | Law Group

Alison Berry Wilkinson