# EXHIBIT O

**From:** **Alison Berry Wilkinson** alison@berrywilkinson.com
**Subject:** Ryan McMahon
**Date:** August 19, 2021 at 4:08 PM
**To:** Justin Buffington jbuffington@rlslawyers.com

Hi Justin,
I hope all is well, and that you are weathering the continued challenges of practicing law during COVID.

I saw that a statement of decision issued in the McMahon (John Doe) case in Solano County for which my client, John Whitney, provided a declaration. I was wondering if I could get a copy from you.

Let me know,
Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone: 415.259.6638
Toll Free Number: 855.481.1179
Facsimile: 877.259.3762



**From:** **Alison Berry Wilkinson** alison@berrywilkinson.com
**Subject:** Re: McMahon/Final Statement of Decision
**Date:** August 23, 2021 at 4:58 PM
**To:** Michelle Soto-Vancil mvancil@rlslawyers.com
**Cc:** Justin Buffington jbuffington@rlslawyers.com

Thank you,
Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry I Wilkinson I Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone: 415.259.6638
Toll Free Number: 855.481.1179
Facsimile: 877.259.3762

> On Aug 23, 2021, at 3:49 PM, Michelle Soto-Vancil <mvancil@rlslawyers.com> wrote:
>
> Good Afternoon Ms. Berry Wilkinson,
>
> Justin asked that I forward you the attached document.
>
> Best,
>
> Michelle Soto-Vancil
> Paralegal
> **Rains Lucia Stern**
> **St. Phalle & Silver, PC**
> 925.609.1699 Phone
> 925.609.1690 Fax
> www.RLSlawyers.com
>
> **********************************************************************
> NOTICE: This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To," "Cc" and "Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges that may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy, forward, or rely on the email and its attachments in any way. NO DUTIES ARE ASSUMED, INTENDED, OR CREATED BY THIS COMMUNICATION. If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.
> **********************************************************************
>
> <[2021.05.21] (Resp) Notice of Entry of Order.pdf>

VERONICA A.F. NEBB
City Attorney, SBN 140001
BY: MEERA BHATT
Assistant City Attorney, SBN 259203
CITY OF VALLEJO, City Hall
555 Santa Clara Street
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687
Email: meera.bhatt@cityofvallejo.net

STEVEN P. SHAW (SBN 242593)
sshaw@sloansakai.com
IVAN DELVENTHAL (SBN 257886)
idelventhal@sloansakai.com
SLOAN SAKAI YEUNG & WONG LLP
555 Capitol Mall, Suite 600
Sacramento, California 95814
Telephone: (916) 258-8800
Facsimile: (916) 258-8801

Attorneys for Respondent
CITY OF VALLEJO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SOLANO

JOHN DOE,

Petitioner,

v.

CITY OF VALLEJO and the VALLEJO POLICE DEPARTMENT,

Respondents.

Case No. FCS055124

Assigned to The Hon. Christine A. Carringer

EXEMPT FROM FEES (GOV. CODE §6103)

**NOTICE OF ENTRY OF ORDER RE: FINAL STATEMENT OF DECISION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that:

1. On April 28, 2021, the Court issued a Tentative Proposed Statement of Decision denying the Petition for Writ of Mandate (Code of Civil Procedure § 1085) brought by Petitioner John Doe. A true and correct copy of the endorsed-filed Tentative Proposed Statement of Decision ordering that the Petition be denied is attached hereto as Exhibit A.

SLOAN SAKAI YEUNG & WONG LLP
Attorneys at Law

2. Neither Petitioner nor Respondent filed objections to the Court's Tentative Proposed Statement of Decision as permitted by California Rules of Court, Rule 3.1590(g).

3. On May 18, 2021, the Court adopted the Tentative Proposed Statement of Decision as the Final Statement of Decision of the Court and served the Final Statement of Decision on counsel for the Parties. A true and correct copy of the endorsed-filed Final Statement of Decision is attached hereto as Exhibit B.

Dated: May 21, 2021

SLOAN SAKAI YEUNG & WONG LLP

By: ______________________

STEVEN P. SHAW
IVAN DELVENTHAL

Attorneys for Respondent
CITY OF VALLEJO

SLOAN SAKAI YEUNG & WONG LLP
Attorneys at Law

-2-

Notice of Entry of Order re: Final Statement of Decision - Case No. FCS055124

Exhibit A

ENDORSED FILED
Clerk of the Superior Court

APR 2 8 2021

By Ten Drumheller
DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SOLANO**

**DEPARTMENT TWELVE**

* * * * *

JOHN DOE,

Petitioner,

Vs.

CITY OF VALLEJO and VALLEJO POLICE DEPARTMENT,

Respondents.

**Case No. FCS055124**

**TENTATIVE PROPOSED STATEMENT OF DECISION**

This matter came on for hearing on January 28, 2021. Petitioner JOHN DOE was represented by Justin Buffington. Respondent CITY OF VALLEJO was represented by Steven Shaw and Ivan Delventhal.

Petitioner made a timely oral request for a Statement of Decision on the following primary controverted issues:

1. Whether there was an interrogation;
2. Whether there was an investigation;

///

3.  Did the Department exercise reasonable diligence in discovery of the modification of the firearm;

4.  If there was a POBRA violation, what is the remedy?

Upon consideration of all of the records and pleadings filed herein, the evidence and arguments of the parties offered at trial, the applicable law, and an Objection filed by defendant to the Tentative Proposed Statement of Decision, the Court issues the following Proposed Tentative Statement of Decision.

**BACKGROUND:**

Petitioner John Doe was a police officer for the Vallejo Police Department.  He alleges his rights under the Public Safety Officers Procedural Bill of Rights (POBRA) codified within Gov. Code §3300 et seq., were violated.  Petitioner contends he was deprived of the right to be advised he was under investigation; not informed of the identity of the supervisor conducting the investigation; not advised of the nature and scope of the investigation; not advised of the right to be represented during the investigation; and not advised of the right to record an interrogation, before being questioned about matters which could lead to disciplinary action.  Petitioner also contends Respondents City of Vallejo and Vallejo Police Department violated his POBRA rights by failing to initiate and complete its investigation of Petitioner within one year of a date in 2017, when he contends they knew or should have known of the existence of a prohibited trigger modification to Petitioner's personal AR-15 rifle which he used in the course and scope of his employment.

Respondents dispute all allegations.

John Doe was hired by the Vallejo Police Department in July 2017.  On July 28, 2017, he passed a New Hire Range Qualification on pistol, shotgun and rifle, conducted by Officer Robert Greenberg (now Sergeant Greenberg) of the Vallejo Police

Department.  (Declaration of John Doe, Exhibit 2; Declaration of Robert Greenberg, ¶9-11.)  Vallejo Police Department policy prohibits any modification to any patrol rifle without authorization by the Rangemaster.  (Exhibit A to Declaration of Robert Greenberg "Policy 416, 416.4(f)".)[1]

On September 28, 2019, during a police action, Corporal Ritzie Tolentino asked to borrow a rifle while manning the turret of the department's armored vehicle.  He was given the AR-15 belonging to John Doe.  He immediately noticed an aftermarket trigger, which is a modification.  Such triggers can be installed "in a couple of minutes".  (Declaration of Ritzie Tolentino, ¶5-7.)  He reported this to Lt. Tribble.  (Declaration of Kent Tribble ¶5.)

The following day, Lt. Kent Tribble asked to see John Doe's rifle.  John Doe told Lt. Tribble he installed the trigger.  Lt. Tribble knew it was a violation of department policy to install a modification without prior written authorization from the Rangemaster.  (Declaration of Kent Tribble, ¶6-8.)  Lt. Tribble asked him if he was a certified AR-15 armorer, to which Petitioner responded in the affirmative, although clarifying he was unsure if the certification was current.  Lt. Tribble asked the certification question in part because the Department could use more armorers. (*Id.*, ¶7-10.)

On November 3, 2019, Lt. Tribble found an envelope from Petitioner in his work mailbox.  The envelope contained Petitioner's certification as a Glock armorer, but did not contain an AR-15 armorer's certification.  That same day, Lt. Tribble encountered Petitioner in the locker room and told him he received the Glock certification but did not receive an AR-15 certification. (Declaration of Kent Tribble, ¶15.)

Lt. Tribble recalled Petitioner responded that he never said he was an AR-15 armorer.  Lt. Tribble responded to that statement, informing Petitioner that he in fact had

---

[1]  Petitioner also contends that since Officer Greenberg facilitated the purchase of a rifle sling for his rifle in August 2017, the one-year period began in 2017.  As there is no assertion that this purchase necessitated an inspection of the rifle, the Court does not consider it to trigger the limitation period.

represented that he was certified as an AR-15 armorer. Petitioner responded that if he had, it was in error. At that point, Lt. Tribble walked away. (Declaration of Kent Tribble, ¶16-17.)   After that encounter, Lt. Tribble wrote a memorandum to Capt. Iacono regarding his concern about potential untruthfulness by Petitioner. (*Id.*, ¶20.)

Lt. Tribble did not inform Petitioner of his rights pursuant to POBRA prior to either the September 29, 2019 conversation or the November 3, 2019 conversation. (Declaration of John Doe, ¶41-44, 47; Declaration of Kent Tribble, ¶19.)  Lt. Tribble did not inform John Doe of his POBRA rights on or before the November 3, 2019 encounter because he did not believe the interaction to be investigatory, adversarial or accusatory. He believed the conversation to be a routine informal supervisor/subordinate interaction. (*Id.*, ¶18.)

Ultimately, Petitioner was disciplined for multiple issues including the events leading to the September 29, 2019 and November 3, 2019 conversations with Lt. Tribble. On September 30, 2020 a Notice of Discipline – Termination was issued by Vallejo Police Department Chief of Police Shawny Williams. (Exhibit 9 to Declaration of John Doe.)

Petitioner now seeks a Writ of Mandate pursuant to Code of Civil Procedure §1085 directing Respondents to comply with  Gov. Code §3303 and 3309.5 and prohibiting Respondents from presenting testimony or evidence at any administrative hearing that Petitioner was allegedly dishonest at any time during the September 29, 2019 or November 3, 2019 discussions; for an order applying the exclusionary rule to statements made by Petitioner in the September 29, 2019 and November 3, 2019 discussions; for an order prohibiting Respondents from imposing punitive action against Petitioner for violating Department Policies 416.2.1 and 416.4(a) based upon Respondents' alleged violation of the one year statute of limitations; and for preliminary

and permanent injunction enjoining Respondents from denying Petitioner the protections afforded under POBRA; and for attorney fees and costs of suit.

**THE COURT MAKES THE FOLLOWING FINDINGS AS REQUESTED:**

*1. Was there an interrogation?*

The Court finds the initial questioning by Lt. Tribble of Petitioner (can I see your rifle; who installed the trigger modification) on September 29, 2019 did not constitute an interrogation. Gov. Code §3303(i) includes the following:

This section shall not apply to any interrogation of a public safety officer in the normal course of duty, counseling, instruction, or informal verbal admonishment by, or other routine or unplanned contact with, a supervisor or any other public safety officer, nor shall this section apply to an investigation concerned solely and directly with alleged criminal activities.

*City of Los Angeles v. Superior Court (Labio)* (1997) 57 Cal.App.4th 1506 is instructive. In *Labio*, a police lieutenant questioned an officer about that officer's unauthorized use of a patrol vehicle and failure to render aid at a fatal traffic accident scene in favor of going to a donut shop. (*Id.* at p. 1510.) The officer was not informed of his POBRA rights. The lieutenant knew prior to questioning that an officer matching subject's description had been seen passing the accident scene and entering the donut shop, and that the subject did not have permission to use a patrol vehicle at the time. (*Ibid.*) The officer was terminated for these actions and inactions and for making false statements about the incident. (*Id.* at p. 1511.) At his administrative hearing regarding his termination of employment the officer argued that his statements to the lieutenant should be excluded for POBRA violations. (*Ibid.*) The court found that section 3303, subdivision (i)'s "routine communication" exception is intended to cover innocent preliminary or casual questions or remarks. (*Id.* at p. 1514.) However, the court found

that the lieutenant's questioning had a "clear investigative nature" because he armed himself with knowledge of the officer's suspected misconduct beforehand. (*Ibid.*)

Respondents contend *Steinert v. City of Covina* (2006) 146 Cal.App.4th 458 is the more applicable case. In *Steinert*, a sergeant learned than an officer had conducted a criminal records search on a person and labeled the search "training" despite department policy forbidding the use of actual criminal records for training purposes. (*Steinert* at p. 460.) The sergeant believed the search was appropriate so long as the subject's name had come up in a vandalism report the officer had taken and the only error was a mislabeling of the search's purpose. (*Ibid.*) When the sergeant asked the officer about the search he also asked if she had disclosed any of the search subject's confidential information to the vandalism victim. (*Id.* at p. 461.) The officer stated she had not but this was untrue and she was fired when the falsehood came to light. (*Ibid.*) The court found that although the officer had not been informed of her POBRA rights, substantial evidence supported the trial court's finding that there was no violation because the interaction was "a routine communication between a supervisor and a subordinate." (*Id.* at p. 462.) The court noted the abundance of supporting evidence, such as that the sergeant believed the search had been legitimate and only reflected a user error; that mislabeling a search was not a "substantial rule violation" and likely only warranted a verbal correction; that the sergeant believed correcting the officer's behavior was part of training; that the sergeant had no reason to suspect improper disclosure of information; that the meeting was "casual" and took place in five minutes; and that the resulting investigation solely concerned dishonesty and not search-labeling procedures. (*Id.* at pp. 462-465.) The court made an independent legal determination that on these facts the interaction between the two did not trigger POBRA protections. (*Id.* at p. 465.)

///

The Court finds that Lt. Tribble's interaction with Petitioner on September 29, 2019 is more closely related to *Steinert* than to *Labio*.  In *Labio*, there were indications of serious misconduct or failure to act prior to the discussion with the officer, whereas here, Lt. Tribble simply sought to know whether Petitioner's rifle had been equipped with an aftermarket trigger.   That fact, in and of itself, would likely not have supported disciplinary proceedings although it may have resulted in "counseling, instruction or informal verbal admonishment" (Gov. Code §3303(i).    Lt. Tribble considered the conversation to be a routine interaction that was informal in nature and tone. (Declaration of Lt. Tribble, ¶12.)  Another police officer who was present characterized the conversation as a normal, informal conversation that was neither investigatory, accusatory or adversarial.  (Declaration of Kyle Wylie, ¶8.)  The conversation therefore did not constitute an interrogation and under those circumstances, Petitioner was not entitled to protections under POBRA.

The interaction between John Doe and Lt. Tribble on November 3, 2019 was the outcome of the previous encounter on September 29, 2019 and was a routine contact in the normal course of duty.  When Lt. Tribble ran into Petitioner in the locker room that day after receiving an envelope from Petitioner the previous day containing his Glock armorer certification, he simply followed up on information provided to him by Petitioner.  Had Petitioner not previously told Lt. Tribble he was a certified AR-15 armorer, the encounter would have been different.  Lt. Tribble had no reason to disbelieve Petitioner until after the November 3, 2019 encounter.  Therefore, this conversation did not constitute an interrogation and Petitioner was not entitled to POBRA protections.

///

///

2. *Was there was an investigation?*

There was an investigation; however, it did not commence until after the November 3, 2019 interaction between Petitioner and Lt. Tribble when Lt. Tribble sent his memorandum outlining concerns to Capt. Iacono. On September 29, 2019, Lt. Tribble was simply inspecting Petitioner's rifle to determine whether the rifle had an aftermarket trigger. The further conversation that day consisted of staffing inquiries (i.e., the Department could use more armorers.) The November 3, 2019 conversation was a follow-up on Petitioner's representation to Lt. Tribble that he was a certified AR-15 armorer. It was not until after the second encounter that Lt. Tribble developed suspicions regarding Petitioner's veracity. (Declaration of Kent Tribble, ¶17.) Therefore, no investigation was underway during either the September 29, 2019 or November 3, 2019 encounters.

3. *Did the Department exercise reasonable diligence in discovery of the modification of the firearm?*

The Court finds the Department exercised reasonable diligence in discovery of the modification of John Doe's personal AR-15. Vallejo Police Officer Robert Greenberg, the Department armorer, completed a New Hire Range Qualification form on July 28, 2017 upon qualifying John Doe on a pistol, shotgun and rifle. On the form, Officer Greenberg indicated the rifle was equipped with a light and optics. Although Officer Greenberg had no personal recollection of inspecting the rifle, he declared under penalty of perjury on December 18, 2020 that had the rifle been equipped with an aftermarket trigger modification on July 28, 2017, he would have seen it. Further, and of particular significance, Officer Greenberg declared that such trigger modifications can be quickly removed and/or installed. (Declaration of Robert Greenberg, ¶9-11; Exhibit 2 to Declaration of John Doe.)

Thereafter, the trigger modification was discovered on September 28, 2019 during a police action when another officer borrowed John Doe's rifle. John Doe had no advance notice that the officer would ask to borrow his rifle. Ultimately, disciplinary action followed this discovery.

Petitioner's assertion that had the Department conducted regular quarterly inspections per its own policy, the trigger modification would have been discovered as early as the final quarter of 2017 and therefore, the one-year statute of limitations set forth in Gov. Code §3304(d)(1) has lapsed, is considered and rejected. While the Department may have a policy that firearms be inspected quarterly and failed to follow that policy, the Court finds this lacks applicability to a circumstance where, when notice is given of an inspection, a firearm possessing a prohibited modification can easily and quickly be restored to a state by which it can pass inspection. Therefore, the one-year period did not begin until September 29, 2019 after Corporal Tolentino unexpectedly needed to borrow John Doe's rifle and observed the trigger modification and Lt. Tribble asked John Doe about it the following day. Therefore, the Department is not time-barred from pursuing disciplinary proceedings for the prohibited trigger modification. (*Pedro v. City of Los Angeles* (2014) 229 Cal.App.4th 87, 106.)

The Court finds further that the fact that Petitioner's prior employer knew he had such a modification installed on his rifle lacks relevance. The policy of the Vallejo Police Department, which Petitioner knew or should have known at the time of his hiring or shortly thereafter and therefore two or more years before the September 29, 2019 discussion was: "No modification shall be made to any patrol rifle without prior written authorization from the Rangemaster." (Exhibit A to Declaration of Robert Greenberg "Policy 416, 416.4(f)".)

///

4. *If there was a POBRA violation, what is the remedy?*

The Court finds there was no POBRA violation. The Court finds that the statements made by John Doe on September 29, 2019 and November 3, 2019 were not the products of duress, coercion, or threat in any way. His POBRA rights were not violated on September 29, 2019 nor were they violated on November 3, 2019.

**THE COURT MAKES THE FOLLOWING ADDITIONAL FINDINGS:**

Petitioner's rights were not violated when he was not informed of his right to representation during interrogation. Gov. Code §3304(i) provides:

> Upon the filing of a formal written statement of charges, or whenever an interrogation focuses on matters that are likely to result in punitive action against any public safety officer, that officer, **at his or her request**, shall have the right to be represented by a representative of his or her choice who may be present at all times during the interrogation. The representative shall not be a person subject to the same investigation. The representative shall not be required to disclose, nor be subject to any punitive action for refusing to disclose, any information received from the officer under investigation for noncriminal matters. *(Emphasis added.)*

There is no provision in POBRA which requires a police officer to be informed of his or her right to be represented during an investigation. The right set forth above requires affirmative action on the part of the officer: "(A)t his or her request…" Therefore, John Doe's rights were not violated when he was not informed of his right to be represented. This is a request he must exercise.

///

///

///

///

THEREFORE, having considered the evidence, the pleadings and submissions of the parties, argument and applicable law, in light of all the evidence presented, including but not limited to the express findings made herein,

**THE COURT MAKES THE FOLLOWING ORDERS:**

The Petition is denied.

Date: April 26, 2021

CHRISTINE A. CARRINGER
JUDGE OF THE SUPERIOR COURT

SOLANO COUNTY COURTS
STATE OF CALIFORNIA
580 Texas Street, Fairfield, CA 94533

**CERTIFICATE AND AFFIDAVIT OF MAILING** NO. FCS055124

I certify under penalty of perjury that I am a judicial assistant of the above-entitled Court and not a party to the within action; that I served the attached by causing to be placed a true copy thereof in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that this document was deposited in the United States Postal Service on the date indicated. Said envelopes were addressed to the attorneys/parties and any other interested party as indicated below.

Document Served: TENTATIVE PROPOSED STATEMENT OF DECISION

Justin E. Buffington, Esq.
RAINS LUCIA STERN ST. PHALLE & SILVER PC
2300 Contra Costa Blvd. Suite 500
Pleasant Hill, CA 94523

Steven P. Shaw, Esq.
SLOAN, SAKAI, YEUNG & WONG, LLP
555 Capitol Mall, Ste 600
Sacramento, CA 95814

Veronica A.F. Nebb, City Attorney
Meera Bhatt, Assistant City Attorney
City of Vallejo, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April [illegible], 2021, at Fairfield, California.

Y. Drumheller, Declarant

Exhibit B

ENDORSED FILED
Clerk of the Superior Court

MAY 18 2021

By Yen Drumheller
DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SOLANO**

**DEPARTMENT TWELVE**

* * * * *

| | |
|---|---|
| JOHN DOE,<br>Petitioner,<br>Vs.<br>CITY OF VALLEJO and VALLEJO POLICE DEPARTMENT,<br>Respondents. | **Case No. FCS055124**<br><br>**FINAL STATEMENT OF DECISION** |

The Court issued a Tentative Proposed Statement of Decision filed April 28, 2020. The parties were notified of their ability to file objections in conformance with California Rules of Court, rule 3.1590, subsection (g).

Having received no submissions related to the Tentative Proposed Statement of Decision, the Court adopts the Tentative Statement of Decision as the Final Statement of Decision of the Court.

Date: May 18, 2021

CHRISTINE A. CARRINGER
JUDGE OF THE SUPERIOR COURT

SOLANO COUNTY COURTS
STATE OF CALIFORNIA
580 Texas Street, Fairfield, CA 94533

**CERTIFICATE AND AFFIDAVIT OF MAILING** NO. FCS055124

I certify under penalty of perjury that I am a judicial assistant of the above-entitled Court and not a party to the within action; that I served the attached by causing to be placed a true copy thereof in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that this document was deposited in the United States Postal Service on the date indicated. Said envelopes were addressed to the attorneys/parties and any other interested party as indicated below.

Document Served: FINAL STATEMENT OF DECISION

Justin E. Buffington, Esq.
RAINS LUCIA STERN ST. PHALLE & SILVER PC
2300 Contra Costa Blvd. Suite 500
Pleasant Hill, CA 94523

Steven P. Shaw, Esq.
SLOAN, SAKAI, YEUNG & WONG, LLP
555 Capitol Mall, Ste 600
Sacramento, CA 95814

Veronica A.F. Nebb, City Attorney
Meera Bhatt, Assistant City Attorney
City of Vallejo, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 18, 2021, at Fairfield, California.

Y. Drumheller, Declarant

**PROOF OF SERVICE**

I, the undersigned, am employed by Sloan Sakai Yeung & Wong LLP. My business address is 1220 Seventh Street, Suite 300, Berkeley, California 94710. I am readily familiar with the business practices of this office. I am over the age of 18 and not a party to this action.

On May 21, 2021, I served the following document(s):

**NOTICE OF ENTRY OF ORDER RE: FINAL STATEMENT OF DECISION**

by the following method(s):

**X** **United States Mail.** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses on the attached Service List and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

**X** **Electronic Mail.** Courtesy copies of the above document(s) in PDF format were transmitted to the e-mail addresses of the parties on the attached Service List on May 21, 2021. No delivery errors were reported.

**SERVICE LIST**

| Justin E. Buffington<br>Rains Lucia Stern St. Phalle & Silver PC<br>2300 Contra Costa Blvd., Suite 500<br>Pleasant Hill, CA 94523<br>E-Mail: jbuffington@rlslawyers.com<br><br>*Attorneys for Petitioner, John Doe* | |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 21, 2021 at Berkeley, California.

By: */s/ Rochelle Redmayne*
Rochelle Redmayne