# **EXHIBIT X**

**From:** Alison Berry Wilkinson alison@berrywilkinson.com
**Subject:** Re: Safe Harbor and Meet-Confer Letter in McMahon v. Whitney, et al.
**Date:** October 18, 2023 at 6:38 PM
**To:** albert lenore lenalbert@interactivecounsel.com
**Cc:** Knight Katelyn katelyn.knight@cityofvallejo.net

Dear Ms. Albert,

I am astonished at your email.  This is twice you have resorted to baseless mud-slinging in response to my raising legitimate legal issues. Your accusations are reckless.  As I have no "dirt," or "lies" to be uncovered, and I have always operated in an ethical and professional fashion, I am not cowed by your threats.  But I will also not empower them by failing to correct the record.

First, the idea that I would be delivering confidential personnel files to the Vallejo Sun is ludicrous.

Second, you have your facts wrong with respect to my conversation with your client.  He called John Whitney on the day the settlement was announced.  I returned the call on John's behalf, as we both believed Ryan wanted to offer his congratulations. We briefly chatted, but when he identified the reason he called John - because his attorney wanted to serve a subpoena for an upcoming arbitration - I simply inquired who the attorney was, and because the call was scratchy could only understand that it was someone from Southern California.

Since the last attorney that I knew was handling Ryan McMahon's disciplinary appeal to arbitration was Justin Buffington from Rains Lucia Stern, et al.  I emailed Justin to let him know of the conversation.  He advised he was no longer representing Ryan. It was only when I received a copy of the lawsuit several days later that I learned the "Southern California" attorney was you.  I then forwarded the original message I sent to Justin Buffington to you so that you would be aware of the communication.  Since then, I have had no conversations with your client.   So I find your comment that I "have had other conversations" with your client "about his time at the Vallejo Police Department" perplexing.

In closing, I ask that you please be more respectful in future communications, and refrain from baseless and outrageous allegations.

With regards,
Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry Wilkinson Law Group
165 North Redwood Drive, Ste. 206
San Rafael, CA 94903

Telephone: 415.259.6638
Facsimile: 877.259.3762

> On Oct 18, 2023, at 3:36 PM, lenore albert <lenalbert@interactivecounsel.com> wrote:
>
> Dear Counsel,
>
> FRCP Rule 11 motions are reserved for sanctions for bad faith conduct. Considering you just had a chat with my client the other week and then sent me an email making it sound like no such conversation took place - then I discovered you have had other conversations with my client about his time at the Vallejo police department without informing me, even without reading your letter, I don't think I am the one sitting in a FRCP Rule 11 situation.
>
> I anonymously asked a group of attorneys if they would accept taking Whitney's case when you had previously represented McMahon in other police matters and they all 100% agreed they wouldn't touch it with a 10 foot pole. You probably were the attorney dropping personnel files off to the Vallejo Sun because I heard you were a nice, ethical attorney but your actions in this matter speak contrary.
>
> Your client didn't deserve the settlement. Bonta stepped in for police practices at

1

the department and those practices existed while you client was there long before my client was working on that force.

So I will read your letter but you have created a very heeled in adversarial position for your client where his dirt and his lies will surface, and maybe yours too.

Sincerely,

Lenore Albert, Esq.
**Law Offices of Lenore Albert**
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Phone: 424-365-0741
https://InteractiveCounsel.com

*Consumer trial lawyer serving Michigan and California residents*

*Also, President & CEO*
**Simply Lenore LLC** *(patent pending ICan ID(tm) technology)*
**Mined Media Org.**
**Project Geeks**
**MasterMined(tm) Tech.**
**InteractiveCounsel**
**FactChecks(tm)**

Cal Bus & Prof Code 6001.1
"Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."

"People who live in glass houses shouldn't throw stones."

If you believe this statement, you are in my tribe.

THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE
INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT
PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON
INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION.
ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF
THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED.

IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE,
PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER
IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE
ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY.

THANK YOU.

On Wednesday, October 18, 2023 at 03:27:07 PM PDT, Alison Berry Wilkinson <alison@berrywilkinson.com> wrote:

Dear Ms. Albert,

I am advised that a copy of the civil lawsuit was dropped off by a process server at Mr. Whitney's current place of employment.  Although we have not yet received confirmation that the remaining requirements of California Code of Civil Procedure section 425.20, I am assuming that either has, or soon will be done.

As a result, I am contacting you with a request to meet-and-confer about the deficiencies containing the complaint filed, as well as to provide safe harbor notification under Federal Rule of Civil Procedure 11(c)(2).   Attached please find self-explanatory correspondence detailing the reasons.

I recognize that the issues raised in my correspondence are weighty, and may require time for you to analyze.  To that end, I am open to stipulating to an extension of time to respond to the Complaint to ensure a full opportunity to work through the concerns raised before any motions are filed.

Once you have had the opportunity to digest the information contained in the attached letter, please let me know how you wish to proceed.

With regards,
Alison

Alison Berry Wilkinson
alison@berrywilkinson.com

Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903

Telephone:  415.259.6638
Facsimile:  877.259.3762

**3**