Lenore L. Albert, Esq. SBN 210876
Email: lenalbert@InteractiveCounsel.com
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Attorney for Plaintiff, Ryan McMahon

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>JOHN WHITNEY, CITY OF VALLEJO; and DOES 1 through 10, inclusive,<br>　　　　　　　Defendants. | CASE NO. 23-cv-01972-KJM-JDP<br><br>Assigned to the Hon. Kimberly J. Mueller<br>Crtm. 3 – 15th Flr<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31, 31-2, 31-3, 31-4 AND 31-21; AND SANCTIONS; MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**<br><br>Complaint filed: 09-13-2023<br><br>Hearing Date: March 8, 2024<br>Hearing Time: 10:00AM<br>Courtroom: 3 – 15th Flr |

**TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE,** that on March 8, 2024 at 10:00AM in the Courtroom of the Honorable Kimberly J. Mueller in the United States District Court for the Eastern District of California located at I Street, Sacramento, California, counsel for Plaintiff Ryan McMahon, will and hereby does move this Court for sanctions against Defendant John Whitney and his attorney of record, Alison Berry-Wilkinson for attorney fees and costs in having to make this motion and pursuant to Federal Rules of Civil Procedure, Rule 12f for an order striking the document filed as Docket Number 31, titled

**1**
**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

"Defendant John Whitney's Opposition to Plaintiff's Motion to Disqualify Counsel," portions of the Declaration of Alison Berry-Wilkinson (Doc. No. 31-2) and Exhibits A, B and S attached thereto.

<u>Document 31 titled "Defendant John Whitney's Opposition to Plaintiff's Motion to Disqualify Counsel":</u>

Page 8:4-24

Page 9:1-24

Page 10:5-8

Page 11:15-21

Page 12:2-24

Page 13:6-7

Page 13:18-24

Page 15:8-11

Page 20:7-25

<u>Portions of the Declaration of Alison Berry-Wilkinson (Doc. No. 31-2):</u>

Page 3:26-27

Page 4:2-20

Pages 17:28 through 18:6.

<u>Exhibit A (Doc. No. 31-3):</u>

Page 3

<u>Exhibit B (Doc. No. 31-4):</u>

Pages 4-7

Pages 9-13

<u>Exhibit S (Doc. No. 31-21):</u>

Pages 2-5.

The motion is made on the grounds that the Document docketed contains, refers or relates to records that are generally described as confidential personnel records under the federal qualified privilege, California Penal Code § 832.7, Cal. Evid. Code § 954, and attorney client communications which are privileged under Cal. Rules of Prof. Conduct Rules 1.6, 1.9, 1.18 and Bus. & Prof Code

2

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

§6068(e). Mr. McMahon's request is based upon the confidentiality and privacy afforded attorney-client communications and police internal investigations that do not involve an officer involved shooting or the like under state law, the privacy rights of and official information privilege applicable to personnel records and disciplinary proceedings.

On January 17, 2024 plaintiff's counsel emailed opposing counsel for John Whitney asking her to withdraw the opposition on the grounds it contained scandalous and confidential information. Attorney Berry-Wilkinson replied she could not review until the weekend. On January 23, 2024 plaintiff's counsel sent a follow up email asking if she would withdraw and has been awaiting an answer. After the papers were prepared counsel responded she would stipulate to file under seal so Albert requested her to draft the papers since it was on the eve of the 10 day deadline and the papers for this motion were fully prepared but she received no response. Because this motion had to be filed within 10 days, there was no further time left without risk to plaintiff.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, declaration of Ryan McMahon, declaration of Lenore Albert, Esq., all pleadings and papers on file in this action and any related actions and oral argument as may be presented to the Court.

Dated:  January 24, 2024                    Respectfully Submitted,
                                            LAW OFFICES OF LENORE ALBERT
                                            /s/ LENORE ALBERT_____
                                            LENORE L. ALBERT, ESQ.
                                            Attorney for Plaintiff, Ryan McMahon

3

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

## I. INTRODUCTION

Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Despite Rule 12(f) [specifying motions to strike are limited to pleadings], courts have nonetheless granted motions to strike exhibits." *Gomez v. Biomet 3i, LLC* (E.D. La., May 2, 2022, Civil Action 21-945) [pp. 6]. Additionally, "Courts have sealed documents when denying motions to strike. " *Gomez v. Biomet 3i, LLC* (E.D. La., May 2, 2022, Civil Action 21-945) [pp. 6]

Defendant John Whitney's Opposition to Motion to Disqualify Counsel ("Opposition") (Dkt. No. 31) and Alison Berry-Wilkinson's declaration in support thereof contains confidential and privileged information.  These documents are immaterial, impertinent, scandalous, and filed in direct violation of Cal Penal Code §832.7, attorney client privilege  under Cal. State Bar Rules of Prof. Conduct, Rules 1.6, 1.9, 1.18, and Bus & Prof Code § 6068, it should be stricken form the record.

## II. FACTS

On January 5, 2024 plaintiff Ryan McMahon a former police officer filed a motion to disqualify defendant John Whitney's counsel, Alison Berry-Wilkinson on the grounds she formerly represented the plaintiff and; had obtained confidential communications with plaintiff about issues relevant to this lawsuit. He feared that if allowed to proceed, Whitney's counsel would use the confidential information she obtained against him in this litigation.

Instead of denying communications were confidential or that they took place, defendant John Whitney's counsel, Alison Berry-Wilkinson filed an opposition and supporting declaration on January 14, 2024 that contained both (1) confidential investigations that were not revealed to the public and did not involve police officer involved shootings or the like; and (2) confidential communications she had with plaintiff asserting they were not privileged.

Shortly thereafter, Ms. Albert sent Berry-Wilkinson an email asking her to immediately withdraw the document, reminding Berry-Wilkinson of her obligations under the Code of Professional Responsibility and duty to her former client. Albert Decl., Ex. A-1 and A-4. Albert also requested to appear remotely and informed Berry-Wilkinson that Exhibit S was not populating. Berry-Wilkinson

**4**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

agreed to stipulate to remote appearance and emailed Exhibit S which was an email to/from plaintiff in 2020 which should have signaled there are privileged matters she filed, Yet, as of the time of this filing, Berry-Wilkinson agreed to stipulate to remote appearance but has not withdrawn the opposition.

### III.   LAW

Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Despite Rule 12(f) [specifying motions to strike are limited to pleadings], courts have nonetheless granted motions to strike exhibits." *Gomez v. Biomet 3i, LLC* (E.D. La., May 2, 2022, Civil Action 21-945) [pp. 6]. Additionally, "Courts have sealed documents when denying motions to strike. " *Gomez v. Biomet 3i, LLC* (E.D. La., May 2, 2022, Civil Action 21-945) [pp. 6]

"The federal privilege applicable to the government interest in preserving confidentiality of law enforcement records has various names…The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation. In re Dept. of Investigation, 856 F.2d at 484.' *Doyle v. Gonzales* (E.D. Cal., Sep. 6, 2011, No. MISC. S-11-0066 GEB GGH) [pp. 6-7]

The "federal qualified governmental privilege" is consistent with Cal Penal Code §832.7. Id.

### IV.   ARGUMENT

Whitney's Opposition contains allegations regarding internal investigations wherein plaintiff was exonerated and as such confidential under Cal. Penal Code §832.7 and the federal qualified governmental privilege. It also contains confidential communications protected under the attorney-client privilege. Some matters are purely scandalous – appearing they were interjected to put plaintiff in a false light and defendant Whitney in a good light.

 The documents filed are irrelevant to the court's consideration on the motion to disqualify and scandalous. See 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 465 (2004) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.") (footnote omitted); Most importantly, however, the document

5

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

reveals privileged and confidential communications that Defendant was aware should not be disclosed without a court order.

Alison Berry-Wilkinson's opposition listing each internal investigation matter by case number and summary description along with her declaration about her representation of the plaintiff and those types of internal investigations "cannot be characterized as anything other than disclosing information obtained from the peace officer's personnel file." *Fitzgerald v. City of Fresno* (E.D. Cal., Apr. 21, 2022, 1:21-CV-01409-AWI-SAB) [pp. 10]

When Berry-Wilkinson filed the papers over the MLK holiday weekend, plaintiff's counsel immediately contacted her within 10 days as required under the Rules imploring her to withdraw the papers.

The requirements of this rule are straightforward. Once a party is notified that privilege is being asserted, the party must either withdraw the filing or turn the document over to the court under seal for determination of the privilege claim. *(See, Lawrence v. Dependable Medical Transport Services, L.L.C* 2014 WL 2510628, at *2 (D. Ariz., June 4, 2014, No. 2:13-CV-0417-HRH) similar for discovery issues.). Berry-Wilkinson is an active attorney in the state of California who should have realized that Rule 1.6, 1.18, 1.9 and the federal qualified privilege was implicated when counsel asserted the plaintiff's claim of privilege as to plaintiff's emails, communications and internal investigations. This Court should therefore strike the documents or at least parts of them from the record. *Naumoski v. Costco Wholesale Corporation* 2020 WL 2899690, at *1 (N.D. Ind., June 3, 2020, No. 2:19-CV-491) (granting motion to strike portions of a reply brief that included inadvertently disclosed attorney work product). If the Court cannot strike Doc. No. 31, 31-2, 31-3, 31-4, and 31-21, then it should strike the following portions because the matter contains confidential information wherein plaintiff has not waived his privilege.

> [A] movant must show, on a document-by-document basis, that the content involves: (1) a confidential communication; (2) to a lawyer; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.

*Gomez v. Biomet 3i, LLC* (E.D. La., May 2, 2022, Civil Action 21-945) [pp. 9]

     There is no dispute that all of the communications were either to or from a lawyer Alison Berry-Wilkinson so element two has been met. Each of the statements in the documents show that plaintiff was either securing a "legal opinion or legal services, or assistance in some legal proceeding" in each of the statements that should be stricken meeting element three. All of the statements were confidential and should be stricken as follows:

     ECF 31 p. 8:4-24 contains confidential internal investigations. Penal Code § 832.7 does not allow anyone to disclose the confidential internal investigations (their existence or information about them) except for limited circumstances such as when there is an officer involved shooting, of which, none of those exceptions apply to these internal investigations.

     The case numbers and nature of the prior investigations that Alison Berry-Wilkinson represented plaintiff in are confidential and used to improperly cast plaintiff in a bad light and influence this Court against him. These details are wholly irrelevant to any claim made in the motion to disqualify in this action and contain scandalous allegations. See 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 465 (2004) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.") (footnote omitted); Most importantly, however, the Opposition reveals privileged and confidential communications that Berry-Wilkinson was aware should not be disclosed since she was counsel for McMahon at the time.

     Berry-Wilkinson's act of listing these confidential investigations with details on page 8 of Doc. 31 demonstrates she cannot resist using confidential information she obtained as plaintiff's former counsel against him in this lawsuit. Berry-Wilkinson is mistaken in her belief that sending a termination of representation letter has ended her obligations to the former plaintiff.

     ECF 31 p. 9:1-24 the entire page is referring and relating to confidential communications between Whitney's counsel and the plaintiff concerning the City of Vallejo legal issues and should be stricken. At the very least lines 13-14 and 17-21 should be stricken as follows: (1) ECF 31 p. 9:13-14 wherein Berry-Wilkinson asserts she did not know if McMahon was seeking a consult invokes Cal State Bar Rules of Profl. Responsibility Rule 1.18 which provides "(b) Even when no lawyer-client relationship ensues, a lawyer who has communicated with a prospective client shall not use or reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 that

7

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

the lawyer learned as a result of the consultation." These communications were confidential. It is material that Berry-Wilkinson admits in page 9 that she contacted plaintiff knowing he was represented by counsel. There is no disclosure or written or knowing waiver of this privilege. (2) ECF 31 p. 9:17-21 Exhibit S attached to Doc. 31 should be stricken as a confidential communication, too because this was discussing current legal issues that plaintiff had concerning the City of Vallejo. It was not a communication about going golfing together or some social event but discussing current ongoing legal issues and as such the attorney should have kept this confidential.

ECF 31 p. 10:5-8 with the sentence beginning with "Rather" should be stricken as a confidential communication.

ECF 31 p. 11:15-21. The information in here is false and/or confidential and irrelevant because Dale Allen has never been plaintiff's attorney.

ECF 31 p. 12:2-24. Attorney Berry-Wilkson has cut and pasted an email concerning the legal issue of badge-bending and communications with plaintiff's attorney. She also asserts her client's position in that email as well as purported to assert that plaintiff's position. Plaintiff contends that some of the representations made on the page are false, and as such scandalous. Moreover, all of which is confidential. The entire page and exhibit should be stricken except for the first sentence.

ECF 31 p. 13:6-7. The document Berry-Wilkinson drafted was never used in plaintiff's petition because defendant wanted plaintiff to corroborate Whitney's story which he refused so no final draft that plaintiff wanted was signed by Whitney. As such, the lines should be stricken because it contains irrelevant, misleading matter that has no bearing on whether Alison Wilkinson-Berry has a conflict of interest which would require the Court to disqualify her from representing John Whitney in this lawsuit.

ECF 31 p.13:18-24. The communication here was about how plaintiff's employment with the Vallejo police department was affecting his employment at the Broadmoor police department, which is a direct claim made in this lawsuit and as such, the information argued here is false, scandalous or irrelevant. It should be stricken. Moreover, it concerns plaintiff and therefore makes it confidential.

ECF 31 p. 15:8-11 is an irrelevant assertion of a communication from plaintiff's former counsel in 2020 because it cannot be imputed to plaintiff. It is also scandalous and should be stricken.

ECF 31 p. 20:7-25. contains confidential internal investigations. Federal privilege and Penal Code § 832.7 does not allow anyone to disclose the confidential internal investigations (their existence or information about them) except for limited circumstances such as when there is an officer involved shooting, of which, none of those exceptions apply to these internal investigations.

The case numbers and nature of the prior investigations that Alison Berry-Wilkinson represented plaintiff in are confidential and used to improperly cast plaintiff in a bad light and influence this Court against him. These details are wholly irrelevant to any claim made in the motion to disqualify in this action and contain scandalous allegations.

ECF 31-2 p. 3:26-27 case numbers (Exhibit A).

ECF 31-2 p. 4:2, 6, 13, 17 case numbers and Exhibit B.

ECF 31-2 p. 5:18 to p. 6:5 attorney client communications which confidentiality was not waived by Ryan McMahon.

ECF 31-2 p. 17:28 to 18:6 confidential communication and Exhibit S email.

ECF 31-3 p. 3 of 3 confidential internal investigation (Ex A).

ECF 31-4 p. 4-7, 9-13 summarizes confidential internal investigation (Ex B).

ECF 31-21 p.1-4 confidential communications in email (Ex S).

"As codified in Evidence Code section 954, the attorney-client privilege protects from disclosure confidential communications between lawyer and client." (*City of San Diego v. Superior Court* (2018) 30 Cal.App.5th 457, 466).

> In deciding whether a communication is privileged, it is well settled that **we do not require disclosure of the assertedly privileged statements.** (citation). And plainly, as the trial court observed, it is not for the opposing party to compel disclosure of the attorney-client communications in order to determine whether *it* believes the privilege properly applies.

*City of San Diego v. Superior Court* (2018) 30 Cal.App.5th 457, 468

Contrary to Berry-Wilkinson's declaration, it is irrelevant whether the communication was directly or indirectly made. *City of San Diego v. Superior Court* (2018) 30 Cal.App.5th 457, 469.

> A party invoking the attorney-client privilege bears the burden of demonstrating its applicability and must show: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

or legal services, or assistance in some legal proceeding. Disclosure of privileged communications to a third party generally eliminates the confidentiality of the attorney-client privilege and serves to waive the privilege. This waiver rule, however, is subject to certain exceptions such as common legal interest or disclosure to agents or representatives…

*Gomez v. Biomet 3i, LLC* (E.D. La., May 2, 2022, Civil Action 21-945) [pp. 3-4]

It is also of no consequence that Berry-Wilkinson spoke to the BPOA at Broadmoor about the effect of plaintiff's employment at Vallejo and publicity thereon was adversely affecting his employment at Broadmoor. "While his interests in advising the Chief were no doubt aligned with his representation of the Oakland Police Officers Association, that representation does not mean that he could not also have an attorney-client relationship with her. " *Kirkpatrick v. City of Oakland* (N.D. Cal., Jan. 14, 2022, 20-cv-05843-JSC) [pp. 1].

Defendant did not obtain permission to file confidential information in the docket – an easy thing to have done. Instead, Whitney and his counsel used scorched earth tactics and filed this information – Alison Berry-Wilkinson misrepresented the law that plaintiff waived his attorney-client privilege by simply filing a motion to disqualify her as counsel. *City of San Diego v. Superior Court* (2018) 30 Cal.App.5th 457, 468. She was given 10 days to reverse course and request to seal the records and as such, the Court should award attorney fees and costs in making this motion to plaintiff. (Decl. Albert, Ex A 5, 9, 1-4).

## V. CONCLUSION

Based on the foregoing, the plaintiff Ryan McMahon respectfully requests the Court grant his motion to strike, and/or seal, and award attorney fees and costs to the plaintiff.

Dated:  January 24, 2024

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ LENORE ALBERT_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiff, Ryan McMahon

10

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S. Coast Hwy #3960, Laguna Beach, CA 92651. On January 24, 2024, I served a copy of the following document(s) described as:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31, 31-2, 31-3, 31-4 AND 31-21; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**

On the interested parties in this action as follows:

**For Defendant John Whitney:**
Alison Berry Wilkinson
alison@berrywilkinson.com
Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903
Telephone: 415.259.6638
Facsimile: 877.259.3762

**For Defendant City of Vallejo and Shane Bower:**
Katelyn M. Knight
Assistant City Attorney
City of Vallejo | City Attorney's Office
555 Santa Clara Street
Vallejo, CA 94590
707.648.4388 | katelyn.knight@cityofvallejo.net

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: January 24, 2024

                                                  /s/Lenore Albert
                                                  Lenore Albert

11

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DOCUMENT NO. 31; AND MEMORANDUM OF POINTS & AUTHORITES IN SUPPORT THEREOF**
*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP