Alison Berry Wilkinson (SBN 135890)
Berry | Wilkinson | Law Group
165 North Redwood Drive, Suite 206
San Rafael, California
Telephone:    (415) 259.6638
Facsimile:    (877) 259.3762
Email: alison@berrywilkinson.com

Attorneys for Defendant
JOHN WHITNEY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO, and DOES 1-10, inclusive<br><br>　　　　　Defendants. | Case No. 2:23-cv-01972-KJM-JDP<br><br>NOTICE OF REQUEST TO SEAL DOCUMENTS AND REQUEST TO SEAL PORTIONS OF DOCUMENTS [Local Rule 141(b)] FILED AS ECF 31, 31-2, 31-3, 31-4, and 31-21 |

TO THE COURT, COUNSEL, AND ALL PARTIES:

　　　PLEASE TAKE NOTICE THAT Defendant JOHN WHITNEY, at the request of Plaintiff RYAN McMAHON, hereby seeks to have the below-listed portions of the documents filed at ECF 31 in opposition to Plaintiff's Motion to Disqualify sealed.

　　　Eastern District Local Rule 141 permits a party to request that the Court seal documents filed in the public record.  Rule 141(b) specifically states: "If a party seeks to seal documents, the party shall submit, in the manner prescribed below, a 'Notice of Request to Seal Documents,' a 'Request to Seal Documents,' a proposed order, and all documents covered by the request."  Rule 141(b) further requires the Notice "describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the

1

documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties.

NOTICE IS HEREBY GIVEN THAT, at the request of Plaintiff RYAN McMAHON, Defendant WHITNEY hereby seeks to have this Court seal the following portions of the documents related to his opposition to Plaintiff's Motion to Disqualify that were previously filed at ECF 31:

ECF 31:  Defendant John Whitney's Opposition to Plaintiff's Motion to Disqualify Counsel:

| Sealing/Redaction Requested | Granted | Denied |
| --- | --- | --- |
| Page 8:4-24 | | |
| Page 9:1-24 | | |
| Page 10:5-8 | | |
| Page 11:15-21 | | |
| Page 12:2-24 | | |
| Page 13:6-7 | | |
| Page 13:18-24 | | |
| Page 15:8-11 | | |
| Page 20:7-25 | | |

ECF 31-2: Declaration of Alison Berry Wilkinson in Opposition to Plaintiff's Motion to Disqualify:

| Sealing/Redaction Requested | Granted | Denied |
| --- | --- | --- |
| Page 3:26-27 | | |
| Page 4:2-20 | | |
| Pages 17:28 through 18:6 | | |

ECF 31-3: Exhibit A to Declaration of Alison Berry Wilkinson in Opposition to Plaintiff's Motion to Disqualify:

| Sealing/Redaction Requested | Granted | Denied |
| --- | --- | --- |
| Page 3 | | |

ECF 31-4:  Exhibit B to Declaration of Alison Berry Wilkinson in Opposition to Plaintiff's Motion to Disqualify:

| Sealing/Redaction Requested | Granted | Denied |
|---|---|---|
| Pages 4-7 | | |
| Pages 9-13 | | |

ECF 31-21: Exhibit S to Declaration of Alison Berry Wilkinson in Opposition to Plaintiff's Motion to Disqualify:

| Sealing/Redaction Requested | Granted | Denied |
|---|---|---|
| Pages 2-5 | | |

All parties in this matter and the Court have been served with both the redacted and unredacted portions of the materials subject to this sealing request.

CERTIFICATION OF MEET AND CONFER:  On January 17, 2024, counsel for Plaintiff RYAN McMAHON notified counsel for Defendant WHITNEY that she considered the materials filed at ECF 31 in opposition to the Motion to Disqualify "scandalous" and asked that the materials be withdrawn.  As counsel for Defendant WHITNEY was out of the area in an administrative trial, she advised Plaintiff's counsel that it was unlikely she would have the opportunity to review the issues raised until the weekend but did note that she "looked at the issues carefully before filing and disagree[s] that [the filing] violated any rules."  The administrative trial did not conclude until Monday, January 22, 2024.  On Tuesday, January 23, 2024, counsel for Defendant WHITNEY notified Plaintiff's counsel of the legal basis for the materials having been filed in the public record and why she considered that appropriate, but also advised that she was agreeable to sealing any portions of the pleadings that Plaintiff requested.  At 7:05 p.m. on January 23, 2024, Plaintiff sent a list of those portions of the record she wished sealed.  Defendant WHITNEY, through his counsel, promptly filed this Request to Seal on January 24, 2024.

STATEMENT OF RELIEF SOUGHT:  Defendant WHITNEY seeks an order of this Court sealing the documents previously filed at ECF 31, 31-2, 31-3, 31-4 and 31-21, to be replaced in the public record by the redacted portions included with this sealing request.

Dated: January 24, 2024        Berry | Wilkinson | Law Group
                               By    /s/ *Alison Berry Wilkinson*
                               ALISON BERRY WILKINSON
                               Attorneys for Defendant JOHN WHITNEY

## REQUEST TO SEAL

Plaintiff RYAN McMAHON contends that certain materials filed with Defendant JOHN WHITNEY's opposition to the Motion to Disqualify must be sealed because they contain confidential and/or attorney-client privileged information. In support of the request that the materials be sealed, Plaintiff cited California Penal Code section 832.7, California Business and Professions Code section 6068(e), and California Rules of Professional Conduct 1.6, 1.9, and 1.18.

Defendant JOHN WHITNEY contends the materials were properly filed in the public record and not confidential. In support of his position, Defendant submits the following authorities:

- There is a strong presumption in favor of public access to court records. *Gregory v. City of Vallejo* (E.D. Cal., Aug. 21, 2014, No. 2:13-CV-00320-KJM) 2014 WL 4187365, at *2 (citing *Phillips v. Gen. Motors Corp.,* 307 F. 3d 1206, 1210 (9th Cir. 2002)).

- The confidentiality mandates of California Penal Code section 832.7 do not apply in federal court, and do not "shield disclosure in federal court or rebut the strong presumption in favor of public access to judicial records." *Gregory v. City of Vallejo* (E.D. Cal., Aug. 21, 2014, No. 2:13-CV-00320-KJM) 2014 WL 4187365, at *3 (citing *Garrett v. City & Cnty. of S.F.,* 818 F. 2d 1515, 1519 n. 6 (9th Cir. 1987).) *See also*, *Kahaku v. Wallace* (E.D. Cal., June 28, 2022, No. 2:20-CV-1807 KJN P) 2022 WL 2333725, at *5; *Pierce v. County of Sierra* (E.D. Cal., June 3, 2013, No. 2:11-CV-2280 GEB AC) 2013 WL 2421710, at *3; *James v. Kiewit Infrastructure West Co.* (E.D. Cal., July 24, 2013, No. 2:12-CV-1651 WBS AC) 2013 WL 3863906, at *3.

- The attorney-client privilege only protects disclosure of communications; it does not protect the disclosure of the underlying *facts* by those who communicated with the attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

//

- A waiver of the attorney-client privilege occurs when a party discloses privileged information to a third party who is not bound by the privilege. *Bittaker v. Woodford*, 331 F. 3d 715, 719 (9th Cir. 2003).

- Not all communications with a lawyer are protected by the attorney-client privilege. Rather, the privilege only protects communications where legal advice is sought from a professional legal advisor in his capacity acting as such and that relate to the purpose of the representation. *U.S. v. Ruehle*, 583 F. 3d 600, 607 (9th Cir. 2009) [The attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, … as well as an attorney's advice in response"]; *Id*. at 607-608 [The party asserting the privilege bears the burden to prove each element of an eight-part test]; *In Re County of Erie,* 473 F. 3d 413, 419-421, 423 (2nd Cir. 2007 [discussing legal v. nonlegal advice].

- A mixture of social exchanges and discussions about general legal issues is insufficient to trigger an attorney-client relationship. *United States v. Williams,* 720 F. 3d 674, 688 (8th Cir. 2013).

- "To imply an attorney-client relationship …. The law requires more than an individual's subjective, unspoken belief that the person with whom he is dealing, who happens to be a lawyer, has become his lawyer." *Sheinkoph v. Stone*, 927 F. 2d 1259, 1265 (1st Cir. 1991).

- A litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation. *Bittacker v. Woodford*, 331 F. 3d 715, 718-719 (9th Cir. 2003)

- Under the "fairness principle," federal courts apply a waiver of the attorney-client privilege by implication when a party takes a position in litigation that the opposing party cannot respond to without relying upon privileged communications. *Bittacker, supra*, 331 F. 3d at 719.

- The Ninth Circuit provides a three-factor test for determining when attorney-client privilege has been waived under the "fairness principle:" (1) "the party is asserting the privilege as the result of some affirmative act, such as filing suit," (2) "through this affirmative act, the asserting party puts the privileged information at issue," and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *United States v. Amlani*, 169 F. 3d 1189, 1195 (9th Cir. 1999); see also, *Radware, Ltd. v. A10 Networks, Inc.* (N.D. Cal. January 10, 2014, No. C-13-02021-RMW) 2014 WL 116428 *2 [applying fairness principle to a motion to disqualify counsel].

Despite the authorities supporting his position that the materials in support of his opposition to the disqualification motion were properly filed in the public record and not confidential, Defendant WHITNEY is not opposed to the materials being sealed as requested by Plaintiff and made accessible only to the Court and all parties.

Plaintiff McMAHON requested Defendant WHITNEY ask this Court to seal the following portions of the documents filed as part of Defendant's opposition to Plaintiff's Motion to Disqualify, all of which are located at ECF 31:

ECF 31:  Defendant John Whitney's Opposition to Plaintiff's Motion to Disqualify Counsel:

| Sealing/Redaction Requested | Granted | Denied |
|---|---|---|
| Page 8:4-24 | | |
| Page 9:1-24 | | |
| Page 10:5-8 | | |
| Page 11:15-21 | | |
| Page 12:2-24 | | |
| Page 13:6-7 | | |
| Page 13:18-24 | | |
| Page 15:8-11 | | |
| Page 20:7-25 | | |

ECF 31-2: Declaration of Alison Berry Wilkinson in Opposition to Plaintiff's Motion to Disqualify:

6

REQUEST TO SEAL PORTIONS OF ECF 31
*McMahon v. Whitney, Case No. 2:23-cv-01972-KJM-JDP*

| Sealing/Redaction Requested | Granted | Denied |
|---|---|---|
| Page 3:26-27 | | |
| Page 4:2-20 | | |
| Pages 17:28 through 18:6 | | |

<u>ECF 31-3</u>: Exhibit A to Declaration of Alison Berry Wilkinson

| Sealing/Redaction Requested | Granted | Denied |
|---|---|---|
| Page 3 | | |

<u>ECF 31-4</u>:  Exhibit B to Declaration of Alison Berry Wilkinson in Opposition to Plaintiff's Motion to Disqualify:

| Sealing/Redaction Requested | Granted | Denied |
|---|---|---|
| Pages 4-7 | | |
| Pages 9-13 | | |

<u>ECF 31-21</u>: Exhibit S to Declaration of Alison Berry Wilkinson in Opposition to Plaintiff's Motion to Disqualify:

| Sealing/Redaction Requested | Granted | Denied |
|---|---|---|
| Pages 2-5 | | |

All parties in this matter and the Court have been served with both the redacted and unredacted portions of the materials subject to this sealing request.

Copies of the unredacted materials are accessible at ECF 31, 31-2, 31-3, 31-4, and 31-21. Proposed redacted versions are included with this application as Exhibits A-F.

Dated: January 24, 2024            Respectfully Submitted,

Berry | Wilkinson | Law Group

By____/s/ *Alison Berry Wilkinson*_____
ALISON BERRY WILKINSON
Attorneys for Defendant JOHN WHITNEY