Alison Berry Wilkinson (SBN 135890)
Berry | Wilkinson | Law Group
165 North Redwood Drive, Suite 206
San Rafael, California
Telephone:	(415) 259.6638
Facsimile:	(877) 259.3762
Email: alison@berrywilkinson.com

Attorneys for Defendant
JOHN WHITNEY

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO, and DOES 1-10, inclusive<br><br>　　　　　　Defendants. | Case No. 2:23-cv-01972-KJM-JDP<br><br>DEFENDANT JOHN WHITNEY'S RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION TO STRIKE OR SEAL DOCUMENT NOS. 31, 31-2, 31-3, 31-4, and 31-21; OR RESTRAIN THE VALLEJO SUN FROM PUBLISHING CONFIDENTIAL INFORMATION<br><br>Hearing Date: January 26, 2024<br>Time:　　　　11:00 a.m.<br>Location:　　Courtroom 3 – 15th Floor<br>Judge:　　　　The Hon. Kimberly J. Mueller |

　　　　Plaintiff RYAN McMAHON has filed an *ex parte* application seeking to "strike or seal" certain portions of the opposition pleadings filed by Defendant WHITNEY, as well as to "restrain" a media organization from publishing that same information.

　　　　As set for the below, Defendant WHITNEY (1) takes no position concerning whether this Court can restrain the Vallejo Sun, (2) does not object to the motion to seal despite the authorities demonstrating the materials were properly filed on the public docket, and (3) opposes the motion to strike.

1

**A.    Defendant Neither Supports Nor Opposes the Request to Restrain the Vallejo Sun**

With regard to Plaintiff's request that a media organization be restrained from publishing information contained on the public docket, Defendant WHITNEY takes no position. Defendant neither opposes nor supports the request.

It should be noted, however, that neither Defendant WHITNEY nor his counsel are interested in this case being tried in the press. However, Defendant is unaware of any authority permitting a prior restraint on the press in these circumstances, and notes Plaintiff did not cite any in his papers. If such authority existed[1], Defendant might have opted to join in the *ex parte* application given that neither he nor his counsel are interested in seeing the half-truths, misrepresentations, and assaults on character made in the pleadings Plaintiff has filed published in the news media.

**B.    Defendant Does Not Oppose the Request to Seal Even Though the Documents Were Properly Filed on the Public Docket**

As to Plaintiff's request to *seal* the identified pleadings, Defendant WHITNEY has no objection. As evidenced by Docket Nos. 38 and 38-1, Defendant has already presented a sealing application to this Court. That application was made at Plaintiff's request. To be clear: although Defendant contends the documents were properly filed on the public docket (see authorities cited in Docket No. 38 at page 4, line 27 through page 6, line 13), he is not opposed to Plaintiff's request to seal. *Id.*

The following authorities support Defendant WHITNEY's position that the materials were properly filed in the public record:

- There is a strong presumption in favor of public access to court records. *Gregory v. City of Vallejo* (E.D. Cal., Aug. 21, 2014, No. 2:13-CV-00320-KJM) 2014 WL

---

[1] Given the short timeline for responding, Defendant has not had the opportunity to conduct legal research on this issue. However, Defendant believes it highly unlikely any authority supporting Plaintiff's request exists given that prior restraints on the media generally violate the First Amendment. *See, e.g.,* https://www.law.cornell.edu/wex/prior_restraint

4187365, at *2 (citing *Phillips v. Gen. Motors Corp.,* 307 F. 3d 1206, 1210 (9th Cir. 2002)).

- The confidentiality mandates of California Penal Code section 832.7 do not apply in federal court, and do not "shield disclosure in federal court or rebut the strong presumption in favor of public access to judicial records." *Gregory v. City of Vallejo* (E.D. Cal., Aug. 21, 2014, No. 2:13-CV-00320-KJM) 2014 WL 4187365, at *3 (citing *Garrett v. City & Cnty. of S.F.,* 818 F. 2d 1515, 1519 n. 6 (9th Cir. 1987).) *See also*, *Kahaku v. Wallace* (E.D. Cal., June 28, 2022, No. 2:20-CV-1807 KJN P) 2022 WL 2333725, at *5; *Pierce v. County of Sierra* (E.D. Cal., June 3, 2013, No. 2:11-CV-2280 GEB AC) 2013 WL 2421710, at *3; *James v. Kiewit Infrastructure West Co.* (E.D. Cal., July 24, 2013, No. 2:12-CV-1651 WBS AC) 2013 WL 3863906, at *3.

- The attorney-client privilege only protects disclosure of communications; it does not protect the disclosure of the underlying *facts* by those who communicated with the attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

- A waiver of the attorney-client privilege occurs when a party discloses privileged information to a third party who is not bound by the privilege. *Bittaker v. Woodford*, 331 F. 3d 715, 719 (9th Cir. 2003).

- Not all communications with a lawyer are protected by the attorney-client privilege. Rather, the privilege only protects communications where legal advice is sought from a professional legal advisor in his/her capacity acting as such and that relate to the purpose of the representation. *U.S. v. Ruehle*, 583 F. 3d 600, 607 (9th Cir. 2009) [The attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, … as well as an attorney's advice in response"]; *Id*. at 607-608 [The party asserting the privilege bears the burden to prove each element of an eight-part test]; *In Re County of Erie,* 473 F. 3d 413, 419-

421, 423 (2nd Cir. 2007 [discussing legal v. nonlegal advice].

- A mixture of social exchanges and discussions about general legal issues is insufficient to trigger an attorney-client relationship. *United States v. Williams,* 720 F. 3d 674, 688 (8th Cir. 2013).

- "To imply an attorney-client relationship …. The law requires more than an individual's subjective, unspoken belief that the person with whom he is dealing, who happens to be a lawyer, has become his lawyer." *Sheinkoph v. Stone*, 927 F. 2d 1259, 1265 (1st Cir. 1991).

- A litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation. *Bittacker v. Woodford*, 331 F. 3d 715, 718-719 (9th Cir. 2003).

- Under the "fairness principle," federal courts apply a waiver of the attorney-client privilege by implication when a party takes a position in litigation that the opposing party cannot respond to without relying upon privileged communications. *Bittacker, supra*, 331 F. 3d at 719.

- The Ninth Circuit provides a three-factor test for determining when attorney-client privilege has been waived under the "fairness principle:" (1) "the party is asserting the privilege as the result of some affirmative act, such as filing suit," (2) "through this affirmative act, the asserting party puts the privileged information at issue," and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *United States v. Amlani*, 169 F. 3d 1189, 1195 (9th Cir. 1999); see also, *Radware, Ltd. v. A10 Networks, Inc.* (N.D. Cal. January 10, 2014, No. C-13-02021-RMW) 2014 WL 116428 *2 [applying fairness principle to a motion to disqualify counsel].

*See also,* Docket No. 38 at 4:7 to 6:9.

Despite the authorities supporting his position that the materials filed in opposition to the disqualification motion were properly included in the public record and not confidential, Defendant WHITNEY is not opposed to the materials being sealed and made accessible only to the Court and all parties.

### C. Defendant Opposes Plaintiff's Request to Strike

Plaintiff requested this Court strike, on an *ex parte* basis, the identified records, despite yesterday having filed a motion to strike those same pleadings, setting the hearing for March 8, 2024. *See*, Docket No. 35.

The documents at issue were originally filed on January 14, 2024. *Id.* Plaintiff could have, but did not, seek *ex parte* relief earlier, and has stated no exigency warranting *ex parte* relief on his pending motion to strike. As noted in *Mission Power Engineering Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Ca. 1995): "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have …."

Defendant should be permitted to respond to the motion on the standard briefing schedule so this Court has a full record upon which to rule. As a result, Defendant WHITNEY requests this Court deny the *ex parte* request to strike the identified records.

### CONCLUSION

There being no exigency to the motion to strike, Plaintiff's *ex parte* application to strike the listed pleadings should be denied.

Defendant has no objection to the Court promptly acting on the Request to Seal and issuing a ruling in connection with this *ex parte* application.

Defendant takes no position on whether the *ex parte* request to enjoin the media from publishing the information previously filed.

Dated: January 25, 2024   Respectfully Submitted,

Berry | Wilkinson | Law Group

By   /s/ *Alison Berry Wilkinson*
ALISON BERRY WILKINSON
Attorneys for Defendant JOHN WHITNEY