JOHN DAVID LOY, Cal. Bar No. 229235
FIRST AMENDMENT COALITION
534 4th Street, Suite B
San Rafael, CA 94901-3334
Telephone: 415.460.5060
Email        dloy@firstamendmentcoalition.org

Attorney for *Amicus Curiae* VALLEJO SUN LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN WHITNEY, CITY OF VALLEJO; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 23-cv-01972-KJM-JDP<br><br>**APPLICATION OF AMICUS CURIAE VALLEJO SUN LLC FOR LEAVE TO FILE AMICUS BRIEF IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**<br><br>Date:   January 26, 2024<br>Time:   11:00 am.<br>Crtrm.:  Crtm. 3 – 15th Flr<br>Judge:  Hon. Kimberly J. Mueller |

## I. INTRODUCTION

Pursuant to Local Rule 230 and the Court's inherent authority, Vallejo Sun LLC, publisher of the Vallejo Sun (collectively "Vallejo Sun") seeks leave to file the attached amicus brief in opposition to Plaintiff's so-called "Ex Parte Application," ECF No. 39, which seeks an unconstitutional prior restraint on publishing a story of strong public concern.

The Vallejo Sun is an independent news publication illuminating Solano County, California that was founded in 2021 by journalists who saw a need for in-depth reporting about local government, policing, and extremist movements in the region. *About*, Vallejo Sun, https://www.vallejosun.com/about/ (last visited Jan. 25, 2024). Plaintiff improperly seeks an order preventing the Vallejo Sun, a nonparty to this action, from publishing information of public concern that was and remains posted on this Court's public docket. As the docket does not show that the Vallejo Sun has been served with process or waived service of process, the Vallejo Sun is not subject to the Court's jurisdiction and is not obligated to appear as a party. However, due to the unusual procedural posture and urgency with which Plaintiff is pursuing this matter, the Vallejo Sun seeks leave to submit the attached amicus brief to explain why the Court lacks personal jurisdiction to enter any order against the Vallejo Sun and why the requested order would violate the First Amendment as an unconstitutional prior restraint on speech of public concern. The Vallejo Sun submits this application and attached brief without appearing as a party in this action or waiving any and all rights it has or may have, including but not limited to the right to contest the Court's personal jurisdiction over it.

## II. THE COURT HAS DISCRETION TO PERMIT THE FILING OF THE AMICUS BRIEF AND RELATED DOCUMENTS, AND SHOULD DO SO IN THIS CASE.

"The district court has broad discretion to appoint amici curiae. We may reverse an order appointing amici only if the district judge has abused his discretion." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds, Sandin v. Conner*, 515 U.S. 472 (1995); *Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2019 U.S. Dist. LEXIS 214578, at *3 (E.D. Cal. 2019). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his

participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).

"'Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence.'" *In re Roxford Foods Litig.*, 790 F. Supp. at 997 (quoting *United States v. Louisiana*, 751 F. Supp. at 620). Indeed, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Safari Club Int'l. v. Harris*, No. 2:14-cv-01856-GEB-AC, 2015 U.S. Dist. LEXIS 4467, at *2 (E.D. Cal. 2015) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)) (quotation omitted). "The touchstone is whether the amicus is helpful." *Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2019 U.S. Dist. LEXIS 214578, at *4. Under these standards, there is ample reason for the Court to consider this amicus brief.

## III.  CONCLUSION

For the foregoing reasons, the Court is respectfully requested to grant this application for leave to file the proposed amicus brief.

Dated:  January 25, 2024

FIRST AMENDMENT COALITION

By      */s/ David Loy*
     JOHN DAVID LOY
     Attorney for *Amicus Curiae*
     VALLEJO SUN LLC