JOHN DAVID LOY, Cal. Bar No. 229235
FIRST AMENDMENT COALITION
534 4th Street, Suite B
San Rafael, CA 94901-3334
Telephone:   415.460.5060
Email           dloy@firstamendmentcoalition.org

Attorney for *Amicus Curiae* VALLEJO SUN LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN WHITNEY, CITY OF VALLEJO; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 23-cv-01972-KJM-JDP<br><br>**[PROPOSED] BRIEF OF AMICUS CURIAE VALLEJO SUN LLC IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**<br><br>Date:　January 26, 2024<br>Time:　11:00 am.<br>Crtrm.:　Crtm. 3 – 15th Flr<br>Judge:　Hon. Kimberly J. Mueller |

## I. INTRODUCTION

The Vallejo Sun is an independent news publication about Solano County. *About*, Vallejo Sun, https://www.vallejosun.com/about/ (last visited Jan. 25, 2024). It was founded by journalists in 2021 to publish in-depth reporting about local government, policing, and extremist movements. *Id.* It publishes news of public concern squarely protected by the First Amendment. Plaintiff filed a so-called "ex parte application" that improperly seeks to prevent the Vallejo Sun from publishing information of public concern that was and remains posted on this Court's public docket. ECF No. 39. Plaintiff's counsel apparently learned of the Vallejo Sun's intent to publish when it asked for comment. Decl. of Lenore Albert, Esq. Ex. 2, ECF No. 39-1. The Vallejo Sun has published the article. Scott Morris, *Vallejo officer fired for Willie McCoy shooting had history of complaints before joining Vallejo police*, Vallejo Sun (Jan. 25, 2024), https://www.vallejosun.com/vallejo-officer-fired-for-willie-mccoy-shooting-had-history-of-complaints-before-joining-vallejo-police/. When counsel declined to comment, the Vallejo Sun properly exercised its editorial discretion to publish a newsworthy story about the conduct and qualifications of a police officer. The Vallejo Sun was under no obligation to refrain from publishing merely because Plaintiff improperly threatened to seek an unconstitutional prior restraint on speech. The "status quo" of newspapers "is to publish news promptly that editors decide to publish," and Plaintiff's threat improperly attempted to "impinge[] on the exercise of editorial discretion" protected by the First Amendment. *In re Providence J. Co.,* 820 F.2d 1342, 1351 (1st Cir. 1986).

Setting aside whether Plaintiff's application complies with applicable federal or local rules, which is not conceded, it cannot remotely justify seeking a court order for censorship of a newspaper's speech on matters of public concern. Procedurally, the Vallejo Sun is not a party to this case and has not been served with sufficient process to subject it to the Court's personal jurisdiction. Therefore, the Court has no authority to issue an injunction against it. Substantively, even assuming otherwise, the First Amendment squarely prohibits the prior restraint on speech sought by Plaintiff. The Court should therefore reject Plaintiff's improper attempt to censor a newspaper's protected speech.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER THE VALLEJO SUN OR AUTHORITY TO ISSUE AN ORDER AGAINST IT.

The Court lacks personal jurisdiction over the Vallejo Sun and has no authority to issue an order against it. Plaintiff sued the City of Vallejo, John Whitney, and Shane Bower, who has since been dismissed from the case. ECF No. 19. Plaintiff did not sue the Vallejo Sun, nor does the docket show that the Vallejo Sun has been served with a summons or otherwise subjected to this Court's jurisdiction. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). That failure is fatal to Plaintiff's misguided attempt to seek an injunction censoring the speech of the Vallejo Sun.

A federal court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Without service of process, the Vallejo Sun is not subject to this Court's jurisdiction or bound by its orders. "It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969) (citations omitted); *see also, e.g., R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999) ("Injunctive relief, by its very nature, can only be granted in an *in personam* action commenced by one party against another in accordance with established process. Consequently, a party cannot obtain injunctive relief against another without first obtaining *in personam* jurisdiction over that person or someone in legal privity with that person.") (citing Fed. R. Civ. P. 65(d)).

This Court has repeatedly confirmed that it may not issue an injunction against a nonparty not properly before the Court. *See, e.g., Salcido v. Moon*, No. 23-cv-01606, 2024 U.S. Dist. LEXIS 620, at *2–3 (E.D. Cal. Jan. 2, 2024); *Williams v. Beer*, No. 21-cv-00155, 2023 U.S. Dist. LEXIS 211770, at *4 (E.D. Cal. Nov. 28, 2023); *Brackett v. Anderson*, No. 21-cv-02282, 2023

U.S. Dist. LEXIS 187148, at *3 (E.D. Cal. Oct. 18, 2023). That principle is sufficient to mandate rejection of Plaintiff's improper attempt to censor the speech of the Vallejo Sun.

The mere allegation that Plaintiff emailed the ex parte application to the Vallejo Sun, Pl.'s Ex Parte Appl. Ex. 1, ECF No. 39-1, is insufficient to establish personal jurisdiction to issue an injunction. *R.M.S. Titanic*, 171 F.3d at 958 (vacating injunction against nonparty for lack of personal jurisdiction, where nonparty had never been served with process and party seeking injunction merely gave "informal notice of the motion's pendency," because "actual notice of [the] motion for an injunction … does not alone meet the formal requirements for obtaining personal jurisdiction"); *Vasquez v. Bailey*, No. CA 10-214 S, 2011 U.S. Dist. LEXIS 67682, *9 (D.R.I. May 13, 2011) (holding that mere notice to nonparties of motion for temporary restraining order and preliminary injunction "does not alter the fact that the Court still lacks jurisdiction over all of these individuals" due to lack of service of process "and may not grant either a T.R.O. or a preliminary injunction against them")

Even if Plaintiff were to contend that the Vallejo Sun were somehow acting in concert with a named defendant, which it has not done and would be meritless, the Vallejo Sun cannot be subjected to an injunction on that basis without the Court making that determination in a proceeding to which the Vallejo Sun has been made a party, which has not occurred. Fed. R. Civ. P. 65(d)(2); *Zenith Radio Corp.*, 395 U.S. at 112; *United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998). Accordingly, this Court lacks authority to issue any injunction against the Vallejo Sun.

### III.    PLAINTIFF IMPROPERLY SEEKS TO IMPOSE AN UNCONSTITUTIONAL PRIOR RESTRAINT ON PUBLICATION OF A NEWSWORTHY ARTICLE OF PUBLIC CONCERN.

Even if the Court somehow had authority to consider issuing an injunction against the Vallejo Sun, the injunction sought by Plaintiff would unquestionably violate the First Amendment. As the Supreme Court has explained, "court orders that actually forbid speech activities" are "classic examples of prior restraints." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (citation omitted). A "prior restraint on publication" is "one of the most extraordinary remedies known to our jurisprudence" and "the most serious and the least tolerable infringement on First

Amendment rights." *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559, 562 (1976). "Of all the constitutional imperatives protecting a free press under the First Amendment, the most significant is the restriction against prior restraint upon publication…. Prohibiting the publication of a news story or an editorial is the essence of censorship." *Providence J.*, 820 F.2d at 1345. No such restraint can be remotely justified in this case.

Plaintiff seeks to prohibit speech about the conduct and qualifications of a police officer, which are matters of paramount public concern. *Robinson v. York*, 566 F.3d 817, 822 (9th Cir. 2009) ("As a matter of law, the competency of the police force is surely a matter of great public concern.") (citation and quotation marks omitted); *Ass'n for L.A. Deputy Sheriffs v. L.A. Times Commc'ns LLC*, 239 Cal. App. 4th 808, 826 (2015) ("The public has a strong interest in the qualifications and conduct of law enforcement officers.").

Speech on "matters of public concern … is at the heart of the First Amendment's protection" and "occupies the highest rung of the hierarchy of First Amendment values," and it is thus "entitled to special protection." *Snyder v. Phelps*, 562 U.S. 443, 451–52 (2011) (citations and quotation marks omitted). Plaintiff cites no authority, for there is none, authorizing the Court to enjoin a newspaper's publication of information of public concern about a police officer.

Plaintiff cannot prevail in seeking to "restrain publication of a statement regarding the official conduct of a public officer on the ground that the statement was not wholly true or was presented in a deceptive manner." *Wilson v. Superior Ct.*, 13 Cal. 3d 652, 662 (1975); *Gilbert v. Nat'l Enquirer, Inc.*, 43 Cal. App. 4th 1135, 1145 (1996). Allegations about "invasion of privacy" are likewise insufficient to justify a prior restraint on speech. *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419–20 (1971). If "even the publication of the purloined Pentagon Papers concerning matters of national security could not be restrained," then certainly an article about a police officer's conduct may not be censored by prior restraint on the alleged ground it would invade the "right of privacy" or lead to "threatened harm to [his] reputation." *Gilbert*, 43 Cal. App. 4th at 1144, 1147 (citing *N.Y. Times Co. v. United States*, 403 U.S. 713 (1971)); *see also, e.g., Providence J.*, 820 F.2d at 1350 (holding alleged invasion of "privacy rights" was "insufficient basis for issuing a prior restraint" against newspaper).

Indeed, the California Court of Appeal rejected an attempt similar to Plaintiff's to impose an unconstitutional prior restraint on speech about law enforcement officers. *Ass'n for L.A. Deputy Sheriffs*, 239 Cal. App. 4th at 824 (affirming denial of injunction "to restrain a newspaper from publishing news articles on a matter of public concern: the qualifications of applicants for jobs as law enforcement officers"). As the court noted, the "cases invalidating prior restraints—especially restraints on publication by the press—are legion." *Id.* at 822 (citing cases). Plaintiff "has cited no case" justifying a prior restraint on the Vallejo Sun "because there is no such case. For more than 100 years, federal and state courts have refused to allow the subjects of potential news reports to stop journalists from publishing reports about them." *Id.* at 824 (citing *Providence J.*, 820 F.2d at 1348–49). Even if the Court had authority to issue an injunction against the Vallejo Sun, the prior restraint sought by Plaintiff would clearly violate the First Amendment.

It is no answer to suggest the materials discussed in the article are confidential and should have been filed under seal, which is not conceded. First, they were not in fact filed under seal, and any member of the press or public had a perfect right to view them. Second, even if the filing and posting of those materials on the Court's public docket was somehow inadvertent or improper, the Vallejo Sun retains the unquestioned First Amendment right to access and report on them as matters of public concern. *E.g.*, *Bartnicki v. Vopper*, 532 U.S. 514, 534 (2001); *Fla. Star v. B.J.F.*, 491 U.S. 524, 536–37 (1989); *Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97, 107 (1979); *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 838–40 (1978); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494–96 (1975); *Ass'n for L.A. Deputy Sheriffs*, 239 Cal. App. 4th at 819–20. Accordingly, Plaintiff's attempt to impose an unconstitutional prior restraint on the Vallejo Sun is meritless and must be rejected.

**IV.   CONCLUSION**

For the foregoing reasons, the Court is respectfully requested to deny Plaintiff's ex parte application to the extent it seeks a prior restraint on the speech of the Vallejo Sun.

Dated: January 25, 2024

FIRST AMENDMENT COALITION

By     */s/ David Loy*
        JOHN DAVID LOY
       Attorney for *Amicus Curiae*
         VALLEJO SUN LLC