1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Ryan McMahon,                              No. 2:23-cv-01972-KJM-JDP

12                     Plaintiff,               ORDER

13          v.

14   John Whitney, City of Vallejo, and Does 1
     through 10, inclusive,
15

16                     Defendants.

17          Plaintiff Ryan McMahon moves the court to strike and/or seal portions of defendant John

18   Whitney's opposition to Mr. McMahon's motion to disqualify counsel and, in addition, to

19   sanction Mr. McMahon and his attorney.  *See* Mot. Strike or Seal, ECF No. 35; Opp'n Mot.

20   Disqualify, ECF No. 31.  Mr. Whitney has opposed the motion to strike and for sanctions, Opp'n

21   Mot. Strike or Seal, ECF No. 42, and has filed a notice of request to seal the portions of his

22   opposition to the motion to disqualify at issue.  *See* Notice Req. Seal, ECF No. 38.  In addition,

23   Mr. McMahon has filed an ex parte application to strike, seal or, in the alternative, restrain a local

24   news outlet, the *Vallejo Sun*, from using the contested information.  *See* Ex Parte Appl., ECF

25   No. 39.  Mr. Whitney has responded to the ex parte application stating he does not object to the

26   motion to seal, opposes the motion to strike and does not take a position regarding the proposed

27   restraint on the *Vallejo Sun*.  *See* Response Ex Parte Appl., ECF No. 40.  The court takes the

1

1    matter under submission without holding a hearing.  The court **grants** Mr. McMahon's motion to

2    seal to the extent explained below.

3         The court begins with Mr. McMahon's motion to seal.  Because the pending request to

4    seal is tied to a "dispositive" motion, it can be granted only if the parties offer "a compelling

5    reason" to keep the information in question from the public.  *Center for Auto Safety v. Chrysler*

6    *Group, LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana v. City & County of*

7    *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  To decide whether the party requesting a seal

8    has carried that burden, the court balances the reasons for secrecy with the public's interests in

9    disclosure.  *See Kamakana*, 447 F.3d at 1179.  If a court decides to grant a request to seal, it must

10   explain its reasons and may not rely on "hypothesis or conjecture." *Id.* (quoting *Hagestad v.*

11   *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  In light of the strong presumption in favor of

12   access to court records, and given the frequency and overbreadth of many motions to seal, federal

13   courts deny motions to seal that merely cite "a general category of privilege." *See id.* at 1184.  A

14   party that wishes to keep its documents secret must point out a "specific linkage" between its

15   interests in secrecy and those documents.  *See id.*  "[C]onclusory offerings do not rise to the level

16   of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* at

17   1182.

18        Though the public has an interest in the content of the contested excerpts, Mr. McMahon

19   provides compelling reasons to seal.  He argues and provides evidence showing some of the

20   excerpts "contain[], refer[] or relate[] to records that are generally described as confidential

21   personnel records under the federal qualified privilege, California Penal Code § 832.7,

22   Cal[ifornia] Evid[ence] Code § 954."  Mot. Strike or Seal at 2, 5–10.  He also argues some of the

23   excerpts include privileged attorney client communications because Mr. Whitney's attorney,

24   Alison Berry-Wilkinson, previously represented Mr. McMahon.  *See id.* at 4–10.  In his ex parte

25   application, Mr. McMahon suggests the *Vallejo Sun* intends to run a story on the contents of the

26   contested excerpts.  *See* Ex Parte Appl. at 1–2.  The court finds Mr. McMahon has shown more

27   than just "conclusory offerings" and has shown "specific linkage[s]" between the contested

28   excerpts and Mr. McMahon's interests in secrecy under the federal qualified privilege and

1   attorney-client privilege. *Kamakana*, 447 F.3d at 1182, 1184. Moreover, Mr. Whitney does not

2   object to the motion to seal, *see* Opp'n Mot. Strike or Seal; Response Ex Parte Appl. at 1, and

3   agrees with Mr. McMahon regarding portions of the opposition and its exhibits the court should

4   seal, *see* Mot. Strike or Seal at 2; Notice Req. Seal at 6–7.

5        For these reasons, the court **grants** Mr. McMahon's motion to seal the portions of

6   Mr. Whitney's opposition to Mr. McMahon's motion to disqualify identified in the pending

7   motion. The court does so on the condition that Mr. Whitney promptly file a version of the

8   opposition on the public docket that redacts these portions only. Though Mr. McMahon's

9   pending motion includes a request for sanctions against Mr. Whitney and his attorney, the court

10  **denies** the request for sanctions without prejudice because he does not make an argument in

11  support of his request. Mot. Strike or Seal at 1–2. Because the motion to seal is granted and

12  resolves the central issue of removing the contested excerpts from the public docket, the court

13  **denies** the motion to strike without prejudice. Mr. Whitney's notice of request to seal, Notice

14  Req. Seal, is **moot**. The court **denies** Mr. McMahon's ex parte application request to restrain the

15  *Vallejo Sun* and finds the rest of the ex parte application **moot**. *See* Ex Parte Appl. The *Vallejo*

16  *Sun's* application to appear as amicus curae on the matter is **moot**. Appl. Amicus Curiae, ECF

17  No. 41. This order resolves ECF Nos. 35, 38, 39 and 41.

18       The court directs the Clerk of Court to seal defendant John Whitney's opposition to

19  plaintiff's motion to disqualify counsel, ECF No. 31, and directs defense counsel to resubmit

20  redacted versions of the same within two days, redacting only what the court has approved in this

21  order.

22       IT IS SO ORDERED.

23   DATED: January 30, 2024.

24

CHIEF UNITED STATES DISTRICT JUDGE

3