Alison Berry Wilkinson (SBN 135890)
Berry | Wilkinson | Law Group
165 North Redwood Drive, Suite 206
San Rafael, California
Telephone:     (415) 259.6638
Facsimile:      (877) 259.3762
Email: alison@berrywilkinson.com

Attorneys for Defendant
JOHN  WHITNEY

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO, and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:23-cv-01972-KJM-JDP<br><br>DEFENDANT JOHN WHITNEY'S OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO STRIKE DOCUMENT NOS. 31 31-2, 31-3, 31-4, and 31-21; AND SANCTIONS<br><br>Date:          March 29, 2024<br>Time:          10:00 a.m.<br>Courtroom:  3, 15th Floor<br>Judge:         Hon. Kimberly J. Mueller |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................2

TABLE OF AUTHORITIES ....................................................................4

INTRODUCTION .....................................................................................6

ARGUMENT .............................................................................................8

A.    The Motion Should Be Denied Because the Sole Authority Upon Which it is Based -- Fed. R. Civ. Proc. 12(f) -- Does Not Apply to the Type of Papers Plaintiff Seeks to Strike ....................................................................8

B.    The Motion Should Be Denied Because the Materials Were Filed for a Proper Purpose – to Refute the Claims Made in the Disqualification Motion............................10

C.    The Response Papers Did Not Violate the Attorney-Client Privilege ..................10

1.    Federal Law Supported the Submission of the Contested Excerpts....................11

2.    California Law Supported the Submission of the Contested Excerpts................15

3.    Plaintiff Has Not Met His Burden of Showing the Contested Excerpts Were Attorney-Client Privileged Communications ......................................................17

a.    The Communications Described in ECF 31 at 9:1-24, ECF 31-2 at 17:28 to 18:6 and ECF-21 Were Not Privileged ......................................17

4.    Plaintiff Has Failed to Show that Privilege Attached to the Assumption Defense Counsel Had When She Called Defendant on September 14, 2023, Which Was Described in ECF 31 at 10:5-8 ........................................................18

5.    The Communications with Plaintiff's Attorneys Described in ECF 31 at 11:15-21 and ECF 31 at 15:8-11 Are Not Subject to the Attorney-Client Privilege ................................................................................................19

a.    Plaintiff Submitted No Evidence Supporting His Claim that the Communication With Attorney Allen (ECF 31 at 11:15-21) Was Unauthorized, False, and/or Confidential................................................19

6.    ECF 31 at 13:6-7 Did Not Involve Privileged Communications ........................20

7.    Because the Broadmoor POA Excerpt in ECF 31 at 13:18-24 Simply Identified the Topic, Date, and Identity of the Participants for the January 2023 Communication, Not the Content, It Did Not Violate Privilege ................20

D.    The Limited Confidentiality Privilege Contained in California Penal Code Section 832.7 and the Federal Qualified Governmental Privilege Do Not Preclude this Court from Considering the Materials Presented ........................................................21

1.    Plaintiff Has Failed to Make the Requisite Showing that the Information Submitted Was "Obtained From" His Law Enforcement Personnel Files..........22

a.    The Case Numbers Listed Were Not Obtained from Plaintiff's Personnel Records; Rather, They Were Assigned By a Third Party to Track the Legal Services Provided By Defense Counsel ........................22

2

b.      Plaintiff Has Failed to Show the Information Recited in the PORAC LDF Case Reports Came From, or Was Ever Contained in, His Personnel File ........................................................................................23

2.     Even if the Records Included Information Obtained from Plaintiff's Law Enforcement Personnel File, It Can Still Be Considered by this Court Since the Information Provided is Relevant and Material to the Issues Presented by Plaintiff in His Disqualification Motion............................................23

3.     False Statements Published in an Established Medium of Communication Are Not Protected by California Penal Code section 832.7 .................25

E.    This Court Should Decline to Strike Material Simply Because it Does Not Support Plaintiff's Narrative ...............................................................................................25

CONCLUSION ........................................................................................................26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND SANCTIONS
*McMahon v. Whitney, Case No. 2:23-cv-01972-KJM-JDP*

**Cases**

Brooks v. County of San Joaquin, 275 F.R.D. 528, 533 (E.D. Cal. July 5, 2011); ..................................24

Acinelli v. Blackmon, 2014 WL 12700993 *2 (C.D. Cal. August 6, 2014) ...........................................24

Barefield v. HSBC Mortgage Servs., Inc., 2023 WL 2529638, at *10–11 (E.D. Cal. Mar. 15, 2023) .8,10

Bittaker v. Woodford, 331 F. 3d 715, 718-719 (9th Cir. 2003), .......................................................12, 13

City of Santa Cruz v. Municipal Court (1989) 49 Cal. 3d 74. .................................................................25

Cortina v. Goya Foods, Inc. 2015 WL 11251806 *2 (S.D. Cal. October 7, 2015) .................................21

Coy v. Superior Court, 58 Cal. 2d 210, 219-223 (1962); ........................................................................21

Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) .........................................8

Davis v. Kissenger, 2007 WL 127776, at *6 (E.D. Cal. Jan. 11, 2007)....................................................8

Deocampo v. City of Vallejo, 2007 WL 1589541 (E.D. Cal. June 1, 2007); ..........................................24

Doe v. Uber Technologies, Inc., 2022 WL 767088 *3 (N.D. Cal. March 11, 2022) ...............................21

Doyle v. Gonzales, 2011 WL 3925045 *2-4 (E.D. Cal. September 8, 2011); ..........................................24

Estate of Contreras v. County of Glenn, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010).........................10

Fagan v. Superior Court (2003) 111 Cal. App. 4th 607 ..........................................................................25

Fitzgerald v. City of Fresno, 2022 WL 1204707 *7 (E.D. Cal., Apr. 22, 2022).....................................24

Foley v. Pont, 2013 WL 782856, at *4 (D. Nev. Feb. 28, 2013) ..............................................................9

Garcia v. Juarez, 2016 WL 3648938 *5 (E.D.Cal. July 8, 2016),...........................................................24

Gearhart v. Solano County, 2008 WL 2560703 (E.D. Cal. June 24, 2008) ............................................24

Gerawan Farming, Inc. v. Townsend & Townsend & Crew LLP, 2011 WL 4440188, at *1 (E.D.
        Cal. Sept. 23, 2011) ....................................................................................................................11

Gomez v. Biomet 3I, LLC, 2022 WL 1302885 (E.D. Louisiana May 2, 2023).........................................9

Hallon v. City of Stockton 2012 WL 394200 *4-5 (E.D. Cal. Feb 6, 2012)......................................22, 24

HLC Properties, Ltd. v. Superior Court, 35 Cal. 4th 54, 59 (2005). ......................................................17

In re Department of Investigation of New York, 856 F. 2d 481, 483-484 (2d Cir. 1988) ........................23

In re Dimas, LLC, 357 B.R. 563, 588, 2006 WL 3833924 (Bankr. N.D. Cal. 2006), ............................16

In re Horowitz, 482 F.2d 72, 81 (2d Cir.1973)........................................................................................17

In re Rindlisbacher, 225 B.R. 180, 183, 1998 WL 687215 (B.A.P. 9th Cir. 1998). ...............................17

In re Tesla Sec. Litig, 477 F.Supp.3d 903, 920 (N.D. Cal. 2020); ...........................................................9

Jones v. Metropolitan Life Ins. Co., 845 F. Supp. 2d 1016 (N.D. Cal. 2012)........................................10

Mier v. CVS Pharmacy, Inc. 2021 WL 3468932 *1 (C.D. Cal. April 30, 2021) ....................................21

Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005) ....................................................................8

Morrissey v. City of New York, 171 F.R.D. 85, 90 (S.D. N.Y. 1997)......................................................24

Neal v. Bank of America, N.A., 2012 WL 3638762, at *1 (D. Az. Aug. 24, 2012) .................................9

Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005)................................................10

Olson v. Bynum 2021 WL 6000012 *1 (E.D. Cal. December 20, 2021).....................................................9

People v. Ledesma, 39 Cal. 4th 641 (2006). ...........................................................................................15

Phillips v. HSL Props., Inc., 683 Fed. Appx. 599 (2017..........................................................................10

Radware, Ltd. v. A10 Networks, Inc., 2014 WL 116428 *2 (N.D. Cal. January 10, 2014) ......................1

Rosales v. City of Los Angeles (2000) 82 Cal. App. 4th 419 ..................................................................25

Sanchez v. City of Santa Ana, 936 F. 2d 1027, 1033 (9th Cir. 1991) .......................................23

Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880 (9th Cir. 1983) .................................8, 22

Sigfried v. City of Easton, 146 F.R.D. 98, 101 (E.D. Pa. 1991) ..........................................24

State Farm Fire & Casualty Co. v. Superior Court, 54 Cal. App. 4th 626, 639-641 ..............21

Sunlight Saunas, Inc. v. Sundance Sauna, Inc. 427 F. Supp. 2d 1022 (D. Kansas April 5, 2006)............9

U.S. v. Ruehle, 583 F. 3d 600, 607-608 (9th Cir. 2009) ....................................11, 18

United States v. Amlani, 169 F. 3d 1189, 1195 (9th Cir. 1999)..........................................13

United States v. Ballard, 779 F.2d 287 (5th Cir. 1986),..........................................11

United States v. Bauer, 132 F.3d 504, 507 (9th Cir. 1997) ..........................................17

United States v. Chen, 99 F.3d 1495, 1501 (9th Cir.1996)..........................................17

United States v. Freeman, 519 F. 2d 67, 68 (9th Cir. 1975)..........................................21

United States v. Gray, 876 F. 2d 1411, 1415 (9th Cir. 1989)..........................................21

United States v. Martin, 278 F.3d 988, 999 (9th Cir.2002)..........................................17

United States v. Plache, 913 F.2d 1375, 1379 (9th Cir.1990) ..........................................17

United States v. Ruehle, supra, 583 F. 3d at 607 (9th Cir. 2009)..........................................18

United States v. Ruehle, supra, 583 F.3d at 607 (9th Cir. 2009)..........................................17

Vujicich v. Vanderberg, 2013 WL 8256245, at *1-2 (C.D. Cal. Oct. 2, 2013) .......................9

Weil v. Inv./Indicators, Research & Mgmt., Inc., 647 F.2d 18, 24 (9th Cir.1981) .................17

**Statutes**

Cal. Evid. Code §1045..........................................19, 24

Cal. Evid. Code §952..........................................19

Cal. Evid. Code § 954..........................................18

Cal. Evid. C. § 958 ..........................................15, 16, 17

Cal. Evid. C. §§1043..........................................25

Cal. Evid. Code §1045..........................................19, 24

Cal. Pen. C. §832.7..........................................passim

**Rules**

Fed. R.  Civ. Proc. 12(f) ..........................................2, 7, 8, 9

Fed. R. Civ. Proc. 7 ..........................................7

Fed. R. Evid. 502(a). ..........................................14

## INTRODUCTION

This is the third attempt[1] by Plaintiff to strike materials filed in response to his disqualification motion. It is also the second effort to secure sanctions.[2] In this sanctions request, Plaintiff once again presented no supporting arguments or authorities. Having now failed twice to provide any support whatsoever for sanctions, the request should again be denied, this time with prejudice.

The motion to strike should likewise be denied. Plaintiff asks this Court to strike the pleadings in their entirety, which would effectively leave the disqualification motion unopposed[3] and severely prejudice Defendant. Plaintiff cites no authority to support such a sweeping outcome.

The motion should also be denied because the contested excerpts all served a proper purpose in that the information submitted was directly relevant to the issues raised by the disqualification motion and were targeted narrowly to only that which was necessary to assist the Court in evaluating the issues Plaintiff presented.

In the disqualification motion, Plaintiff specifically charged defense counsel with improper conduct, including a violation of her ethical duties to a former client. The allegations included assertions that a "substantial relationship" exists between the prior representation and Plaintiff's current lawsuit. The contested excerpts disprove that contention and contain only the limited and basic information necessary to affirmatively demonstrate there is no connection, as well as to refute Plaintiff's contention that the representation was provided while he was employed at the San Pablo Police Department.[4] Thus, the contested excerpts all served a proper purpose as they were directly relevant to issues Plaintiff raised in the disqualification motion he filed.

---

[1] The prior efforts to strike are located at ECF 35 and 39. Defendant opposed both efforts. ECF 40, 42. At ECF 43, this Court sealed the contested excerpts and then denied the motion to strike without prejudice.

[2] Sanctions were previously sought in ECF 35. That request was denied because, like here, Plaintiff "[did] not make an argument in support of his request." ECF 43 at 3:11-13.

[3] As noted in *Sidney-Vinstein v. A.H. Robins Company*, 697 F. 2d 880, 885 (9th Cir. 1983): "the effect of granting the [] motion to strike would be to delete from the record both the motion … and all supporting briefs and evidentiary exhibits."

[4] As noted in the disqualification opposition, the representation was provided while Plaintiff was employed at the Sausalito and Central Marin Police Departments. See, ECF 31-2 at ¶¶21-26. A month later, Plaintiff's counsel filed a Notice of Errata (ECF 51) but has yet to correct, withdraw, or replace the declarations that contain false facts.

Plaintiff further contends the excerpts related to the representation previously provided should be stricken from the record (and by extension not considered by this Court in evaluating the disqualification motion) because they are protected by the federal law enforcement privilege and California Penal Code section 832.7. However, those privileges are not absolute. Where such confidential information is relevant and material to the pending dispute, it is disclosable. Thus, the motion to strike those excerpts should be denied.

The disqualification motion also asserted the attorney-client relationship between Plaintiff and defense counsel continued while Plaintiff worked for the Vallejo Police Department. The contested excerpts were submitted to affirmatively demonstrate that no attorney-client relationship existed once the prior representation concluded in 2016, which was before Plaintiff joined the Vallejo Police Department. As the information and materials submitted were directly relevant to the disqualification motion, the motion to strike should be denied.

In circumstances (such as here) where an attorney is required to defend herself against charges of improper conduct, both federal and state law permit revelation of otherwise privileged communications without violating the ethical rules of confidentiality or the attorney-client privilege. Federal law considers charges of attorney improper conduct to amount to an implied waiver of the attorney client privilege whereas California law establishes a statutory exception to the attorney-client privilege. Each confirm that when Plaintiff put defense counsel's performance at issue by filing the disqualification motion, she was entitled to submit otherwise privileged information to refute the allegations. Thus, the motion to strike should be denied.

Finally, the motion to strike should be denied as improper. Plaintiff relies exclusively on Fed. R. Civ. Proc. 12(f) for his request. However, that rule applies only to striking "pleadings." A brief and supporting exhibits submitted in opposition to a motion are not pleadings. See, Fed. R. Civ. Proc. 7(a) [pleadings include complaint, answer, reply to counterclaim, answer to counterclaim, third-party complaint and third party answer]. Numerous authorities in the Ninth Circuit hold that the use of Rule 12(f) in circumstances such as these is inappropriate.

As this third motion to strike has no merit, is procedurally improper, and the sanctions request is unsupported, it should be denied, with prejudice.

**ARGUMENT**

**A.**     **The Motion Should Be Denied Because the Sole Authority Upon Which it is Based -- Fed. R. Civ. Proc. 12(f) -- Does Not Apply to the Type of Papers Plaintiff Seeks to Strike**

Plaintiff relies exclusively on Federal Rule of Civil Procedure 12(f) as the basis for his motion to strike.[5] However, as the Ninth Circuit has observed: "[u]nder the express language of [Rule 12(f)], only *pleadings* are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) [emphasis added]. The term "pleadings" is limited to: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Neither motions, response briefs, declarations nor exhibits are identified as pleadings under Rule 7(a).[6] Consequently the relief requested by Plaintiff here – to strike the papers filed by Defendant in response to the disqualification motion -- is unavailable under Rule 12(f).

Multiple Ninth Circuit authorities confirm that motions are not pleadings. See, e.g., *Sidney-Vinstein, supra,* 697 F. 2d at 885; *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ["Rule 7(a) defines 'pleadings' … [a]nything else is a motion or paper."]; *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) ["[a] motion to dismiss is not a 'responsive pleading'"].

Federal district courts – including the Eastern District of California --  have repeatedly held that because motions are not pleadings such filings are not subject to a Rule 12(f) motion to strike. See, e.g., *Barefield v. HSBC Mortgage Servs., Inc.*, 2023 WL 2529638, at *10–11 (E.D. Cal. Mar. 15, 2023) [court declined to strike a motion under Rule 12(f) "because motions are not pleadings"];  *Davis v. Kissenger*, 2007 WL 127776, at *6 (E.D. Cal. Jan. 11, 2007) ("By definition, a

---

[5] While Defendant acknowledges that this Court has inherent authority to strike pleadings, Plaintiff does not request such relief, and instead relies solely on Fed. R. Civ. Proc. 12(f). As Plaintiff provided no arguments or authorities in support of the Court exercising authority under any provision other than Rule 12(f), this motion to strike should be denied.

[6] Rather, motions are addressed separately in Fed. R. Civ. P. 7(b).  That motions and pleadings are distinct forms of court filings is further emphasized in Rule 7(b)(2), which states: "The rules governing captions and other matters of form in pleadings apply to motions and other papers."

motion to dismiss is not a pleading…. [a]ccordingly, the court rejects plaintiff's motion to strike defendants' motion pursuant to Rule 12(f)."); *Braggs v. Ricketts* 2023 WL 3824981 at fn. 2 (E.D. Cal. June 5, 2023) ["Because an IFP application is not a pleading, a motion to strike is not a proper vehicle for challenging plaintiff's IFP application]; *Olson v. Bynum* 2021 WL 6000012 *1 (E.D. Cal. December 20, 2021) [Rule 12(f) motions "[c]annot be used to strike an affidavit or declarations, as these are not pleadings"]; *Parker v. CMRE Financial Services, Inc.*, 2007 WL 3276322 (S.D. Cal. Nov. 5, 2007, Case No. 07cv1302) [denying to strike a sentence from a reply brief because the requested relief "is not available under Rule 12(f)]; *Foley v. Pont*, 2013 WL 782856, at *4 (D. Nev. Feb. 28, 2013) [denying motion to strike opposition brief and exhibits because "motions to strike apply *only* to pleadings, and courts are unwilling to construe the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto" (emphasis in original)]; *In re Tesla Sec. Litig*, 477 F.Supp.3d 903, 920 (N.D. Cal. 2020); *Vujicich v. Vanderberg*, 2013 WL 8256245, at *1-2 (C.D. Cal. Oct. 2, 2013); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.* 427 F. Supp. 2d 1022 (D. Kansas April 5, 2006) ["A brief in support of a *Daubert* motion is not a pleading" subject to strike under Rule 12(f)]; *Neal v. Bank of America, N.A.*, 2012 WL 3638762, at *1 (D. Az. Aug. 24, 2012) [finding use of Rule 12(f) to strike a motion was "inappropriate"].

It thus naturally follows that the response Defendant filed to the disqualification motion at ECF-31, along with the supporting declaration and exhibits at ECF 31-2, 31-3, 31-4, and 31-21, are not subject to a Rule 12(f) motion to strike.

The only authority cited in Plaintiff's motion to support his contention that this Court can strike material not contained in the pleadings of this case under Fed. R. Civ. Proc. 12(f) is a decision out of Louisiana: *Gomez v. Biomet 3I, LLC*, 2022 WL 1302885 (E.D. Louisiana May 2, 2023). In that case, after noting "Rule 12(f) does not apply to a motion seeking to strike an affidavit," the court considered the issues anyway, ultimately determining it "need not resolve" the question of whether the alleged attorney-client privileged materials should be struck from the record because "movant has simply made a blanket invocation of privilege" rather than showing "on a document-by-document basis" that the attorney-client privilege applied. *Id.* at *5. Thus, even the authority cited by Plaintiff does not support his claim that the contested excerpts can be stricken under Rule 12(f).

During a meet and confer related to whether the motion to strike was appropriate under Rule 12(f), Plaintiff claimed the Ninth Circuit has used that provision to strike papers that were not pleadings, and provided counsel with citations to two cases she asserted supported that principle. Declaration of Alison Berry Wilkinson [hereafter "Wilk. Decl."] at ¶¶9-10.

Both citations are inapposite. The first case, *Phillips v. HSL Props, Inc.*, 683 Fed. Appx. 599 (2017) did not involve a motion to strike brought pursuant to Rule 12(f), but, rather, Fed. R. Civ. Proc. 11(b)(1). Nowhere in the motion to strike does Plaintiff reference Rule 11 in support of his motion to strike. Consequently, the authority cited is inapplicable.

The second case cited, *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016 (N.D. Cal. 2012) *aff'd in part, rev'd in part,* and remanded at 555 Fed. Appx. 733, likewise did not involve a motion pursuant to Rule 12(f). Rather, it was brought under Federal Rule of Evidence 408 to enforce the confidentiality of mediation materials that had been submitted in response to a request to set a further case management conference.

As Plaintiff makes no arguments supporting striking the pleadings under the court's inherent authority, Rule 11, or any authority other than Rule 12(f), the motion should be denied.

**B.     The Motion Should Be Denied Because the Materials Were Filed for a Proper Purpose – to Refute the Claims Made in the Disqualification Motion**

Generally, motions to strike "are disfavored and infrequently granted." *Neveau v. City of Fresno,* 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). Thus, a motion to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. *Id.*; see also, *Barefield v. HSBC Mortgage Services, Inc.* 2023 WL 2529638 *10 (E.D. Cal. 2023); *Estate of Contreras v. County of Glenn*, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010).

As shown herein, the excerpts cited are all directly related to claims made in the disqualification motion: specifically, that there was a "substantial relationship" between the prior representation and the current litigation and whether an attorney-client privilege existed while Plaintiff was employed at the Vallejo Police Department. As a result, the motion should be denied.

**C.     The Response Papers Did Not Violate the Attorney-Client Privilege**

Plaintiff contends the following excerpts were submitted in violation of the attorney-client

privilege: ECF 31-2: at 5:18 to 6:5 [related to discussion about lateralling to Vallejo]; ECF 31 at 9:1-24, ECF 31-2 at 17:28 to 18:6 and ECF-21 [regarding their July 20, 2020 discussion]; ECF 31 at 10:5-8 [regarding their September 13, 2023 telephone call]; ECF 31 at 11:15-21 [regarding the July 29, 2020 communication with Plaintiff's then-attorney Dale Allen]; ECF 31:2-24 [regarding the August 4, 2020 communication with Plaintiff's then-attorney Justin Buffington]; ECF 31 at 13:6-7 [regarding the August 2021 communication with Plaintiff's then-attorney Justin Buffington]; and ECF 13:18-24 [regarding the January 2023 Broadmoor POA communication].

In circumstances (such as here) where an attorney is required to defend herself against charges of improper conduct, both federal and state law permit revelation of otherwise privileged communications without violating the ethical rules of confidentiality or the attorney-client privilege. Federal law considers charges of attorney improper conduct to amount to an implied waiver of the attorney client privilege whereas California state law establishes a statutory exception to the attorney-client privilege. Each permitted the submission of otherwise privileged information to refute the allegations made in the disqualification motion.

Additionally, the burden of proving that a communication was protected by the attorney-client privilege rests with the person asserting the privilege. *U.S. v. Ruehle*, 583 F. 3d 600, 607-608 (9th Cir. 2009) [The party asserting the privilege bears the burden to prove each element of an eight-part test]. As shown herein, Plaintiff is unable to meet that burden with regard to the contested excerpts.

Thus, the motion should be denied.

**1.      Federal Law Supported the Submission of the Contested Excerpts**

In *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986), the court expressly held: "A lawyer may reveal otherwise privileged communications from his clients in order to defend himself against charges of improper conduct, without violating the ethical rules of confidentiality or the attorney-client privilege." *Id.* at 292. That principle has been cited with approval in the Eastern District, which has likewise held that an attorney "may use otherwise privileged communications, [] if relevant, to defend themselves" against the improper conduct charged. *Gerawan Farming, Inc. v. Townsend & Townsend & Crew LLP*, 2011 WL 4440188, at *1 (E.D. Cal. Sept. 23, 2011). After discussing the *Ballard* decision and applying the reasoning set forth therein, the *Gerawan* court

11

stated:

> [E]ach defendant is free to use communications each had with Plaintiff that were privileged until this litigation was filed to defend themselves in this matter – as long as these communications are relevant to the issues raised here – they are not free to disclose these communications outside of these proceedings.[7]

*Id.* at *2.

As the excerpts submitted were directly relevant and narrowly limited to the issues raised by the disqualification motion, under the above authorities, defense counsel was free to disclose the privileged information in this proceeding to refute the claims made by Plaintiff. Thus, the excerpts should not be stricken.

The Ninth Circuit is in accord. In *Bittaker v. Woodford*, 331 F. 3d 715, 718-719 (9th Cir. 2003), the court found that where an attorney's performance is put directly in issue during litigation, any applicable attorney-client privilege is waived. The Ninth Circuit noted:

> The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation dates back to at least *Hunt v. Blackburn*, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488 (1888), where the Court stated: "When Mrs. Blackburn entered upon a line of defence which involved what transpired between herself and Mr. Weatherford [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter." *Id*. at 470–71, 9 S.Ct. 125. The Court thought this proposition so self-evident it felt no need to support it with either citation to authority or further analysis. In the intervening years, courts and commentators have come to identify this simple rule as the fairness principle. See, e.g., *United States v. Amlani*, 169 F.3d 1189, 1196 (9th Cir.1999); 8 John Henry Wigmore, Evidence in Trials at Common Law § 2327, at 636 (John T. McNaughton rev., 1961) [hereinafter Wigmore on Evidence ]. The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. See, e.g., *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir.1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield."); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 503.41[1], at 503– 104.1 to.2 (Joseph M. McLaughlin ed., 2d ed. 2003) ("[T]he privilege may

---

[7] At the behest of Plaintiff's counsel, Defendant requested this Court seal the excepts he claims were attorney-client privileged. Although ample authority supports that those excerpts did not qualify for the privilege asserted, defense counsel nonetheless filed an application for sealing (ECF 38) and did not oppose Plaintiff's *ex parte* application for sealing (ECF 39). Those excerpts were sealed by order of this Court on January 31, 2024 (ECF 43).

12

be found to have been waived by implication when a party takes a position in litigation that makes it unfair to protect that party's attorney-client communications .... The doctrine of waiver by implication reflects the position that the attorney-client privilege was intended as a shield, not a sword." (internal quotation marks omitted)). In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege. See, e.g., Christopher B. Mueller & Laird C. Kirkpatrick, Evidence: Practice Under the Rules § 5.30, at 549 (2d ed. 1999) ("Substantial authority holds the attorney-client privilege to be impliedly waived where the client asserts a claim or defense that places at issue the nature of the privileged material.").

*Bittaker v. Woodford*, supra, 331 F.3d at 718–19 (9th Cir. 2003)

The Ninth Circuit has established a three-factor test for determining when the attorney-client privilege has been waived under the fairness principle: (1) "the party is asserting the privilege as the result of some affirmative act," (2) "through this affirmative act, the asserting party puts the privileged information at issue," and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *United States v. Amlani*, 169 F. 3d 1189, 1195 (9th Cir. 1999); see also, *Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 116428 *2 (N.D. Cal. January 10, 2014) [applying fairness principle to a motion to disqualify counsel].

The first two factors were met when Plaintiff filed his disqualification motion, ECF 28. In that motion, Plaintiff contended not only that defense counsel's prior representation of him while employed at the Sausalito and Central Marin Police Departments[8] was substantially related to this pending litigation, but also that their attorney-client relationship continued after Plaintiff joined the Vallejo Police Department. The affirmative act of making those two claims placed directly in issue the material Plaintiff now claims is privileged and confidential and should be stricken from the record.

The third factor has also been met. Absent application of the "fairness principle" and an implied waiver, Defendant would be denied the ability use vital information necessary to

_____

[8] Plaintiff mis-identified his prior employment as being at the San Pablo Police Department. See, ECF 31-2 at ¶¶21-26.

13

demonstrate that the prior representations are unrelated to the present controversy, such as ECF 31 at Sections II(A) and III(C)(1); ECF 31-2 at Section A (¶¶6-28). Further, Defendant would be deprived of the ability to demonstrate that the attorney-client relationship with Plaintiff ended prior to Plaintiff joining the Vallejo Police Department and that no attorney-client relationship was formed by his direct and indirect contacts with defense counsel after he joined the Vallejo Police Department. See, ECF 31 at Sections II(B-D and III(C)(2) and (3); ECF. 31-2 at Sections (B)-(D) (¶¶33-98).

Last, absent application of the fairness principle, Defendant would be deprived of the ability to demonstrate that various facts relied upon by Plaintiff in the disqualification motion were false. For example, as noted in opposition to the disqualification motion, Plaintiff falsely contended defense counsel represented him while employed at the "San Pablo" Police Department. ECF 31 at fn. 2; ECF 31-2 at ¶¶21-26. Reliance on privileged and/or confidential information was necessary to demonstrate that this fact was not true, as well as to correct the misrepresentations of other facts that were included by Plaintiff in the motion.

Federal Rule of Evidence 502(a) is in accord. When a "disclosure is made in a federal proceeding", the attorney-client privilege is waived as to "an undisclosed communication or information" when "the disclosed and undisclosed communications or information concern the same subject matter." Fed. R. Evid. 502(a).[9] Here, Plaintiff disclosed information about the prior representations and his communications with defense counsel while employed at Vallejo in a false and misleading fashion. Defendant responded only as to the matters for which Plaintiff made his disclosures. The excerpts selected were succinct and contained only that amount of minimal information necessary to disprove the claims. Documents that provided more detail concerning the events were withheld. In other words, privilege was maintained for all other communications that occurred during the course of the prior representation.

The annotations to Fed. R. Evid. 502(a) further reinforce the right of defense counsel to have disclosed the information presented in opposition to the disqualification motion. Those annotations

---
[9]

emphasize that following "a voluntary disclosure in a federal proceeding," a subject matter waiver can occur when "fairness requires a further disclosure of related protected information in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary". Fed. Rules Evid., rule 502, 28 U.S.C.A. [Advisory Committee Note (a)]. The annotation further stated:

> The language concerning subject matter waiver – "ought in fairness" -- is taken from Rule 106, because the animating principle is the same. Under both Rules, a party that makes a selective, misleading presentation that is unfair to the adversary opens itself to a more complete and accurate presentation.

*Id.*

Consequently, to the degree any of the information presented in the disqualification opposition was either privileged or confidential, under federal law Plaintiff waived those protections by placing the context of his relationship with defense counsel directly in issue.

### 2. California Law Supported the Submission of the Contested Excerpts

California Evidence Code section 958 states:

> There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship.

Cal. Evid. Code §958.

The California Supreme Court has held that this provision "establishes an exception to the [attorney-client] privilege, not a waiver." *People v. Ledesma*, 39 Cal. 4th 641 (2006). The California Supreme Court further held:

> The purpose of the exception to the attorney-client privilege established by Evidence Code section 958 is to avoid the injustice of permitting "a client either to accuse his attorney of a breach of duty and to invoke the privilege to prevent the attorney from bringing forth evidence in defense of the charge or to refuse to pay his attorney's fee and invoke the privilege to defeat the attorney's claims." (7 Cal. Law Revision. Com. Rep., *supra,* p. 176.)

*People v. Ledesma*, supra 39 Cal. 4th at 694 (2006).

Here, it was Plaintiff who raised the issues in his motion to disqualify. There was no breach

15

of former counsel's ethical duties by submitting evidence that rebutted the contentions made.  Indeed, as noted *supra*, the disqualification motion alleged that defense counsel violated the duties owed to Plaintiff and breached the obligations imposed toward former clients.  Those allegations thus triggered the exception to the attorney-client privilege doctrine contained in Cal. Evid. Code §958.

Federal case law applying Cal. Evid. Code §958 is in accord.  For example, the federal bankruptcy court held: "Counsel is released from the duty of non-disclosure where necessary to protect counsel's own rights, such as when counsel's integrity, good faith, authority or performance of duties is questioned."  *In re Dimas, LLC*, 357 B.R. 563, 588, 2006 WL 3833924 (Bankr. N.D. Cal. 2006), *aff'd in part, rev'd in part*, 2009 WL 7809032 (B.A.P. 9th Cir. Feb. 25, 2009).  In that matter, disclosure of privileged information occurred in response to the objections raised to the fees charged by an attorney.

The United States Bankruptcy Panel of the Ninth Circuit, also relying upon California state law, has likewise held, stating:

> The general rule is that an attorney may reveal confidences and secrets where it is necessary to do so to get paid or to defend himself against charges of improper conduct. *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir.), cert. denied, 475 U.S. 1109, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986); *In re Featherworks Corp.*, 25 B.R. 634, 645 (Bankr.E.D.N.Y. 1982), aff'd on other grounds 36 B.R. 460 (E.D.N.Y.1984). Unlike the Model Rules of Professional Conduct and the American Bar Association's Code of Professional Responsibility, cited in those cases, the California ethical rules relating to duties of an attorney do not contain any explicit exception allowing use of client confidences when it is necessary to defend the attorney's rights.
>
> The exception to the prohibition on disclosure of client confidences is, however, codified in California's privilege rules. The privilege does not apply to any "communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship." Cal.Evid.Code § 958. Under this rule, the attorney is released from the obligations of secrecy when the disclosure of communications, otherwise privileged, becomes necessary to the protection of the attorney's own rights, such as when the attorney's integrity, good faith, authority or performance of duties is questioned. *Arden v. State Bar of Cal.*, 52 Cal.2d 310, 320, 341 P.2d 6 (1959); *Carlson, Collins, Gordon & Bold v. Banducci*, 257 Cal.App.2d 212, 227–28, 64 Cal.Rptr. 915 (1967).

16

*In re Rindlisbacher*, 225 B.R. 180, 183, 1998 WL 687215 (B.A.P. 9th Cir. 1998).

The exception to the attorney-client privilege established by Cal. Evid. C. § 958 was intended for precisely the type of situation that has occurred here. Thus, defense counsel was permitted to submit otherwise privileged information directly relevant to, and in defense of, the allegations contained in the disqualification motion. The motion to strike should thus be denied.

### 3. Plaintiff Has Not Met His Burden of Showing the Contested Excerpts Were Attorney-Client Privileged Communications

The burden of proving that a communication was subject to the attorney-client privilege rests with the person asserting the privilege. *U.S. v. Ruehle*, 583 F. 3d 600, 607-608 (9th Cir. 2009). Plaintiff is unable to meet that burden with regard to the contested excerpts.

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures." *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997) [quoting *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir.1996)]. In California, the privilege is defined by statute. *HLC Properties, Ltd. v. Superior Court*, 35 Cal. 4th 54, 59 (2005).

"The fact that a person is a lawyer does not make all communications with that person privileged." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir.2002) (citing *Chen, supra*, 99 F.3d at 1501). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." Id. (quoting *Weil v. Inv./Indicators, Research & Mgmt., Inc*., 647 F.2d 18, 24 (9th Cir.1981); accord *United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir.1990). "[T]he privilege stands in derogation of the public's 'right to every man's evidence' and as 'an obstacle to the investigation of the truth,' [and] thus, ... '[i]t ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.' " *In re Horowitz*, 482 F.2d 72, 81 (2d Cir.1973) (citations omitted). See also, *United States v. Ruehle, supra,* 583 F.3d at 607 (9th Cir. 2009).

As shown below, Plaintiff cannot meet his burden of showing that the following contested excerpts constituted attorney-client privileged communications.

### a. The Communications Described in ECF 31 at 9:1-24, ECF 31-2 at 17:28 to 18:6 and ECF-21 Were Not Privileged

17

Plaintiff does not dispute that his attorney-client relationship with defense counsel was expressly severed in June 2016 nor did he move to strike the evidence supporting that contention, which was located at ECF 31-2 at 4:17 to 5:2, as well as at ECF 31 at 8:24 to 9:1. Plaintiff also does not contest the authenticity or accuracy of the evidence submitted concerning the July 16, 2020 communication that followed after the attorney-client relationship ended. Rather, he simply claims privilege applied to the materials describing those communications, which were submitted at ECF 31 at 9:1-24, ECF 31-2 at 17:28 to 18:6 and ECF-21.

Those materials, however, directly refute the privilege claim, as they demonstrate Plaintiff did not communicate with defense counsel to obtain legal advice or in connection with a consultation. Rather, he simply mis-directed an email that was meant for another attorney.

Not all communications with a lawyer are protected by the attorney-client privilege. Rather, the privilege only protects communications where legal advice is sought from a professional legal advisor in his/her capacity acting as such and that relate to the purpose of the representation. *U.S. v. Ruehle*, *supra*, 583 F. 3d at 607 (9th Cir. 2009). Since Plaintiff expressly disavowed in July 2020 that he was seeking legal advice from defense counsel on the matter about which he misdirected his email, the communication was not privileged. The motion to strike these contested excerpts should, therefore, be denied.

> **4.** **Plaintiff Has Failed to Show that Privilege Attached to the Assumption Defense Counsel Had When She Called Defendant on September 14, 2023, Which Was Described in ECF 31 at 10:5-8**

Plaintiff seeks to strike as privileged the information contained in ECF 31 at 10:5-8 about her reason for contacting Plaintiff on September 14, 2023. Nothing about that statement invokes the attorney-client privilege. California Evidence Code section 954 protects "a confidential communication between client and lawyer." Federal law is in accord. *United States v. Ruehle, supra,* 583 F. 3d at 607 (9th Cir. 2009).

The assumption made by defense counsel concerning the reason Plaintiff had called and left a message for Defendant does not involve any confidential communications between defense counsel and Plaintiff. Nor did it relate to any matter on which defense counsel was acting in the capacity as

an attorney for Plaintiff. Rather, the assumption was made in connection with the representation defense counsel was providing to Defendant WHITNEY. As such, it was not privileged as to Plaintiff and the motion to strike should be denied.

### 5. The Communications with Plaintiff's Attorneys Described in ECF 31 at 11:15-21 and ECF 31 at 15:8-11 Are Not Subject to the Attorney-Client Privilege

Plaintiff incorrectly contends the information in ECF 31 at 11:15-21 (describing defense counsel's communications with Plaintiff's attorney Dale Allen), as well as ECF 31 at 15:8-11 (describing defense counsel's communications with Plaintiff's attorney Justin Buffington) are privileged. As those communications reveal, defense counsel was representing Defendant WHITNEY, and Plaintiff was represented by other attorneys in connection with the legal issues associated with his employment at the Vallejo Police Department. As such, they do not meet the definition of "confidential communications" subject to the attorney-client privilege, which requires information be "transmitted between a client and his or her lawyer in the course of that relationship." Cal. Evid. Code §952. None of those communications involved defense counsel providing legal advice to Plaintiff concerning his pending matters. Rather, the communications involved information that Plaintiff's attorneys wanted to secure from defense counsel's client, Defendant WHITNEY, who was a witness in the proceedings involving Plaintiff.[10]

Plaintiff cites no authorities suggesting that communications between attorneys representing different parties are privileged. As a result, the motion to strike should be denied.

#### a. Plaintiff Submitted No Evidence Supporting His Claim that the Communication With Attorney Allen (ECF 31 at 11:15-21) Was Unauthorized, False, and/or Confidential

Plaintiff further contends the description of her conversation with attorney Dale Allen, who was then-representing Plaintiff, should be stricken because it "is false and/or confidential," and "because Dale Allen never received permission from Plaintiff to speak with defense counsel." ECF 52 at 8:10-13. Notably, Plaintiff does not support those contentions with evidence or declarations.

---

[10] Plaintiff contends the information provided was never used. Not only is that assertion unsupported by any evidence or declaration, but it is also not relevant. The issue is not the use of the material provided by defense counsel and her client, Whitney, but the circumstances of the communications.

1    Consequently, the assertions should be disregarded.

2        Plaintiff further contends the statements are inadmissible hearsay. Notably, Plaintiff did not

3    timely submit that objection in connection with the disqualification motion. See, ECF 37.

4        As a result, the request to strike ECF 31 at 11:15-21 should be denied.

### 6.    ECF 31 at 13:6-7 Did Not Involve Privileged Communications

6        The contested excerpt located in ECF 31 at 13:6-7 does not involve any communications

7    between Plaintiff and defense counsel, nor the securing of a legal opinion or services in a legal

8    proceeding. Rather, it simply involved the transmission of information by Plaintiff's counsel

9    (Buffington) to WHITNEY's counsel (Wilkinson) about the conclusion of the legal matter related to

10   Plaintiff's employment for which Whitney had provided a declaration. As a result, it is not

11   privileged.

12       In seeking to strike this excerpt, Plaintiff makes a number of contentions for which no

13   evidence was provided. Those contentions include that the document Whitney provided was not

14   used because "defendant wanted Michael Davis … to corroborate Whitney's story which he refused

15   so no final draft that Plaintiff wanted was signed by Whitney," which appears in ECF 52 at 8:21-26.

16   Nothing in the record supports the claim that Defendant WHITNEY wanted Michael Davis to

17   corroborate the contentions made in connection with the lawsuits filed against the City of Vallejo,

18   and no evidence supporting that contention was provided. Indeed, the declaration submitted by Mr.

19   Davis contains no reference to Defendant Whitney wanting Mr. Davis to "corroborate Whitney's

20   story." Those statements must, therefore, be disregarded. Further, as the excerpt did not involve any

21   attorney-client privileged communications, the motion to strike should be denied.

### 7.    Because the Broadmoor POA Excerpt in ECF 31 at 13:18-24 Simply Identified the Topic, Date, and Identity of the Participants for the January 2023 Communication, Not the Content, It Did Not Violate Privilege

24       The discussion in ECF 31 at 13:18-24 concerning defense counsel's communications with the

25   Broadmoor Police Officers' Association did not violate the attorney-client privilege and, therefore,

26   should not be stricken.

27       It is well-established that the attorney-client privilege does not protect the fact that a

28

                                    20

communication took place on a particular topic, as well as the time, date, and identity of the participants to the communication. *Coy v. Superior Court*, 58 Cal. 2d 210, 219-223 (1962); *State Farm Fire & Casualty Co. v. Superior Court*, 54 Cal. App. 4th 626, 639-641. As noted by the California Supreme Court, such information "is not a matter 'communicated' by the client to his attorney in the course of a professional relationship, or at all." *Coy, supra,* 58 Cal. 2d at 220.

Federal authorities are in accord. See, e.g., *United States v. Freeman,* 519 F. 2d 67, 68 (9th Cir. 1975) [information concerning whether a client had advised his client of the court's order to appear was not privileged]; *United States v. Gray*, 876 F. 2d 1411, 1415 (9th Cir. 1989) [information that an attorney had informed the defendant of a sentencing date not privileged]; *Mier v. CVS Pharmacy, Inc.* 2021 WL 3468932 *1 (C.D. Cal. April 30, 2021) ["the date of communications between attorney and client, or the time at which a client first retained an attorney for legal consultation, are not protected by the attorney-client privilege"]; *Doe v. Uber Technologies, Inc.*, 2022 WL 767088 *3 (N.D. Cal. March 11, 2022) ["whether a party sought legal advice [is] not privileged – the privilege operates to protect the advice itself."]; *Cortina v. Goya Foods, Inc.* 2015 WL 11251806 *2 (S.D. Cal. October 7, 2015)

As the referenced excerpt related to the communications defense counsel had with the Vice President of the Broadmoor Police Officers' Associations, Michael Davis, were limited to these permissible topics, and expressly invoked privilege as to the content of the discussion, the attorney-client privilege was not violated. The motion to strike should, therefore, be denied.

**D.    The Limited Confidentiality Privilege Contained in California Penal Code Section 832.7 and the Federal Qualified Governmental Privilege Do Not Preclude this Court from Considering the Materials Presented**

Relying upon the confidentiality mandates of California Penal Code section 832.7 and the federal qualified governmental privilege, Plaintiff contends the following portions of the disqualification opposition should be struck: ECF 31 at 8:4-24 and 20:7-25 [description of cases for which prior representation was provided); ECF 31-2 at 3:26-27, 4:2, 4:6, 4:13, and 4:17 [case numbers of the matters for which prior representation was provided]; ECF 31-3 and ECF 31-4 at pages 4-7 and 9-13 [status reports on prior case representation provided] . The information and materials submitted, however, were not obtained from Plaintiff's personnel file. As a result, the

21

privilege asserted is inapplicable and the motion to strike should be denied.

Even if the information had been obtained from Plaintiff's law enforcement personnel files, that still would not serve to bar submission. The reason: these confidentiality privileges are not absolute. Peace officer personnel record information is admissible where directly relevant and material to the issues raised in the disqualification motion. Thus, Plaintiff's motion, which asks this Court to strike the pleadings in their entirety and effectively leave the disqualification motion unopposed[11] to the severe prejudice of Defendant, should be denied.

### 1. Plaintiff Has Failed to Make the Requisite Showing that the Information Submitted Was "Obtained From" His Law Enforcement Personnel Files

To assert the privilege, Plaintiff first has to show that the information and materials provided were obtained from, or included in, the confidential personnel records maintained by his former law enforcement employers. Cal. Pen. Code section 832.7(a) declares "personnel records of peace officers," as well as "information obtained from these records" as "confidential." Cal. Pen. C. §832.7. The federal law enforcement privilege is "consistent with California Penal Code section 832.7." *Hallon v. City of Stockton* 2012 WL 394200 *4-5 (E.D. Cal. Feb 6, 2012).

Plaintiff has not made the required showing that the information and supporting exhibits submitted as part of Defendant's response to the disqualification motion were "obtained from" his personnel records. Rather, as shown in ECF 31-2 at ¶¶12-16 and ¶23, the information was obtained from records maintained by the Legal Defense Fund of the Peace Officers' Research Association of California, Inc. (hereafter "PORAC LDF"). Even Plaintiff acknowledges that the information is not in the personnel files maintained by his former employer. See, ECF 52:8-9. As a result, the motion to strike should be denied.

### a. The Case Numbers Listed Were Not Obtained from Plaintiff's Personnel Records; Rather, They Were Assigned By a Third Party to Track the Legal Services Provided By Defense Counsel

Plaintiff seeks to strike the case numbers identified ECF 31-2 at 3:26-27, ECF 31-2 at 5:18 to 6:5 as well as in ECF 31-3 and ECF 31-4. However, those case numbers were not obtained from

---

[11] As noted in *Sidney-Vinstein v. A.H. Robins Company*, 697 F. 2d 880, 885 (9th Cir. 1983): "the effect of granting the [] motion to strike would be to delete from the record both the motion … and all supporting briefs and evidentiary exhibits."

Plaintiff's personnel records. Rather, they were internal case tracking numbers generated by PORAC LDF when it assigned the matters to defense counsel. Wilk. Decl. at ¶3. As the information was thus not obtained from confidential peace officer personnel records, the motion to strike should be denied.

**b. Plaintiff Has Failed to Show the Information Recited in the PORAC LDF Case Reports Came From, or Was Ever Contained in, His Personnel File**

As noted in ECF 31-2 at ¶19(b)(i), providing status reports to PORAC LDF is part of the responsibilities set by their attorney engagement rules. As identified in ECF-2 at ¶23, the information submitted in ECF 31-2 at ¶¶13-16, as well as Exhibit B (ECF 31-4), and as described in ECF 31 at 8:4-24 and 20:7-25, all of which Plaintiff seeks to strike, are copies of the PORAC LDF case assignment sheets and status reports. This was not information obtained from Plaintiff's personnel file. Wilk. Decl. at ¶4.

No showing has been made that any of the information submitted was ever included in Plaintiff's personnel file. Indeed, Plaintiff submitted no declaration(s) to that effect. Defense counsel has no personal knowledge as to whether the material was ever placed in Plaintiff's personnel records. Wilk. Decl. at ¶5. Consequently, Plaintiff has failed to show a condition precedent to application of either the federal or state privileges afforded to peace officer personnel records.

Absent an evidentiary showing that the records were ever placed in Plaintiff's personnel file, the information submitted to rebut Plaintiff's contention that there was a substantial relationship between the previous representation and the current lawsuit should not be stricken.

**2. Even if the Records Included Information Obtained from Plaintiff's Law Enforcement Personnel File, It Can Still Be Considered by this Court Since the Information Provided is Relevant and Material to the Issues Presented by Plaintiff in His Disqualification Motion**

The federal privilege applicable to the government interest in preserving confidentiality of law enforcement records has various names: (1) the "official information privilege," *Sanchez v. City of Santa Ana*, 936 F. 2d 1027, 1033 (9th Cir. 1991); (2) the "law enforcement privilege," *In re Department of Investigation of New York*, 856 F. 2d 481, 483-484 (2d Cir. 1988) [applying privilege

23

to protect investigative agency with dual criminal and civil functions); *Morrissey v. City of New York*, 171 F.R.D. 85, 90 (S.D. N.Y. 1997) [finding, with guidance from state law enforcement privilege, that law enforcement privilege is somewhat narrower than official information privilege] and (3) a type of executive privilege," *Sigfried v. City of Easton,* 146 F.R.D. 98, 101 (E.D. Pa. 1991).

The confidentiality privilege, however, is not absolute. As noted in *Hallon v. City of Stockton* 2012 WL 394200 *4-5 (E.D. Cal. Feb 6, 2012), "[t]his federal '*qualified*' governmental privilege is consistent with California Penal Code section 832.7, which accords a *qualified* privilege to peace officer personnel records." *Id.* (emphasis added).

Under the California statutory scheme, disclosure of confidential peace officer personnel records is permitted where the information is "is relevant to the subject matter involved in the pending litigation. Cal. Evid. Code §1045. As noted in *Hallon, supra*,

> Cal. Evid. Code §1045 strikes the state balance in favor of disclosing internal investigations pertaining to the manner in which a peace officer performed his or her duties, *so long as they are relevant* to the pending litigation. Accordingly, relevant is the dispositive factor in directing disclosure of internal affairs investigations.

*Hallon, supra,* 2012 WL 394200 at *5 (emphasis in original).

Multiple cases are in accord: *Brooks v. County of San Joaquin,* 275 F.R.D. 528, 533 (E.D. Cal. July 5, 2011); *Doyle v. Gonzales,* 2011 WL 3925045 *2-4 (E.D. Cal. September 8, 2011); *Acinelli v. Blackmon*, 2014 WL 12700993 *2 (C.D. Cal. August 6, 2014); *Deocampo v. City of Vallejo,* 2007 WL 1589541 (E.D. Cal. June 1, 2007); *Gearhart v. Solano County*, 2008 WL 2560703 (E.D. Cal. June 24, 2008). As noted in *Garcia v. Juarez*, 2016 WL 3648938 *5 (E.D.Cal. July 8, 2016), the applicable balancing test "is moderately pre-weighted in favor of disclosure."

Notably, in his motion to strike, Plaintiff asserts an absolute privilege, and makes no mention of the fact the statutory scheme permits disclosure of confidential peace officer personnel files where relevant and material to the pending matter.

Plaintiff's reliance on *Fitzgerald v. City of Fresno*, 2022 WL 1204707 *7 (E.D. Cal., Apr. 22, 2022) is misplaced. That case did not concern whether material could be disclosed in federal court proceedings; rather, it addressed whether a disclosure by a police chief to another police agency was

made "in the proper discharge of an official duty" such that it was protected by the privilege

contained in California Civil Code section 47(a).  The case is thus inapposite.

Further, Plaintiff misrepresents the scope of the protections afforded when he states: "Penal

Code §832.7 does not allow anyone to disclose the confidential internal investigations (their

existence or information about them) except for limited circumstances such as when there is an

officer involved shooting, of which, none of those exceptions apply to these internal investigations."

ECF 52 at 4:12-15, 5:2-4.  In actuality, that section establishes a limited privilege that can be

overcome by a showing of relevance and materiality to pending civil litigation.  Cal. Pen. C.

§832.7(a); Cal. Evid. C. §§1043, 1045; *City of Santa Cruz v. Municipal Court* (1989) 49 Cal. 3d 74.

*See also*, *Fagan v. Superior Court* (2003) 111 Cal. App. 4th 607 and *Rosales v. City of Los Angeles*

(2000) 82 Cal. App. 4th 419 (both holding that the privilege for police officer personnel records is

conditional or limited because officer cannot prevent disclosure simply because he does not desire

disclosure). Here, the relevance and materiality of the information allegedly protected by Cal. Pen. C.

§832.7(a) is clear: it is necessary to rebut the contentions made in the disqualification motion.

Thus, because the materials provided are not protected in this litigation by either the federal

law enforcement privilege or California Penal Code section 832.7, and the information submitted

was directly relevant to the issues raised in the disqualification motion, the motion to strike should be

denied.

### 3. False Statements Published in an Established Medium of Communication Are Not Protected by California Penal Code section 832.7

That the misleading and false statements made by Plaintiff concerning his communications

with defense counsel and whether the prior representation was substantially related to the pending

litigation are not confidential and privileged is exemplified by Cal. Pen. Code §832.7(e) . That

section expressly permits a public agency to release factual information to rebut such statements.

The same should be true here.

### E. This Court Should Decline to Strike Material Simply Because it Does Not Support Plaintiff's Narrative

Plaintiff makes broad claims that the information filed in the disqualification opposition

25

contains false, scandalous, and irrelevant material.  But, notably, Plaintiff does not submit any evidence or declarations contesting the accuracy of the material submitted. Consequently, it appears that Plaintiff  filed this motion to strike simply because he dislikes that the opposition evidence submitted does not support his narrative.

For example, Plaintiff claims that the discussion in ECF 31 at 13:6-7 should be struck because it "was never used" by Plaintiff in his petition against the City of Vallejo because it was the subject of a *quid pro quo* that "Michael Davis" "corroborate Whitney's story."  Notably, Plaintiff presents no evidence on either point.[12]  Plaintiff's real objection is to the inconvenient fact that Defendant WHITNEY and his counsel, who he now considers to be enemies, previously worked to support Plaintiff in his effort to maintain his employment.

Additionally, Plaintiff claims the discussions at ECF 31 12:2-24 and 13:18-24 should be struck as "false" and "scandalous" but presents no evidence rebutting the claims made.  It is not "scandalous" to tell the truth concerning the issues presented by an opposing party's motion, even if those facts are inconvenient to the moving party.  Thus, this Court should decline Plaintiff's request to strike simply because the uncontroverted facts are inconvenient to his effort to disqualify defense counsel.

### CONCLUSION

As this third motion to strike has no merit, is procedurally improper, and the sanctions request is unsupported, it should be denied, with prejudice.

Dated: March 3, 2024                     Respectfully Submitted,

                                         Berry | Wilkinson | Law Group

                                         By    /s/ Alison Berry Wilkinson
                                         ALISON BERRY WILKINSON
                                         Attorneys for Defendant JOHN WHITNEY

---

[12] By contrast, as noted in ECF. 31-2 at ¶¶85-88, defense counsel is in possession of all the emails that were exchanged with Plaintiff's then-attorney, Justin Buffington, coordinating the declaration, which demonstrate there was no *quid pro quo*.   Defense counsel further attested: "Neither me nor my client ever conditioned Whitney's assistance on McMahon speaking out on any subject."  Docket No. 31-2 at ¶86.