Lenore L. Albert, Esq. SBN 210876
Email: lenalbert@InteractiveCounsel.com
LAW OFFICES OF LENORE ALBERT
1968 S. Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Attorney for Plaintiff, Ryan McMahon

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOHN WHITNEY, CITY OF VALLEJO; and DOES 1 through 10, inclusive,<br>                    Defendants. | CASE NO. 23-cv-01972-KJM-JDP<br><br>Assigned to the Hon. Kimberly J. Mueller<br>Crtm. 3 – 15th Flr<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANT JOHN WHITNEY AND HIS COUNSEL OF RECORD, ALISON BERRY WILKINSON AND HER LAW FIRM**<br><br>Complaint filed: 09-13-2023<br><br><br>Hearing Date: April 19, 2024<br>Hearing Time: 10:00AM<br>Courtroom: 3 – 15th Flr |

**TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE,** that on April 19, 2024 at 10:00AM in the Courtroom of the Honorable Kimberly J. Mueller in the United States District Court for the Eastern District of California located at 501 I Street, Sacramento, California, 95814counsel for Plaintiff Ryan McMahon, will and hereby does move this Court for monetary sanctions against Defendant John Whitney's attorney of record, Alison Berry-Wilkinson and her law firm pursuant to Federal Rules of Civil Procedure, Rule 11, 28 U.S.C. § 1927, Local Rule 110, and the Court's inherent power for filing communications and other

privileged or confidential information in the document filed as Docket Number 31, titled "Defendant John Whitney's Opposition to Plaintiff's Motion to Disqualify Counsel," portions of the Declaration of Alison Berry-Wilkinson (Doc. No. 31-2) and Exhibits A, B and S attached thereto.

Document 31 titled "Defendant John Whitney's Opposition to Plaintiff's Motion to Disqualify Counsel":

Page 8:4-24

Page 9:1-24

Page 10:5-8

Page 11:15-21

Page 12:2-24

Page 13:6-7

Page 13:18-24

Page 15:8-11

Page 20:7-25

Portions of the Declaration of Alison Berry-Wilkinson (Doc. No. 31-2):

Page 3:26-27

Page 4:2-20

Pages 17:28 through 18:6.

Exhibit A (Doc. No. 31-3):

Page 3

Exhibit B (Doc. No. 31-4):

Pages 4-7

Pages 9-13

Exhibit S (Doc. No. 31-21):

Pages 2-5.

ii

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The motion is made on the grounds that the Documents contain attorney client communications, confidential information gained from the plaintiff which the plaintiff did not consent to being disclosed, yet was published in the public court docket.

Plaintiff contends that the papers were " presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11.

It caused additional work and unnecessarily multiplied the proceedings warranting sanctions under 28 U.S.C. § 1927. (Which multiplied further after this motion was served on defense counsel on February 12, 2024).

Finally, Alison Berry Wilkinson violated the Court's Standing Order (No. 13) at Docket 3, which could have prevented the publication of this information by the Vallejo Sun, thus warranting sanctions under the Court's inherent powers.

Alison Berry Wilkinson being notified of the publication by the Vallejo Sun and the Court's later order to seal those documents – has shown no remorse for her actions. She even failed and refused to respond to plaintiff's counsel's simple request to ask the Vallejo Sun to take those documents down all leading to the inference that all actions were done intentionally and in bad faith. By including the irrelevant confidential matter in the papers and then publicly filing them in the docket, the defendants so multiplied the proceedings that sanctions are warranted under 28 U.S.C. §1927.

Defendant John Whitney, a police officer himself, is assuredly familiar with the rule that internal police investigations wherein the officer is exonerated is confidential, yet those investigations were publicly filed in the docket. He took no steps independent of counsel to shut this down, either.

The notice of motion and motion was originally served on John Whitney and Alison Berry Wilkinson, by and through Alison Berry Wilkinson on February 7, 2024 – prior to filing as required under Fed R. of Civ. Proc. Rule 11. It was amended and re-served with the memorandum of points and authorities and Declaration of Lenore Albert on February 12, 2024.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, declarations in support of this motion, all pleadings and papers on file in this action and any related actions and oral argument as may be presented to the Court.

**iii**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

1

Dated:  March 6, 2024                              Respectfully Submitted,

2

LAW OFFICES OF LENORE ALBERT

/s/ LENORE ALBERT

3

LENORE L. ALBERT, ESQ.

Attorney for Plaintiff, Ryan McMahon

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**iv**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON
BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

## TABLE OF CONTENTS

I.    Introduction...............................................................................................1

II.   Facts ..........................................................................................................1

      A.  Day 10 (January 24, 2024) proceeded as follows ......................................3

      B.  Events of January 25, 2024 ..........................................................................4

      C.  Midnight ..........................................................................................................5

III.  Argument ...................................................................................................7

      A.  Nature of the Information ...........................................................................7

      B.  Sanctions Are Warranted on Three Separate Bases.................................8

            1.   The Court Should Impose Sanctions Against Alison Berry Wilkinson
                 for Filing the Oppositions papers (Doc. No. 31 papers) in Violation
                 of Fed. R. Civ. Proc. Rule 11...........................................................8

                 a.    Alison Berry Wilkinson Filed The Papers with the Court. .............8

                 b.    Alison Berry Wilkinson's Conduct in Violation of the Standing

                       Order Was Objectively Unreasonable Warranting Rule 11

                       Sanctions ...................................................................................9

                 c.    The Evidence Demonstrates the Papers Were Filed to Harass or

                       Embarrass the Plaintiff Warranting Rule 11 Sanctions ................10

            2.   Court's Inherent Power to Sanction .......................................................12

            3.   Sanctions Under 28 USC § 1927 For Multiplying the Proceedings .......13

      C.  Ryan McMahon Is Entitled To Sanctions ...............................................14

            1.   Striking Defendant's Papers and Entering Judgment against

                 Defendant John Whitney Is Warranted as a Sanction............................14

            2.   Attorney Fees and Costs Should Be Awarded to Plaintiff Also ............16

IV.   Conclusion ...............................................................................................18

v

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

TABLE OF AUTHORITIES

**Cases**

*Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021)....................................16

*Assassination Archives & Research Center v. C.I.A.*, 48 F.Supp.2d 1 (D.D.C. 1999)............................16

*Bader v. Itel Corp.* 791 F.2d 672, 675 (9th Cir. 1986) ....................................10

*Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993) ....................................15

*Chambers v. Nasco, Inc.* (1991) 501 U.S. 32, 50-51 ....................................12

*City of Burlington v. Dague*, 505 U.S. 557 (1992) ....................................18

*Davis v. City County of San Francisco,* 976 F.2d 1536, 1546 n. 4 (9th Cir. 1992),....................................18

*Doe v. Univ. of Mich.* (E.D. Mich., June 29, 2021, No. 20-10568) [pp. 9] ....................................16

*Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003). ....................................15

*Espinoza v. City of Tracy* (E.D. Cal., May 21, 2018, Civ. No. 15-751 WBS KJN) ....................................9

*Estate of Blue v. Cnty. of L.A.,* 120 F.3d 982,985 (9th Cir.1997) ....................................9

*Fink v. Gomez* 239 F.3d 989, 991-92 (9th Cir. 2001). ....................................7, 10, 17

*Flaherty v. Torquato,* 623 F.Supp. 55, 59-60 (W.D.Pa. 1985) ....................................10

*G.C. K.B. Investments v. Wilson,* 326 F.3d 1096, 1109 (9th Cir. 2003) ....................................9

*Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001)....................................13

*Gong v. RFG Oil, Inc.*, 166 Cal. App. 4th 209 (2008), review denied, (Nov. 12, 2008)....................................8

*Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978) ....................................13

*Ivy v. Kimbrough,* 115 F.3d 550, 553 (8th Cir. 1997)....................................10

*Kramer v. Tribe,* 156 F.R.D. 96 (D.N.J. 1994)....................................11

*Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010) ....................................17

*Leon v. IDX Sys.Corp.,* 464 F.3d 951, 961 (9th Cir. 2006) ....................................12

*Lipsigv. Nat'l Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C.Cir. 1980)....................................13

*Roadway Express*, *Inc. v. Piper*, 447 U.S. 752 (1980) ....................................12, 17

*Salmeron v. Ent. Rec. Sys. Inc.* 579 F.3d 787 (7th Cir. 2009) ....................................15

*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991)....................................7

*Soto v. City of Concord*, 162 F.R.D. 603, 613 n. 4, 616 (N.D. Cal. 1995)....................................7

vi

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

*Stive v. United States*, 366 F.3d 520, 522 (7th Cir. 2004) .......................................................15

*Towner v. Cnty. of Ventura* (2021) 63 Cal.App.5th 761, 768..................................................16

*Van Gerwen v. Guarantee Mut. Life Co.* 214 F.3d 1041 (9th Cir. 2000) ..............................18

*Whitehead v. Food Max of Mississippi, Inc.* 332 F.3d 796, 807 (5th Cir. 2003)....................10

## Statutes

28 U.S.C. § 1927 ........................................................................................ i, iii, 7, 13, 16, 17

Cal. Evid Code § 1040 ........................................................................................................7

Cal Govt Code § 1222 .......................................................................................................16

Cal. Penal Code §832.7...............................................................................2, 7, 12, 14, 16

Cal Penal Code § 832.8 ......................................................................................................7

Fed. Rules of Evid. 501, 503................................................................................................7

## Other Authorities

82 Ops.Cal.Atty.Gen. 246 (1999) ....................................................................................16

Cal. Rules Prof. Conduct Rule1.7.......................................................................................8

## Rules

Fed. R. Civ Proc. Rule 11 ..................................................................... iii, 7, 8, 9, 10, 16, 17, 18

U.S. Dist Ct. ED Local Rule 141 ........................................................................................9

vii

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.        INTRODUCTION

Plaintiff Ryan McMahon sued Defendant John Whitney and the City of Vallejo after portions of his personnel file while he was an officer of the Vallejo police department landed in the hands of others. Defendant John Whitney used the information to launch his own version of his lawsuit against the City of Vallejo in the press. However, his version was not true and maligned the reputation of plaintiff.

In similar nature, John Whitney's attorney Alison Berry Wilkinson who previously represented plaintiff Ryan McMahon took information concerning prior confidential internal investigations and other attorney client privileged information and publicly filed them in the Court docket on January 14, 2024. (Dkt 31, 31-2, 31-3, 31-4, 31-21). Ten days later, when plaintiff's counsel moved to strike that information from the record, the Vallejo Sun posted the documents on the internet. The average reader of this information does not know that exonerated or failure to sustain a charge made in an internal investigation means that the charge was unfounded. They only understand that there is an alleged long history of internal investigation. Additionally, the average reader does not understand that police officers often have multiple internal investigations because the system is set up wherein a complaint results in opening an internal investigation without the need for probable cause. This is why they remain confidential akin to State Bar complaints and investigations that do not result in public disciplinary charges. Finally, the average reader does not understand that when an officer discharges "one round" from their firearm that it means only one bullet was shot from the gun. Because the average reader on the internet has no comprehension of such matters, Ryan McMahon has been maligned and with this latest filing of papers by John Whitney and his counsel Alison Berry Wilkerson he was further harmed. Because it is obvious the papers were filed in bad faith to harass and embarrass the plaintiff, sanctions should issue.

## II.        FACTS

On January 5, 2024 plaintiff Ryan McMahon filed a motion to disqualify defendant John Whitney's counsel of record on the grounds that his counsel, Alison Berry Wilkinson used to represent him and had confidential communications with Mr. McMahon regarding his employment at the Vallejo police department. (Dkt. 28).

**1**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

On Saturday January 14, 2024 (during the middle of the MLK holiday weekend) defendant John Whitney by and through his counsel of record Alison Berry Wilkinson filed an opposition that contained (1) confidential attorney client communications between Ryan McMahon and Berry Wilkinson; (2) identified confidential internal investigations from his personnel files; and (3) communications she had with Ryan McMahon's prior counsel. (Dkt. 31).

On January 17, 2024 at 7:30AM plaintiff's Counsel sent an email to opposing counsel alerting to the matter that confidential matter was in the docket and it was "URGENT" to take it out.

"2. As to Ms. Berry-Wilkinson's Opposition to the Motion to Disqualify which was electronically filed over the MLK Holiday, it contains false, scandalous and/or confidential information of which I did not get advance notice of before you filed so I could request it filed under Seal. It violates Cal Penal Code section 832.7, Bus & Prof Code 6068(e), and Rules of Prof Conduct, Rules 1.6, 1.9, and 1.18."

(Decl. Albert, ¶3 Ex. 1:9-10 (means Exhibit 1 pages 9 through 10)).

Alison Berry-Wilkinson responded that she could not look at it until the following Saturday (January 21, 2024). (Decl. Albert, ¶5 Ex 2:2)

Acting upon good faith that Alison Berry-Wilkinson was not purposefully delaying, plaintiff's counsel waited and then followed up for an answer first thing Monday morning, January 23, 2024.

At 6:29PM on January 23, 2024, Opposing counsel responded:

As to your request that I withdraw the motion and supporting materials, I respectfully decline.  Substantial authority holds the attorney-client privilege and confidentiality obligations are impliedly waived where the client asserts a claim that places at issue the nature of the privileged material. …
That is precisely what happened here.  The disqualification motion placed certain communications between me and Ryan McMahon, as well as the scope of representation previously provided, in issue. …
(Decl. of Albert, ¶7-8 Ex. 1:3-6).

Plaintiff's counsel immediately responded fourteen (14) minutes later - at 6:43PM on January 23, 2024 - informing Alison Berry Wilkinson of the urgency that due to the 10-day deadline, the motion to strike was drafted and she needed defense counsel to file a request to seal and asked for an immediate response. Plaintiff's counsel listed each page number, line number and Exhibit at issue for defense

**2**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

counsel's use. Instead of replying, Defendant's counsel waited until the following day. (Decl. of Albert, ¶9 Ex. 1:3-5).

### A. Day 10 (January 24, 2024) proceeded as follows:

7:51AM - Alison Berry Wilkinson responded that she would file a request to seal the portions plaintiff's counsel outlined if the documents if "you will not move to strike the disqualification opposition pleadings." (Decl. Albert ¶11, Ex 1:3).

8:03AM – plaintiff's counsel filed a motion to strike portions of the Opposition and for Sanctions. (Dkt. 35).

8:27AM – plaintiff's counsel filed the Reply to Opposition for Motion to Disqualify. (Dkt. 36).

8:30AM – plaintiff's counsel filed the Evidentiary Objections to Opposition to Motion to Disqualify. (Dkt 37).

8:47AM – plaintiff's counsel then pleaded with Alison Berry Wilkinson: "You can still do the right thing here and seal those documents notwithstanding." (Decl. Albert ¶15, Ex 1:2).

12:55PM – Alison Berry Wilkinson filed a request to seal the documents. (Dkt. 38).

2:00PM – plaintiff's counsel received an email from Scott Morris of the Vallejo Sun asserting that a story on the confidential information Alison Berry Wilkinson filed 10 days prior will be published. (Decl. Albert ¶ 17, Ex 3:2).

4:00PM – plaintiff's counsel did some research, then emailed opposing counsel that Plaintiff would seek ex parte relief. She also demanded that the opposing parties and counsel preserve all evidence concerning communications. (Decl. Albert ¶19, Ex 4:2)

4:11PM – plaintiff's counsel then gave notice to Court Clerk that plaintiff would be seeking ex parte relief.

5:36PM – plaintiff's counsel hurriedly prepared and filed an ex parte application to strike or seal the documents. (Dkt. 39).

4:07PM – plaintiff received an email from Alison Berry Wilkinson wherein she continued to assert that "as reflected in my pleadings filed today[,] I do not believe the materials are properly the subject of a sealing order, do object to an order striking the material." (Albert Decl. ¶23 Ex 5:3).

6:27PM - plaintiff's counsel responded:

**3**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

…If you would have hesitated or given me notice before filing a bunch of confidential information in the docket, this would not have happened like this. Now it is  a paper chase.

The contents of communications were not yours to reveal. They were not and are not an issue for the court to decide when deciding a motion to disqualify. If you read the rule and elements for a disqualification motion you would have known that. You breached your duty of loyalty and confidentiality and it is your responsibility to immediately rectify yet I find myself trying to clean up your mess.

(Albert Decl. ¶25 Ex 5:2).

**B. Events of January 25, 2024:**

8:09AM - Alison Berry Wilkinson emailed the Court clerk - insisting plaintiff's counsel gave notice for a January 26, 2024 hearing – she asked the Clerk if she could appear remotely at the hearing for Friday January 26, 2024. (Albert Decl. ¶26 Ex 6). Initially, plaintiff's counsel responded that there was no hearing and that the plaintiff's papers caption was a mistake based on the rush job. After a few rounds of emails back and forth, it was discovered that Alison Berry Wilkinson had gas lighted plaintiff's counsel into believing that plaintiff's counsel accidentally gave notice of a January 26, 2024 hearing but she in fact – had not. (Dkt. 39). This was resolved by 9:59 AM. (Albert Decl. Ex 6:2-9).

12:30PM – Alison Berry Wilkinson filed an opposition to the ex parte application erroneously including a hearing date of Friday January 26, 2024. (Dkt. 40).

12:44PM – plaintiff received an email from Alison Berry Wilkinson that David Loy is representing Scott Morris of the Vallejo Sun. Plaintiff's counsel replied that Mr. Loy should preserve all evidence of communications. (Decl. Albert ¶30-32 Ex. 7:2-3).

7:53PM January 25, 2024 David Loy filed a request for Amicus for Vallejo Sun including a hearing date of Friday January 26, 2024 although Mr. Loy: (1) was not a party to the email communications between Alison Berry Wilkinson, plaintiff's counsel and the court; and (2) plaintiff's papers did not have a hearing date of January 26, 2024. (Dkt. 41).

Thereafter the Vallejo Sun uploaded Alison Berry Wilkinson's papers that contained the confidential information.

**4**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

9:21PM – plaintiff discovered the Vallejo Sun posted a story on the internet with links to the Opposition papers that Alison Berry Wilkinson filed in the docket on January 14, 2024. Anyone with public access to the internet could obtain the documents. (Decl Albert ¶35-37, Ex 8).

9:23PM plaintiff also discovered the Vallejo Sun posted a story on the internet about plaintiff's counsel, personally, asserting that there would be a hearing on Friday. (Decl Albert ¶38-39, Ex 9).

**C. Midnight:**

At 12:35AM on January 26, 2024 Alison Berry Wilkinson emailed plaintiff's counsel demanding her right to privacy with regards to plaintiff's January 24, 2024 email to preserve evidence after the Vallejo Sun suddenly took an interest to Alison Berry Wilkinson's papers that had been on the docket for the past ten (10) days:

> Is this really any of your business since I am counsel, not a party, to this litigation? If you contend it is, please identify the authorities upon which you rely. It seems like a gross invasion not only of my personal privacy, but may very well violate the confidentiality rights of the clients I represent, including the one whose administrative hearing I was involved in from January 16-22, 2024.

(Decl. Albert ¶40-41 Ex 10).

Why she decided to send this email out at midnight remains a mystery.

On January 26, 2024 Alison Berry Wilkinson emailed plaintiff's counsel a declaration that she did not speak to the Vallejo Sun prior to January 25, 2024. She also declared under penalty of perjury she only spoke to Scott Morris to gain David Loy's information. (Decl of Albert, ¶40-41 Ex 10:5-11).

At 2:23 PM on January 31, 2024 the Court granted plaintiff's ex parte application to the extent that the papers were sealed and Alison Berry Wilkinson was ordered to refile the papers in redacted form. (Dkt. 43).

At 2:36PM January 31, 2024 Plaintiff's counsel diligently wrote David Loy and Scott Morris of the Vallejo Sun asking them to take down the confidential material that was now ordered sealed by the court but they refused to do so. (Decl of Albert, ¶44-45, Ex 11:4-5).

On February 3, 2024 plaintiff's counsel asked Alison Berry Wilkinson to ask the Vallejo Sun to take down the confidential information. She never responded as of February 12, 2024 when this motion

**5**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

was served on her with the detailed declaration, exhibits and memorandum of points and authorities in support of sanctions. (Decl of Albert, ¶46-47, Ex 12:2).

On February 7, 2024 plaintiff's counsel sent the motion and notice of motion to defendant's counsel Alison Berry Wilkinson.  Alison Berry Wilkinson wanted the memorandum of points and authorities and declaration of counsel as such plaintiff's counsel spent the weekend drafting the same and re-served the updated motion package to Alison Berry Wilkinson on February 12, 2024. (Albert Decl. ¶49-50, Ex 13).

During this entire time, Alison Berry Wilkinson gas lighted plaintiff's counsel asserting that plaintiff's counsel was "threatening" Alison Berry Wilkinson or invading her privacy and the privacy of her clients, when in fact, Alison Berry Wilkinson was sending out threatening communications and, in fact, violating plaintiff's privacy rights. (Decl Albert, ¶51-55).

No remorse or immediate steps to correct the harm being caused to plaintiff Ryan McMahon were taken by defendant John Whitney or his counsel Alison Berry Wilkinson. (Albert Decl. ¶ 51, 85). The City of Vallejo's counsel has confirmed no notice was given to them prior to Alison Berry Wilkinson filing these documents on January 14, 2024 nor did they contact the press. (Albert Decl. ¶ 86-87, Ex 21).

In IF v City of Vallejo an attorney provided a news organization a confidential video portion of plaintiff Ryan McMahon's deposition. The Court sanctioned counsel $14,000.00. (Decl Albert ¶55-56, Ex 14:11, 13-18-26).

Now that plaintiff's own prior counsel has placed information in the public docket in this case to his injury, he has little to no trust that any Order would protect him from further harm – thus dissuading any ability to divulge confidential information during the discovery process. (Decl of McMahon ¶14-25 ).

His reasoning for this position is meritorious. (Decl of McMahon ¶1-24). In IF v City of Vallejo, opposing counsel violated a Protective Order. (Decl. Albert, Ex 14; Decl of McMahon ¶20). In this case, his own former counsel and now opposing counsel violated the Standing Order. (Dkt. 3).

If Alison Berry Wilkinson had at least followed the Standing Order and given plaintiff's counsel a chance to request an Order to Seal those documents until the Court could determine if they were

**6**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

proper matter to be included in the record, then the Vallejo Sun would have never been able to write a story on the prior investigations or upload the details of those investigations as Alison Berry Wilkinson had kept them in her files.

Instead of following the Standing Order, which the Court has posted online and in the docket, Alison Berry Wilkinson decided that she – as opposed to the Court - was the final arbiter in this case as to what information was confidential and who deserved a right to privacy and who did not.

As such, substantial sanctions are warranted.

### III.    ARGUMENT

This Court has the authority to sanction defendant John Whitney and/or his lawyer, Alison Berry Wilkinson under Fed. R. Civ Proc. Rule 11, 28 USC § 1927 and the Court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

**A.  Nature of the Information**

Defendant John Whitney, through his counsel Alison Berry Wilkinson filed an opposition to a motion to disqualify his counsel of record. (Dkt 30). The opposition included information from plaintiff's prior personnel-related files at the Sausalito police department and Broadmoor police department, including attorney-client communications, internal police investigations where no misconduct was found, and confidential communications with plaintiff's prior counsel or PORAC.

Personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights under federal common law, Cal. Penal Code sections 832.7, 832.8, Cal. Evid Code § 1040, and Fed. Rules of Evid. 501, 503. See also, *Soto v. City of Concord*, 162 F.R.D. 603, 613 n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based "privacy rights [that] are not inconsequential" in their police personnel records).

Alison Berry-Wilkinson only had this confidential information because she was the attorney representing plaintiff Ryan McMahon during that time period. As such she also had a duty to keep those communications confidential and to protect his interests by using her duty of loyalty.

Alison Berry-Wilkinson initially agreed that the information was confidential, but decided she was the sole arbiter to unilaterally determine without a Court order that plaintiff had waived his privilege and privacy rights by filing a motion to disqualify as counsel to John Whitney in this case.

**7**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

However, disqualification motions are made "**to enforce the duty of confidentiality** owed to the former client. Prof. Conduct Rule1.7"(*Gong v. RFG Oil, Inc.*, 166 Cal. App. 4th 209 (2008), review denied, (Nov. 12, 2008)) not to destroy it.

In any case, the Court's Standing Order No. 13 is clear that opposing counsel should give notice prior to filing any information that may be contested as confidential so that the other party can first seek a request to seal. If Alison Berry Wilkinson had obeyed the Standing Order instead of unilaterally determining whether the privilege was waived, the Vallejo Sun would not have been privy to the confidential internal investigations and could not have then uploaded the PACER documents and posted them on the internet where anyone with an internet connection could access them.

Defendant John Whitney knew that this information was private because he is a police officer, himself and as a defendant in this lawsuit, he understands that a violation of plaintiff's privacy rights in personnel related information is squarely at issue.

**B. Sanctions Are Warranted on Three Separate Bases**

1. **The Court Should Impose Sanctions Against Alison Berry Wilkinson for Filing the Oppositions papers (Doc. No. 31 papers) in Violation of Fed. R. Civ. Proc. Rule 11.**

Federl Rule of Civil Procedure, Rule 11 provides sanctions against an attorney or other person when papers are "presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b).

> **(b)** REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

Fed. R. Civ. P. 11(b)(1)

a. **Alison Berry Wilkinson Filed The Papers with the Court.**

The first element is that the attorney must have signed, filed or submitting the offending paper with the Court. Here, Alison Berry Wilkinson filed the offending papers on January 14, 2024 in this case at Docket No. 31 without any redaction or sealing. It was not until after the Court granted

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

plaintiff's ex parte application that Alison Berry Wilkinson then redacted the confidential portions and refiled them.

      **b.  Alison Berry Wilkinson's Conduct in Violation of the Standing Order Was Objectively Unreasonable Warranting Rule 11 Sanctions**

Sanctions under Rule 11 are proper "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cnty. of L.A.,* 120 F.3d 982,985 (9th Cir.1997) (citation omitted).

In *Espinoza v. City of Tracy* (E.D. Cal., May 21, 2018, Civ. No. 15-751 WBS KJN), Alison Berry Wilkinson represented a police officer who was investigated for taking confidential information from a personnel file and making it public. As such, she was well aware that these police investigations were confidential. In fact, this is a central theme in this case – that John Whitney and the City released confidential information from plaintiff's personnel file without his consent or authorization to do so.

The Court considers whether the party actions were "objectively reasonable." Subjective good faith is irrelevant. *G.C. K.B. Investments v. Wilson,* 326 F.3d 1096, 1109 (9th Cir. 2003).

Her conduct was not objectively reasonable because the Standing Order required her to let opposing counsel (plaintiff's counsel) know she intended to file the documents – giving plaintiff's counsel the opportunity to request to seal the documents. Deciding to skip this step and become the sole arbiter of whether plaintiff waived his attorney client privilege in his confidential communications or privacy in the prior internal investigations was a violation of the Standing Order, making her actions unreasonable. Because – it is not reasonable to disobey a Court Order.

Judge Mueller's No. 13 in her Civil Standing Order based on Local Rule 141 provides in part:

The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. This means that if a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the opposing party to seek an order of sealing or redaction from the court.

Civil Standing Order: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/civil-standing-order/

Here, plaintiff declared under penalty of perjury that this information was confidential and he was not waiving his attorney client privilege. (Dkt. 28-1 filed January 5, 2024). As such plaintiff had identified this material as confidential before Alison Berry Wilkinson filed her opposition on January

**9**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

14, 2024. (Dkt. 31 filed January 14, 2024). Yet she did not give notice to plaintiff's counsel prior to filing the confidential information into the public docket. (Decl. Albert ¶25, 60-61).

Additionally, she filed all of the information publicly when the Court was closed for a three-day (3-Day) holiday, then professed she was in trial all week and could not look at the issue until the following Saturday.

Her conduct in filing the papers at Dkt 30 containing confidential information was objectively unreasonable.

### c. The Evidence Demonstrates the Papers Were Filed to Harass or Embarrass the Plaintiff Warranting Rule 11 Sanctions

Sanctions can also be issued when papers are filed for an improper purpose. An "improper purpose" includes the intent to embarrass the other party or for media attention. *See, e.g., Flaherty v. Torquato,* 623 F.Supp. 55, 59-60 (W.D.Pa. 1985) (using harass and embarrass interchangeably in context of Rule 11 improper purpose discussion), *aff'd by* 800 F.2d 1133 (3rd Cir. 1986).

*Bader v. Itel Corp.* 791 F.2d 672, 675 (9th Cir. 1986) "teaches that sanctions are justified when a party acts *for an improper purpose* — even if the act consists of making a truthful statement or a non-frivolous argument or objection." *Fink v. Gomez* 239 F.3d 989, 992 (9th Cir. 2001).

"Rule 11's list of improper purposes is only illustrative; "to harass" is but one of the possible improper purposes. FED. R. CIV. P. 11(b)(1) (" *any* improper purpose, *such as* to harass . . ." (emphasis added))." *Whitehead v. Food Max of Mississippi, Inc.* 332 F.3d 796, 807 (5th Cir. 2003).

Defendant John Whitney's Opposition to the Motion to Disqualify his Counsel, Alison Berry Wilkinson, Declaration and Exhibits that contained confidential information were uploaded by the Vallejo Sun and posted online so anyone with internet access could read them. This is similar to the conduct punished by the Third Circuit Court of Appeals. The Third Circuit found imposition of sanctions under Rule 11 was proper when a party filed a paper seeking a writ for the purpose of local media attention in *Whitehead v. Food Max of Mississippi, Inc.* 332 F.3d 796, 807 (5th Cir. 2003). The Whitehead Court collected several other similar cases finding that the "media event orchestrated by Minor, in particular, constitutes objective evidence of his improper purpose in obtaining the writ. *See, e.g., Ivy v. Kimbrough,* 115 F.3d 550, 553 (8th Cir. 1997) (no abuse of discretion in imposing Rule 11

**10**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

sanctions, where, *inter alia,* conduct was "aimed at the media" and "primarily for local media consumption"); *Kramer v. Tribe,* 156 F.R.D. 96 (D.N.J. 1994), *aff'd without opinion,* 52 F.3d 315 (3rd Cir.), *cert. denied,* 516 U.S. 907, 116 S.Ct. 274, 133 L.Ed.2d 195 (1995) (imposing Rule 11 sanctions because, among other things, giving misleading reports to media demonstrated improper purpose motives (including intent to embarrass))."

Here, an issue in the lawsuit is that confidential information from plaintiff's personnel file at the Vallejo Police Department was published by the Vallejo Sun in January 2023. Plaintiff has also alleged that Defendant John Whitney has dropped his name inappropriately so in the news as to having tips bent on  his badge. As such, it is reasonable that the defendant John Whitney and his Counsel would know or have reason to know that the Vallejo Sun would check the filings in the docket in this case.

Moreover, it appears that the Vallejo Sun had no interest in reporting on the Disqualification motion because defendant's Opposition to the motion for Disqualification sat in the docket for 10 days before the Vallejo Sun decided to run a story – not on the disqualification but solely on the confidential information contained in it. It ran after plaintiff filed for ex parte relief to prevent the documents from being published.

How the information suddenly became of interest at the same time plaintiff was requesting the Court strike it from the docket is not relevant to the issue of improper means because Alison Berry Wilkinson was on notice that Vallejo Sun would look at the docket from time to time and this information would surely be used like it was before to harass and embarrass Ryan McMahon, her prior client. Her conduct was more egregious than that of Patrick Buelna, Esq. and his firm when they released confidential portions of Ryan McMahon's deposition to the news agency in *IF v City of Vallejo*. At least there, the attorney asked the news agency to take down the confidential information and showed remorse.

In the case of *IF v City of Vallejo* attorney Patrick Buelna or someone in his office submitted confidential videotaped portions of Ryan McMahon's deposition to a news agency. According to the Order filed by the Court in that case, when attorney Buelna's firm sent out confidential portions of Ryan McMahon's deposition to the news agency, his firm immediately took steps to remediate the situation

**11**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

by asking for the news agency to take down the deposition excerpts and not to run the story further. Buelna's firm also denied that it was intentional. On February 16, 2021, the Court still sanctioned Buelna $14,000.00 for the distribution in violation of the Protective Order. (Decl. Albert, Ex. 14).

Alison Berry Wilkinson came in possession of the confidential information, not as the result of discovery, but because she was Ryan McMahon's former counsel. She performed the intentional act of digging through her files to find the confidential internal investigations and then deliberately put them in her declaration and opposing papers. (Dkt. 31). She also dug through her emails and found attorney privileged communications about Ryan McMahon and put those in her papers, too. Then when an application was made to strike or seal those records, the Vallejo Sun popped up asserting they were going to be published. And they were published.  When they were published, when Ryan McMahon's counsel asked Alison Berry Wilkinson to request the Vallejo Sun to take that information down, she declined. For all of the foregoing reasons, Alison Berry Wilkinson's conduct was more egregious than that of Patrick Buelna and his law firm.

Whether Alison Berry Wilkinson's actions are characterized as one to embarrass, harass or retaliate for Ryan McMahon's filing of a motion to disqualify Alison Berry-Wilkinson as counsel for John Whitney in this case, it was for an improper purpose and sanctions should issue.

2. **Court's Inherent Power to Sanction**

Next, the Court has the inherent power to sanction Alison Berry Wilkinson because she "willfully abuse[d the] judicial process." *Roadway Express*, *Inc. v. Piper*, 447 U.S. 752 (1980)). Moreover, bad faith conduct such as acts of oppression and harassment can be sanctioned using the Court's inherent powers. *Chambers v. Nasco, Inc.* (1991) 501 U.S. 32, 50-51.

Despite being placed on notice that there was no waiver of the attorney client privilege and the internal investigations were confidential under the federal qualified privilege and Cal Penal Code § 832.7, Defendant's counsel simply decided she would be the final arbiter in this case and without a prior Court Order deemed the materials nonprivileged based on a waiver by the plaintiff filing a motion to disqualify her as counsel in this case.

Plaintiff incorporates the argument in Section 1 as though laid out herein. In order to impose sanctions pursuant to its inherent power, the Court "must make an express finding that the sanctioned

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

party's behavior 'constituted or was tantamount to bad faith." *Leon v. IDX Sys.Corp.,* 464 F.3d 951, 961 (9th Cir. 2006).

The term bad faith includes a variety of willful or reckless actions. For example, a party can demonstrate bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978).

Here, as detailed above, defendant's counsel Alison Berry Wilkinson hampered enforcement of the Court's Civil Standing Order by intentionally filing the confidential information into the public docket before notifying plaintiff's counsel so she had a chance to have the information sealed or redacted to keep it out of the public eye. Then Alison Berry Wilkinson delayed meeting with opposing counsel on the issue for nearly ten days and only agreed to request the confidential information be sealed on the condition that plaintiff did not move to have it struck from the record.

By violating the Court's standing Order, an attorney's oath and duty of confidentiality, the federal qualified privilege amongst other rules and Codes of Conduct, under Ninth Circuit precedent, this conduct constitutes bad faith warranting sanctions against Alison Berry Wilkinson.

3. **Sanctions Under 28 USC § 1927 For Multiplying the Proceedings**

Even if this was not wilful conduct (it was), then it was reckless. Recklessness, when combined with harassment, or an improper purpose, may support sanctions. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

By failing to follow the Standing Order in this case, defendant and his counsel created a lot of work for the plaintiff's counsel. As a result, plaintiff had to draft and file a motion to strike, then an ex parte application to redact or seal and now this motion for sanctions. If Alison Berry Wilkinson had followed the Standing Order, on the other hand, plaintiff's counsel merely would have been required to file a request to seal and put the decision in the Court's hands if the material was confidential, privileged or even relevant.

Plaintiff incorporates the arguments under Section 1 and 2 as though laid out herein. Plaintiff's counsel has spent 64 hours on this matter which is not even the central matter in this case.

A Court may sanction "[a]ny attorney . . . who so multiplies the proceedings in case unreasonably and vexatiously" by requiring said attorney to pay the costs incurred by the opposing party due to the attorney's conduct. 28 U.S.C. § 1927.

**13**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

The standard to meet here is recklessness. *Lipsigv. Nat'l Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C.Cir. 1980).

Here, Alison Berry Wilkinson knew that plaintiff filed a declaration in the moving papers on the motion for disqualification of counsel asserting his privilege of confidentiality in any attorney client information. He did not disclose any details of the internal investigations or specific communications relating thereto with his former attorney Alison Berry Wilkinson. (Dkt 28-1). Despite this knowledge, Alison Berry Wilkinson, drafted and filed an opposition with declarations publishing details of her prior representation of the plaintiff and specifically made reference to multiple internal police investigations that did not result in a sustained finding of liability before requesting from the Court to seal those portions of the record or giving notice to plaintiff's counsel prior to filing to do the same.

As a direct and proximate result, that confidential information was uploaded to the internet by the Vallejo Sun and posted where any member of the public could gain access to it that had internet access.

At a minimum, Alison Berry Wilkinson's conduct was reckless. As an experienced attorney, Alison Berry Wilkinson should have known better than to reveal this information in the public docket after the opposing party filed a declaration specifically asserting he was not waiving his attorney client privilege with her. That Alison Berry Wilkinson may have believed the privilege was waived is no defense, because she should have first resolved that issue prior to filing the information publicly.

Moreover, separate and apart from the attorney client privilege there was the federal qualified privilege, Cal. Penal Code §832.7, and the Court's own Civil Standing Order which all provided a basis to alert Alison Berry Wilkinson she should notify opposing counsel and seek the Court's guidance before filing the information in the public docket.

As a result, Defendant's conduct sent plaintiff's counsel on a paper chase and so multiplied the proceedings, with motions to strike, multiple meet and confer emails, ex parte applications and the like.

**C. Ryan McMahon Is Entitled To Sanctions**

    **1. Striking Defendant's Papers and Entering Judgment against Defendant John Whitney Is Warranted as a Sanction**

Finally, the Court should issue terminating sanctions against Defendant John Whitney in the form of taking default judgment against him after striking his papers from the record. His attorney's

**14**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

conduct was intentional and done in bad faith which needs to be deterred. Monetary sanctions continue to impose no deterrence factor here. (See Decl of McMahon generally).

Although not required in order to issue such a terminating sanction against a party, evidence, through the process of elimination suggests that the Vallejo Sun was not interested in the Disqualification motion but in the confidential information that Alison Berry Wilkinson put in the public docket.

No remorse or immediate steps were taken by Alison Berry Wilkinson to try to mitigate any harm. She delayed until day 10 and only after plaintiff's counsel filed a motion to strike the documents.

The court has power to enter judgment against the offending party.

> we do not require a district court to measure the impact on the litigation of a wrongdoer's willful misconduct before it issues a dismissal sanction. *See Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993) ("We continue to eschew grafting a requirement of prejudice onto a district court's ability to dismiss or enter judgment as a sanction under its inherent power."). A district court certainly can consider the extent of the prejudice to the opposing party when determining an appropriate sanction. But a district court's inherent power to sanction for violations of the judicial process is permissibly exercised not merely to remedy prejudice to a party, but also to reprimand the offender and "to deter future parties from trampling upon the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003).

> *Salmeron v. Ent. Rec. Sys. Inc.* 579 F.3d 787, 797 (7th Cir. 2009).

Here, for plaintiff Ryan McMahon there has been "trampling upon the integrity of the court" where has been bitten by attorneys taking his confidential information that was supposed to be protected in one manner or another and either given outright to the press or has been picked up in the docket by the press. (Decl of McMahon – in general).

He has been so prejudiced going forward it is hard to imagine how discovery can proceed as intended.

This case has a history of the Vallejo Sun writing stories about confidential information contained in plaintiff's personnel file. Defendant John Whitney knew that. His counsel knew that. Yet, his counsel put confidential information she gained when she represented Mr. McMahon in the court docket publicly and without a prior Court Order. "A reasonable person should know that giving a sensitive document to a member of the press, particularly one whose interest in the document was so keen that Sanchez repeatedly had to "put him off," almost inevitably will lead to its publication. That alone is more than sufficient to support the district court's finding of willfulness." *Salmeron v. Ent. Rec.*

**15**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

*Sys. Inc.* 579 F.3d 787, 794  (7th Cir. 2009) citing *See Stive v. United States*, 366 F.3d 520, 522 (7th Cir. 2004).

The harm is so great the Attorney General for California deemed a public employee who furnished such information publicly to have committed a crime. Government Code § 1222 makes it a misdemeanor for a public employee to disclose confidential information from a police personnel file in violation of Cal Penal Code §832.7. (See, *Towner v. Cnty. of Ventura* (2021) 63 Cal.App.5th 761, 768, "[t]he disclosure of peace officer personnel records in violation of ... <u>section 832.7</u> may constitute a crime under the terms of <u>Government Code section 1222</u> if the conditions of the latter statute are met." ( 82 Ops.Cal.Atty.Gen. 246 (1999).)

Here, Defendant John Whitney severely prejudiced Ryan McMahon in this lawsuit and only further caused harm to his reputation and privacy. He was undeterred in his prior actions in this lawsuit or by the example of the $14,000.00 sanction levied against Patrick Buelna, Esq. Knowing this long history of attacking and scapegoating Ryan McMahon with the wild conspiracy theory that he had two bent tips to his badge making John Whitney (a superior officer) a "whistleblower" striking defendant Johns Whitney's papers in this lawsuit and entering default judgment against him would be a permissible exercise of this Court's authority. Nothing less will deter this bad behavior. (See also, "*Assassination Archives & Research Center v. C.I.A.*, 48 F.Supp.2d 1 (D.D.C. 1999) (dismissing action due to attorney's disclosure to plaintiff of records attorney had become aware of during settlement negotiations in violation of confidentiality agreement executed in connection with prior litigation)." *Doe v. Univ. of Mich.* (E.D. Mich., June 29, 2021, No. 20-10568) [pp. 9]).

Plaintiff requests that if the Court cannot enter judgment then award him $500,000.00 for the further embarrassment, stress, and harm to his privacy and reputation that defendant John Whitney and his counsel Alison Berry Wilkinson has caused him. (Decl. of McMahon ¶22-24). Consequently, the Court should enter judgment against Defendant John Whitney under its inherent authority in this case.

### 2. Attorney Fees and Costs Should Be Awarded to Plaintiff Also

Ryan McMahon is entitled to sanctions. Federal courts may impose various sanctions against parties under either their inherent power or various federal rules and statutes.

Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously

**16**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*     Case No. 23-cv-01972-KJM-JDP

multiplies the proceedings, and (3) the court's inherent power. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (sanctions under the Court's inherent powers); *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010) (sanctions under 28 USC §1927); and Fed. R. Civ. P. 11(c) (sanctions under Rule 11).

If the Court determines that a party has violated Rule 11, the Court may impose appropriate sanctions on the parties, attorneys or law firms who have violated the rule. Fed. R. Civ. P. 11(c)(1).

> **(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation…

Fed. R. Civ. P. 11(c)(4)

If the Court determines that plaintiff is entitled to sanctions under 28 USC §1927, a court may award a party any "excess costs, expenses, and attorneys' fees reasonably incurred because of' an attorneys unreasonable and vexatious behavior that " *multiplies the proceedings in any case.*" 28 U.S.C. § 1927 (emphasis added).

"The Supreme Court in *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), delivered the definitive summary of the bases on which a federal court may levy sanctions under its inherent power. The Court reiterated the federal courts' inherent power to levy sanctions, including attorneys' fees, for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ." *Id.* at 766, 100 S.Ct. 2455 (internal quotation marks and citations omitted). The *Roadway* Court also noted that a court "certainly may assess [sanctions] against counsel who willfully abuse judicial processes." *Id.*" *Fink v. Gomez* 239 F.3d 989, 991-92 (9th Cir. 2001).

A district Court can sanction a party or attorney using its inherent powers for either: (1) a willful violation of a court order; or (2) bad faith conduct.  See, *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), the court's inherent power "extends to a full range of litigation abuses." *Id.* at 46-47, 111 S.Ct. 2123.

The Court should award fees and costs for the time spent preparing the sanctions motion and the necessarily duplicated trial preparation work. Using the lodestar method, awarding plaintiff $44,640.00

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

with plaintiff's counsel hourly rate of $697.50 is reasonable for the work expended plus costs and additional work to be expended. (Decl. Albert ¶61-62, 65-67, 79-84, Ex 16-20). She is the founding partner of her law office and has over two decades of experience. (Decl. Albert ¶63-64)

> The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in" `rare' and `exceptional' cases, supported by both `specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high.

*Van Gerwen v. Guarantee Mut. Life Co.* 214 F.3d 1041, 1045 (9th Cir. 2000)

> Under Hensley, 11 factors are relevant to the determination of the amount of attorney's fees: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.461 U.S. at 430 n. 3. Under City of Burlington v. Dague, 505 U.S. 557 (1992), the contingency nature of a fee cannot be considered as a factor bearing on the amount of attorney's fees. See Davis v. City County of San Francisco, 976 F.2d 1536, 1546 n. 4 (9th Cir. 1992), vacated in part on other grounds, 948 F.2d 345 (9th Cir. 1993)

*Van Gerwen v. Guarantee Mut. Life Co.* 214 F.3d 1041, 1046, fn. 2 (9th Cir. 2000).

As more fully laid out in the Declaration of Lenore Albert, an award of sanctions for fees and costs in the amount of $44,640.00[1] is justified under the lodestar method.

## IV. CONCLUSION

In short, defendant John Whitney's Opposition to the Motion to Disqualify Counsel and Alison Berry Wilkinson's declaration in support of the Opposition, contains confidential and irrelevant matter that was filed on the public docket in violation of Fed. R. Civ. P. Rule 11. Further, that confidential information, as opposed to the motion itself, was found by the Vallejo Sun and uploaded to the internet for anyone to see before the Court could act causing further harm to the plaintiff's privacy and

---

[1] After this motion was served on Defendant and his counsel, the proceedings were multiplied more – adding further unnecessary costs which plaintiff would like leave to file a declaration for those additional costs.

**18**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*    Case No. 23-cv-01972-KJM-JDP

reputation. If Alison Berry Wilkinson had just followed the Court's Civil Standing Order and given plaintiff's counsel the chance to request the opposition be sealed before she filed it, then the Vallejo Sun would not have had the opportunity to upload the information and plaintiffs counsel would not have had to spend approximately 64 hours trying to mitigate the damage to her client.

This has so prejudiced the plaintiff he is entitled to have the Court enter judgment against Defendant John Whitney and award him damages. The Court can and should also award reasonable attorney fees and expenses for having to make this motion, the ex parte application to seal/strike and the Motion to Strike those papers.

Any argument that the attorney client privilege was waived is baseless. Protective Orders and Standing Orders violated by opposing counsel eats away at the integrity of the Court. As such, to deter similar misconduct, the Court should sanction defendant John Whitney's counsel for the bad faith conduct outlined above. Sanctions should include all actions taken or not taken resulting in the multiplying of proceedings plus a deterrence penalty.

The court should also demand costs to paid into the court by Defense counsel for unnecessarily multiplying the proceeds. By dragging their feet, they have not only created this situation but also exacerbated plaintiff's harm.

Dated:  March 6, 2024

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ LENORE ALBERT_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiff, Ryan McMahon

**19**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*   Case No. 23-cv-01972-KJM-JDP

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S. Coast Hwy #3960, Laguna Beach, CA 92651. On February 12, 2024, I served a copy of the following document(s) described as:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

Were served by EMAIL under the Safe Harbor Provisions of Rule 11.

On March 6, 2024 a Table of Contents and Authorities was added to the documents and were served through ECF
On the interested parties in this action as follows:
**For Defendant John Whitney:**
Alison Berry Wilkinson
alison@berrywilkinson.com
Berry | Wilkinson | Law Group
165 North Redwood Drive, Ste 206
San Rafael, CA 94903
Telephone:  415.259.6638
Facsimile:  877.259.3762

**For Defendant City of Vallejo and Shane Bower:**
Katelyn M. Knight
Assistant City Attorney
City of Vallejo | City Attorney's Office
555 Santa Clara Street
Vallejo, CA 94590
707.648.4388 | katelyn.knight@cityofvallejo.net

**[x] BY E-SERVE and EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: March 6, 2024

                              /s/Lenore Albert
                              Lenore Albert

**20**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST ALISON BERRY WILKINSON AND HER LAWFIRM**

*McMahon v Whitney, et al*      Case No. 23-cv-01972-KJM-JDP