Alison Berry Wilkinson (SBN 135890)
Berry | Wilkinson | Law Group
165 North Redwood Drive, Suite 206
San Rafael, California
Telephone:    (415) 259.6638
Facsimile:     (877) 259.3762
Email: alison@berrywilkinson.com

Attorneys for Defendant
JOHN WHITNEY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RYAN MCMAHON, an individual,<br><br>                    Plaintiff,<br><br>       vs.<br><br>JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO, and DOES 1-10, inclusive<br><br>                    Defendants. | Case No. 2:23-cv-01972-KJM-JDP<br><br>RESPONSE TO PLAINTIFF'S URGENT MOTION FOR ADMINISTRATIVE RELIEF [ECF 59]<br><br>Hearing:       Not Applicable<br>Time:          Not Applicable<br>Courtroom:  3 – 15th Floor |

On March 12, 2024, Plaintiff filed an Urgent Motion for Administrative Relief requesting this Court issue an Order to Show Cause why she should not be suspended or disbarred from practicing law in the Eastern District of California. The motion was filed as a result of the Opinion and Order of the State Bar Court of California Review Department imposing immediate involuntary inactive status on Plaintiff's counsel, effective March 14, 2023. That suspension is in place until such time as the California Supreme Court determines whether Plaintiff's counsel should be disbarred as recommended by the State Bar Court. The Opinion and Order imposing such penalties was attached as Exhibit 1 to the Motion for Administrative Relief. (See, ECF 59 at Exh. 1.)

Defendant agrees with the State Bar Court that suspension in the form of immediate involuntary inactive status impacts the ability of Plaintiff's counsel to practice in the Eastern District of California because the Local Rules require counsel to be "in good standing" with the

1  State Bar of California.  (ECF 59 at Exh. 1-9; see also, E.D. Cal. L. R. 180.)  Defendant also agrees with the State Bar Court that "if an attorney's eligibility status changes in a manner that makes the attorney ineligible to practice in the EDCA, the attorney is immediately suspended." (*Id.*)  "The immediate suspension is self-effectuating; no court order is required."  (ECF 59 at Exh. 1-9 citing E.D. Cal. L.R. 184(b).

Defendant further agrees that Plaintiff's counsel, Ms. Lenore Albert, should have the opportunity to challenge the automatic suspension.  But Defendant disagrees that this pending case is the appropriate forum in which such a challenge should be raised.

Defendant therefore requests this Court deny the pending "urgent" administrative motion and direct Plaintiff's counsel to seek relief independently of this action.  In that Plaintiff's counsel is presently on involuntary inactive status with the California State Bar and her ability to practice in the Eastern District of California has not yet been fully adjudicated, Defendant further requests this Court suspend all pending deadlines and hearings in this matter (including the pending motion opposition deadline for ECF 56, which would trigger a 10-day reply deadline for Plaintiff, as well as the pending motion hearings currently scheduled for March 29, 2024), until such time as either the status of Plaintiff's current counsel is fully adjudicated or Plaintiff chooses to substitute in new counsel or proceed *in pro per*.

Dated: March 16, 2024                    Berry | Wilkinson | Law Group

By    /s/ *Alison Berry Wilkinson*
ALISON BERRY WILKINSON
Attorneys for Defendant JOHN WHITNEY