Alison Berry Wilkinson (SBN 135890)
Berry | Wilkinson | Law Group
165 North Redwood Drive, Suite 206
San Rafael, California
Telephone:      (415) 259.6638
Facsimile:      (877) 259.3762
Email: alison@berrywilkinson.com

Attorneys for Defendant
JOHN  WHITNEY

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RYAN MCMAHON, an individual, | Case No. 2:23-cv-01972-KJM-JDP |
| Plaintiff, | OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT JOHN WHITNEY AND HIS COUNSEL OF RECORD [ECF 56] |
| vs. | |
| JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO, and DOES 1-10, inclusive | |
| Defendants. | Date:        April 19, 2024 |
| | Time:        10:00 a.m. |
| | Courtroom:  3, 15th Floor |
| | Judge:       Hon. Kimberly J. Mueller |

1

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................2

TABLE OF AUTHORITIES ...........................................................................................4

INTRODUCTION ...........................................................................................................5

ARGUMENT ...................................................................................................................7

    A.    Sanctions Under Rule 11 Are Not Warranted Because the Filing Was Objectively Reasonable and the Allegedly Offending Papers Were Corrected and Sealed Upon Plaintiff Identifying the Portions He Considered Privileged.................................................7

        1.    Defense Counsel Complied with Rule 11's Requirement to Investigate Both Law and Fact Prior to Filing the Contested Excerpts............................................8

            a.    Before Filing the Disqualification Opposition, Defense Counsel Carefully Scrutinized the Information Being Submitted to Ensure She Did Not Present Privileged Information to the Court.................................8

                (1)    No information was provided about the communications that were alleged to have occurred between December 2019 and February 2020 and for which privilege was expressly invoked .....9

                (2)    Defense counsel investigated whether the July 20, 2020, communication she had directly with Plaintiff qualified for the attorney-client privilege even though privilege was not expressly invoked .......................................................................10

                (3)    Defense counsel had an objectively reasonable basis to conclude that her assumption about why Plaintiff contacted Defendant Whitney in September 2023 was not privileged.........12

                (4)    Defense counsel had an objectively reasonable basis upon which to conclude that by putting her performance in issue, no privilege or confidentiality applied to the limited unredacted information submitted that directly refuted the claims made in the disqualification motion...................................12

            b.    Before Filing the Disqualification Opposition, Defense Counsel Investigated Whether the Information Was Confidential Under Penal Code Section 832.7..........................................................................15

                (1)    Sanctions are Not Appropriate Because the Information Submitted Was Not "Obtained From" Plaintiff's Law Enforcement Personnel Files.......................................................16

                (2)    The Case Numbers Listed Were Not Obtained from Plaintiff's Personnel Records; Rather, They Were Assigned By a Third Party to Track the Legal Services Provided By Defense Counsel........................................................................16

(3)     Plaintiff Has Failed to Show the Information Recited in the PORAC LDF Case Reports Came From, or Was Ever Contained in, His Personnel File ...................................................17

(4)     Even if the Records Included Information Obtained from Plaintiff's Law Enforcement Personnel File, the Unredacted Filing Was Still Objectively Reasonable Since the Information Was Relevant and Material to the Issues Presented by Plaintiff in His Disqualification Motion ...............17

2.     Upon Notification of Plaintiff's Claim of Privilege, Defendant Secured Removal of the Offending Pleadings from the Public Docket Despite the Research Confirming the Unredacted Filings Were Permitted ...........................19

B.     Sanctions under 28 U.S.C. §1927 Are Not warranted. ...................................................19

1.     Plaintiff's Claim that Defendant's Failure to Follow Standing Order No. 13 Required the Multiplicity of Motions is Misplaced .............................................21

C.     Sanctions Are Not Warranted Under the Court's Inherent Authority Because the Unredacted Submissions Were Not Submitted in Bad Faith or for Oppressive Reasons. .......................................................................................................................22

1.     This Court Should Consider Using its Inherent Authority to Sanction Plaintiff and His Counsel. ........................................................................................22

CONCLUSION ...................................................................................................................23

OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
*McMahon v. Whitney, Case No. 2:23-cv-01972-KJM-JDP*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Brooks v. County of San Joaquin,* 275 F.R.D. 528, 533 (E.D. Cal. July 5, 2011); ...............................19
*Acinelli v. Blackmon,* 2014 WL 12700993 *2 (C.D. Cal. August 6, 2014) ...........................................19
*Bittaker v. Woodford,* 331 F. 3d 715, 718-719 (9th Cir. 2003), ...........................................................14
*Brooke v. Sarang,* 2019 WL 1281950 *2 (E.D. Cal. March 20, 2019) ...................................................8
*Cortina v. Goya Foods, Inc.* 2015 WL 11251806 *2 (S.D. Cal. October 7, 2015).................................11
*Coy v. Superior Court,* 58 Cal. 2d 210, 219-223 (1962);.......................................................................10
*Deocampo v. City of Vallejo,* 2007 WL 1589541 (E.D. Cal. June 1, 2007); .........................................19
*Doe v. Uber Technologies, Inc.,* 2022 WL 767088 *3 (N.D. Cal. March 11, 2022) ............................11
*Doyle v. Gonzales,* 2011 WL 3925045 *2-4 (E.D. Cal. September 8, 2011);..........................................19
*Garcia v. Juarez,* 2016 WL 3648938 *5 (E.D.Cal. July 8, 2016), .........................................................19
*Gearhart v. Solano County*, 2008 WL 2560703 (E.D. Cal. June 24, 2008)..........................................19
*Gerawan Farming, Inc. v. Townsend & Townsend & Crew LLP*, 2011 WL 4440188, at *1 (E.D.
     Cal. Sept. 23, 2011) .......................................................................................................................14
*Golden Eagle Distributing Corporation*, 801 F. 2d 1531 (9th Cir. 1986.............................................9
*Hallon v. City of Stockton* 2012 WL 394200 *4-5 (E.D. Cal. Feb 6, 2012).....................................17, 18
*In re Department of Investigation of New York,* 856 F. 2d 481, 483-484 (2d Cir. 1988) ....................18
*In re Dimas, LLC*, 357 B.R. 563, 588, 2006 WL 3833924 (Bankr. N.D. Cal. 2006),............................15
*In re Rindlisbacher*, 225 B.R. 180, 183, 1998 WL 687215 (B.A.P. 9th Cir. 1998)..............................16
*Mier v. CVS Pharmacy, Inc.* 2021 WL 3468932 *1 (C.D. Cal. April 30, 2021) ..................................11
*Morrissey v. City of New York*, 171 F.R.D. 85, 90 (S.D. N.Y. 1997) ...................................................18
*Operating Eng'rs Pension Trust v. A-C Co.,*, 859 F. 2d, 1336, 1345. .....................................................8
*Sanchez v. City of Santa Ana*, 936 F. 2d 1027, 1033 (9th Cir. 1991)..................................................18
*Sigfried v. City of Easton,* 146 F.R.D. 98, 101 (E.D. Pa. 1991) ...........................................................18
*State Farm Fire & Casualty Co. v. Superior Court*, 54 Cal. App. 4th 626, 639-641 .........................10
*United States v. Freeman,* 519 F. 2d 67, 68 (9th Cir. 1975) .................................................................10
*United States v. Gray*, 876 F. 2d 1411, 1415 (9th Cir. 1989)...............................................................11
*United States v. Ruehle, supra,* 583 F. 3d at 607 (9th Cir. 2009).........................................................13

**Statutes**

28 U.S.C. §1927 ...........................................................................................................................3, 6, 8, 20
Cal. Evid. C. § 954 ...................................................................................................................................13
Cal. Evid. Code §958 ..........................................................................................................................15, 16
Cal. Pen. C. §832.7.................................................................................................................................17
Cal. Evid. Code §1045 ............................................................................................................................ 19

**Other Authorities**

*Advisory Committed Note,* 97 F.R.D. 165, 198 (1983) ...........................................................................9

**Rules**

Fed. R. Civ. Proc. 11 ........................................................................................................... passim

OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
*McMahon v. Whitney, Case No. 2:23-cv-01972-KJM-JDP*

**INTRODUCTION**

Plaintiff seeks sanctions in the extraordinary sum of *a half-million dollars*, *plus* attorneys' fees of around forty-five thousand dollars *and* terminating sanctions, based on his dissatisfaction with defense counsel having filed certain unredacted materials in opposition to the disqualification motion.[1]  Before filing those materials, in compliance with her obligations under Federal Rule of Civil Procedure section 11 (hereafter "Rule 11"), defense counsel researched and analyzed whether an unredacted filing was permissible. That research revealed defense counsel had an objectively reasonable basis upon which to submit the materials unredacted.  When, after filing, Plaintiff claimed the contested excerpts were privileged and confidential, defense counsel filed an application to seal despite the compelling research she had compiled supporting the propriety of the unredacted original filing. See, ECF 38, 40, and 43.  Of significance, the unredacted records filed are no longer available on the public docket and have been sealed. ECF 43.  Because the contested excerpts were withdrawn from the public docket and sealed after Plaintiff's protest, sanctions under Rule 11 and Local Rule 110 are unavailable. A party that corrects or withdraws the offending paper within (or as here, prior to) the twenty-one day "safe harbor" "will not be subject to sanctions."  *Alson, supra*, 2020 WL 264323 at *3, citing *Barber v. Miller*, 146 F. 3d at 710.)

Plaintiff also seeks sanctions pursuant to this Court's inherent powers.  Such a penalty requires a showing of bad faith, which does not exist here.  The filings were submitted for a proper purpose – to rebut the claims made in the disqualification motion – and, as shown herein, defense counsel had an objectively reasonable basis upon which to conclude filing unredacted was permissible.

Plaintiff also seeks sanctions pursuant to 28 U.S.C. §1927.  But defense counsel did not multiply the proceedings; rather, it was Plaintiff's counsel.  Defense counsel took the only step necessary to assuage Plaintiff's concerns: applying to have the contested excerpts sealed.  By contrast, Plaintiff filed three duplicative motions, all requesting the same relief (removing the contested excerpts) based on a blanket assertion of privilege.  Two of those motions also requested sanctions but presented no authorities or argument in support.  In other words, it was *Plaintiff* who multiplied the

---

[1] The specific excerpts Plaintiff claims are privileged and confidential are listed at ECF 56 at page ii, lines 4-25. These excerpts are referred to herein collectively as "contested excerpts."

5

pleadings due to his apparent impatience at having to wait for a ruling on the sealing request.  This does not amount to unreasonable and vexatious conduct by *defense counsel* warranting sanctions under 28 U.S.C. §1927.

The sanctions request should further be denied because defense counsel conducted significant due diligence before submitting the unredacted disqualification opposition.  The research conducted revealed the materials defense counsel submitted in opposition to the disqualification motion were neither privileged nor confidential.  It also revealed that even if the materials were privileged, where an attorney is required to defend herself against charges of improper conduct, both federal and state law permit revelation of otherwise privileged communications without violating the ethical rules of confidentiality or the attorney-client privilege.  Federal law considers charges of attorney improper conduct to amount to an implied waiver of the attorney-client privilege, whereas California law establishes a statutory exception to the privilege.  Each confirm that when Plaintiff put defense counsel's performance at issue by filing the disqualification motion, she was entitled to submit otherwise privileged information to refute the allegations.

Finally, Plaintiff's sanctions motion is, itself, sanctionable.  For multiple reasons, this Court should exercise its inherent powers to punish Plaintiff's repeated improper conduct in this proceeding.  On more than one occasion, Plaintiff and his counsel have certified to false or misleading facts. For example, in the pending motion, Plaintiff claimed the original unredacted filing was part of a scheme to harass and embarrass him.  In support of that argument, Plaintiff's counsel cited to an alleged "midnight email."  See, ECF 56 at section II(C). Notably, no such midnight email was attached as an exhibit despite Plaintiff's counsel attesting it had been received. ECF 56-2 at ¶¶40-41.  Rather, the document Plaintiff's counsel claimed supported her position that a midnight email had been sent (ECF 56-12 at 10-2) contains a time stamp showing it was actually received by Plaintiff's counsel *five hours* before midnight, i.e., on "Friday, January 26, 2024 at 07:06 PM PST." ECF 56-12 at 10-2. This is not the first time Plaintiff and his counsel have attested to false facts. See, ECF 31-2 at ¶¶20-28, 99, 103-104; Declaration of Alison Berry Wilkinson, filed herewith (hereafter "Wilk. Decl.").  Likewise, on multiple occasions, Plaintiff and his counsel have failed to follow the local rules.  Wilk. Decl. at ¶¶26-29.

6

Two additional reasons support an exercise of this Court's inherent powers to sanction Plaintiff's counsel: her lack of candor with this Court. First, Plaintiff's counsel continues to spout a speculative conspiracy theory that defense counsel and the Vallejo Sun are in cahoots to tarnish Plaintiff's reputation despite being provided evidence that it is not true. ECF 56-12 at 10-2 to 10-10; Wilk. Decl. Despite defense counsel providing the requested proof that she did not engage in such activities; Plaintiff's counsel continues to represent those speculative claims as evidence of harassment.

Additionally, Plaintiff's counsel asserts she is entitled to be compensated at the hourly rate of $450.00 for total fees reaching nearly $45,000.00 for the work performed in connection with the sanctions motion. Although Plaintiff's counsel waxes prolific about her accomplishments and professional history to support the claim she is entitled to fees at those rates, counsel purposefully omitted any reference to the fact that she has been suspended by the California State Bar multiple times for ethical misconduct and is currently being considered for disbarment. See, ECF 59.

For the reasons set forth herein, Defendant and his counsel respectfully request this Court deny Plaintiff's Motion for Sanctions and consider using its inherent authority to instead sanction Plaintiff and his counsel.

## ARGUMENT

Plaintiff seeks sanctions under Fed. R. Civ. Proc. 11, Eastern District Local Rule 110, as well as 28 U.S.C. section 1927 and the Court's inherent powers. As noted in *Brooke v. Sarang,* 2019 WL 1281950 *2 (E.D. Cal. March 20, 2019): "(1) Federal Rule of Civil Procedure 11 [] applies to signed writings filed with the court, (2) 28 U.S.C. §1927 [] is aimed at penalizing conduct that unreasonably and vexatiously multiples the proceedings, and (3) the court's inherent power" to levy sanctions "against counsel who willfully abuse judicial process."

None of these standards were violated by defense counsel having filed unredacted copies of the contested excerpts in opposition to the disqualification motion. Consequently, the sanctions motion should be denied.

**A.     Sanctions Under Rule 11 Are Not Warranted Because the Filing Was Objectively Reasonable and the Allegedly Offending Papers Were Corrected and Sealed Upon Plaintiff Identifying the Portions He Considered Privileged**

7

The Ninth Circuit has stated sanctions under Federal Rule of Civil Procedure 11 (hereafter "Rule 11") are "an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F. 2d, 1336, 1345.

When evaluating the imposition of sanctions, Rule 11 requires the court to consider whether the party acted in an objectively reasonable manner. *Washington, supra*, 2019 WL 950252 *2. Where "a reasonable basis for the position exists in both law and fact at the time the position is adopted, then sanctions should not be imposed." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).  Further, where an attorney has conducted a reasonable and competent inquiry before submitting the pleading, sanctions are not appropriate.  See, e.g., *B&G Foods North America, Inc. v. Embry,* 2023 WL 3751991 (E.D. Cal. June 1, 2023), citing *Christian v. Mattel, Inc.*, 286 F. 3d 1118, 1127 (9th Cir. 1997).  Sanctions are not to be applied "using the wisdom of hindsight."  *Operating Eng'rs Pension Tr., supra*, 859 F. 2d at 1344. "The simple fact an attorney's legal theory failed to persuade the district court 'does not demonstrate that [counsel] lacked the requisite good faith in attempting to advance the law.'" (*Id.*)

### 1. Defense Counsel Complied with Rule 11's Requirement to Investigate Both Law and Fact Prior to Filing the Contested Excerpts

In *Golden Eagle Distributing Corporation*, 801 F. 2d 1531 (9th Cir. 1986), the Ninth Circuit noted that the amendments to Rule 11 enacted in 1983 were "designed to create an affirmative duty of investigation as to law and fact before motions are filed.  It creates an objective standard of 'reasonableness under the circumstances.'" *Id.* at 1536 (citing *Advisory Committed Note,* 97 F.R.D. 165, 198 (1983)). The Advisory Committee emphasized: "courts should not hold a lawyer to a standard measured by what the judge later decides, but should look at the situation which existed when the paper was filed."  *Golden Eagle, supra*, at 1536.

#### a. Before Filing the Disqualification Opposition, Defense Counsel Carefully Scrutinized the Information Being Submitted to Ensure She Did Not Present Privileged Information to the Court

The unredacted material submitted served a proper purpose: to refute the claims made in the disqualification motion.  Before filing, however, defense counsel investigated whether (1) privilege had been invoked for any of the evidence supporting the opposition, and (2) whether privilege

1    nonetheless attached to any of the facts relied upon in opposition. The information listed *infra*

2    concerning the research conducted and findings made before submitting the unredacted materials in

3    opposition to the disqualification motion is attested to in the Declaration of Alison Berry

4    Wilkinson, filed herewith.

5                    **(1)    No information was provided about the communications that
                             were alleged to have occurred between December 2019 and
6                            February 2020 and for which privilege was expressly invoked**

7           Although Plaintiff *now* claims he invoked privilege for *all* communications between him

8    and defense counsel (ECF-56 at 16:26-27), at the time the disqualification motion was filed, he

9    only invoked privilege for *selected* communications. Specifically, Plaintiff directly invoked

10   privilege for the "three phone calls" he alleged occurred "between December 2019 through

11   February 2020 regarding the Vallejo Police Department." ECF 28-1 at ¶12.  Plaintiff clearly stated

12   in connection with those three alleged phone calls: "I do not waive that privilege now." *Id.*

13          Defense counsel did not provide any information about the content of any of the alleged

14   three conversations Plaintiff claimed occurred in that time period. See, ECF 31-2 at 11:15 to 24

15   (¶¶29-24).  Rather, she provided records demonstrating *there were no phone calls whatsoever*

16   between December 2019 and February 2020. *Id.*; see also, ECF 31-2 at 15:12 to 17:16 and 19:5-7

17   (¶¶50-63, 72). [2]

18          Even though there were no attorney-client communications in that specific time period for

19   which privilege was invoked, defense counsel went a step further and also investigated whether, as a

20   matter of law, she could reveal the fact that no communications whatsoever occurred between

21   December 2019 and February 2020.  From that research, defense counsel confirmed that identifying

22   the dates on which communications occurred (and conversely the dates on which they did not occur)

23   would not violate privilege. Specifically, defense counsel confirmed that it is well-established the

24   attorney-client privilege does not protect the fact that a communication took place on a particular

25   topic, as well as the time and date of those communications. *Coy v. Superior Court*, 58 Cal. 2d 210,

---

26   [2] Notably, the evidence defense counsel submitted refuting Plaintiff's claim that he had three
27   phone calls during the time period between December 2019 through February 2020 does not appear on
     the list of contested excerpts. See, ECF 56 at page ii.  Thus, even Plaintiff agrees defense counsel did
28   not violate privilege for those communications for which privilege was specifically invoked.

219-223 (1962); *State Farm Fire & Casualty Co. v. Superior Court*, 54 Cal. App. 4th 626, 639-641. As noted by the California Supreme Court, such information "is not a matter 'communicated' by the client to his attorney in the course of a professional relationship, or at all." *Coy, supra,* 58 Cal. 2d at 220. The research also confirmed federal authorities are in accord. See, e.g., *United States v. Freeman,* 519 F. 2d 67, 68 (9th Cir. 1975) [information concerning whether an attorney had advised his client of the court's order to appear was not privileged]; *United States v. Gray*, 876 F. 2d 1411, 1415 (9th Cir. 1989) [information that an attorney had informed the defendant of a sentencing date not privileged]; *Mier v. CVS Pharmacy, Inc.* 2021 WL 3468932 *1 (C.D. Cal. April 30, 2021) ["the date of communications between attorney and client, or the time at which a client first retained an attorney for legal consultation, are not protected by the attorney-client privilege"]; *Doe v. Uber Technologies, Inc.*, 2022 WL 767088 *3 (N.D. Cal. March 11, 2022) ["whether a party sought legal advice [is] not privileged – the privilege operates to protect the advice itself."]; *Cortina v. Goya Foods, Inc.* 2015 WL 11251806 *2 (S.D. Cal. October 7, 2015).

Thus, defense counsel complied with her Rule 11 obligations before submitting information to this Court on the topics for which privilege was specifically invoked. Thus, the severe sanctions Plaintiff seeks are unwarranted.

**(2)   Defense counsel investigated whether the July 20, 2020, communication she had directly with Plaintiff qualified for the attorney-client privilege even though privilege was not expressly invoked**

In the declaration Plaintiff submitted in support of the disqualification motion, he stated simply that he "thought" his communications with defense counsel about "issues [he] had with the Vallejo Police Department" "were privileged." ECF 28-1 at ¶¶7-9, 18. Plaintiff presented no specifics to support his thinking, let alone any facts demonstrating an attorney-client relationship existed after June 2016.[3] *Id.* Nonetheless, defense counsel investigated the context of *all* communications with Plaintiff, even those after the relevant time period of December 2019 to

_____

[3] Plaintiff does not claim that the closing letter dated June 24, 2016 notifying him that representation had concluded (located at ECF 3103 at page 2 of 3) was subject to any privilege or confidentiality. Indeed, that letter is not included in the list of contested excerpts identified in ECF 56 at page ii and upon which the sanctions are sought.

10

February 2020.

For example, defense counsel investigated Plaintiff's claim that he "directly communicated" with her about having his "attorney, Justin Buffington" discuss his "ongoing cases with the Vallejo Police Department." ECF 28-1 at ¶10. Defense counsel's investigation revealed the only direct communication on that topic occurred on July 20, 2020. ECF 31-2 at 17:17 to 19:4 [¶¶64-71]. Upon examination, it became readily apparent no privilege attached. The reason: it was a misdirected email in which Plaintiff expressly disavowed seeking a consultation on the issues then-pending in Vallejo. ECF 31-2 at 17:14 to 19:4 (¶¶63-71).

Notably, Plaintiff does not contend the description defense counsel provided of their communication about the misdirected email (which appeared at ECF 31-2 18:21-28 (¶¶70-71)) is privileged or subject to sanctions. See, ECF 32-1 at page ii. Those paragraphs stated:

> 70. In our conversation, McMAHON confirmed he was not seeking an independent consult, but had misdirected an email intended for his then-current counsel, Justin Buffington. That McMahon was not seeking legal advice or assistance was confirmed in the follow-up email that was sent. (Exhibit [S].)

> 71. After confirming McMAHON was not seeking any legal advice, guidance, or consultation, he and I proceeded to catch-up. During that conversation I expressed empathy for how difficult Ryan's situation was, support for his challenging the maltreatment he suffered from the City of Vallejo, and also let him know that if there was anything I could do, or that John Whitney could do, to hel[p], that he should have his counsel reach out. I did not provide any legal guidance or advice, nor did we re-establish an attorney-client relationship during the call. Rather, I simply let Ryan know that me and John Whitney were both available to help, if needed.

ECF 31-2 at 18:21 to 19:4 (¶¶70-71).

Rather, Plaintiff *only* claims privilege and sanctions for the follow-up email (ECF 31-2 [Exhibit S]) defense counsel sent, and the quotation from that email she provided at ECF 31-2 17:28 to 18:6 (¶67). It is incongruous that Plaintiff has no objection to the above description of the conversation yet seeks severe monetary sanctions for having attached the evidence supporting that description.

It was clear from the July 20, 2020 communication that it did not qualify for protection

11

1    under the attorney-client privilege.  Defense counsel reviewed California Evidence Code section

2    951, which defines the term "client" as "a person who … consults a lawyer for the purpose of

3    retaining the lawyer or securing legal service or advice form him in his professional capacity,"

4    along with California Evidence Code sections 952 through 955.  From these authorities, there was

5    an objectively reasonable basis to conclude the information could be filed unredacted given that

6    Plaintiff expressly indicated the email was misdirected and expressly disavowed any intent to

7    secure legal assistance or guidance from defense counsel.

8             **(3)      Defense counsel had an objectively reasonable basis to
                          conclude that her assumption about why Plaintiff contacted
9                         Defendant Whitney in September 2023 was not privileged**

10           Plaintiff seeks sanctions for defense counsel having included the information provided at ECF

11   31 at 10:5-8 about her reason for contacting Plaintiff on September 14, 2023. Nothing about the

12   information provided invokes the attorney-client privilege.  Rather, that information simply describes

13   defense counsel's assumption as to why Plaintiff had contacted Defendant.

14           California Evidence Code section 954 protects "a confidential communication between client

15   and lawyer."  Federal law is in accord. *United States v. Ruehle, supra,* 583 F. 3d at 607 (9th Cir.

16   2009).  A lawyer's belief as to why a former client is contacting a current client does not involve any

17   confidential communications between the lawyer and the current client, nor did it relate to any matter

18   on which defense counsel was acting in the capacity as an attorney for Plaintiff.  Rather, the

19   assumption was made in connection with the representation defense counsel was providing to

20   Defendant Whitney. As such, it was not privileged, and Defendant had an objectively reasonable

21   basis upon which to submit that except in opposition to the disqualification motion.  The sanctions

22   request should, therefore, be denied.

23           **(4)      Defense counsel had an objectively reasonable basis upon
                          which to conclude that by putting her performance in issue, no
24                        privilege or confidentiality applied to the limited unredacted
                          information submitted that directly refuted the claims made
25                        in the disqualification motion**

26           The research defense counsel did prior to filing the disqualification opposition further revealed

27   that even if any of the materials submitted unredacted were privileged, an attorney that is required to

28   defend herself against charges of improper conduct is permitted, under both federal and state law, to

12

1  reveal otherwise privileged communications without violating the ethical rules of confidentiality or

2  the attorney-client privilege.

3       Federal law considers charges of attorney improper conduct to amount to an implied waiver of

4  the attorney-client privilege. *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (A lawyer

5  may reveal otherwise privileged communications from his clients in order to defend himself against

6  charges of improper conduct, without violating the ethical rules of confidentiality or the attorney-

7  client privilege." ); see also, *Gerawan Farming, Inc. v. Townsend & Townsend & Crew LLP*, 2011

8  WL 4440188, at *1 (E.D. Cal. Sept. 23, 2011).  The Ninth Circuit is in accord. In *Bittaker v.*

9  *Woodford*, 331 F. 3d 715, 718-719 (9th Cir. 2003), the court found that where an attorney's

10  performance is put directly in issue during litigation, any applicable attorney-client privilege is

11  waived.

12       The annotations to Fed. R. Evid. 502(a) further reinforce the right of defense counsel to have

13  disclosed the information presented in opposition to the disqualification motion.  Those annotations

14  emphasize that following "a voluntary disclosure in a federal proceeding," a subject matter waiver

15  can occur when "fairness requires a further disclosure of related protected information in order to

16  prevent a selective and misleading presentation of evidence to the disadvantage of the adversary".

17  Fed. Rules Evid., rule 502, 28 U.S.C.A. [Advisory Committee Note (a)]. The annotation further

18  stated:

19
20         The language concerning subject matter waiver – "ought in fairness" -- is
       taken from Rule 106, because the animating principle is the same.  Under
21         both Rules, a party that makes a selective, misleading presentation that is
       unfair to the adversary opens itself to a more complete and accurate
22         presentation.

23  *Id.*

24       Consequently, to the degree any of the information presented in the disqualification

25  opposition was either privileged or confidential, under federal law Plaintiff waived those protections

26  by placing the context of his relationship with defense counsel directly in issue.  Sanctions are,

27  therefore, inappropriate.

28       California law likewise permits the submission of privileged information when the attorney's

13

performance is placed in issue.  Rather than a waiver, California law establishes a statutory exception to the attorney-client privilege. California Evidence Code section 958 states:

> There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship.

Cal. Evid. Code §958.

In *People v. Ledesma*, 39 Cal. 4th 641 (2006), the California Supreme Court further held:

> The purpose of the exception to the attorney-client privilege established by Evidence Code section 958 is to avoid the injustice of permitting "a client either to accuse his attorney of a breach of duty and to invoke the privilege to prevent the attorney from bringing forth evidence in defense of the charge or to refuse to pay his attorney's fee and invoke the privilege to defeat the attorney's claims." (7 Cal. Law Revision. Com. Rep., *supra,* p. 176.)

*People v. Ledesma*, *supra* 39 Cal. 4th at 694 (2006).

Here, it was Plaintiff who raised the issues in his motion to disqualify.  The research conducted by defense counsel showed there was no breach of her ethical duties by submitting evidence that rebutted the contentions made. Indeed, the disqualification motion alleged that defense counsel violated the duties owed to Plaintiff and breached the obligations imposed toward former clients.  Those allegations thus triggered the exception to the attorney-client privilege doctrine contained in Cal. Evid. Code §958.

Federal case law applying Cal. Evid. Code §958 is in accord.  For example, the federal bankruptcy court held: "Counsel is released from the duty of non-disclosure where necessary to protect counsel's own rights, such as when counsel's integrity, good faith, authority or performance of duties is questioned."  *In re Dimas, LLC*, 357 B.R. 563, 588, 2006 WL 3833924 (Bankr. N.D. Cal. 2006), *aff'd in part, rev'd in part,* 2009 WL 7809032 (B.A.P. 9th Cir. Feb. 25, 2009).  In that matter, disclosure of privileged information occurred in response to the objections raised to the fees charged by an attorney.

The United States Bankruptcy Panel of the Ninth Circuit, also relying upon California state law, has likewise held, stating:

> The general rule is that an attorney may reveal confidences and secrets

14

> where it is necessary to do so to get paid or to defend himself against charges of improper conduct. *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir.), cert. denied, 475 U.S. 1109, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986); *In re Featherworks Corp.*, 25 B.R. 634, 645 (Bankr.E.D.N.Y. 1982), aff'd on other grounds 36 B.R. 460 (E.D.N.Y.1984). Unlike the Model Rules of Professional Conduct and the American Bar Association's Code of Professional Responsibility, cited in those cases, the California ethical rules relating to duties of an attorney do not contain any explicit exception allowing use of client confidences when it is necessary to defend the attorney's rights.
>
> The exception to the prohibition on disclosure of client confidences is, however, codified in California's privilege rules. The privilege does not apply to any "communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship." Cal.Evid.Code § 958. Under this rule, the attorney is released from the obligations of secrecy when the disclosure of communications, otherwise privileged, becomes necessary to the protection of the attorney's own rights, such as when the attorney's integrity, good faith, authority or performance of duties is questioned. *Arden v. State Bar of Cal.*, 52 Cal.2d 310, 320, 341 P.2d 6 (1959); *Carlson, Collins, Gordon & Bold v. Banducci*, 257 Cal.App.2d 212, 227–28, 64 Cal.Rptr. 915 (1967).

*In re Rindlisbacher*, 225 B.R. 180, 183, 1998 WL 687215 (B.A.P. 9th Cir. 1998).

The exception to the attorney-client privilege established by Cal. Evid. C. § 958 was intended for precisely the type of situation that has occurred here.  Thus, defense counsel was permitted to submit otherwise privileged information directly relevant to, and in defense of, the allegations contained in the disqualification motion. Because there was a proper purpose and objectively reasonable basis for submitting the contested excerpts, the sanctions motion must be denied.

        **b.**       **Before Filing the Disqualification Opposition, Defense Counsel Investigated Whether the Information Was Confidential Under Penal Code Section 832.7**

Plaintiff further contends sanctions are warranted because defense counsel included information in the disqualification opposition that he contends violated the confidentiality mandates of California Penal Code section 832.7 and the federal qualified governmental privilege, including: ECF 31 at 8:4-24 and 20:7-25 [description of cases for which prior representation was provided); ECF 31-2 at 3:26-27, 4:2-20 [case numbers of the matters for which prior representation was provided]; ECF 31-3 and ECF 31-4 at pages 4-7 and 9-13 [status reports on prior case representation

15

1  provided] .  The information and materials submitted, however, were not obtained from Plaintiff's

2  personnel file.  See, ECF 55 and ECF 55-1. As a result, the privilege asserted is inapplicable and

3  sanctions should not issue.

4       Even if the information had been obtained from Plaintiff's law enforcement personnel files,

5  that still would not serve as a basis to impose sanctions.  The reason: these confidentiality privileges

6  are not absolute. Research conducted by defense counsel before filing showed an objectively

7  reasonable basis to file unredacted: peace officer personnel record information is admissible where

8  directly relevant and material to the issues raised in the disqualification motion. Sanctions are,

9  therefore, not warranted.

10
11           **(1)**     **Sanctions are Not Appropriate Because the Information Submitted Was Not "Obtained From" Plaintiff's Law Enforcement Personnel Files**

12       The privilege for law enforcement personnel files, under both federal and state law, applies

13  only to information and materials obtained from the confidential personnel records maintained by

14  Plaintiff's former law enforcement employers.  Cal. Pen. Code section 832.7(a) declares "personnel

15  records of peace officers," as well as "information obtained from these records" as "confidential."

16  Cal. Pen. C. §832.7.  The federal law enforcement privilege is "consistent with California Penal Code

17  section 832.7." *Hallon v. City of Stockton* 2012 WL 394200 *4-5 (E.D. Cal. Feb 6, 2012).

18       Defense counsel carefully selected materials for submission in opposition to the

19  disqualification motion that were not "obtained from" Plaintiff's personnel records but, rather, from

20  records maintained by the Legal Defense Fund of the Peace Officers' Research Association of

21  California, Inc. (hereafter "PORAC LDF").  ECF 31-2 at ¶¶12-16; see also, ¶23; ECF 55 and 55-1.

22  Even Plaintiff acknowledged that the information is not in the personnel files maintained by his

23  former employer.  ECF 52:8-9.  Because the information was not from Plaintiff's personnel records,

24  defense counsel had an objectively reasonable basis upon which to file the material unredacted.  The

25  sanctions motion should, therefore, be denied.

26
27           **(2)**     **The Case Numbers Listed Were Not Obtained from Plaintiff's Personnel Records; Rather, They Were Assigned By a Third Party to Track the Legal Services Provided By Defense Counsel**

28       Plaintiff seeks sanctions for defense counsel having identified the case numbers related to

his prior representation. See, ECF 56 at page ii citing: ECF 31-2 at 3:26-27, ECF 31-3 and ECF 31-4. However, those case numbers were not obtained from Plaintiff's personnel records.  Rather, they were internal case tracking numbers generated by PORAC LDF when it assigned the matters to defense counsel. ECF 55-1 at ¶3. As the information was not obtained from confidential peace officer personnel records, issuing sanctions for defense counsel having filed that information would be inappropriate.

**(3)  Plaintiff Has Failed to Show the Information Recited in the PORAC LDF Case Reports Came From, or Was Ever Contained in, His Personnel File**

As noted in ECF 31-2 at ¶19(b)(i), providing status reports to PORAC LDF is part of the responsibilities set by their attorney engagement rules.  As identified in ECF 31-2 at 7:17-24 (¶23), the information submitted in ECF 31-2 at 4:2-20 (¶¶13-16), as well as Exhibit B (ECF 31-4), and as described in ECF 31 at 8:4-24 and 20:7-25, upon which Plaintiff seeks sanctions, are copies of the PORAC LDF case assignment sheets and status reports.  This was not information obtained from Plaintiff's personnel file.  ECF 55-1 at ¶4.  Consequently, sanctions should not issue.

**(4)  Even if the Records Included Information Obtained from Plaintiff's Law Enforcement Personnel File, the Unredacted Filing Was Still Objectively Reasonable Since the Information Was Relevant and Material to the Issues Presented by Plaintiff in His Disqualification Motion**

Research conducted by defense counsel showed that the federal privilege applicable to the government interest in preserving confidentiality of law enforcement records has various names: (1) the "official information privilege," *Sanchez v. City of Santa Ana*, 936 F. 2d 1027, 1033 (9th Cir. 1991); (2) the "law enforcement privilege," *In re Department of Investigation of New York,* 856 F. 2d 481, 483-484 (2d Cir. 1988) [applying privilege to protect investigative agency with dual criminal and civil functions); *Morrissey v. City of New York*, 171 F.R.D. 85, 90 (S.D. N.Y. 1997) [finding, with guidance from state law enforcement privilege, that law enforcement privilege is somewhat narrower than official information privilege) and (3) a type of executive privilege," *Sigfried v. City of Easton,* 146 F.R.D. 98, 101 (E.D. Pa. 1991).

The research also revealed the confidentiality privilege is not absolute. As noted in *Hallon v. City of Stockton* 2012 WL 394200 *4-5 (E.D. Cal. Feb 6, 2012), "[t]his federal '*qualified*'

17

governmental privilege is consistent with California Penal Code section 832.7, which accords a *qualified* privilege to peace officer personnel records." *Id.* (emphasis added).

The pre-filing research conducted also showed that under the California statutory scheme, disclosure of confidential peace officer personnel records is permitted where the information "is relevant to the subject matter involved in the pending litigation." Cal. Evid. Code §1045. As noted in *Hallon, supra*,

> Cal. Evid. Code §1045 strikes the state balance in favor of disclosing internal investigations pertaining to the manner in which a peace officer performed his or her duties, *so long as they are relevant* to the pending litigation. Accordingly, relevant is the dispositive factor in directing disclosure of internal affairs investigations.

*Hallon, supra*, 2012 WL 394200 at *5 (emphasis in original).

The research also showed that multiple cases are in accord: *Brooks v. County of San Joaquin,* 275 F.R.D. 528, 533 (E.D. Cal. July 5, 2011); *Doyle v. Gonzales,* 2011 WL 3925045 *2-4 (E.D. Cal. September 8, 2011); *Acinelli v. Blackmon,* 2014 WL 12700993 *2 (C.D. Cal. August 6, 2014); *Deocampo v. City of Vallejo,* 2007 WL 1589541 (E.D. Cal. June 1, 2007); *Gearhart v. Solano County*, 2008 WL 2560703 (E.D. Cal. June 24, 2008). As noted in *Garcia v. Juarez*, 2016 WL 3648938 *5 (E.D.Cal. July 8, 2016), the applicable balancing test "is moderately pre-weighted in favor of disclosure."

Thus, an objectively reasonable basis existed for defense counsel to conclude the materials filed in opposition to the sanctions motion were not protected by either the federal law enforcement privilege or California Penal Code section 832.7, as the information submitted was directly relevant to the issues raised in the disqualification motion. Consequently, the sanctions motion should be denied.

Finally, it is worth noting that nowhere in the declaration Plaintiff filed in support of the disqualification motion (ECF 28-1) nor in the declaration he filed in support of the sanctions motion (ECF 56-1), did Plaintiff state that the materials filed came from his personnel file or that any of the confidentiality privileges afforded to those documents under federal or California law applied. Consequently, Plaintiff has failed his burden of showing that the conduct was sanctionable.

18

2. **Upon Notification of Plaintiff's Claim of Privilege, Defendant Secured Removal of the Offending Pleadings from the Public Docket Despite the Research Confirming the Unredacted Filings Were Permitted**

Rule 11 contains a "safe harbor" provision that allows the offending party "at least twenty-one days to retract the pleadings." (*Alston v. County of Sacrament*, 2020 WL 264323 (E.D. Cal. January 17, 2020) at *3, citing *Radcliffe v. Rainbow Const. Co.,* 254 F. 3d 772, 788-89 (9th Cir. 2001).  A party that corrects or withdraws the offending paper within the twenty-one day "safe harbor" "will not be subject to sanctions."  *Alson, supra*, 2020 WL 264323 at *3, citing *Barber v. Miller,* 146 F. 3d at 710.)  Here, even before Plaintiff notified Defendant of his intent to seek Rule 11 sanctions thus starting the 21-day "safe harbor" period, Defendant had already withdrawn the allegedly offending paper from the public docket by requesting that the contested excerpts be sealed.  (ECF 38, 43.)

In *Barber v. Miller,* 146 F. 3d 707, an award of sanctions was deemed inappropriate where the Rule 11 motion was served after the challenged pleading had been dismissed.  (*Id.*) The court stated:

> The purpose of the safe harbor … is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions.*

*Barber, supra,* 146 F. 3d at 710 [emphasis added].

Here, even before the "safe harbor" was elected, the offending paper had already been sealed and withdrawn from the public docket.  Thus, sanctions cannot be awarded under Rule 11.

**B.    Sanctions under 28 U.S.C. §1927 Are Not warranted.**

In addition to Rule 11, Plaintiff claims entitlement to sanctions under 28 U.S.C. §1927, "which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings."  *Brooke, supra*, 2019 WL 1281950 *2.  Here, the party that unnecessarily multiplied the proceedings was Plaintiff, not Defendant.  Following notification that Plaintiff contended the papers filed were privileged and confidential, Defendant complied with Plaintiff's request to have the materials sealed.  (ECF 38.) That effectively resolved the issues.  (ECF 43.)

Plaintiff, nonetheless, filed an *ex parte* application requesting the records be sealed or stricken (ECF 39) in addition to his previously filed motion to strike (ECF 35) despite Defendant

19

1    having filed his application to seal.  In response, Defendant again noted he had no objection to the

2    documents being sealed despite the research supporting his original assessment that redactions were

3    not required.  (ECF 40, 42.) A sealing order thereafter issued (ECF 43), and redacted copies of the

4    records replaced what was previously filed (ECF 45).

5        Despite Defendant seeking and helping secure what Plaintiff requested – redactions and

6    sealing – Plaintiff filed *three* duplicative motions: a motion to strike (ECF 35), an *ex parte*

7    application (ECF 39), and an amended motion to strike (ECF 49).  He thereafter also filed this

8    sanctions motion (ECF 56).  Each of these four motions recycle the same arguments and

9    authorities.  None analyze why *each* contested excerpt is entitled to the alleged confidentiality

10   privileges.  Two sought sanctions without any supporting argument or authorities. (ECF 35, 52.)

11   Thus, Plaintiff's allegation that it was *Defendant* that multiplied the proceedings is spurious.  All

12   Defendant did was comply with the original request to have the records sealed (ECF 38), and then

13   respond to each of the motions filed by Plaintiff (ECF 40, 42, 55.)

14       Plaintiff further multiplied the proceedings and the publicity surrounding the records by

15   threatening, and seeking, an injunction against a media outlet.  (ECF 39, 41.)  That injunction was

16   denied.  (ECF 45.)  But the threat elevated the publicity surrounding the events: indeed, the media

17   published an article entitled:  "*Attorney for fired Vallejo cop seeks to restrain Vallejo Sun from*

18   *reporting client's disciplinary record*" (Vallejo Sun, Jan 25, 2024

19   [https://www.vallejosun.com/attorney-for-fired-vallejo-cop-seeks-to-restrain-vallejo-sun-from-

20   reporting-clients-disciplinary-record/].)

21       Sanctions under section 1927 "must be supported by a finding of subjective bad faith."

22   *Hodgson v. Roper*, 2022 WL 297089 (E.D. Cal. Feb. 1, 2022) citing *New Alaska Dev. Corp. v.*

23   *Guetschow*, 869 F. 2d 1298, 1306 (9th Cir. 1989).  There is no such bad faith here.  Defendant

24   responded to the disqualification motion demonstrating the claims made by Plaintiff concerning the

25   prior representation were insufficient to support defense counsel's removal from the case.  The

26   information was, therefore, submitted for a proper purpose. Further, before submitting the

27   opposition materials, defense counsel researched the parameters of what could be filed publicly.

28   That research provided an objectively reasonable, good faith basis for the action taken. Finally,

20

Plaintiff's claim that the papers were filed to "harass" fails. Plaintiff simply objects to Defendant aggressively defending his right to maintain current counsel.

This is a "be careful what you wish for" scenario. Filing the disqualification motion placed directly in issue that which Plaintiff now claims he wanted to keep confidential. That there were unexpected negative consequences to the motion does not warrant sanctions on Defendant or his counsel of a half-million dollars, forty-five thousand dollars in attorney's fees, as well as terminating sanctions.

### 1.   Plaintiff's Claim that Defendant's Failure to Follow Standing Order No. 13 Required the Multiplicity of Motions is Misplaced

Plaintiff claims the multiplicity of proceedings could have been avoided if defense counsel had simply followed this Court's standing order rather than sending Plaintiff on a "paper chase." (ECF 56 at 21:13, 21:21.)  But the Standing Order did not apply here because Plaintiff did not identify as confidential and subject to sealing any of the information submitted in opposition to the disqualification motion.  Additionally, defense counsel reasonably concluded that the local rule applied to circumstances where confidentiality was designated under a protective order, which is not what occurred here.  Wilk. Decl. at ¶26.

In support of the extraordinary sanctions sought, Plaintiff now contends he filed a declaration "asserting his privilege of confidentiality in *any* attorney client information." (ECF 56 at 21:3-4.)  He also falsely contends he "did not disclose any details of the … specific communications" he had with "his former attorney."  (ECF 56 at 21:5-7.)  As explained, *supra*, neither is true.  Indeed, in ECF 28-1 at ¶¶35-38, Plaintiff described, in great detail, the September 2023 email that defense counsel similarly described in her declaration at ECF ¶¶33-47.  No privilege was violated because Plaintiff had affirmatively revealed the content of that communication and no attorney-client relationship had formed.

Standing Order No. 13 does not require opposing counsel to be a mind reader.  Rather, it imposes an affirmative duty on a party to designate as confidential and potentially subject to sealing any information it knows could be relevant to the issues raised in the proceedings.  Plaintiff failed that duty here.  As a result, the standing order was not violated and sanctions are not warranted.

21

**C.     Sanctions Are Not Warranted Under the Court's Inherent Authority Because the Unredacted Submissions Were Not Submitted in Bad Faith or for Oppressive Reasons.**

An award of sanctions under the court's inherent authority requires a finding of bad faith. *Barber v. Miller*, 146 F. 3d 707 (1998).  This requires more than mere negligence or recklessness. Willful disobedience or abuse, including acting vexatiously, wantonly or for oppressive reasons, is required. *Fink v. Gomez*, 239 F.3d 989, 993, (9th Cir. 2001)  Mere negligence in failing to comply with the local rules, however, is not a basis for sanctions. *Id.* at 993.

Plaintiff claims that the conduct arises to the level required because defense counsel was "on notice" that there was no waiver of the attorney client or peace officer personnel record confidentialities.  ECF 56 at 20:22-23.  Plaintiff cites to no evidence in the record to support his claim that defense counsel was "on notice," prior to the filing, that Plaintiff was claiming confidentiality or privilege.  (*Id.*)

**1.     This Court Should Consider Using its Inherent Authority to Sanction Plaintiff and His Counsel**

There is no evidence to support the claim that the filings were made to harass and embarrass plaintiff.  Plaintiff provides nothing but speculation and unsubstantiated conspiracy theories requiring this Court to make an unreasonable inference that the defense is in cahoots with the Vallejo Sun.  These multiple unsupported allegations were abusive and deceptive and are themselves worthy of sanction under this court's inherent authority in that, in a multitude of filings, Plaintiff has repeatedly engaged in a purposeful effort to cast meritless aspersions on defense counsel, even after having been presented with proof that the accusations are untrue.  Wilk. Decl.

These persistent allegations that defense counsel behaved unprofessionally are grave and entirely without legal or factual justification.  Such behavior should not be condoned by this Court. As in the case of *In re A.H. Robins, Co., Inc.* 197 B.R. 607 (1992), this Court has the authority to order Defendants "to submit an application for all necessary and reasonable legal costs incurred in response to [opposing counsel's] unsubstantiated aspersions."  *Id.* at 609.

Further, on more than one occasion, Plaintiff and his counsel have certified false or misleading facts. For example, in the pending motion, Plaintiff claimed the original unredacted filing

1   was part of a scheme to harass and embarrass him.  In support of that argument, Plaintiff's counsel

2   cited to an alleged "midnight email."  See, ECF 56 at section II(C); Wilk. Decl. Notably, no such

3   midnight email was attached as an exhibit despite Plaintiff's counsel attesting it had been received.

4   ECF 56-2 at ¶¶40-41; Wilk. Decl..  Rather, the document Plaintiff's counsel claimed supported her

5   position that a midnight email had been sent (ECF 56-12 at 10-2) contains a time stamp showing it

6   was actually received by Plaintiff's counsel *five hours* before midnight, i.e., on "Friday, January 26,

7   2024 at 07:06 PM PST."  ECF 56-12 at 10-2. Wilk. Decl. Sanctions are appropriate because this is

8   not the first time Plaintiff and his counsel have attested to false facts.  See, ECF 31-2 at ¶¶20-28, 99,

9   103-104; see also, Wilk. Decl.

10   Additionally, the lack of candor with this Court by Plaintiff's counsel warrants sanctions.  In

11   her pleadings, Plaintiff's counsel waxes prolific about her accomplishments and professional history

12   in support of her claim that she is entitled to at the hourly rate of $450.00 and a total fee award of

13   nearly $45,000.00 for work performed.  Despite setting forth her credentials at length, Plaintiff's

14   counsel purposefully omitted any reference to the fact that she has been suspended by the California

15   State Bar multiple times for ethical misconduct and is currently being considered for disbarment.

16   See, ECF 59.  This lack of candor warrants an exercise of this Court's inherent authority to issue

17   sanctions against Plaintiff's counsel.

18   **CONCLUSION**

19   As noted by the Ninth Circuit in *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.

20   2d 1531, 1540 (9th Cir. 1986), at stake in a sanctions motion is "not merely the monetary sanction

21   but the lawyer's reputation."  Here, given the applicable law and analysis conducted before filing the

22   unredacted records, and the lack of any invocation of confidentiality for any of the records filed in

23   opposition to the disqualification motion, the filing was reasonable at the time submitted.  The

24   substantial research conducted by defense counsel revealed an objectively reasonable, good faith

25   basis to submit the unredacted material.  Sanctions should not be imposed where "a plausible good

26   faith argument can be made."  *Golden Eagle, supra,* at 1541 (citing *Zaldivar,* 780 F. 2d at 832.)

27   Consequently, Plaintiff's sanctions should be denied.

28   //

1

Dated: March 20, 2024                          Respectfully Submitted,

2

Berry | Wilkinson | Law Group

3

By____/s/ *Alison Berry Wilkinson*_____
ALISON BERRY WILKINSON

4

Attorneys for Defendant JOHN WHITNEY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24