UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan McMahon,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>John Whitney, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-01972-KJM-JDP<br><br>ORDER |

Plaintiff Ryan McMahon brings this action against defendants John Whitney and the City of Vallejo alleging they publicly disclosed his confidential information. Mr. McMahon moves to disqualify Mr. Whitney's attorney, Alison Berry Wilkinson, due to a potential conflict of interest posed by Ms. Wilkinson's prior representation of Mr. McMahon. The court **grants** Mr. McMahon's motion to disqualify.

**I.  BACKGROUND**

Mr. McMahon filed suit against defendants on nine counts, including violation of civil rights, invasion of privacy, negligence per se and public disclosure of private facts related to his employment at the Vallejo Police Department. *See* Compl. at 1, ECF No. 1. Mr. McMahon specifically alleges Mr. Whitney injured him by "disclosing confidential, sensitive or private information in Mr. McMahon's personnel records to third parties, including it being posted on the

1

1  internet." *Id.* ¶ 20.  He also alleges Mr. Whitney "later admitted he took personnel records from
2  the City of Vallejo Police Department and kept them on a memory device," and Mr. Whitney
3  "knew or should have known that this was against City policy and procedure[.]"  *Id.*  ¶¶ 35–36
4  (emphasis omitted).

5  From 2012 to 2016, Ms. Wilkinson represented Mr. McMahon on four matters regarding
6  his alleged misconduct while employed at the Sausalito and Central Marin police departments.
7  *See* Wilkinson Decl. ¶¶ 12–17, ECF No. 31-2.  Additionally, Ms. Wilkinson provided legal
8  advice to the President of the Broadmoor Police Officers Association, Mike Davis, while
9  Mr. McMahon was employed there, regarding the association's "duties and responsibilities
10  towards members who hold probationary status." *Id.* ¶¶ 89–98; Opp'n at 13, ECF No. 31.
11  Mr. McMahon argues the legal advice she provided Mike Davis was specifically regarding
12  Mr. McMahon and "the media coverage surrounding [his] termination at Vallejo police
13  department and how it was adversely affecting [his] employment at the Broadmoor [Police
14  Department]." *See* McMahon Decl. ¶ 17, ECF No. 28-1.  Ms. Wilkinson and Mr. McMahon also
15  communicated on multiple occasions since the four prior misconduct representations.
16  Mr. McMahon declares he "disclosed nonpublic and confidential information about [his] ongoing
17  internal Affairs investigations with Vallejo police department" during some of these
18  conversations and "[Ms. Wilkinson] never advised [him] that [their] communications were not
19  covered by the attorney client privilege[.]" *Id.* ¶ 12.  Mr. McMahon declares he "expect[s]
20  everything [they] talked about the Vallejo police department stayed confidential [under] attorney-
21  client privilege." *Id.* ¶ 18.

22  The parties disagree as to when Mr. McMahon was alerted to the potential conflict he
23  argues exists in this case.  Mr. Whitney claims Mr. McMahon first learned Ms. Wilkinson
24  represented Mr. Whitney on July 16, 2020, when she called Mr. McMahon in response to an
25  email he had mistakenly sent her, during which she clarified she was now representing John
26  Whitney.  Opp'n at 15.  Additionally, Mr. Whitney suggests notification occurred when
27  Mr. McMahon's prior attorney, Justin Buffington, "worked collaboratively with WILKINSON to
28  secure a declaration supporting the state court lawsuit filed by McMAHON against the CITY OF

VALLEJO." Opp'n at 15; Wilkinson Decl. ¶¶ 85–88. Mr. Whitney also indicates Ms. Wilkinson, upon learning about the instant lawsuit, sent Mr. McMahon's attorney, Ms. Lenore Albert,[1] an email on September 18, 2023 indicating Ms. Wilkinson was Mr. Whitney's attorney. Opp'n at 15; Wilkinson Decl. ¶ 100. Though Mr. McMahon acknowledges Ms. Albert learned Ms. Wilkinson was representing Mr. Whitney in the current action on September 18, 2023, he argues Ms. Albert did not learn Ms. Wilkinson "had previously represented her client" until October 13, 2023. Mot. at 3, ECF No. 28; Albert Decl. ¶¶ 1, 10, ECF No. 28-2; Email Thread at 4–5, 9, Mot. Ex. A, ECF No. 28-3. This motion was filed on January 5, 2024, Mot., and is now fully briefed, s*ee* Opp'n; Reply, ECF No. 36. The court submitted the matter without a hearing. Min. Order, ECF No. 47.

Ms. Wilkinson divulged confidential information from her prior representations of Mr. McMahon in the opposition to this motion. *See, e.g.*, Opp'n at 8. Mr. McMahon moved to strike or seal the confidential information, *see* Mot. Strike or Seal, ECF No. 35, Mr. Whitney subsequently filed a notice of a request to seal the confidential portions of the opposition, Notice Req. Seal, ECF No. 38, and the court granted Mr. Whitney's request, *see* Order Granting Seal Req. Seal, ECF No. 43.

## II. LEGAL STANDARD

This District has adopted the Rules of Professional Conduct of the State Bar of California, and any applicable state court decisions, as its own standards of professional conduct. E.D. Cal. L.R. 180(e). The District's Local Rules require both familiarity and compliance with California's Rules. *Id.* If an attorney or firm takes on a representation in violation of these rules, a client may move for disqualification. *See id.* L.R. 110 ("Failure of counsel . . . to comply with these Rules . . . may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or

---

[1] The California State Bar has recommended Ms. Albert be disbarred, with interim suspension having started on March 14, 2024. *See* Mot. Administrative Relief at 1, ECF No. 59; State Bar Decision at 39, Mot. Ex. 1. The court has ordered Ms. Albert to show cause why she "should not be suspended or disbarred from practice in this court." E.D. Cal. L.R. 184(b); *see* Order, *In Re: Att'y Admis. Status of Lenore Albert*, No. 24-00117 (E.D. Cal. Mar. 19, 2024), ECF No. 2.

within the inherent power of the Court."); *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1103 (N.D. Cal. 2003) ("The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers." (citing *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996))). "The district court is permitted to resolve disputed factual issues in deciding a motion for disqualification and must make findings supported by substantial evidence." *Visa U.S.A., Inc.*, 241 F. Supp. 2d at 1104 (citing *Dept. of Corps. v. SpeeDee Oil Change Syst.*, 20 Cal. 4th 1135, 1143 (1999)).

The court must

> weigh the combined effect of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest.

*In re Lee G.*, 1 Cal. App. 4th 17, 26 (1991) (quoting *William H. Raley Co. v. Superior Ct.*, 149 Cal. App. 3d 1042, 1048 (1983)). Disqualification is not a punishment for ethical transgressions, but a protection of the integrity of the judicial process. *See Cargill Inc. v. Budine*, No. 07-349, 2007 WL 1813762, at *7 (E.D. Cal. June 22, 2007).

California law distinguishes two types of conflict. A successive conflict of interest arises when the interests of a current client conflict with those of a former client. *See Oaks Mgmt. Corp. v. Superior Ct.*, 145 Cal. App. 4th 453, 463 (2006). A concurrent conflict places the interests of two current clients at odds. *See id.* If the conflict is successive, as the parties agree is the only possible type of conflict here, the "chief fiduciary value jeopardized is that of client confidentiality." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14–1575, 2014 WL 2703807, at *3 (N.D. Cal. June 13, 2014) (quoting *Flatt v. Superior Ct.*, 9 Cal. 4th 275, 283 (1994)) (emphasis in *Flatt*). Nevertheless, the duties of confidentiality and loyalty apply in both concurrent and successive cases. *Id.* (citing *Damron v. Herzog*, 67 F.3d 211, 214 (9th Cir.1995) and *City & Cty. of S.F. v. Cobra Sols., Inc.*, 38 Cal. 4th 839, 846 (2006)).

Different standards govern the analysis of concurrent and successive conflicts. "In successive representation, conflicts of interests may arise if the cases are substantially related or if

the attorney reveals privileged communications of the former client or otherwise divides his loyalties." *See Mannhalt v. Reed*, 847 F.2d 576, 580 (9th Cir. 1988). If the representations are substantially related, an attorney's access to adverse confidential information is presumed and he or she must be disqualified. *See Kirk v. First Am. Title Ins. Co.*, 183 Cal. App. 4th 776, 796 (2010). Whether two representations are substantially related depends on the factual situation, legal questions and the attorney's involvement in the two cases. *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*, 69 Cal. App. 4th 223, 234 (1999). "[T]he court should examine the time spent by the attorney on the earlier cases, the type of work performed, and the attorney's possible exposure to formulation of policy or strategy." *Id.* Information from the first representation must be material to the second. *Id.* (citation omitted). The substantial relationship test "turns on two variables: (1) the relationship between the legal problem involved in the former representation and the legal problem involved in the current representation[;] and (2) the relationship between the attorney and the former client with respect to the legal problem involved in the former representation." *Jessen v. Hartford Cas. Ins. Co.*, 111 Cal. App. 4th 698, 709 (2003).

### III. ANALYSIS

#### A. Successive Conflict

Because Mr. McMahon was Ms. Wilkinson's former client, the court considers whether Ms. Wilkinson's prior representation of Mr. McMahon in fact presents a successive conflict. The court first considers whether there is a substantial relationship between the prior representation and the current representation. Three instances of prior representation are relevant here: (1) Ms. Wilkinson's prior representation of Mr. McMahon in four misconduct hearings during his employment at the Sausalito and Central Marin police departments, *see* McMahon Decl. ¶ 10; Opp'n at 7–9; (2) Ms. Wilkinson's legal advice to the Broadmoor Police Officers' Association, *see* McMahon Decl. ¶ 17; Opp'n at 13, and (3) Ms. Wilkinson's communications with Mr. McMahon after 2016, *see* McMahon Decl. ¶ 12; Opp'n at 9–11. The court addresses Ms. Wilkinson's representation of Mr. McMahon in the four misconduct hearings at his prior police departments, which is dispositive.

5

1 **1. Relationship Between the Attorney and the Former Client**

"If the relationship between the attorney and the former client is shown to have been direct—that is, where the lawyer was personally involved in providing legal advice and services to the former client—then it must be presumed that confidential information has passed to the attorney[.]" *Jessen*, 111 Cal. App. 4th at 709. Moreover, "there cannot be any delving into the specifics of the communications between the attorney and the former client in an effort to show that the attorney did or did not receive confidential information during the course of that relationship." *Id.* Here, Ms. Wilkinson directly represented Mr. McMahon in four misconduct hearings while he was employed by the Sausalito and Central Marin police departments. Opp'n at 7–8. Because she personally represented and gave legal advice to Mr. McMahon, the court presumes she learned confidential information.

**2. Relationship Between the Legal Problems**

The second question in the substantial relationship test is whether "the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." *Jessen*, 111 Cal. App. 4th at 713 (citations omitted). "Substantiality is present if the factual contexts of the two representations are similar or related." *Trone v. Smith*, 621 F.2d 994, 998 (9th Cir. 1980). The similarity necessary is "broader . . . than the discrete legal and factual issues involved in the compared representations." *Jessen*, 111 Cal. App. 4th at 713. This inquiry assesses "the likelihood that confidences were imparted by the former client that could be used to adverse effect in the subsequent representation." *Farris v. Fireman's Fund Ins. Co.*, 119 Cal. App. 4th 671, 681 (2004). "Perhaps the most important facet of the professional relationship served by this rule of disqualification is the preservation of secrets and confidences communicated to the lawyer by the client." *See Trone*, 621 F.2d at 998. "If there is a reasonable probability that confidences were disclosed which could be used against the client in later, adverse representation, a substantial relation between the two cases is presumed." *Id.*

The court finds Mr. McMahon has shown there is a substantial relationship between the two matters. Ms. Wilkinson previously represented Mr. McMahon in four proceedings at his two prior police departments regarding alleged misconduct. In this case, Mr. McMahon alleges Mr. Whitney and the City of Vallejo divulged his confidential information, including his personnel files and information regarding misconduct allegations, to the public and the media. Compl. ¶¶ 9–44. The court recognizes the legal claims at issue in this case pertain to the divulgence of information regarding alleged misconduct and not the alleged misconduct itself, and that the prior representations regarding Mr. McMahon's employment concern police departments other than the Vallejo Police Department. However, the current and prior representations are similar in that they all center on Mr. McMahon's alleged misconduct while employed by police departments. The court finds it is likely Ms. Wilkinson gained information and "exposure to formulation of policy or strategy" in her prior representation of Mr. McMahon that she could now utilize against Mr. McMahon's interests in her representation of Mr. Whitney in this case. *See Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 105 F. Supp. 3d 1100, 1109 (E.D. Cal. 2015) ("[T]he court should examine . . . the attorney's possible exposure to formulation of policy or strategy." (citing *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*, 69 Cal. App. 4th 223, 234 (1999))). The court finds the current and prior representations are substantially related.

Part of the rationale for the substantial relationship inquiry is to safeguard against an attorney's using a former client's confidences in a subsequent representation to adversely affect the former client. *Farris*, 119 Cal. App. at 681. Moreover, the Ninth Circuit has found an alternative to the substantial relationship test for disqualification is determining if the attorney has "reveal[ed] privileged communications of the former client or otherwise divide[d] his loyalties." *Mannhalt v. Reed*, 847 F.2d 576, 580 (9th Cir. 1988). Here, Ms. Wilkinson has already shared confidential information regarding her prior representations of Mr. McMahon on the public docket, and she still does not recognize the conflict her prior representation presents. *See* Opp'n at 8. Though the court has now sealed the confidential information, Ms. Wilkinson did not take care to request sealing prior to filing the information on the docket and only submitted a request

7

to have the confidential information sealed after Mr. McMahon filed his own motion to seal or strike. *See* Order Granting Req. Seal; Mot. Strike or Seal.

For the reasons stated above, the court finds there is a successive conflict posed by Ms. Wilkinson's prior representation of Mr. McMahon and her current representation of Mr. Whitney. As a result, the court need not evaluate potential conflicts posed by the second and third categories of prior representations.

## B.     Delay and Prejudice

The court is mindful that in the context of a successive representation, a client who wishes to disqualify opposing counsel may not lie in wait for just the right strategic moment to raise the complaints. *See, e.g.*, *Openwave Sys. Inc. v. Myriad France S.A.S.*, No. 10–02805, 2011 WL 1225978, at *6–7 (N.D. Cal. Mar. 31, 2011). If a party opposing a motion to disqualify can produce *prima facie* evidence of unreasonable delay and prejudice, the burden shifts to the party seeking disqualification to justify its delay. *In re Complex Asbestos Litig.*, 232 Cal. App. 3d 572, 599 (1991). However, "the ensuing prejudice must be extreme." *W. Cont'l Operating Co. v. Nat. Gas Corp.*, 212 Cal. App. 3d 752, 764 (1989). The exception is indeed narrow; a California Court of Appeal has upheld an order disqualifying counsel brought on the "eve of a trial" because the opposing party did not show prejudice. *See In re Complex Asbestos Litig.*, 232 Cal. App. 3d at 599 (finding "[t]he only prejudice cited . . . [was the] clients lost the services of knowledgeable counsel of their choice, and were forced to retain new counsel," and this was "not the type of prejudice" required because "the [disqualified] firm [had] simply identified those client interests implicated by any disqualification motion.").

To measure Mr. McMahon's delay in bringing this motion, the court considers when he first became aware of the potential conflict. Here, the parties provide conflicting dates. Mr. Whitney argues Mr. McMahon's awareness of Ms. Wilkinson's prior representation of Mr. Whitney on other matters was sufficient to put Mr. McMahon on notice Ms. Wilkinson would be representing Mr. Whitney in the instant action. *See, e.g.*, Opp'n at 5, 9-10; Wilkinson Decl. ¶ 65–67. Specifically, Mr. Whitney argues "Plaintiff has known of the potential conflict since July 2020," when Ms. Wilkinson called Mr. McMahon in response to an email he had

8

1  mistakenly sent her and she clarified she was now representing John Whitney.  Opp'n at 17.
2  Ms. Wilkinson declares she notified Ms. Albert she was representing Mr. Whitney in this case on
3  September 18, 2023, shortly after the complaint was served.  Wilkinson Decl. ¶ 100; Mot. at 3.
4  Ms. Albert declares she learned Ms. Wilkinson previously represented Mr. McMahon about a
5  month later, on October 13, 2023.  *See* Mot. at 3; Albert Decl. ¶¶ 9–10.

6     The court is not persuaded by Mr. Whitney's argument that Ms. Wilkinson's
7  representation of Mr. Whitney in prior instances that did not involve Mr. McMahon put
8  Mr. McMahon on notice she would represent Mr. Whitney in the instant action.  Mr. McMahon
9  may have reasonably expected Mr. Whitney to secure different counsel given the potential
10 conflict here.  The court instead considers dates after Mr. McMahon filed the complaint in this
11 case as there was no basis to bring this motion prior to that time.  *See Gentry v. State Farm Mut.*
12 *Auto. Ins. Co.*, No. 09-0671, 2009 WL 10693206, at *6 (E.D. Cal. Sept. 4, 2009) (reviewing case
13 law suggesting motion to disqualify should not be denied because of delay measured based on
14 event prior to filing of suit when no adversary proceeding between parties before that point in
15 time supported motion to disqualify).  Regardless of whether the operative date for measuring
16 delay is October 13, 2023 or September 18, 2023, the court finds the approximately two and a
17 half to three and a half month delay was reasonable.  *See Earl Scheib, Inc. v. Superior Ct.*,
18 253 Cal. App. 2d 703 (1967) (finding lower court, in denying motion to disqualify based in part
19 on approximately five-month delay, abused discretion); *cf. Gentry v. State Farm Mut. Auto. Ins.*
20 *Co.*, No. 09-0671, 2009 WL 10693206 (E.D. Cal. Sept. 4, 2009) (finding twenty-two-month delay
21 in seeking disqualification regarding conflict from successive representation was unreasonable
22 and supported finding implied waiver).

23    Even if the delay were unreasonable, the prejudice to Mr. Whitney if disqualification is
24 granted is not extreme.  Mr. Whitney declares "[s]ubstituting a new attorney at this juncture
25 would cause [him] extreme prejudice [because of] the complexity of events and nuances
26 associated with this case" and because of the "significant delay" that would result.  Whitney Decl.
27 ¶ 24, ECF No. 31-1.  However, the consequences of losing "knowledgeable counsel of [a party's]
28 choice" and being "forced to retain new counsel" do not amount to "extreme" prejudice.  *See,*

9

*e.g.*, *In re Complex Asbestos Litig.*, 232 Cal. App. 3d at 599; *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 18-02066, 2021 WL 1193963, at *8 (E.D. Cal. Mar. 30, 2021) (finding potential prejudice from "spend[ing] substantial time and money getting new counsel up to speed" did not "outweigh[] the paramount concern of preserving public trust in the scrupulous administration of justice and in the integrity of the bar" (citation and quotation marks omitted)).

For these reasons, the court finds there is no extreme delay or prejudice and Mr. McMahon has not waived his ability to seek disqualification. *See Lennar Mare Island, LLC*, 105 F. Supp. 3d at 1121 (finding "period of five months and the associated time and money spent on discovery do not make for extreme prejudice and delay").

### IV. CONCLUSION

The court **grants Mr. McMahon's motion to disqualify Ms. Wilkinson** and **denies Mr. McMahon's motion to submit additional declarations as moot, Mot. Add Decl., ECF No. 49**. All pending dates and deadlines are **vacated**, to be reset once new counsel appears.

The court directs Mr. Whitney to find new counsel within 60 days from the date of this order and to notify the court within seven days of retaining new counsel. This case is stayed during the 60-day period provided for Mr. Whitney to find new counsel. The court will address Mr. McMahon's potential need to find new counsel when it resolves the order to show cause in the related case regarding Ms. Albert's interim suspension and pending disbarment. Order, *In Re: Att'y Admis. Status of Lenore Albert*, No. 24-00117 (E.D. Cal. Mar. 19, 2024), ECF No. 2.

Within 21 days of Mr. Whitney finding new counsel, the court directs the parties to meet and confer and file a Joint Status Report regarding the pending motions, including the City of Vallejo's motion to dismiss, ECF No. 12, Mr. Whitney's motion to dismiss, ECF No. 15, Mr. Whitney's special motion to strike, ECF No. 20, Mr. McMahon's counter motion to amend, ECF No. 24, Mr. McMahon's motion to strike, ECF No. 52, and Mr. McMahon's motion for sanctions, ECF No. 56. The Joint Status Report should specifically address whether Mr. Whitney's new counsel seeks to submit the motions as is, to supplement the motions, to withdraw any motions or to file any new motions.

/////

1      This order resolves ECF Nos. 28 and 49.

2      IT IS SO ORDERED.

3  DATED: March 26, 2024.

4

                                   CHIEF UNITED STATES DISTRICT JUDGE