UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, | Case No. 2:23-cv-1972-KJM-JDP (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JOHN WHITNEY, *et al.*, | |
| Defendants. | |

Plaintiff, initially represented by counsel but now proceeding *pro se*, brought this case alleging that his personnel records at the Vallejo Police Department were breached and released to a local newspaper. ECF No. 1. Pending are his motions to strike, ECF No. 52, and for sanctions, ECF No. 56. The motion to strike seeks to strike documents that defendant John Whitney's former counsel filed in an opposition to plaintiff's motion to disqualify counsel. ECF No. 52; *see* ECF No. 66. Plaintiff argues that these documents were privileged insofar as they are confidential personnel records and include attorney-client communications between plaintiff and Whitney's former counsel, Alison Berry Wilkinson, who previously represented plaintiff in a separate matter. The relevant documents have already been sealed by the district judge's order, ECF No. 43. The motion to sanction seeks sanctions against defendant Whitney and Ms.

1  Wilkinson for filing those documents in the first instance.  ECF No. 56.  For the reasons stated
2  below, I deny the motion to strike and recommend that the motion for sanctions be denied.

### Motion to Strike

4  The documents at issue have been sealed by the district judge.  ECF No. 43.
5  Nevertheless, plaintiff contends that the court should strike the relevant documents under Rule
6  12(f).  That rule provides that "[t]he court may strike from a pleading an insufficient defense or
7  any redundant, immaterial, impertinent, or scandalous matter."  The function of this rule "is to
8  avoid the expenditure of time and money that must arise from litigating spurious issues by
9  dispensing with those issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d
10 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).
11 A request to strike documents that have already been sealed invites needless litigation rather than
12 avoids it.  Moreover, the documents were submitted in an opposition to a motion that has already
13 been resolved.  ECF Nos. 28, 31, 43, & 66.  Thus, striking them would have no practical effect on
14 the litigation.  The motion to strike is denied.

### Motion for Sanctions

16 Plaintiff also seeks sanctions against defendant Whitney and his attorney, Allison Berry
17 Wilkinson, for filing the privileged documents under Rule 11, 28 U.S.C. § 1927, and for violation
18 of the court's standing order at ECF No. 3-1.  I recommend that no sanctions issue.

19  A.  Rule 11

20  Rule 11 of the Federal Rules of Civil Procedure provides, among other things, that a party
21 may be sanctioned for presenting pleadings "for any improper purpose, such as to harass, cause
22 unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).
23 Sanctions under this rule can only be obtained after the moving party complies with the rule's
24 safe harbor provision, however.  *See Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872
25 (9th Cir. 2014) ("A motion for sanctions may not be filed, however, unless there is strict
26 compliance with Rule 11's safe harbor provision.").  The safe harbor provision provides that the
27 motion for sanctions must be served on the offending party twenty-one days before the motion is
28 filed with the court.  *Id.*  The provision also protects an offending party that withdraws or corrects

1 the pleading at issue during the twenty-one-day period. *Id.* at 872-73. Here, the challenged

2 documents were sealed, and thus the issue was addressed, before plaintiff filed his motion for

3 sanctions. The documents were sealed on January 14, 2014, and plaintiff's motion for sanctions

4 was filed on March 6, 2024. Even assuming plaintiff complied with the pre-filing notice

5 requirement, there was nothing for defendant Whitney or his counsel to correct at the time of the

6 motion. Plaintiff's request for sanctions under this rule should be denied.

7       B. <u>28 U.S.C. § 1927</u>

8     28 U.S.C. § 1927 provides that:

9-11 > Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct.

12 Sanctions under this provision are unwarranted here because there is no evidence that defendant

13 Whitney or his counsel multiplied these proceedings "unreasonably and vexatiously." The

14 documents at issue were filed in an opposition to plaintiff's motion and, when plaintiff indicated

15 his intent to challenge their inclusion, defendant did not contest the sealing. ECF No. 38 at 6.

16 Once the documents were sealed, no further litigation on the subject was necessary. Plaintiff has

17 chosen to pursue litigation on the subject and cannot reasonably complain or argue that defendant

18 "multiplied" the proceedings.

19       C. <u>Standing Order</u>

20     Finally, no sanctions should be awarded based on the standing order and the court's

21 inherent authority to sanction. A court may exercise its inherent power to sanction "when a party

22 has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting

23 litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239

24 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-47, n.10 (1991)).

25 Here, there is no evidence that defendant Whitney or his counsel acted in bad faith. In her

26 declaration, Ms. Wilkinson states that she did not believe that the standing order applied because

27 the documents at issue were not covered by a protective order and had not affirmatively been

28 designated as confidential. ECF No. 64-1 at 3. She explains that since plaintiff had not

affirmatively designated the documents as confidential, she did not believe that standing order's provision requiring advance notice prior to filing the documents at issue was applicable.[1] *Id.* Even if the legal analysis that led defendant to submit the offending materials was flawed or ran afoul of the standing order—though I do not reach or decide either question here—the record does not show that Ms. Wilkinson acted in bad faith, wantonly, or for an improper purpose. *See Fink*, 239 F.3d at 993. Plaintiff's motion for sanctions should be denied.

Accordingly, it is ORDERED that plaintiff's motion to strike, ECF No. 52, is DENIED.

Further, it is RECOMMENDED that plaintiff's motion for sanctions, ECF No. 56, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The court's standing order provides that "[i]f a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court." ECF No. 3-1 at 6.