Brandi L. Harper, SBN 264672
**HARPER & MCCOY APC**
6848 Magnolia Ave., Ste 200
Riverside, CA 92506
Ph: (909) 466-5600
Fax: (909) 466-5610
Email: Brandi@Harperandmccoy.com

Attorney for Defendant
JOHN WHITNEY

UNITED STATES DISTRICT COURT

EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO, AND DOES 1-10, inclusive<br><br>Defendants. | Case No.: 2:23-CV-01972-KJM-JDP<br><br>**DEFENDANT JOHN WHITNEY NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>**Date: June 5, 2025**<br>**Time: 10:00 a.m.**<br>**Crtrm: 3, 15th Floor**<br>**Judge: Hon. Kimberly J. Mueller** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on June 5, 2025 at 10:00 a.m. in Courtroom

3 of the above court, Defendant John Whitney will and hereby does move to dismiss all causes of action of the complaint against it for failure to state a claim upon which relief can be granted. This motion is made pursuant to Fed. R. Civ. Proc 12(b)(6) on the grounds that Plaintiff has failed to allege facts constituting a cause of action against defendant John Whitney.

This motion is based on this Notice of Motion, and Motion, the accompanying Memorandum of Points and Authorities, and on such other written and oral argument as may be presented to the court.

Dated:  04/04/2025            HARPER & MCCOY, APC


By:
    _____/S/_____
       BRANDI L. HARPER, ESQ.
       *Attorney for Defendant*
       JOHN WHITNEY

## I.  INTRODUCTION

The first amended complaint of Plaintiff Ryan McMahon, while curing some of the defects of the initial complaint, still fails to state a cause of action against Defendant John Whitney.  Plaintiff is a former Vallejo Police Officer who was terminated in September of 2020.  He alleges wrong doing by both the City and Defendant, John Whitney, a former employee of the City of Vallejo related to a newspaper article that was published by the Vallejo Sun in January 2023.  The first Amended Complaint alleges causes of actions against Defendant John Whitney for False Light, Intentional Infliction of Emotional Distress and Violations of Civil Rights.

The entirety of the complaint revolves around Plaintiff's belief that Defendant Whitney gave confidential information to the Vallejo Sun in January 2023.  Yet even in the First Amended Complaint the Plaintiff fails to allege that it was in fact Defendant John Whitney who provided such documentation.

## II.  ARGUMENT
### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) "permits a district court to dismiss a plaintiff's complaint for failure state a claim upon which relief can be granted." *Conley v. Gibson*, 355 U.S. 41 (1957). On a motion to dismiss, the Court's review is limited to the four corners of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). A complaint will be dismissed as a matter of law for either of two reasons "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d. 530, 534 (9th Cir. 1984). When deciding a motion to dismiss a complaint, an inquiry is made into "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." (*Cafasso, U.S. ex rel. v. General*

*Dynamics C4 Systems*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)). "Dismissal [for failure to state a claim under Rule 12(b)(6) ] is proper ... when there is no cognizable legal theory *or an absence of sufficient facts alleged to support a cognizable legal theory*." (Emphasis added.) (*Siaperas v. Mont. State Comp. Ins. Fund*, 480 F.3d 1001, 1003 (9th Cir.2007) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990)).

The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the nonmovant. (*Al–Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir.2009). However, this tenet "is inapplicable to legal conclusions," since "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal citation omitted).

The FAC uses conclusory statements, rather than facts to set forth its causes of action. This is inadequate and makes the FAC subject to the instant motion to dismiss. For these reasons, the instant motion should be granted.

### B. **Plaintiffs Claim for False Light Should be Dismissed**

"False light is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." (*Price v. Operating Engineers Local Union No. 3* (2011) 195

Cal.App.4th 962, 970, 125 Cal.Rptr.3d 220.) "A 'false light' claim, like libel, exposes a person to hatred, contempt, ridicule, or obloquy and assumes the audience will recognize it as such." (*M.G. v. Time Warner, Inc.* (2001) 89 Cal.App.4th 623, 636, 107 Cal.Rptr.2d 504.) " 'A "false light" cause of action is in substance equivalent to a libel claim, and should meet the same requirements of the libel claim, including proof of malice [where malice is required for the libel claim].' " (*Medical Marijuana, Inc. v. ProjectCBD.com* (2016) 6 Cal.App.5th 602, 616, 212 Cal.Rptr.3d 45; accord, *Aisenson v. American Broadcasting Co.* (1990) 220 Cal.App.3d 146, 161, 269 Cal.Rptr. 379; see generally *Fellows v. National Enquirer, Inc.* (1986) 42 Cal.3d 234, 228 Cal.Rptr. 215, 721 P.2d 97 [holding statutory limitations on defamation actions apply when a false light action is based on publication that is defamatory].

Plaintiff has failed to show that there was malice by Whitney in any action taken by him. Additionally, throughout the complaint Plaintiff fails to identify Defendant Whitney as the individual who put forth the information to the public. Lastly, beyond conclusory statements, Plaintiff fails to state how any of the information would have placed him in a false light.

### C. **Plaintiffs Claim for Intentional Infliction of Emotional Distress Should be Dismissed**

The cause of action for Intentional Infliction of Emotional Distress requires, among other things, extreme and outrageous conduct causing the plaintiff to suffer severe or extreme emotional distress. (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050, 95 Cal.Rptr.3d 636, 209 P.3d 963.) "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' (*Id.* at pp. 1050–1051, 95 Cal.Rptr.3d 636, 209 P.3d 963.) Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." [Citation.]' " (*Id.* at p. 1051, 95 Cal.Rptr.3d 636,

209 P.3d 963.) " 'Severe emotional distress means " 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." (*Ibid.*)

    Here the Plaintiff has failed to plead facts sufficient to show intention infliction of emotional distress against Defendant Whitney. Most notably, the primary act that led to the emotional distress, the leaking "of Plaintiffs confidential information to the press" and misrepresentation of "the nature and character od that confidential information they leaked" is alleged against Does 1 and 2 and NOT against Defendant Whitney. It is thus misrepresentation if facts that Plaintiff alleges caused his emotional distress. (See FAC pg 16-17).

### D. The First Amended Complaint Claim Against Defendant Whitney For Violation OF Civil Rights Should Be Dismissed

#### *1. The facts alleged in Plaintiffs Civil Rights Claims Occurred Between 2029 and 2020, and thus Such Claim is barred by the Statute of Limitations*

For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions...." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1.

Federal law, however, governs when civil rights claims accrue. *E.g.*, *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quoting *Knox*, 260 F.3d at 1013). The discovery rule requires the plaintiff to be diligent in discovering the critical facts of the case. *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

The allegations alleged in the First Amended Complaint arose between January 2019 and December 2020 (See FAC pg 24-27).  Plaintiff was aware of the claims at that time. He did not file his initial complaint until 2023, well beyond the two year statute of limitations.  As such, Plaintiff's Fourth claim should be dismissed.

### 2. *Plaintiffs' claims for civil rights violations additionally fail as there is no showing that defendant Whitney conducted any actions under color of authority*.

First, as set forth in the complaint, defendants John Whitney's employment ended with the city of Vallejo in August of 2019. The newspaper article in question was not published until January 2023. As a result, any alleged actions by John Whitney in 2023 would not result any constitutional violation as he could not be acting under color of state law.

"To state a claim under [section 1983], [the Plaintiff] must allege that [he] suffered the deprivation of a federally protected right *and* that "the alleged deprivation was committed by a person acting under color of state law." (*Park v. City and County of Honolulu* 952 F 3d 1136, 1140 (9th Cir 2020) Pursuant to *Anderson v Warner* 451 F 3rd 1063, 1068-69 (9th Cir. 2006).Whether a person acting "under color of state law" is determined by a three-part test:

> The officer must have (1) acted or pretended to act in the performance of his duties (2) invoke his status as a law enforcement officer with the purpose and effect of influencing the behavior or others and (3) "engaged in conduct that related in some meaningful way either to the officer's governmental status or the to the performance of his duties".

.None of these elements appear in the Plaintiff's First Amended complaint.

In *Van Ort v. Estate of Stanewich* (9th Cir 1996) 92 F 3d 831 this court stated:

> If a government officer does not act within the scope of employment or under color of state law then the government officer acts as a private citizen. <u>Martinez v. Colo</u> 54 F 3d 980,986 (1st Cir)

(*Martinez*) "acts of state officials in the ambit of their personal pursuits are not state actions." (quotations omitted) *cert denied*, 516 US 987, 116 S. Ct. 515, 133 L.Ed 2d 423 (1995); *Pitchell V: Callan*, 13 F 3d 545, 548 (2d Cir 1994) (off duty police officer acted as a private citizen not as a state actor when he did not act in accordance with police regulation or invoke the authority of the Police Department.

(*Id* at 835-836)

It is undisputed that at the time the confidential documents were provided to the Vallejo Sun, Whitney was no longer an employee. The first amended complaint does not allege that defendant Whitney in fact provided the documents to the Vallejo sun but rather that another third party non-defendant did so. Thus, since Whitney was not employed at the time he could not be acting under color of authority and this claim must fail.

Additionally, plaintiff fails to provide any facts related to what rights were violated directly by defendant Whitney. As such the claim must fail.

### E. **Defendant is Entitled to Governmental Immunities**

The complaint contends that the actions taken by defendant Whitney were done so in part while he was employed as a captain for the city of Vallejo. The plaintiff states that he believes his employment as captain with the Police Department for the city of Vallejo was terminated in or about August 2019 (see FAC page 2) Any and all actions taken by Whitney in his capacity as an employee of the city of Vallejo, he would be protected by governmental immunities.

California government code section 820.2 states: except it's otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of discretion vested in him, whether or not such discretion be abused. Here, all actions taken by Whitney as a captain of the Police Department, including reviewing personnel files, would be within discretion vested with him.

//

## VI. CONCLUSION

Based on the foregoing, Defendant John Whitney respectfully requests that the court dismiss all causes of action/claims against him pursuant to Fed. R. Civ. Proc. 12(b)(6) without leave to amend.

Dated: 04/04/2025                    HARPER & MCCOY, APC


By:
      /S/
  BRANDI L. HARPER, ESQ.
*Attorney for Defendant*
JOHN WHITNEY