Brandi L. Harper, SBN 264672
**HARPER & MCCOY APC**
6848 Magnolia Ave., Ste 200
Riverside, CA 92506
Ph: (909) 466-5600
Fax: (909) 466-5610
Email: Brandi@Harperandmccoy.com

Attorney for Defendant
JOHN WHITNEY

UNITED STATES DISTRICT COURT

EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JOHN WHITNEY, SHANE BOWER, CITY OF VALLEJO, AND DOES 1-10, inclusive<br><br>Defendants. | Case No.: 2:23-CV-01972-KJM-JDP<br><br>**DEFENDANT JOHN WHITNEY NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>**Date: June 5, 2025**<br>**Time: 10:00 a.m.**<br>**Crtrm: 9, 13th Floor** |

**I.   THE PLAINTIFF'S FOURTH CAUSE OF ACTION AS TO CONSTITUTIONAL RIGHTS VIOLATIONS BASED ON THE FIRST AMENDEMENT CLAIMS ARE BARRED BY THE FIRST AMENDMENT AS ARE ANY AND ALL CAUSES OF ACTIONS BASED ON FACTS THAT OCCURRED MORE THAN 2 YEARS PRIOR TO THE FILING**

Plaintiffs fourth cause of action fails from the beginning based on the statute of limitations. While Plaintiff argues in his motion Whitney allegedly made comments in 2023, those related to his other claim and not the claims set forth in this cause of action.

### 1. Tolling Does not Apply

Plaintiffs other primary argument is that his administrative appeal tolled his Civil Claims. This is not the case.  As a law enforcement officer, Plaintiff was able to seek reinstatement of employment through an administrative appeal.  However, any alleged damages outside of the reinstatement issue are not within the realm of the administrative hearing.  Thus any alleged constitutional harms, IIED, or False Light and alleged damages for said harms could not be remedied in the administrative matter.  Thus, tolling does not apply in this matter. See Maurer v. Int'l Bhd. of Elec. Workers, Loc. 569, AFL-CIO, 200 F. Supp. 3d 1052, 1061 (S.D. Cal. 2016)

Additionally, Plaintiff relies on McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 102, 194 P.3d 1026, 1033 (2008) for the proposition that administrative proceedings automatically toll the statute of limitations.  This case is distinguishable from McDonald, as in that case all parties to the administrative matter were also parties to the subsequent case.  Here, Defendant McMahon was

not a party to the administrative matter and therefore did not receive notice of the claims. Furthermore, the claims here are far beyond those alleged during the administrative hearing. The court in McDonald recognized "Concerning our judicially created equitable tolling rule, we clarified that it required a showing of three elements: "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." In this case, to allow equitable tolling as to Defendant McMahon would result in significant prejudice to him,

**2. To the Extent the Intentional Infliction of Emotions Distress Claim is based upon actions from 2020 it is also Barred by the Statute of Limitations.**

In Plaintiff's opposition he notes several instances that he alleges give rise to the intentional emotional distress claim. This specification in his opposition shows that the facts giving rise at least, in part, to the claim occurred in or about 2020. (See opposition pg10 line 13-pg 11 line 3.

**3. The Fourth Cause Of Action Alleges Actions By Defendant Whitney while a Police Captain and Acting Under Color of Authority Which Are Well Beyond the Statute Of Limitations**

Any actions by defendant McMahon in which he was acting in his official capacity as a police captain and thus acting under color of authority as a police captain are identified in the opposition page 14 lines 25 through 28 and 15 lines one through two would have occurred prior to 2021, as Whitney was no longer

employed by Vallejo after 2019. As such all actions in which defendant is alleged to have acted under color of authority would be barred by the statute of limitations.

## II.     PLAINITFFS FALSE LIGHT CLAIM  SHOULD BE DISMISSED

Plaintiff fails to identify the time frame in which the alleged false light statements made by Defendant McMahon occurred which  makes it impossible to determine if they too are barred by the statute of limitations.  Additionally, Plaintiff's complaint lacks specificity as to the statements at issue and most importantly fails to identify the statements and method of publication.  Thus, the claim should be dismissed.

## III.     PLAINTIFFS CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED

Plaintiff admits that the cause of action for Intentional Emotional Distress includes claims against 2 Doe defendants, who leaked information to the press. (See Opposition pg 13 6-16). The first element for a claim of IIED requires "extreme and reckless conduct by the **defendant**".  It was this action of alleged leaking of information that led to the emotional distress claimed by Plaintiff. Plaintiff states this was done by the Doe defendants.  As such this claim should be dismissed as to Plaintiff.  Additionally, as set forth above, any instances that occurred prior to 2021 are barred by the statute of limitations.

### VI. CONCLUSION

Based on the foregoing, Defendant John Whitney respectfully requests that the court dismiss all causes of action/claims against him pursuant to Fed. R. Civ. Proc. 12(b)(6) without leave to amend.

Dated: 04/25/2025         HARPER & MCCOY, APC


By:
       /S/
BRANDI L. HARPER, ESQ.
*Attorney for Defendant*
JOHN WHITNEY