1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RYAN MCMAHON,                              Case No.   2:23-cv-1972-KJM-JDP (PS)

12                  Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14    JOHN WHITNEY, *et al.*,

15                  Defendants.

16

17          Plaintiff, proceeding *pro se*, brings this case against defendants City of Vallejo and John

18   Whitney, alleging that they harmed him when they allowed his confidential personnel records to

19   be released to the public.  ECF No. 83 at 3.  Both defendants have filed motions to dismiss the

20   amended complaint, ECF Nos. 86 & 87, plaintiff has opposed both, ECF Nos. 89 & 90, and

21   defendants have each replied, ECF Nos. 92 & 93.  Both motions should be granted.

22          **I.      Legal Standards**

23          A complaint may be dismissed under that rule for "failure to state a claim upon which

24   relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to

25   state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

26   face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility

27   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

28   that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1

1   (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

2   requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

3   Iqbal, 556 U.S. at 678.

4   　　　For purposes of dismissal under Rule 12(b)(6), the court generally considers only

5   allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

6   subject to judicial notice, and construes all well-pleaded material factual allegations in the light

7   most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

8   F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

9   　　　Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

10  theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

11  at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

12  claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

13  **II.　　Background**

14  　　　This action proceeds on the first amended complaint.  ECF No. 83.  Plaintiff, a former

15  police officer with the City of Vallejo, alleges that, on January 17, 2023, confidential information

16  from his police personnel records was made available on the Vallejo Sun's website.  *Id.* at 3.

17  The records contained medical, financial, and familial history and a performance improvement

18  plan ("PIP").  *Id.* at 4.  Plaintiff filed a tort claim against the City of Vallejo, and the city

19  responded by stating that the PIP had previously been purged from his records.  *Id.*

20  　　　The city opened an investigation into the dissemination of the records.  *Id.*  In March

21  2023, plaintiff emailed a copy of the confidential records to an investigator retained by the City of

22  Vallejo.  *Id.*  Then, in June 2023, a copy of the PIP was disclosed to plaintiff in a separate legal

23  matter, with opposing counsel indicating that he had received the document from the city in

24  discovery.  *Id.*  Plaintiff alleges that the disclosure of his records, particularly by the Vallejo Sun,

25  caused him to lose his employment with a different police force.  *Id.* at 5.

26  　　　Separately, plaintiff alleges that, in December 2020, defendant John Whitney, a captain

27  with the Vallejo Police Department, told news media that plaintiff had bent "two points" on his

28  police badge to indicate his involvement in two shootings.  *Id.* at 6.  Then, in January 2024,

2

1  plaintiff alleges that Alison Berry-Wilkinson, Whitney's former counsel in this case, disclosed

2  other parts of his confidential personnel files in this case. *Id.*

3      Based on these allegations, plaintiff alleges that defendant Whitney committed the torts of

4  false light and intentional infliction of emotional distress. *Id.* at 14, 16.  He claims that the City of

5  Vallejo was negligent in failing to safeguard the confidentiality of his personnel files. *Id.* at 18.

6      Finally, he brings section 1983 claims alleging that both defendants violated his First

7  Amendment rights. *Id.* at 24.  These claims are predicated on events that occurred in 2019, when

8  he was allegedly retaliated against for complaining about a coworker. *Id.* at 25.  Plaintiff alleges

9  that defendant Whitney subjected him to an unwarranted investigation centered on his Irish

10  Catholic faith, and the City of Vallejo declined to intervene. *Id.* at 25-26.  Plaintiff seeks two

11  million dollars in damages. *Id.* at 33.

12      **III.    Analysis**

13      After review of the pleadings, I find that defendants' motions to dismiss should be

14  granted.

15      **A. Federal Claims**

16      Plaintiff's federal claims are untimely.  Section 1983 borrows the applicable state statute

17  of limitations for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  In California, the

18  applicable statute of limitations is two years.  Cal. Civ. Proc. Code § 335.1.  "Under federal law, a

19  claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of

20  the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quoting *Knox v. Davis*, 260

21  F.3d 1009, 1013 (9th Cir. 2001)).  Here, plaintiff had reason to know of the relevant injury in

22  2019; this action was not filed until September 13, 2023.  Thus, plaintiff's First Amendment

23  claims are barred by the statute of limitations.  In his oppositions, he argues that his claims are

24  timely for two reasons.  First, he argues that his allegations establish a continuing violation.

25  Second, he argues that the statute of limitations was tolled during administrative proceedings and

26  wrongful death litigation filed by the family of McCoy, a police shooting victim.  Neither

27  argument is convincing.

28

1    Plaintiff cannot make out a continuing violation because, as his complaint alleges, all the

2    retaliatory conduct instigated or permitted by defendants occurred in 2019.  Plaintiff alleges that

3    the protected activity underlying his claim is the complaint he made against another employee in

4    that year.  ECF No. 83 at 24-25.  All the specific misconduct alleged in connection with this claim

5    occurred in 2019 or 2020.  *Id.* at 24-27.  Indeed, exhibits attached to plaintiff's complaint indicate

6    that he was terminated from his employment with the Vallejo Police Department in September

7    2020.  ECF No. 83-2 at 1.  The only allegations that might support a continuing violation are

8    plaintiff's claims that, between 2020 and 2024, defendants maligned plaintiff to benefit their own

9    reputations or to cover up their own inadequacies.  ECF No. 83 at 28.  In so alleging, however,

10   plaintiff indicates that the motivation behind these extended attempts to damage his reputation

11   was not retaliation for the original complaint or religious prejudice, but rather mere attempts to

12   deflect or gain public esteem.  Absent a system or practice of discrimination, which plaintiff's

13   complaint does not allege, he can make a case for a continuing violation only if he alleges that

14   "the alleged discriminatory acts are related closely enough to constitute a continuing violation,

15   and that one or more of the acts falls within the limitations period."  *DeGrassi v. City of*

16   *Glendora*, 207 F.3d 636, 645 (9th Cir. 2000).  Here, even assuming the acts falling within the

17   statute of limitations are alleged with sufficient specificity to be cognizable, they are not related

18   enough to the initial retaliation that was motivated by plaintiff's complaint against his coworker.

19       And, as to the administrative proceedings, defendants correctly point out that such

20   proceedings do not toll the statute of limitations if the relief sought therein is different from what

21   is being sought in the immediate suit.  *Galindo v. Stoody Co.*, 793 F.2d 1502, 1510 n.5 (9th Cir.

22   1986).  Here, plaintiff seeks an award of damages, ECF No. 83 at 33, and his administrative

23   action sought reinstatement, ECF No. 89 at 14, ECF No. 92 at 3.  To the extent plaintiff alleges

24   that his Equal Employment Opportunity Commission charges toll the statute of limitation, he is

25   incorrect.  *See Reese v. City of Emeryville Fire Dep't*, 746 F. Supp. 987, 987-88 (N.D. Cal. 1990).

26   There is no legal basis on which to toll the statute of limitations based on the "McCoy lawsuit"

27   which, as best I can glean from the pleadings, was not a lawsuit plaintiff filed, but rather a

28   wrongful death claim connected to an officer-involved shooting in which he was involved.  ECF

4

1    No. 83 at 7, 9, 32 & ECF No. 92 at 3.  Finally, plaintiff has failed to plead any allegations

2    supporting his argument that defendants should be equitably estopped from relying on the statute

3    of limitations.  *See Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) ("Equitable estoppel,

4    also termed fraudulent concealment, halts the statute of limitations when there is active conduct

5    by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to

6    prevent the plaintiff from suing in time.") (internal quotation marks omitted).

7          Even if some of plaintiff's First Amendment retaliation claims were deemed timely, they

8    are fundamentally flawed.  A retaliation claim against a government employer must satisfy five

9    elements:

10          (1) whether the plaintiff spoke on a matter of public concern;
            (2) whether the plaintiff spoke as a private citizen or public
11          employee; (3) whether the plaintiff's protected speech was a
            substantial or motivating factor in the adverse employment action;
12          (4) whether the state had an adequate justification for treating the
            employee differently from other members of the general public; and
13          (5) whether the state would have taken the adverse employment
            action even absent the protected speech.
14

15    *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).  Here, plaintiff's internal complaint against

16    his coworker was not a "matter of public concern."  Other courts have held that similar

17    complaints against a coworker are "the stuff of internal power struggles within the workplace . . .

18    which is of no interest beyond the employee's bureaucratic niche."  *Brownfield v. City of Yakima*,

19    612 F.3d 1140, 1147-48 (9th Cir. 2010) (internal quotation marks omitted).

20                    **B.  State Claims**

21          Plaintiff's remaining claims allege violations of California law.  Because the complaint

22    fails to establish diversity jurisdiction, the court's jurisdiction depends on whether plaintiff asserts

23    a viable claim arising under federal law.[1]  *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan*

24    *Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must

25    specifically allege diverse citizenship of all parties to invoke diversity jurisdiction).  Since

26    plaintiff has not stated a federal claim, the court should decline to exercise supplemental

27    _____

28          [1] The amended complaint indicates that all parties are California citizens.  ECF No. 83 at
      1-2.

                                    5

1    jurisdiction over plaintiff's state law claims. and dismiss those claims.  *See* 28 U.S.C. § 1367(c)(3)

2    (district court may decline supplemental jurisdiction over claim where "court has dismissed all

3    claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

4    350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the

5    balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

6    convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

7    remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)

8    ("Needless decisions of state law should be avoided both as a matter of comity and to promote

9    justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

10                                             **Conclusion**

11            Accordingly, it is hereby RECOMMENDED that:

12            1.  Defendants' motions to dismiss, ECF Nos. 86 & 87, be GRANTED.

13            2.  Plaintiff's federal claims be dismissed without leave to amend.

14            3.  The court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

15            4.  The Clerk of Court be directed to close the case.

16        These findings and recommendations are submitted to the United States District Judge

17    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

18    service of these findings and recommendations, any party may file written objections with the

19    court and serve a copy on all parties.  Any such document should be captioned "Objections to

20    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

21    within fourteen days of service of the objections.  The parties are advised that failure to file

22    objections within the specified time may waive the right to appeal the District Court's order.  *See*

23    *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

24    1991).

25

26

27

28

1

2    IT IS SO ORDERED.

3

    Dated:    June 23, 2025

4                                              _____
                                              JEREMY D. PETERSON
5                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28