UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCMAHON, | Case No. 2:23-cv-01972-KJM-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| JOHN WHITNEY, et al., | |
| Defendants. | |

On June 23, 2025, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. *See* ECF No. 95. No objections were filed.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis with respect to defendants' motion to dismiss

/////

1

2  plaintiff's federal claims, and with the magistrate judge's recommendation to decline
3  supplemental jurisdiction on plaintiff's state law claims, *see* ECF Nos. 86–87.

4  However, the court finds plaintiff should be given leave to amend his federal claims. The
5  magistrate judge recommended dismissing McMahon's First Amendment claims without leave to
6  amend because he found McMahon's claims to be untimely. *See* F&Rs at 3. Applying California
7  statute of limitations rules from its personal injury statute, the magistrate judge held the statute of
8  limitations for McMahon's § 1983 claims was two years and yet McMahon filed his claim almost
9  four years after he knew or had reason to know of the basis of his claim. *See id*. The magistrate
10 judge also recommended denying equitable tolling of the statute of limitations based on related
11 administrative proceedings McMahon brought against defendants before he filed suit by claiming
12 that "such proceedings do not toll the statute of limitations if the relief sought therein is different
13 from what is being sought in the immediate suit." *Id*. at 4 (Citing *Galindo v. Stoody Co.*, 793
14 F.2d 1502, 1510 n.5)). The court, however, has been unable to locate a case where the equitable
15 tolling rule recommended by the magistrate judge has been applied to a § 1983 claim.

16 District courts within the Ninth Circuit do not uniformly apply the same equitable tolling
17 doctrine to federal claims. *See Young v. Santa Clara County*, No. 24-6343, 2025 WL 385513, at
18 *3 ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for
19 personal injury actions, along with the forum state's law regarding tolling, including equitable
20 tolling, except to the extent any of these laws is inconsistent with federal law." (quoting *Jones v.*
21 *Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)); *Cota v. Santa Ana Police Dep't*, No. 21-1774, 2021
22 WL 5494440, at *6 (C.D. Cal. Nov. 23, 2021) (applying California equitable tolling rules to a
23 § 1983 claim); *but see Madani v. County of Santa Clara*, No. 16-07026, 2017 WL 1092398, at *7
24 (N.D. Cal. Mar. 23, 2017) (claiming no federal court has "extended [California equitable tolling
25 rules]" to federal statutes) (quoting *Villalvaso v. Odwalla, Inc.*, 10-2369, 2011 WL 1585604, at
26 *3 (E.D. Cal. Apr. 25, 2011)); *Bernhardt v. State of Cal. Dep't of Corrs. and Rehab.*, No. 13-
27 1380, 2015 WL 2003096, at *9–10 (E.D. Cal. Apr. 29, 2015) (distinguishing federal equitable
28 tolling rules from California equitable tolling doctrine and applying a four-part balancing test for

tolling a Title VII claim derived from *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001)).

Plaintiff's § 1983 claims would currently not warrant the invocation of either a federal equitable tolling doctrine, which requires a plaintiff show the court needs to toll the statute of limitations because they have been pursuing their rights diligently and some extraordinary circumstance stood in their way, *see Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020), or the state of California's equitable tolling doctrine, which requires the plaintiff to show timely notice, lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff, *see McDonald v. Antelope Cmty. Coll. Dist.*, 45 Cal.4th 88, 99 (2008). However, the court finds it would not be futile for plaintiff to amend his complaint within the confines of Rule 11 as the difference in relief sought between plaintiff's administrative proceedings and his § 1983 claim is not necessarily a bar to a federal court equitably tolling the statute of limitations and allowing an amended claim to go forward.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed June 23, 2025, **are adopted in part**.
2. Defendants' motions to dismiss, ECF Nos. 86 & 87, are **granted**.
3. Plaintiff's federal claims are dismissed **with leave to amend**. Any amended complaint must be **filed within twenty-one (21) days.**
4. Plaintiff may include his state claims in any amended complaint.

This order resolves ECF No. 95.

IT IS SO ORDERED.

DATED: August 4, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3